UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STEPHEN M. WILSON, BRW ENGINEERING LTD.,
WIS PARTNERS LTD., MOSHE BAR-LEV, PATRICK
ROSENBAUM, MICHAEL MORRIS, HAIM YIFRAH,
TOP DOWN PARTNERS, LLC, JOEL LEVINE,
MORRIS TALANSKY, ABRAHAM MOSHEL,                          07 CV 6176 (LTS)(DFE)
MAGMA INTERNATIONAL SERVICES, LTD.,
ALBERT REICHMANN, HEXAGRAM & CO., and                     ECF CASE
POLYBUTES COMPANY,

                              Plaintiffs,

    -against-

IMAGESAT INTERNATIONAL N.V., ISRAEL
AEROSPACE INDUSTRIES LTD., ELBIT SYSTEMS
LTD., MOSHE KERET, IZHAK NISSAN, JACOB
WEISS, MENASHE BRODER, SHIMON ECKHAUS,
MICHAEL FEDERMAN, ESTATE OF JACOB TOREN,
JOSEPH ACKERMAN, JOSEPH GASPAR, GINO
PIPERNO-BEER, JAMES DEPALMA, DAVID ARZI,
YOAV CHELOUCHE and YEHOSHUA ELDAR,

                              Defendants.
------------------------------------------------------------------x


**HARBINGER INTERNATIONAL HOLDINGS S.A.'s
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
<u>FOR LEAVE TO INTERVENE AS A PARTY PLAINTIFF</u>**


MANUEL & ROSENFELD, LLP
Shira Y. Rosenfeld (SR 5392)
Charles B. Manuel, Jr. (CM 3020)
One Penn Plaza, Suite 2527
New York, New York 10119
T: 212-792-0999
F: 212-792-0998

*Attorneys for
Harbinger International Holdings S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
STEPHEN M. WILSON, BRW ENGINEERING LTD.,
WIS PARTNERS LTD., MOSHE BAR-LEV, PATRICK
ROSENBAUM, MICHAEL MORRIS, HAIM YIFRAH,
TOP DOWN PARTNERS, LLC, JOEL LEVINE,
MORRIS TALANSKY, ABRAHAM MOSHEL,                         07 CV 6176 (LTS)(DFE)
MAGMA INTERNATIONAL SERVICES, LTD.,
ALBERT REICHMANN, HEXAGRAM & CO., and                    ECF CASE
POLYBUTES COMPANY,

                            Plaintiffs,

        -against-

IMAGESAT INTERNATIONAL N.V., ISRAEL
AEROSPACE INDUSTRIES LTD., ELBIT SYSTEMS
LTD., MOSHE KERET, IZHAK NISSAN, JACOB
WEISS, MENASHE BRODER, SHIMON ECKHAUS,
MICHAEL FEDERMAN, ESTATE OF JACOB TOREN,
JOSEPH ACKERMAN, JOSEPH GASPAR, GINO
PIPERNO-BEER, JAMES DEPALMA, DAVID ARZI,
YOAV CHELOUCHE and YEHOSHUA ELDAR,

                            Defendants.
----------------------------------------------------------------------x

## HARBINGER INTERNATIONAL HOLDINGS S.A.'s MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE AS A PARTY PLAINTIFF

Harbinger International Holdings S.A. ("Harbinger") respectfully submits this memorandum of law in support of its motion for leave to intervene as a party plaintiff.

### FACTS

Harbinger is a British Virgin Islands international business company with its principal place of business in the British Virgin Islands and with an office in New York City. (Affidavit of Yoram Ginach, dated August 7, 2007, ("Ginach Aff.") ¶ 2.) On July 25, 2000, Harbinger purchased 33,682 common shares and 151,043 preferred B shares of ImageSat common stock,

1

which it currently holds. (Ginach Aff. ¶ 2.) Defendants have deprived Harbinger, like the already named plaintiff minority shareholders, of its voice in the operation of the company and have engaged in a series of actions and transactions characterized by multiple breaches of fiduciary duty, self-dealing and other wilfully fraudulent, deceptive and oppressive acts, the net effect of which has been to strip shareholder value from ImageSat and to further and wrongfully dilute and devalue or destroy each of the plaintiffs' ownership interests in the company. (Ginach Aff. ¶ 4, Ex. A, Complaint ¶ 3.) Harbinger adopts the complaint in its entirety, and intervention would only necessitate the addition of one paragraph to the existing 389 paragraphs of the complaint to include Harbinger as a party to the action. (Ginach Aff. ¶ 5.)

## ARGUMENT

## POINT I

## HARBINGER SHOULD BE GRANTED LEAVE TO INTERVENE AS A PARTY PLAINTIFF IN THE ACTION.

Rule 24 of the Federal Rules of Civil Procedure provides:

**Rule 24. Intervention**

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall

consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**(c) Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene.

The court is vested with broad discretion in deciding a motion for intervention, whether it is a motion for intervention as of right, or a motion for permissive intervention. *Hoblock v. Albany County Bd. of Elections*, 233 F.R.D. 95, 98 (N.D.N.Y. 2005). Furthermore, if the court does not grant intervention as of a right, it does not preclude it from granting permissive intervention. *Fredericks v. Shapiro,* 160 F.R.D. 26, 28 (S.D.N.Y. 1995).

### A.  Harbinger Should be Allowed to Intervene in The Action Pursuant to Fed. R. Civ. P. Rule 24(a)

In *United Cerebral Palsy Associations of New York State, Inc. v. Cuomo*, 783 F. Supp. 43, 46 (N.D.N.Y. 1992), the court reiterated the four criteria a proposed intervenor must satisfy to intervene as of right in the Second Circuit:

> The proposed intervenor must (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected.

