בבית המשפט המחוזי
תל - אביב - יפו

בית משפט מחוזי תל אביב-יפו
בשא 99/64982 ( בשא 13455/05 )
אל-אופ תעשיות ג. מפעלי פדרמן ב
(בתיק אלי-אופ תעשיות ג. מפעל..)
תאריך פתיחה: 22/06/05
סוג עניין: אבא    חדר דיון: רגיל

בעניין:    1. אל-אופ תעשיות אלקטרו-אופטיקה בע"מ (ח.פ. 9-677572-51)
מקרית ויצמן רחובות (להלן - "אל-אופ")

**החברה המעבירה**

העתק מתאים למקור

2. אלביט מערכות בע"מ (ח.צ. ל-520043-52)
מאזור התעשייה מתי"מ, חיפה
(להלן - "אלביט מערכות").



צהירן מיוצגות ע"י ב"כ עוה"ד פיריון קרני סרב ופירון
ושות' וע"י ב"כ פרופ' יוסף גרוס, חדק, גרינברג ושות'
אשר כתובתם לצורך בקשה זו היא רחוב ארלוזורוב
111, תל-אביב 62097
טל: 03-6950811 פקס: 03-6953802

(המבקשות מס' 1 ומס' 2 ביחד -
"המבקשות או החברות המתמזגות")

ובעניין:    1. מפעלי פדרמן בע"מ (ח.פ. 1-078372-51)
Heris Finanz, A.G (חברה זרה)
בית פדרמן בע"מ (ח.פ. 7-039129-51)
מפעלי פדרמן חברה לבנין (1962) בע"מ (ח.פ. 3-036141-51)
מפעלי פדרמן אוברסיס (1960) בע"מ (ח.פ. 1-024968-51)
מפעלי פדרמן חברה לאחזקה (1961) בע"מ (ח.פ. 9-033267-51)

כולם, לצורך בקשה זו בלבד, מרחוב הירקון 99 תל-אביב
(להלן ביחד ולחוד - "קבוצת פדרמן")



2. מכשירי רחובות בע"מ (ח.פ. 8-037647-51)
מקרית ויצמן רחובות
(להלן - "מכשירי רחובות")

3. מיזוגים 1999 בע"מ (ח.פ. 1-257507-51)
מאזור התעשייה מתי"מ, חיפה
(להלן - "מיזוגים 1999")

שלושתן מיוצגות ע"י ב"כ עוה"ד פיריון קרני סרב
ופירון ושות' וע"י ב"כ פרופ' יוסף גרוס, חודק, גרינברג
ושות' אשר כתובתם לצורך בקשה זו היא רחוב
ארלוזורוב 111, תל-אביב 62097
טל: 03-6950811 פקס: 03-6953802

4. רשם החברות
משרד המשפטים, מרכז כלל
רחוב יפו 97, ירושלים



**המשיבים**

בעניין:    אישור תוכנית מיזוג ופיצול
בהתאם לסעיפים 233 ו-234 לפקודת החברות
(נוסח חדש) התשמ"ג- 1983 ו/או -
לפי הוראות הפרק השלישי לחלק התשיעי לחוק החברות, התשנ"ט-1999

- 2 -

## צו אישור תכנית מיזוג ופיצול

ניתן בזאת צו בהתאם לסעיף 351 לחוק החברות התשנ"ט -1999 (להלן - "חוק החברות") המאשר

I. את מיזוגר של אל-אופ תעשיות אלקטרו - אופטיקה בע"מ (להלן - "אל-אופ") אל תוך אלביט מערכות בע"מ (להלן - "אלביט מערכות") והעברתם מאל-אופ לאלביט מערכות של כל עסקי אל-אופ ו/של כל הנכסים וההתחייבויות של אל-אופ בהתאם למראות סעיף 351 לחוק החברות (להלן - "המיזוג"), וכי

II. את הקצאתן במסגרת המיזוג של 12,150,000 מניות רגילות בנות 1 ש"ח ע.נ כ"א באלביט מערכות כדלקמן:

(א) למפעלי פדרמן בע"מ - 8,263,642 $ מניות רגילות בנות 1 ש"ח ע.נ. כ"א.

(ב) ל- Heris Finanz A.G - 3,836,458 מניות רגילות בנות 1 ש"ח ע.נ. כ"א.

III. את העברתם של כל הנכסים וההתחייבויות של אל-אופ למעט לנכסים ונותרים ובהתאם להקמן המיזוגים 1999 בעיית (להלן - "אל-אופ החדשה"), וזאת מיד עם העברתם לאלביט מערכות כאשור תעוד (להלן - "הפיצול").

IV. את חיסולה של אל-אופ ללא פירוק

V. את שנוי שמה של מיזוגים 1999 בע"מ (אל-אופ החדשה) לשם "אל-אופ תעשיות אלקטרו-אופטיקה בע"מ", וזאת החל מהמועד הקובע (כהגדרתו להלן).