The court in *United Cerebral Palsy Associations* granted the intervention motion, holding that the proposed intervenor satisfied the four criteria and noting that the motion was unopposed.

With respect to the last factor, the courts have stated that the burden to demonstrate adequate representation falls on the party opposing intervention.

> A party seeking to intervene in an action must show that the representation of its interests may be inadequate. The burden of making that showing *"should be treated as minimal."* *New England Petroleum Corp. v. Federal Energy Admin.,* 71 F.R.D. 454, 458 (S.D.N.Y.1976) (emphasis in original) (quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 636 n.10, 30 L. Ed. 2d 686 (1972)). The burden of persuasion to demonstrate adequacy of

3

> representation falls on the party opposing intervention. *Id.; accord United States v. American Tel. & Tel. Co.,* 642 F.2d 1285, 1293 (D.C. Cir.1980); 7C Wright Miller and Kane, *Federal Practice and Procedure,* § 1909 at 314-15.

*CBS Inc. v. Snyder*, 136 F.R.D. 364, 368 (S.D.N.Y. 1991)

As for timeliness, there should be no question as to the timeliness of Harbinger's motion to intervene. The action was filed on July 2, 2007 and Harbinger filed this motion a little more than one month later. Defendants have not appeared to date.

The next factor, that the proposed intervenor has an interest relating to the property or transaction that is the subject of the action, is met here as well, as noted in the Fact Statement above.

Harbinger meets the requirements for the third factor because its interests will be impaired if there is an unfavorable outcome in the current action. An unfavorable outcome in the current action, as a practical matter would set a negative precedent that Harbinger almost certainly could not overturn in a separate action. This is the action that will determine the fate of ImageSat's minority shareholders.

Lastly, Harbinger's interests are not adequately protected in the current action. Counsel for plaintiffs represent specific stockholders and have declined to represent Harbinger in this action. (Ginach Aff. ¶ .) It is clear that any recovery in this action would benefit the particular minority stockholders named as plaintiffs and nobody else. The current action is not a class action; any plaintiff is entitled to counsel of its choice, and the only way that Harbinger can adequately protect its interests is to intervene in this action.

Thus, Harbinger has met all four factors which entitles it to intervene as of right in this action pursuant to Fed. R. Civ. P. Rule 24(a).

### B. Harbinger Should be Permitted to Intervene in the Action Pursuant to Fed. R. Civ. P. Rule 24 (b).

In *Rivera v. New York City Housing Authority*, 1995 WL 375912, *3 (S.D.N.Y. 1995), the Court outline the following standard for granting permissive intervention pursuant to Fed. R. Civ. P. Rule 24(b):

> Under Rule 24 of the Federal Rules of Civil Procedure, permissive intervention may be granted "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). In the exercise of its discretion, the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.; see also McNeill v. New York City Housing Authority,* 719 F. Supp. 233, 250 (S.D.N.Y. 1989) (citing *United States Postal Service v. Brennan,* 579 F.2d 188, 191 (2d Cir. 1978)).
>
> Rule 24(b)(2) is satisfied "where a single common question of law or fact is involved, despite factual differences between the parties." *McNeill,* 719 F. Supp. at 250 (citations omitted); *Brook v. Flagg Brothers, Inc.,* 63 F.R.D. 409, 414 (S.D.N.Y. 1974) ("While it is true that the factual patterns ... differ ..., the legal issue remains the same."). Where claims "'are virtually identical to those of the named plaintiffs, ... there are ... common questions of law and fact.'" *Clarkson v. Coughlin,* 145 F.R.D. 339, 344 (S.D.N.Y. 1993) (quoting *Rivers v. Califano,* 86 F.R.D. 41, 44 (S.D.N.Y. 1980)). Rule 24(b)(2) "is to be construed liberally and does not require an identity of facts." *Id.* at 343 (citations omitted). Varying facts and circumstances may actually add to the court's understanding of the scope and breadth of the claims and therefore support an intervention motion. *McNeill,* 719 F. Supp. at 250; *Hurley v. Van Lare,* 365 F. Supp. 186, 196 (S.D.N.Y. 1973), *rev'd on other grounds and remanded,* 497 F.2d 1208 (2d Cir. 1974); *see also Ellender v. Schweiker,* 550 F. Supp. 1348, 1360 (S.D.N.Y. 1982) (intervention appropriate where it does not detract from the original plaintiffs' case and adds to the Court's understanding of the facts).

This court has allowed additional shareholders to intervene in an action under Fed. R. Civ. P. Rule 24(b) because they had a common question of law and fact as the plaintiffs. *Securities and Exchange Commission v. Credit Bancorp, Ltd.*, 194 F.R.D. 457 (S.D.N.Y. 2000); *Zicklin v. Breuer*, 534 F. Supp. 745, 749 (S.D.N.Y. 1982).

It is clear that as a minority shareholder Harbinger's claims share common questions of law and fact with the present plaintiffs and in fact adopts plaintiffs' current complaint in its

5

entirety. Since the action was filed a little more than a month ago, it is certain that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Therefore, Harbinger should be granted permissive intervention pursuant to Fed. R. Civ. P. Rule 24(b).

## **CONCLUSION**

The motion by Harbinger International Holdings S.A. for leave to intervene as a party plaintiff should be granted.

Dated: New York, New York
August 7, 2007

                    MANUEL & ROSENFELD, LLP

                By:_____
                    Shira Y. Rosenfeld (SR 5392)
                    Charles B. Manuel, Jr. (CM 3020)
                    One Penn Plaza, Suite 2527
                    New York, New York 10119
                    T: 212-792-0999
                    F: 212-792-0998

                    *Attorneys for*
                *Harbinger International Holdings S.A.*