### והכל כמפורט להלן:

1. במועד הקובע יועברו כל הנכסים וההתחייבויות של אל-אופ לאלביט מערכות, ומיד לאחר מכן, יועברו כל הנכסים וההתחייבויות של אל-אופ, למעט הנכסים הנותרים, מאלביט מערכות לאל-אופ החדשה.

2. למעט אותם נכסים שהעברת הבעלות בהם מותנית ברישום בפנקס המתנהל על פי דין, תתבצע העברת הנכסים וההתחייבויות כאמור לעיל במועד הקובע, באופן אוטומטי, וללא צורך בכל פעולה נוספת שהיא, ומבלי שידרש כל אשור ו/או הסכמה, לרבות אשורים של מי שהנם צד/ים להסכמים, חוזים, התחייבויות ו/או זכויות הכלולות בנכסים וההתחייבויות של אל-אופ ו/או של מי שהם בעלים ביחד או ביחד ולחוד ו/או חייבים ביחד או ביחד ולחוד עם אל-אופ במי מהנכסים וההתחייבויות של אל-אופ.

3. כל נכס אחר של אל-אופ שהעברתו לשם אלביט מערכות ו/או לשם אל-אופ החדשה מותנית ברישום בפנקס המתנהל על פי דין, ירשם בפנקס כאמור על שם אל-אופ החדשה, אך, אם איתו נכס נכלל בנכסים הנותרים, על שם אלביט מערכות.



- 3 -

4. כל זכויות המדרעין של אל-אופ יועברו יצבעל זה

א. זכויות החכירה של אל-אופ ממכון ייצמן למדע בשטחים של כ- 11,850 מ"ר ושל כ- 22,900 מ"ר בחלק מחלקה 23, גוש 3651 מכח שטר מס' 0001/001813 מיום 17.10.16, יעברו ויירשמו על ידי רשם המקרקעין על שמה של אל-אופ החדשה.

ב. וזכויותיה של אל-אופ על פי הסכם פיתוח מיום 25.6.1996 מס' חוזה ‎‎52458‎A בקשר למגרש 1/1131, חלקות 29 (בחלק), 99 (בחלק), 131 (בחלק), 134 ובחלקה, גוש 3651 יעברו ויירשמו במינהל מקרקעי ישראל על שמה של אלביט מערכות.

ג. וזכויותיה של אל-אופ על פי הסכם שערך בינה לבין מכון ויצמן למדע מיום 2.11.99, בדבר עם חלק מחלקה 23, גוש 3651 יועברו על שמה של אלביט מערכות בבעת קבלת כל האישורים הדרושים לשם רישומן בלשכת רישום המקרקעין על שם אל-אופ יהל יירשמו על שם אלביט מערכות. ועדת האותרת שנרשמה ביום 5.6.00 על פי שטר מס' 1385/05/1ל על שם אל-אוף בקשר להסכם האמור, תועבר ותרשם על ידי רשם המקרקעין על שם אלביט מערכות.

5. כל השעבודים השוטפים הרשומים על נכסיה של אל-אוף ימחקו, ויירשמו על נכסיה של אל-אוף החדשה.

6. כל השעבודים הספציפיים הרשומים על נכסיה של אל-אוף, ימשיכו לרבוץ על אותם נכסים - כשעבודים של אל-אוף החדשה, או אם מדובר בנכסים הכלולים בנכסים הנותרים - כשעבודים של אלביט מערכות.

7. כל ההסכמים, התנאים, ההתחייבויות והזכויות החוזיות או מעין חוזיות, מכל סוג ומין שהוא לרבות כל הזכויות בקניין רוחני, של אל-אוף ו/או שאל-אוף צד להם, ישארו במלוא ותוקפם, וחל מהמועד וכקובע תחייב אל-אוף החדשה לצד כרב, במקום אל-אוף, ולגבי אלו מהם הכלולים בנכסים הנותרים, תחייב אלביט מערכות לצד להם במקום אל-אוף.

8. כל תובענה, בוררות או הליך משפטי אחר כלשהו, התלוי ועומד בשמה של אל-אוף או כנגדה, לא יפסק, ויימשך בשמה של אל-אוף החדשה או כנגדה, לפי העניין.

9. אל-אוף החדשה תחליף את אל-אוף כצד לכל הבקשות והתהליכים המנהליים שהוגשו על ידי אל-אוף, למעט אותם בקשות והליכים מנהליים המתייחסים לנכסים הנותרים אשר אלביט מערכות תחפוץ לצד להם במקומה של אל-אוף.

10. אלביט מערכות תהיה ערבה לכל אותן התחייבויות של אל-אוף הכלולות כאלו בדו"ח הכספי המבוקר של אל-אוף ליום 31.12.99, ואשר תועברנה במסגרת העברת הנכסים וההתחייבויות של אל-אוף לאל-אוף החדשה.

11. עובדיה של אל-אוף יחדלו, החל מן המועד הקובע, להיות עובדי אל-אוף ויהפכו, החל מאותו מועד, להיות עובדיה של אל-אוף החדשה, ותישמר להם רציפות

- 4 -

וכויותיהם. כל הכספים שנצברו לזכות העובדים יוצאו בקשר אליהם. בטיפות, מעירית ובחזרות יועברי מאל-אוף לאל-אוף החדשה, ותחל מהמועד הקובע תישא אל-אוף החדשה בכל האחריות כלפיהם ע"פי כל דין ו/או הסכם, לרבות הסכמי עבודה אישיים וקיבוציים, וקיבלות בגין כך זכויותיהם הסוציאליות, כולל כל חוב שקיב עליו יחסי עובד-מעביד. באופן שיראו לעניין חוק פיצויי פיטורין את תקופת עבודתם של העובדים באל-אוף כאילו עבדו באל-אוף חדשה.

12. אלביט מערכות תקצה למפעלי פדרמן בע"מ ול- Heris Finanz A.G , 12,100,000 מניות רגילות בנות 1 ש"ח, ישתן נפרעות במליאן ונקיות מכל משכון, שעבוד, עיקול או זכות צד שלישי אחרת בכלשהי, כדלקמן:

| שם הניקצה | מספר מניות אלביט מערכות שיוקצו לניקצה |
|---|---|
| מפעלי פדרמן בע"מ | 8,264,964 |
| Heris-Finanz A.G | 3,836,986 |
| סה"כ | 12,100,000 |

מניות אלביט מערכות כהן ובאזרית למפעלי פדרמן בע"מ ו- Heris Finanz. A G ותוקצינה להן במיעד הקובע, באופן איטומטי ולא צורך בכל פעוקה ו/או הסכמה ו/או אשור כלשהך

13. היה ועל פי סעיף 3 להסכם המיזוג יהיה על אלביט מערכות להקצות למפעלי פדרמן בע"ם ול - G A .Heris Finanz מניות נוספות או יהיה על חברות אלה להחזיר חלק מהמניות שיוקצו להם כאמור בסעיף 12 לעיל, לחברה בת של אלביט מערכות, יבוצעו ההקצאות או העברות אלה כחלק מהמיזוג, ידין מניות נוספות שיוקצו כאמור, אם יוקצו, יהיה כדיו מניות שיוקצו על פי האמור בסעיף 12 לעיל לכל דבר ועניין.

14. כל אחת ממניות אלביט מערכות שתוקצינה למפעלי פדרמן בע"מ ול- Heris Finanz, A.G תהיה שווה בזכויותיה לכל אחד ממניותיה הרגילות המונפקות של אלביט מערכות והזכה את המחזיק(ים) בהן להשתתף בכל חלוקת דיבידנד עליה תכריז אלביט מערכות החל מהמועד הקובע ואילך.

15. במסגרת המיזוג לא תוקצינה מניות למכשירי רחובות בע"ם, לבית פדרמן בע"ם, למפעלי פדרמן חברה לבניין (1969) בע"ם, למפעלי פדרמן אוברסיז (1960) בע"ם ולמפעלי פדרמן חברה לאחזקה (1961) בע"ם, והינה הרשום, המומנת והנפרע של אל-אוף יופחת מיד לפני חיסולה בסך של 1,115,004 ש"ח המשקף את המניות הרשומות על שמם של חברות אלו בספריה.

16. הונה של מכשירי רחובות יפחת בסך של 14,496,000 ש"ח המשקף את הסכום בו רשומות בדוייחות הכספיים של מכשירי רחובות אחזקותיה במניות אל-אוף. הפחתת ההון תבוצע מתוך התקבולים על חשבון מניות הרשומים בדוייחות הכספיים של מכשירי רחובות. למען הסר ספק, צו זה כפוף לאישור בנפרד של בית המשפט לבקשתה של מכשירי רחובות לביצוע הפחתת ההון כאמור.

17. במועד הקובע תחוסל אל-אוף ללא פירוק.

18. שמה של מיזוגים 1999 בע"מ ישונה ויהיה החל מהמועד הקובע "אל-אופ תעשיות אלקטרו-אופטיקה בע"מ" ושינוי השם ירשם במרשם המנוהל על ידי רשם החברות.

19. כל הפעולות שיש לבצע על פי צו זה יחשבו כאילו יבוצעו בעת ובעונה אחת במועד הקובע למעט העברת כל נכסיה והתחייבויותיה של אל-אופ לאל-אופ החדשה שתתחשב כאילו בוצעה במועד הקובע, מיד לאחר העברת כל נכסיה והתחייבויותיה של אל-אופ לאלביט מערכות.
ככל שיהיה צורך לפנות לצד שלישי כלשהו בקשר עם ביצוע הפעולות על פי צו זה, ייחתמו פניות אלו על ידי מי שיהיו באותו מועד בעלי זכויות החתימה באלביט מערכות.

20. בצו זה יש לכל אחד מהמונחים המפורטים להלן המשמעות המופיעה לצידו:

א. "הסכם המיזוג" - הסכם מיזוג מיום 99 19.12 שנחתם בין אלביט מערכות, אל-אופ, מפעלי פדרמן בע"מ, A.G Heris Finanz ומכשירי רחובות.

ב. "הנכסים וההתחייבויות של אל-אופ" - משמעם כל הנכסים וההתחייבויות מכל סוג שהוא של אל-אופ לרבות פטנטים, סימני מסחר וזכויות אחרות של קניין רוחני ורשיונות, ומבלי לפגוע בכלליות האמור לעיל, הם יכללו, בין היתר, את כל הנכסים, הזכויות, החובות וההתחייבויות, מכל מין וסוג שהוא, מוחשיים ושאינם מוחשיים, אלה הידועים ביום חתימת הסכם זה, ואלה שאינם ידועים, אלה שהתגבשו ואלה שטרם התגבשו, בין בישראל ובין מחוצה לה, לרבות מניות בחברות מוחזקות של אל-אופ. לרבות כל ההליכים המשפטיים נגד ומטעם אל-אופ, ולרבות כל ההטבות להן זכאית אל-אופ בהתאם לחוק לעידוד השקעות הון, תשי"ט-1959 והחוק לעידוד מחקר ופיתוח בתעשיה, התשמ"ד-1984.

ג. "הנכסים הנותרים" - אותו חלק מהנכסים וההתחייבויות של אל-אופ אשר ישאר באלביט מערכות ולא יועבר לאל-אופ החדשה במסגרת הפיצול. נכסים אלה מפורטים בנספח "א" לצו זה.

ד. "המועד הקובע" - יום 2.7.2000 או כל מועד אחר, קרוב ככל האפשר, שיקבע בהסכמה על ידי אלביט מערכות ומפעלי פדרמן בע"מ.

21. המיזוג והפיצול נשוא צו זה יכנסו לתוקף החל מיום 31 בדצמבר, 1999, ויתבצעו בפועל מיום 1.1.2000.

כב' השופטת ו. אלשיך
בית המשפט המחוזי
תל-אביב יפו

29.6.00



## נספח "א"

### רשימת הנכסים הנותרים

1. חלקה של אל-אופ בשותפות חתקני מצב מוצק - שותפות אל-אופ רפא"ל.

2. מניותיה של אל-אופ באופגל תעשיות אופטרוניות בע"מ והלוואות בעלים שלה ל-אופגל תעשיות אופטרוניות בע"מ.

3. מניותיה של אל-אופ ב-EL-OP U.S. Inc והלוואות הבעלים שלה ל-EL-OP U.S. Inc. ולחברות בנות של EL-OP U.S. Inc.

4. מניותיה של אל-אופ בפרוטוניקס בע"מ והלוואות בעלים שלה לפרוטוניקס בע"מ.

5. מניותיה של אל-אופ באינקוטק בע"מ והלוואותיה לאינקוטק בע"מ.

6. חלקה של אל-אופ בחץ הכסף שותפות מוגבלת ובשותף הכללי שלה סילברו בע"מ וזכויותיה בידע של רץ הכסף שותפות מוגבלת

7. מניותיה של אל-אופ באורטק בע"מ והלוואותיה לאורטק בע"מ.

8. זכויותיה של אל-אופ על פי הסכם פיתוח מיום 25.8.1994 מס' תיק A5245856 בקשר למגרש 1/1011, חלקות 92 (בחלק), 129 (בחלק), 131 (בחלק), 136 (בחלק), גוש 3695.

9. זכויותיה של אל-אופ במקרקעין בחלק מחלקה 23, גוש 3851, מכח הסכם שנערך בינה לבין מכון וייצמן למדע מיום 2.11.98.

בבית המשפט המחוזי                                   תיק מיזוג חברות 64982/99
בתל - אביב - יפו                                    בפני כב' השופט לויט

בעניין:  1.  אל-אופ תעשיות אלקטרו-אופטיקה בע"מ (ח.פ. 9-270777-51)
             מקרית ויצמן רחובות (להלן - "אל-אופ")

החברה המעבירה

         2.  אלביט מערכות בע"מ (ח.צ. 7-004302-52)
             מאזור התעשייה מת"מ, חיפה
             (להלן - "אלביט מערכות").

שתיהן מיוצגות ע"י ב"כ עוה"ד פירון קרני סרוב ופירון
ושות' וע"י ב"כ פרופ' יוסף גרוס, חודק, גרינברג ושות'
אשר כתובתם לצורך בקשה זו היא רחוב ארלוזורוב
111, תל-אביב 62097
טל: 03-6950811 פקס: 03-6953802

החברה הקולטת

(המבקשות מס' 1 ומס' 2 להלן ביחד -
"המבקשות או החברות המתמזגות")

ובעניין:  1.  מפעלי פדרמן בע"מ (ח.פ. 1-227837-51)
              Heris Finanz, A.G (חברה זרה)
              בית פדרמן בע"מ (ח.פ. 7-039129-51)
              מפעלי פדרמן חברה לבנין (1962) בע"מ (ח.פ. 3-036141-51)
              מפעלי פדרמן אוברסיז (1960) בע"מ (ח.פ. 1-024988-51)
              מפעלי פדרמן חברה לאחזקה (1961) בע"מ (ח.פ. 9-033267-51)

              כולם, לצורך בקשה זו בלבד, מרחוב הירשון 99 תל-אביב
              (להלן ביחד ולחוד - "קבוצת פדרמן")

          2.  מכשירי רחובות בע"מ (ח.פ. 8-037647-51)
              מקרית ויצמן רחובות
              (להלן - "מכשירי רחובות")

          3.  מיזוגים 1999 בע"מ (ח.פ. 1-287507 -51)
              מאזור התעשייה מת"מ, חיפה
              (להלן - "המשיבה מס' 3")

שלושתן מיוצגות ע"י ב"כ עוה"ד פירון קרני סרוב
ופירון ושות' וע"י ב"כ פרופ' יוסף גרוס, חודק, גרינברג
ושות' אשר כתובתם לצורך בקשה זו היא רחוב
ארלוזורוב 111, תל-אביב 62097
טל: 03-6950811 פקס: 03-6953802

          4.  רשם החברות
              משרד המשפטים, מרכז כלל
              רחוב יפו 97, ירושלים

המשיבים

- 2 -

## הודעה לבית המשפט הנכבד

אלביט מערכות בע"מ (להלן - "אלביט") מתכבדת בזאת להודיע לבית המשפט הנכבד,
בהמשך לשאלתו מיום 1.2.00, כדלקמן:

עם השלמת המיזוג בין אלביט לאל-אופ מערכות אלקטרו-אופטיקה בע"מ (להלן -
"אל-אופ"), ובמידה שמיזוג זה יתבצע בדרך של מיזוג - פיצול כמפורט בהסכם המיזוג
בין אל-אופ לאלביט מיום 19.12.99, תערוב אלביט לכל אותן התחייבויות של אל-אופ
אשר תהיינה כלולות כאלו במאזן המבוקר של אל-אופ ליום 31.12.99, ואשר תועברנה
במסגרת המיזוג כאמור לאלביט ותועברנה במסגרת הפיצול למיזוגים 1999 בע"מ.

דוד חודק, עו"ד (מ.ר. 10949)


**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Pamela Boyle, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the attached document "District Court of Tel Aviv Yafo Misc. Civ. Motions 64982/99 (Misc. Civ. Motions 13455/00) El-Op Industries v. Federmann Enterprises (in the file El-Op Industries v. Federmann Enterprises...) Opening date June 22, 2000", from Hebrew to English.

_____
Pamela Boyle

Sworn to before me this
15th day of October, 2007

_____
Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 2011

_____
Stamp, Notary Public

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016   T 212.689.5555   F 212.689.1059   WWW.TRANSPERFECT.COM

TPT 077 rev. 1 20060612

| | |
|---|---|
| District Court of <u>Tel Aviv - Yafo</u> | District Court of Tel Aviv Yafo<br>Misc. Civ. Motions 64982/99 (Misc. Civ. Motions 13455/00)<br>El-Op Industries v. Federmann Enterprises<br>(in the file El-Op Industries v. Federmann Enterprises...)<br>Opening date June 22, 2000<br>Type [text cut off] |
| In the matter of: | 1. **El-Op Electro-Optic Industries Ltd.** (Private Co. 51-270777-9)<br>of Kiryat Weizman, Rehovot (hereinafter, "El-Op")<br><div align="right">**The Transferring Company**</div><br>2. **Elbit Systems Ltd.** (Public Co. 52-004302-7)<br>of Matam Industrial Zone, Haifa<br>(hereinafter, "Elbit Systems")<br><br>both represented by counsel of Attorney Firon Karni Sirov and Firon<br>and Assoc. and Attorney Prof. Gross, Hodek, Greenberg and Assoc.<br>whose address for the purpose of this Motion is 111 Arlozorov Street, Tel Aviv 62097<br>Tel 03-6950811 Fax 03-6953802<br><div align="right">The Acquiring Company</div><br>(Petitioner No. 1 and petitioner no. 2 jointly hereinafter –<br>**"The Petitioners or the Merging Companies"**) |
| and in the matter of:<br><br>*Copy of the original<br>[signatures] July 4, 2000<br>6 pages, Adv. Michal<br>Yerushalmi<br>District Court in Tel-Aviv<br>(License No. 25385)<br>Date: 4/7/00* _____<br><div align="right">*Secretary*</div><br>Decision<br>*As requested. See Ruling*<br>[stamp]<br>Varda Alsheich Judge<br>Tel Aviv District Court<br>*June 29, 2000*<br><br>[illegible stamps] | 1. **Federmann Enterprises Ltd.** (Private Co. 51-227837-1)<br>**Heris Finanz A.G.** (foreign company)<br>**Beit Federmann Ltd.** (Private Co. 51-039129-7)<br>Federmann **Enterprises Construction Company (1962) Ltd.** (Private Co. 51-036141-3)<br>Federmann **Enterprises Overseas (1960) Ltd.** (Private Co. 51-024988-1)<br>Federmann **Enterprises Holding Company (1961) Ltd.** (Private Co. 51-033267-9)<br><br>All for the purpose of this Motion only, of Hayarkon 99, Tel Aviv<br>(hereinafter, joint and several, "the Federmann Group")<br><br>2. **Rehovot Instruments Ltd.** (Private Co. 51-037647-8)<br>of Kiryat Weizman, Rehovot<br>(hereinafter, "Rehovot Instruments")<br><br>3. **Mergers 1999 Ltd.** (Private Co. 51-287507-1)<br>of Matam Industrial Zone, Haifa<br>(hereinafter, "Mergers 1999")<br><br>All three represented by counsel Attorney Firon Karni Sirov and Firon<br>and Assoc. and Attorney Prof. Gross, Hodek, Greenberg and Assoc.<br>whose address for the purpose of this Motion is 111 Arlozorov Street, Tel Aviv 62097<br>Tel 03-6950811 Fax 03-6953802<br><br>4. **Registrar of Companies**<br>Ministry of Justice, Klal Center<br>97 Yafo Street, Jerusalem<br><div align="right">**The Respondents**</div> |
| in the matter of: | **Approval of a Merger and Demerger Plan**<br>Pursuant to sections 233 and 234 of the Companies Ordinance<br>(New Version) – 5743-1983 and/or-<br>Under the provisions of Chapter Three of Part Nine of the Companies Law 5759-1999 |

- 2 -

## Confirming Decree of the Merger and Demerger Program

A decree is hereby rendered, in accordance with Article 351 of the Companies Law, 5759 - 1999 (hereinafter - The **Companies Law**), confirming that:

I. The merger of El-Op Electro-Optics Industries Ltd. (hereinafter – **El-Op**) into Elbit Systems Ltd. (hereinafter - **Elbit Systems**) and the transfer from El-Op to Elbit Systems of all of El-Op's business and all of El-Op's Assets and Liabilities, in accordance with Article 351 of the Companies Law (hereinafter – **The Merger**), and that

II. The allocation, under The Merger, of 12,100,000 ordinary shares of par value of NIS 1 each in Elbit Systems, as follows:

    (A)    To Federmann Enterprises Ltd. – 8,263,542 ordinary shares with a par valueof NIS 1 each.

    (B)    To Heris Finanz A.G. – 3,836,458 ordinary shares with a par value of NIS 1 each.

III. The transfer of all of El-Op's Assets and Liabilities except The Remaining Assets (as they are defined below) to Mergers 1999, Ltd. (hereinafter – New El-Op), and this immediately upon their transfer to Elbit Systems as aforesaid (hereinafter – **the Demerger**).

IV. The dissolution of El-Op without liquidation.

V. The name change of Mergers 1999 Ltd. (New El-Op) to "El-Op Electro-Optic Industries Ltd.", from The Determining Date (as defined below).

**And all as detailed below:**

1. On The Determining Date, all El-Op's Assets and Liabilities will be transferred to Elbit Systems and immediately afterwards, all of El-Op's Assets and Liabilities, except The Remaining Assets, will be transferred from Elbit Systems to New El-Op.

2. Except for those assets whose ownership is dependent upon what is recorded in the register maintained under law, the transfer of assets and liabilities as aforesaid, will take place on The Determining Date, automatically and without any additional action, and without requiring any approval and or agreement, including the approval of the parties to agreements, contracts, liabilities and/or rights included in El-Op's Assets and Liabilities and/or of any owner thereof, jointly or jointly and severally and/or of any creditor of El-Op, jointly or jointly and severally with El-Op in any of El-Op's Assets and Liabilities.

3. Any other of El-Op's assets whose transfer in the name of Elbit Systems and/or in the name of New El-Op is dependent upon its being recorded in the register maintained by law, shall be recorded in such register as aforesaid in the name of New El-Op, or, if such asset is included in The Remaining Assets, in the name of Elbit Systems.

4. All of El-Op's realty rights shall be transferred and to be included with this:

    A)    El-Op's leaseholds from the Weizmann Institute of Science of an area of approximately 11,850 m² and 22,900 m², in part, of Lot 23, Block 3851 according to deed number 002618/0001 dated February 18, 1971, shall be transferred and registered by the Land Registrar under the name of New El-Op.

    B)    El-Op's rights in accordance with the development agreement dated August 25, 1994, file No. A52458568, concerning plot 1/1011, Lots 92 (in part), 129 (in part), 131 (in part), 136 (in part), Block 3695 shall be transferred and recorded at the Israel Land Registrar under the name of Elbit Systems.

    C)    El-Op's rights in accordance with the agreement between it and the Weizmann Institute of Science dated November 2, 1998, concerning part of Lot 23 Block 3851 shall be transferred to the name of Elbit Systems upon receipt of all the required approvals for registration at the office of the Land Registrar under the name of El-Op, and will be recorded under the name of Elbit Systems. A cautionary note that was registered on June 19, 2000 according to deed number 13971/00/1 in the name of El-Op concerning the aforementioned agreement shall be transferred and registered by the Land Registrar in the name of Elbit Systems.

5. All floating liens on El-Op's assets shall be deleted and registered on New El-Op's assets.

6. All the specific liens registered on El-Op's assets shall remain on those assets - as the liens of New El-Op, or if they concern assets included in The Remaining Assets - as liens of Elbit Systems.

7. All the agreements, contracts, contractual or quasi-contractual obligations and rights, of any kind and type, including all the intellectual property rights owned by El-Op and/or to which El-Op is a party, shall remain fully valid, and from The Determining Date, New El-Op shall be party to them instead of El-Op, and with regard to those that are included in The Remaining Assets, Elbit Systems shall become party to them instead of El-Op.

8. Any claim, arbitration or any other legal proceeding, which is pending on behalf of El-Op or against it, shall not desist and shall proceed on behalf of or against New El-Op, as the case may be.

9. New El-Op will replace El-Op as a party to all motions and administrative proceedings filed by El-Op, excluding the motions and administrative proceedings concerning The Remaining Assets, in respect of which Elbit Systems will become a party instead of El-Op.

10. Elbit Systems shall guarantee all of El-Op's liabilities that were included as such in El-Op's audited financial statements as of December 31, 1999, and which shall be transferred under the transfer of El-Op's Assets and Liabilities to New El-Op.

11. El-Op employees shall cease, from The Determining Date, to be employees of El-Op, and from that day shall become employees of New El-Op, and the continuity of their rights shall be preserved.

    All amounts accrued to the credit of the employees and/or concerning them, in [cash] funds, provisions and [capital] reserves, shall be transferred from El-Op to New El-Op, and commencing from The Determinative Date New Elop shall assume liability with respect thereto in accordance with law and/or by agreement, including individual and collective employment contracts, including in respect of all social benefits and any debts in respect of the termination of employee-employer relationships, in such a manner that pursuant to the Severance Compensation Law the period of employment of El-Op's employees shall be deemed as if they were employed by New El-Op.

12. Elbit Systems shall allocate to Federmann Enterprises Ltd. and to Heris Finanz A.G., 12,100,000 ordinary sharers of a par value of NIS 1 each, which shall be fully paid-in and free of any pledge, attachment, lien or entitlement of any third party, as follows:

| Name of Allocated Party | Number of Elbit Systems' Shares to be Allocated to the Allocated Party |
|---|---|
| Federmann Enterprises Ltd. | 8,263,542 |
| Heris-Finanz A.G. | 3,836,458 |
| Total: | 12,100,000 |

Elbit Systems' shares that are due to Federmann Enterprises Ltd. and to Heris-Finanz A.G., shall be allocated to them on The Determining Date, in an automatic fashion and without need of any action and/or agreement and/or approval whatsoever.

13. If, in accordance with paragraph 3 of The Merger Agreement, Elbit Systems shall be obligated to allocate additional shares to Federmann Enterprises Ltd. and to Heris-Finanz A.G., or if it devolves upon these companies to transfer part of their allocated shares as aforesaid in paragraph 12, to a subsidiary of Elbit Systems, said allocations or transfers shall be performed as part of the merger, and the status of the aforesaid additional allocated shares, should they be allocated, shall be the same as those shares allocated in accordance with the aforesaid in paragraph 12 above in all matters and concerns.

14. Each of Elbit Systems' shares allocated to Federmann Enterprises Ltd. and to Heris Finanz, A.G., shall be equal in rights to any of the ordinary shares issued by Elbit Systems and will entitle its holder(s) to participate in any dividend distribution announced by Elbit Systems from The Determining Date and onwards.

15. Under The Merger, shares shall not be allocated to Rehovot Instruments Ltd., Beit Federmann Ltd., Federmann Enterprises Construction Company (1962) Ltd., Federmann Enterprises Overseas (1960) Ltd., and Federmann Enterprises Holding Company (1961) Ltd., and El-Op's issued and paid-in registered capital shall be deducted immediately before its liquidation by the sum of NIS 1, 110, 004 which reflects the shares listed in the name of these companies in its books.

16. Rehovot Instruments Ltd.'s capital shall be reduced by the sum of NIS 14,496,000, which reflects the amount listed in Rehovot Instruments Ltd.'s financial statements for its holdings in El-Op shares. The capital reduction shall be carried out from the proceeds on account of the shares listed in Rehovot Instruments Ltd.'s financial statements. To remove any doubt, this Order is subject to a separate approval by the court to the motion of Rehovot Instruments Ltd. to perform the aforesaid capital reduction.

17. On the determining date, El-Op shall be dissolved without liquidation.

18. The name of Mergers 1999 Ltd. shall be changed and from The Determining Date onward shall henceforth be "El-Op Electro-OpticsIndustries Ltd." and the name change shall be registered in the registry maintained by the Registrar of Companies.

19. All the activities that are to be carried out in accordance with this Order shall be considered as if they were performed simultaneously on The Determining Date, excluding the transfer of El-Op's Assets and Liabilities to New El-Op, which shall be deemed to have been performed on The Determining Date immediately after the transfer of El-Op's Assets and Liabilities to Elbit Systems.As far as there shall be a need to apply to any third party concerning the carrying performance of those actions in accordance with this Order, these approaches shall be signed by the parties having signatory rights in Elbit Systems at that time.

20. In this Order, each of the detailed terms below have the meaning as it appears alongside it:

    A)  **"The Merger Agreement"** – The merger agreement from December 19, 1999 that was signed between Elbit Systems, El-Op, Federmann Enterprises Ltd. Heris Finanz, A.G. and Rehovot Instruments.

    B)  **"El-Op's Assets and Liabilities"** - Signifies all of El-Op's assets and liabilities of any kind including patents, trademarks and other intellectual property rights and licenses, and without detracting from the generality of the aforesaid, they include, amongst others, all the assets, rights, debts and liabilities of every kind and type, tangible and intangible, those that are known on the day that this agreement was signed, and those that were unknown, and those that became formed and those that were yet to be formed, whether in Israel or abroad, including shares in companies held by El-Op, including all legal proceedings against and on behalf of El-Op, and including all benefits to which El-Op is entitled in accordance with the Law for the Encouragement of Capital Investments, 5719 – 1959, and the Law for Encouragement of Research and Development in Industry, 5744 - 1984.

    C)  **"The Remaining Assets"** – That portion of El-Ops Assets and Liabilities that shall remain in Elbit Systems and shall not be transferred to New El-Op under the Demerger. These assets are detailed in Appendix "A" attached to this Order.

    D)  **"The Determining Date"** - July 2, 2000 or any other date, as close as possible, that shall be determined by agreement between Elbit Systems and Federmann Enterprises Ltd.

21. The Merger and Demerger contemplated under this Order, shall become valid as of December 31, 1999, and shall be effectively performed from January 1, 2000.

[Seal of the Tel Aviv - Yafo District Court]     [Judge V. Alshiech's Signature]
                                                 Honorable Judge V. Alsheich
                                                 District Court of Tel Aviv - Yafo

[stamp]
District Court of Tel Aviv - Yafo
I confirm
that this copy is true to the original
[handwritten date and clerk's signature]
<u>29.6.00 [June 29, 2000]</u>
Date       Court Clerk              [Handwritten date in numerals] June 29, 2000

- 6 -

**Appendix "A"**
List of The Remaining Assets

1. El-Op's share in the partnership Semi Conductors Devices – El-Op Rafael Partnership.
2. El-Op's shares in Opgal Optronic Industries Ltd. and its owners' loans to Opgal Optronic Industries Ltd.
3. El-Op's shares in EL-OP U.S. Inc, and its owner's loans to EL-OP U.S. Inc. and EL-OP U.S Inc's subsidiaries.
4. El-Op's shares in Fruitonics Ltd. and its owner's loan to Fruitonics Ltd.
5. El-Op's shares in Incotek Ltd. and its owner's loan to Incotek Ltd.
6. El-Op's share in Silver Arrow Limited Partnership and its general partner, Silvero Ltd., and its rights in the knowledge of Silver Arrow Limited Partnership.
7. El-Op's shares in Ortek Ltd. and its owner's loan to Ortek Ltd.
8. El-Op's rights under a development agreement dated August 25, 1994 File Number 52458568A concerning Lot 1/1011, Plots 92 (partial), 129 (partial), 131 (partial), 136 (partial), Block 3695.
9. El-Op's rights in real estate, in part of Plot 23, Block 3851, by force of an agreement executed between El-Op and Weizmann Institute of Science dated November 2, 1998.

Note: this is a separate document which is not part of the order and is not part of the appostiled document.