UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STEPHEN M. WILSON, BRW ENGINEERING  :
LTD., WIS PARTNERS LTD., MOSHE BAR-LEV, :  CV-07-6176 (LTS)
PATRICK ROSENBAUM, MICHAEL MORRIS,   :
HAIM YIFRAH, TOP DOWN PARTNERS, LLC,  :
JOEL LEVINE, MORRIS TALANSKY,   :
ABRAHAM MOSHEL, MAGMA   :
INTERNATIONAL SERVICES, LTD., ALBERT  :
REICHMANN, HEXAGRAM & CO., and   :
POLYBUTES COMPANY,   :
  :
                Plaintiffs,   :
  :
    vs.   :
  :
IMAGESAT INTERNATIONAL N.V., ISRAEL  :
AEROSPACE INDUSTRIES LTD., ELBIT   :
SYSTEMS LTD., MOSHE KERET, IZHAK   :
NISSAN, JACOB WEISS, MENASHE BRODER, :
SHIMON ECKHAUS, MICHAEL FEDERMANN, :
ESTATE OF JACOB TOREN, JOSEPH   :
ACKERMAN, JOSEPH GASPAR, GINO   :
PIPERNO-BEER, JAMES DEPALMA, DAVID  :
ARZI, YOAV CHELOUCHE, and YEHOSHUA  :
ELDAR,   :
  :
               Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
ALL CAUSES OF ACTION AS AGAINST DEFENDANTS ELBIT
SYSTEMS LTD., MICHAEL FEDERMANN, ESTATE OF JACOB
TOREN, JOSEPH ACKERMAN AND JOSEPH GASPAR**

GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York  10166
(212) 801-9200

*Attorneys for Defendants*
*Elbit Systems Ltd., Michael Federmann, Estate of*
*Jacob Toren, Joseph Ackerman and Joseph Gaspar*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.........................................................................................1

ARGUMENT...............................................................................................................2

POINT I:  PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT
   LACKS PERSONAL JURISDICTION OVER THE ELBIT DEFENDANTS ...................2

   A.    Plaintiffs Have Not Alleged That Any Of The Elbit Defendants Have Engaged In The
       Continuous And Systematic Course Of Doing Business In New York Necessary To
       Create General Jurisdiction .......................................................................................3

   B.    None of the Elbit Defendants Are Subject To Specific Jurisdiction Under The New
       York Long Arm Statute............................................................................................4

      1.    None of the Elbit Defendants have transacted any business within the State of New
           York.....................................................................................................................5

      2.    Plaintiffs have not alleged that any of the Elbit Defendants committed a tortious act
           within the State of New York or without the State of New York but causing damage
           within. ................................................................................................................ 5

POINT II:  PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE
   DEFENDANT ELBIT IS NOT A PROPER PARTY ................................................7

POINT III:  PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE
   PLAINTIFFS LACK STANDING TO SUE Elbit......................................................9

   A.    Plaintiffs' Contract Claims Must Be Dismissed Because Plaintiffs Are Neither Parties To,
       Nor Third Party Beneficiaries Of, Any Of The Contracts That Elbit Has Allegedly
       Breached. ...............................................................................................................9

      1.    Plaintiffs' claims against Elbit under the SPA and the Satellite Supply Contracts must be
           dismissed because Plaintiffs are not party to those contracts.................................9

      2.    Plaintiffs have alleged no facts to establish that they are intended third party beneficiaries
           of the contracts ...................................................................................................10

      3.    Elbit is not a party to the Satellite Supply Contracts and as such cannot be liable for their
           breach.................................................................................................................11

   B.    Plaintiffs' Claim For Fraudulent Conveyance Must Be Dismissed As Against Elbit Since
       Plaintiffs Are Not Creditors Of ImageSat ............................................................11

POINT IV:  PLAINTIFFS' CLAIMS OF FRAUD SHOULD BE DISMISSED FOR FAILURE
   TO PLEAD FRAUD WITH PARTICULARITY AS AGAINST THE ELBIT
   DEFENDANTS...............................................................................................13

A.    Plaintiffs' Claim 13 Alleging Common Law Fraud Should Be Dismissed Because Plaintiffs Fail To Plead With Particularity ...................................................................13

1.    No "Who," No "What" ...........................................................................................13

2.    No "Where," No "When" .......................................................................................14

3.    No "Why"................................................................................................................14

B.    Plaintiffs' Claim 18 Alleging Fraud By Elbit Should Be Dismissed Because Plaintiffs Fail To Plead With Particularity.............................................................................................15

POINT  V:  PLAINTIFFS FAIL TO STATE A CLAIM FOR COMMON LAW FRAUD ............15

A.    Plaintiffs' Allegations Of Reliance Are Vague And Conclusory .........................................15

B.    Plaintiffs Do Not Allege That Their Damages Were Actually Caused By Their Reliance On Any "Misstatements" ...................................................................................................16

POINT  VI:  PLAINTIFFS' RICO CLAIMS MUST BE DISMISSED AS AGAINST THE ELBIT DEFENDANTS ................................................................................................................18

A.    Plaintiffs' RICO Claims Must Be Dismissed For Failure To Adequately Plead Any Predicate Acts. ....................................................................................................................18

B.    Plaintiffs Have Not Identified A Single Statement Made By Any Elbit Defendant In Connection With Their RICO Causes Of Action ................................................................20

CONCLUSION.......................................................................................................................................20

## TABLE OF AUTHORITIES

## Federal Cases

*777388 Ontario Ltd. v. Lencore Acoustics Corp.,*
  142 F. Supp. 2d 309 (E.D.N.Y. 2001).................................................................... 3, 5
*Anatian v. Coutts Bank (Switzerland) Ltd.,*
  193 F.3d 85 (2d Cir. 1999) .......................................................................................13
*Assoc. Trade Devel., Inc. v. Condor Lines, Inc.,*
  590 F. Supp. 525 (S.D.N.Y. 1984) .............................................................................6
*Beatie & Osborn LLP v. Patriot Scientific Corp.,*
  431 F. Supp. 2d 367 (S.D.N.Y. 2006) ........................................................................5
*Bensusan Rest. Corp. v. King,*
  126 F.3d 25 (2d Cir. 1997) .........................................................................................2
*Bialek v. Racal-Milgo, Inc.,*
  545 F. Supp. 25 (S.D.N.Y. 1982) ..................................................................... 3, 4, 6
*Caravella v. City of New York,*
  79 Fed. Appx. 452  (2d Cir. 2003)..............................................................................9
*Caytas v. Maruszak,*
  No. 06 Civ. 985, 2007 WL 2456956 (S.D.N.Y., Aug. 22, 2007).............................18
*Celi v. Canadian Occidental Petroleum Ltd.,*
  804 F. Supp. 465 (E.D.N.Y. 1992).............................................................................4
*Cooper, Robertson & Partners, LLP v. Vail,*
  143 F. Supp. 2d 367 (S.D.N.Y. 2001) ........................................................................2
*Ellison v. Am. Image Motor Co., Inc.,*
  36 F. Supp. 2d 628 (S.D.N.Y. 1999).........................................................................13
*Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.,*
  343 F.3d 189 (2d Cir. 2003) .....................................................................................16
*ESI, Inc. v. Coastal Corp.,*
  61 F. Supp. 2d 35 (S.D.N.Y. 1999) ............................................................................3
*First Capital Asset Mgmt. Inc. v. Satinwood, Inc.,*
  385 F.3d 159 (2d Cir. 2004) ..............................................................................19 fn.4
*Fischer v. C. J. Lawrence & Co., Inc.,*
  481 F. Supp. 357 (S.D.N.Y. 1979) ...........................................................................15
*Grondin v. Rossington,*
  690 F. Supp. 200 (S.D.N.Y. 1988) ...........................................................................10
*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 408 (1984)....................................................................................................7
*Inn Chu Trading Co., Ltd. v. Sara Lee Corp.,*
  810 F. Supp. 501, fn. 6 (S.D.N.Y. 1992) ..................................................................10
*In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000,*
  343 F. Supp. 2d 208 (S.D.N.Y. 2004).........................................................................2
*Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.,*
  10 F. Supp. 2d 334 (S.D.N.Y. 1998) ..........................................................................5
*Lippe v. Bairnco Corp.,*
  230 B.R. 906 (S.D.N.Y. 1999) ..................................................................................12
*Lippe v. Bairnco Corp.,*
  249 F. Supp. 2d 357 (S.D.N.Y. 2003).......................................................................12

*May Dep't Stores Co. v. Int'l Leasing Corp.,*
    88 Civ. 4300, 1995 WL 656986 (S.D.N.Y., Nov. 8, 1995) ............................................ 15, 16

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.,*
    84 F.3d 560, 566 (2d Cir. 1996) *cert denied by 519 U.S. 1006 (1996)* ............................ 2

*Mills v. Polar Molecular Corp.,*
    12 F.3d 1170 (2d Cir. 1993) ........................................................................................ 18

*Nasso v. Seagal,*
    263 F. Supp.2d 596 (E.D.N.Y. 2003) .......................................................................... 4

*Natowitz v. Mehlman,*
    542 F. Supp. 674 (S.D.N.Y. 1982) .............................................................................. 13

*Optimum Worldwide Ltd. v. Klebener,*
    No. 95 Civ. 1359 1997 WL 777389 at *5 (S.D.N.Y. Dec. 17, 1997) ............................ 6

*Orange County Choppers, Inc. v. Olaes Enter. Inc.,*
    497 F. Supp. 2d 541 (S.D.N.Y. 2007) .......................................................................... 7

*Pinnacle Consultants, Ltd. v. Leucadia Nat. Corp.,*
    101 F.3d 900 (2d. Cir. 1996) ....................................................................................... 19

*Riis v. Mgr. Hanover Trust Co.,*
    632 F. Supp. 1098 fn.2 (S.D.N.Y. 1986) ..................................................................... 12

*Ryan v. Allen,*
    No. 97 Civ. 0055, 1997 WL 567717 (S.D.N.Y., Sept. 11, 1997) .................................. 4

*Solutia Inc. v. FMC Corp.,*
    385 F. Supp.2d 324 (S.D.N.Y. 2005) .......................................................................... 11

*TeeVee Toons, Inc. v. Gerhard Schubert GmbH,*
    No. 00 Civ. 5189, 2006 WL 2463537 (S.D.N.Y., Aug. 23, 2006) ................................ 9

*United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd.,*
    988 F. Supp. 367 (S.D.N.Y. 1997) .............................................................................. 11

## State Cases

*Abrams v. Donati,*
   66 N.Y.2d 951, 489 N.E.2d 751, 498 N.Y.S.2d 782 (1985) .................................................9
*Barrett v. Huff,*
   6 A.D.3d 1164, 776 N.Y.S.2d 678 (4th Dep't 2004) ...........................................................17
*Bartsch v. Bartsch,*
   54 A.D.2d 940, 388 N.Y.S.2d 347 (2d Dep't 1976)............................................................11
*Burns Jackson Miller Summit & Spitzer v. Lindner,*
   59 N.Y.2d 314 ...................................................................................................................10
*Cutrone v. Kelly,*
   68 N.Y.S.2d 878 (N.Y. Sup., Kings County, 1947) ...........................................................16
*Delta Elec., Inc. v. Ingram and Greene, Inc.,*
   123 A.D.2d 369, 506 N.Y.S.2d 594 (2d Dep't 1986)..........................................................11
*Derdiarian v. Felix Contr. Corp.,*
   51 N.Y.2d 308, 434 N.Y.S.2d 166, 414 N.E.2d 666 (1980) ...............................................17
*Lama Holding Co. v. Smith Barney, Inc.,*
   88 N.Y.2d 413, 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996) ..............................................16
*Megaris Furs, Inc. v. Gimbel Bros., Inc.,*
   172 A.D.2d 209, 568 N.Y.S.2d 581 (1st Dep't 1991).........................................................17
*Mendel v. Henry Phipps Plaza West, Inc.,*
   6 N.Y.3d 783, 811 N.Y.S.2d 294, 844 N.E.2d 748 (2006) ..........................................10, 11
*Miglietta v. Kennecott Copper Corp.,*
   25 A.D.2d 57, 266 N.Y.S.2d 936 (1st Dep't 1966) ............................................................10
*Quatrochi v. Citibank, N.A.,*
   210 A.D.2d 53, 618 N.Y.S.2d 820 (1st Dep't 1994)...........................................................10
*Roosevelt Islanders for Responsible Southtown Devel. v. Roosevelt Island Operating Corp.,*
   291 A.D.2d 40, 735 N.Y.S.2d 83 (1st Dep't 2001) .........................................................9, 10
*SNS Bank, N.V. v. Citibank, N.A.,*
   7 A.D.3d 352, 777 N.Y.S.2d 62 (1st Dep't 2004) ...............................................................5
*Strauss v. Belle Realty Co.,*
   98 A.D.2d 424, 469 N.Y.S.2d 948 (2d Dep't 1983), aff'd 65 N.Y.2d 399, 492 N.Y.S.2d 555, 482
   N.E.2d 34 (1985) ...............................................................................................................10

## State Statutes

N.Y. Debt. & Cred. Law § 270 - 279 .............................................................................11, 12
CPLR 301.............................................................................................................................3, 4
CPLR 302(a) ...................................................................................................................3, 4, 5, 6

## Federal Rules & Federal Statutes

18 U.S.C. § 1962...............................................................................................................17, 19
Fed. R. Civ. P. 9 ....................................................................................13, 14, 15, 17, 18, 19
Fed. R. Civ. P. 12(b) ...........................................................................................................7, 8

## PRELIMINARY STATEMENT

Defendants Elbit Systems Ltd. ("Elbit"), Michael Federmann, Joseph Ackerman, Joseph Gaspar and the Estate of Jacob Toren (collectively the "Elbit Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint dated July 2, 2007 (the "Complaint") in its entirety.

In addition to the many jurisdictional and substantive deficiencies in the 151-page Complaint identified in the accompanying Joint Defendants' Memorandum of Law In Support of Dismissal of the Complaint, dated October 15, 2007 (the "JDMOL"), this Court should dismiss the Complaint as a matter of law as against the Elbit Defendants for the following additional reasons:

First and foremost, the Complaint should be dismissed against the Elbit Defendants, pursuant to Fed. R. Civ. P. 12(b)(2), because this Court lacks personal jurisdiction over them. Neither Elbit nor any of the individual Elbit Defendants have sufficient contacts with this forum in connection with Defendant ImageSat International, N.V. ("ImageSat") or the allegations in the Complaint to justify exercising jurisdiction over them from a statutory or Constitutional perspective. Moreover, since Elbit is not, and has never been an ImageSat shareholder, the claims alleged against it in that capacity (Claims 1-10) must be dismissed.

In addition to lacking standing to pursue their claims against the Defendants generally, Plaintiffs lack standing to sue Elbit with regard to the claims brought against it specifically for breach of contract (Claims 14 and 16) because neither they nor Elbit are parties to such contracts and similarly with respect to the fraudulent conveyance claim (Claim 19), because Plaintiffs are not deemed ImageSat creditors.  Finally, Plaintiffs' common law fraud claim (Claim 13) and RICO claims (Claims 11 and 12) fail as against the Elbit Defendants because Plaintiffs simply fail to allege, with any specificity, any wrongful conduct by any Elbit Defendant other than impermissibly seeking

to impose "guilt by association."  Accordingly, the Complaint should be dismissed in its entirety as against the Elbit Defendants.

## ARGUMENT

### POINT  I

### PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER THE ELBIT DEFENDANTS

All claims against the Elbit Defendants must be dismissed because the Elbit Defendants have insufficient contacts with New York State to justify this Court's exercise of personal jurisdiction over them.  Elbit itself is not alleged to have any presence in New York State or to carry on any business in New York State.  As established in the accompanying party declarations, the Elbit Defendants do not reside in, own property in, regularly travel to, or carry on any regular, systematic, or continuous business in New York State.  The Complaint's only allegations even relating to jurisdiction over the Elbit Defendants in New York are that Elbit is traded on the NASDAQ exchange, and that Defendant Gaspar attended a limited number of meetings of the ImageSat Board of Directors in New York, allegations that by themselves do not approach the threshold needed to justify the exercise of jurisdiction.

Plaintiffs bear the burden of establishing that the Court has personal jurisdiction over the Defendants. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996), *cert denied by* 519 U.S. 1006 (1996).  Plaintiffs must affirmatively establish that the exercise of personal jurisdiction satisfies the requirements of New York jurisdictional statutes and that it does not offend Constitutional due process. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997).  In resolving a motion to dismiss for lack of personal jurisdiction, a court may consider matters beyond the pleadings. *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 343 F. Supp. 2d 208, 213 (S.D.N.Y. 2004); *Cooper, Robertson & Partners, LLP v. Vail*, 143 F. Supp. 2d 367, 370 (S.D.N.Y. 2001).

New York statutory law allows for the exercise of jurisdiction over a non-resident defendant either generally, under CPLR § 301, allowing a court to exercise "such jurisdiction over persons… as might have been exercised heretofore", or specifically, under the New York State Long Arm statute, CPLR § 302, which provides for jurisdiction based on limited contacts with New York State so long as those contacts are related to the subject matter of the action.  As none of the Elbit Defendants has contacts with New York State that approach the continuous and systematic nature necessary to create jurisdiction under CPLR § 301, and the limited and sporadic contacts some Elbit Defendants do have with New York State are not within the scope of the Long Arm Statute, there is no statutory justification for the exercise of jurisdiction over any of the Elbit Defendants.

### A.    Plaintiffs Have Not Alleged That Any Of The Elbit Defendants Have Engaged In The Continuous And Systematic Course Of Doing Business In New York Necessary To Create General Jurisdiction

Courts can exercise general jurisdiction, pursuant to CPLR § 301, over a nonresident defendant when "that defendant is engaged in such a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence in this jurisdiction." *777388 Ontario Ltd. v. Lencore Acoustics Corp.*, 142 F. Supp. 2d 309, 316 (E.D.N.Y. 2001) (citations omitted).  The nonresident defendant "must be doing business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Id.* at 317; *see also ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35, 51 (S.D.N.Y. 1999); *Bialek v. Racal-Milgo, Inc.*, 545 F. Supp. 25, 31 (S.D.N.Y. 1982).

Not one of the Elbit Defendants is alleged by Plaintiffs to have, or in fact has, any systematic or continuous contacts with New York State.  Declaration of David Block Temin ¶¶ 3-5; Declaration of Michael Federmann ¶¶ 4-11; Declaration of Tova Toren ¶¶ 4-13; Declaration of Joseph Ackerman ¶¶ 3-16; Declaration of Joseph Gaspar ¶¶ 3, 6-14.  While Defendant Gaspar has visited New York to attend a limited number of ImageSat Board meetings (Declaration of Joseph Gaspar ¶¶ 3, 4), such sporadic visits do not suffice to permit general jurisdiction over a defendant.

*Ryan v. Allen*, No. 97 Civ. 0055, 1997 WL 567717 *2 (S.D.N.Y., Sept. 11, 1997) (attendance at board meetings in New York insufficient to establish jurisdiction over defendant); *Nasso v. Seagal*, 263 F. Supp. 2d 596, 611 (E.D.N.Y. 2003) (collecting cases, refusing to assert general jurisdiction under CPLR § 301 over defendant who had attended multiple meetings in New York to negotiate film deals). Similarly, while Elbit is listed on the NASDAQ exchange located in New York, it is well established that a court may not exercise jurisdiction over a corporation merely because it is traded on a New York exchange. *Celi v. Canadian Occidental Petroleum Ltd.*, 804 F. Supp. 465, 468 (E.D.N.Y. 1992).

The remainder of the Elbit Defendants have visited New York, if at all, only in an occasional and sporadic fashion, and are not alleged by Plaintiffs to have engaged in any course of doing business in New York State. Therefore, because none of the Elbit Defendants are even alleged to be engaged in a continuous and systematic course of doing business in the State of New York, none are subject to general jurisdiction under CPLR § 301.

### B. None of the Elbit Defendants Are Subject To Specific Jurisdiction Under The New York Long Arm Statute.

Pursuant to section 302(a) of the New York Long Arm Statute, courts can exercise specific jurisdiction over a nonresident defendant if the defendant (i) transacts any business within the State of New York; (ii) commits a tortious act within the State of New York; (iii) commits a tortious act outside the State of New York but causes damage inside the State of New York; or (iv) owns, uses or possesses any real property situated within the State of New York. N.Y.C.P.L.R. § 302(a) (McKinney 2007). To establish specific jurisdiction, the plaintiff must plead facts showing that the defendant performed one of the aforementioned acts and "that plaintiff's cause of action arose from defendant's performance of that act." *Bialek*, 545 F. Supp. at 33.

1.  **None of the Elbit Defendants have transacted any business within the State of New York.**

For the purposes of CPLR § 302 (a) (i), a nonresident defendant "transacts business within the state when he 'purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws.'" *Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.*, 10 F. Supp. 2d 334, 339 (S.D.N.Y. 1998) (citations omitted).  The cause of action must "'arise[] from a defendant's contacts with the forum state," *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 387 (S.D.N.Y. 2006), which occurs when "the contacts are 'substantially proximate to the allegedly unlawful acts.'" *Id.* (citation omitted)

None of Defendants Elbit, Ackerman, Federmann, or Toren are alleged by Plaintiffs to have purposely availed themselves of doing business in New York in any fashion related to Plaintiffs' claims against them.  While Defendant Gaspar did visit New York to attend meetings of the ImageSat Board of Directors, he made only five (5) trips to New York for that purpose (Declaration of Joseph Gaspar ¶ 4).  Those contacts are not sufficient to establish specific jurisdiction because, among other things, the Complaint fails to allege that any of Plaintiffs' claims arise from those specific meetings.  *See, e.g., SNS Bank, N.V. v. Citibank, N.A.*, 7 A.D.3d 352, 353, 777 N.Y.S.2d 62, 64 (1st Dep't 2004) (foreign directors not subject to personal jurisdiction under the New York Long Arm Statute despite attending board meeting in New York because there was no substantial nexus between the business transacted in New York and the cause of action sued upon).  Moreover, while Defendant Elbit is listed on the NASDAQ stock exchange there is no allegation even purporting to claim that any of the claims in the Complaint arise out of or bear any relation to such contact.

2.  **Plaintiffs have not alleged that any of the Elbit Defendants committed a tortious act within the State of New York or without the State of New York but causing damage within.**

CPLR § 302(a)(2) applies only when "a nondomiciliary commits a tort *within* New York." *777388 Ontario Ltd.*, 142 F. Supp. at 321.  New York courts have consistently interpreted this

provision to require "not only that the plaintiff suffered the injury complained of in New York, but also that New York was where the defendant performed the act that caused the injury." *Bialek*, 545 F. Supp. at 35.   As there are no allegations in the Complaint that any Elbit Defendant committed a tortious act within New York State, this Court cannot exercise jurisdiction over any of the Elbit Defendants under CPLR § 302(a)(2).

CPLR § 302(a)(3) authorizes jurisdiction over nonresident defendants who perform a tortious act outside the state if the nonresident defendant (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state; or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.   First, as set forth above, Plaintiffs have not alleged that *any* of the Elbit Defendants regularly conduct or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in New York.   Second, Plaintiffs have not alleged facts sufficient to establish either that any of the tortious acts pleaded in the Complaint caused damages within New York State or could reasonably be expected to cause damages within New York State, particularly given that none of the Plaintiffs who are ImageSat shareholders reside in New York.   In the absence of such a nexus between the tort alleged and New York State, jurisdiction under CPLR § 302(a)(3)(ii) is not available.   *Optimum Worldwide Ltd. v. Klebener*,  No. 95 Civ. 1359, 1997 WL 777389 *5 (S.D.N.Y., Dec. 17, 1997) (holding that "indirect economic injury cannot sustain personal jurisdiction" under CPLR § 302 (a)(3)); *Assoc. Trade Devel., Inc. v. Condor Lines, Inc.*, 590 F. Supp. 525, 528 (S.D.N.Y. 1984) (holding that for the purpose of commercial torts, injury is deemed to occur at the place tortious actions took place, rather than where indirect economic injury may be felt).

Even were jurisdiction over the Elbit Defendants permitted by statute, it would be forbidden by standards of due process. The exercise of jurisdiction over a nonresident defendant under the Due Process Clause requires that the defendant have sufficient "minimum contacts" with the forum state; limited contacts may be sufficient to create specific jurisdiction if the cause of action arises out of those contact, while if the cause of action does not arise out of the contacts, more extended and systematic contacts are necessary to create general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-414 (1984). In the absence of allegations that any of the Elbit Defendants had any contact with the State of New York purposely directed at residents of New York, or giving rise to any of Plaintiffs' causes of action, this Court cannot constitutionally find the minimum contacts necessary to exercise specific jurisdiction over any Elbit Defendant.

## POINT II

### PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE DEFENDANT ELBIT IS NOT A PROPER PARTY

Plaintiffs' Complaint against Defendant Elbit should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because Elbit is an improper party. Plaintiffs' claims against Elbit are based on Plaintiffs' alleged rights under a series of contracts, and on Elbit's duties derived from its alleged ownership interest in ImageSat. The documents on which those claims are based: the contracts themselves, and documents regarding ownership in ImageSat, establish that Elbit is not a party to the relevant contracts, does not have any ownership interest of any sort in ImageSat, and is not a successor to any entity that does own ImageSat shares or any entity that is a party to the relevant contracts. *See Orange County Choppers, Inc. v. Olaes Enter. Inc.*, 497 F. Supp. 2d 541, 549 (S.D.N.Y. 2007) (holding that documents "integral" to plaintiffs' claims may be considered on a motion to dismiss).

Elbit owns no shares in ImageSat and is not a successor to any of the contracts, shares, parties, or alleged opportunities alleged in the Complaint. In the Complaint, Plaintiffs allege that "Electrical-Optical Systems" was an owner of ImageSat shares and that Elbit became the successor

7

to such entity when it allegedly "merged into Elbit in 2000." (Comp. ¶¶ 40, 41).  In fact, neither statement is correct.

As described in the accompanying Declaration of David Block Temin, dated October 15, 2007 ("Block Temin Dec."), Elop Electro-Optics Industries Ltd. ("Old El-Op") was the owner of ImageSat shares.  Block Temin Dec. ¶ 8.  Old El-Op was dissolved on July 2, 2000 pursuant to order of an Israeli Court (the "Merger Order").[1]  Simultaneous with Old El-Op's dissolution, all of Old El-Op's assets were transferred to Elbit and "immediately afterwards" were transferred (with the exception of nine specified "remaining assets") from Elbit to Mizugim 1999, Ltd., which was renamed "El-Op Electro-Optics Industries Ltd." ("New El-Op").  *Id.*  Only the nine "remaining assets" originally belonging to Old El-Op remained with Elbit, and none of those nine remaining assets are related to Plaintiffs, ImageSat or any other claim, opportunity, or allegation set forth in Plaintiffs' Complaint.  *Id.*

Elbit is not the successor to the interest in ImageSat previously held by Old El-Op, much less the nonexistent "Electrical-Optical Systems," because all of those interests are held by New El-Op, a corporate entity that is distinct and separate from Elbit.  Moreover, Elbit is not a successor to the rights an obligations under the SPA referenced in Claim 16.  Such contract was signed by Old El-Op and its rights passed to New El-Op as discussed here.  Because Elbit is neither a party to, nor possesses an interest in, any of the alleged contracts, shares, parties, or alleged opportunities claimed in Plaintiffs' Complaint, Elbit respectfully requests that Plaintiffs' Complaint against it be dismissed in its entirety pursuant to FED. R. CIV. P. 12(b)(6).

---

[1] A copy of the Merger Order is annexed as Exhibit A to the Block Temin Dec. together with a certified translation.

## POINT  III

## PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS LACK STANDING TO SUE ELBIT

**A.     Plaintiffs' Contract Claims Must Be Dismissed Because Plaintiffs Are Neither Parties To, Nor Third Party Beneficiaries Of, Any Of The Contracts That Elbit Has Allegedly Breached**

Plaintiffs' fourteenth and sixteenth causes of action brought against Elbit for breach of contract must be dismissed because, beyond the fact that Elbit is not a party to such contracts as demonstrated above, neither ImageSat shareholders nor ImageSat warrant or option holders have standing under New York law to assert claims for breach of contractual obligations owed to ImageSat. *See, e.g., Abrams v. Donati*, 66 N.Y.2d 951, 953, 489 N.E.2d 751, 498 N.Y.S.2d 782, 783 (1985).  Shareholders have no standing to bring suit for breach of a contract to which they are neither parties nor third-party beneficiaries. *Caravella v. City of New York*, 79 Fed. Appx. 452, 453 (2d Cir. 2003).  As Plaintiffs have failed to plead any facts establishing that Elbit owed any contractual duty to Plaintiffs, whether direct or as third party beneficiaries, they lack standing to bring the contract claims against Elbit and they must be dismissed.[2]

**1.     Plaintiffs' claims against Elbit under the SPA and the Satellite Supply Contracts must be dismissed because Plaintiffs are not party to those contracts**

Generally, a plaintiff does not have standing to bring a claim for breach of a contract to which the plaintiff is not a party. *TeeVee Toons, Inc. v. Gerhard Schubert GmbH*, No. 00 Civ. 5189, 2006 WL 2463537 *3 (S.D.N.Y., Aug. 23, 2006) (dismissing corporation's claims for breach of contract to which corporate affiliate, rather than plaintiff, was a party); *Roosevelt Islanders for Responsible Southtown Devel. v. Roosevelt Island Operating Corp.*,  291 A.D.2d 40, 57, 735 N.Y.S.2d 83, 97-98 (1st Dep't 2001),

---

[2] Plaintiffs allege that the SPA and the Satellite Supply Contracts provide that they are to be governed by New York law.  (Comp. ¶ 191).  Relying on those allegations for the sole purpose of this motion to dismiss, and reserving the right to revisit the question of choice of law applying to these claims, Plaintiffs' contract claims will be analyzed under New York law.

9

*leave to appeal denied* 97 N.Y.2d 612 (2002) (dismissing residents' association's claims for breach of contract between developer and city, where residents' association was neither party to contract nor intended beneficiary thereof). In particular, individual corporate shareholder plaintiffs do not have standing to bring suit for claims of breach of contract belonging to the corporation in which they have an ownership interest. *See Quatrochi v. Citibank, N.A.*, 210 A.D.2d 53, 54 618 N.Y.S.2d 820 (1st Dep't 1994) (dismissing shareholder plaintiff's action for breach of contract of sale where corporate entity, rather than shareholder, had entered into contract to sell); *Miglietta v. Kennecott Copper Corp.*, 25 A.D.2d 57, 58, 266 N.Y.S.2d 936 (1st Dep't 1966) (dismissing shareholder plaintiff's action for breach of contract to which corporation, rather than shareholder individually, was party).

Plaintiffs nowhere allege that they are parties either to the SPA or any of the Satellite Supply Agreements. In the absence of any allegation that they are party to the contracts they seek to enforce, Plaintiffs do not have standing to sue for breach of those contracts.

### 2. Plaintiffs have alleged no facts to establish that they are intended third party beneficiaries of the contracts

A non-party may sue for breach of contract only if it is an intended third party beneficiary of the contract. *Inn Chu Trading Co., Ltd. v. Sara Lee Corp.*, 810 F. Supp. 501, 504, fn. 6 (S.D.N.Y. 1992). To demonstrate that it is an intended third party beneficiary of a contract, a plaintiff must show that the parties entered the contract with the intent of conveying a benefit to plaintiff. *See Grondin v. Rossington*, 690 F. Supp. 200, 206 (S.D.N.Y. 1988); *Strauss v. Belle Realty Co.*, 98 A.D.2d 424, 426-7, 469 N.Y.S.2d 948, 950 (2d Dep't 1983), *aff'd* 65 N.Y.2d 399, 492 N.Y.S.2d 555, 482 N.E.2d 34 (1985). The plaintiff must show "that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." *Mendel v. Henry Phipps Plaza West, Inc.*, 6 N.Y.3d 783, 786, 811 N.Y.S.2d 294, 297, 844 N.E.2d 748 (2006) (dismissing tenant association's claim for breach of contract between developer and city), *quoting Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 336, 464

N.Y.S.2d (1983). A benefit received solely by virtue of being a shareholder in a corporation "is insufficient to establish rights as a third-party beneficiary." *See Solutia Inc. v. FMC Corp.*, 385 F. Supp. 2d 324, 712 (S.D.N.Y. 2005); *United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd.*, 988 F. Supp. 367, 373 (S.D.N.Y. 1997).

Plaintiffs, in their 151-page Complaint, have neglected to plead any facts establishing that the parties to the SPA or to the Satellite Supply Contracts intended to convey any benefit to Plaintiffs through those contracts, let alone that any such intent was "immediate, rather than incidental." *Mendel*, 6 N.Y.3d at 786. As a result, Plaintiffs have no standing to bring a claim for breach of the SPA (Claim 16), or the Satellite Supply Contracts (Claim 14).

### 3. Elbit is not a party to the Satellite Supply Contracts and as such cannot be liable for their breach.

While Plaintiffs have no standing to bring a cause of action for breach of any of the contracts at issue, Plaintiffs' claims for breach of the Satellite Supply Contracts must also be dismissed as against Elbit, because Elbit is not alleged to be a party to such contracts, or the successor in interest to a party. *Bartsch v. Bartsch*, 54 A.D.2d 940, 941, 388 N.Y.S.2d 347, 348 (2d Dep't 1976) (holding that the parties to a contract cannot impose duties on a third party not a party to that contract); *cf. Delta Elec., Inc. v. Ingram and Greene, Inc.*, 123 A.D.2d 369, 370, 506 N.Y.S.2d 594, 595 (2d Dep't 1986) ("It has been held that a subcontractor may not assert a cause of action which is contractual in nature against parties with whom it is not in privity") (internal citation omitted). Accordingly, for this additional reason, Claim 14 must be dismissed as to Elbit.

### B. Plaintiffs' Claim For Fraudulent Conveyance Must Be Dismissed As Against Elbit Since Plaintiffs Are Not Creditors Of ImageSat

Plaintiffs' nineteenth cause of action, for fraudulent conveyance under N.Y. Debt. & Cred. Law §§ 273-276 in relation to the 2001 EROS B satellite contracts, must be dismissed as against Elbit because: (1) Plaintiffs are not creditors of ImageSat and thus have no standing to bring such a

claim, and (2) because ImageSat is not claimed to be insolvent, and so the New York fraudulent conveyance statute has no applicability.

The New York State statute governing fraudulent conveyance grants a right of action only to creditors of the entity alleged to have made a fraudulent conveyance, defining "creditor" as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." N.Y. Debt. & Cred. Law § 270; N.Y. Debt. & Cred. Law §§ 278-9. Plaintiffs' status as ImageSat shareholders or holders of expired bridge warrants is not sufficient to be considered "creditors" under the New York fraudulent conveyance statute. *See Riis v. Mgr. Hanover Trust Co.*, 632 F. Supp. 1098, 1101 fn.2 (S.D.N.Y. 1986) (dismissing plaintiff's claims and holding that plaintiff had "no standing to assert a fraudulent conveyance claim because she is a shareholder and not a creditor of [defendant]").

Further, Plaintiffs' allegations that the write-off of the 2001 EROS B satellite contracts was fraudulent, as defined in the relevant statutory provisions, depend on Plaintiffs' conclusory, factually unsupported and non-specific allegations that ImageSat was "rendered insolvent" (Comp. ¶ 366) by that write-off or that it was "left with unreasonably small capital relative to the nature and scope of its business and operations" (Comp. ¶ 367). While these allegations track the language of the relevant provisions of law (N.Y. Debt. & Cred. Law §§ 273, 274), they are contradicted by the remainder of the Complaint, which describes ImageSat as carrying on business and meeting its financial obligations throughout the relevant period. *Lippe v. Bairnco Corp.*, 230 B.R. 906, 915 (S.D.N.Y. 1999) (dismissing claims for fraudulent conveyance where complaint made only conclusory allegations, contradicted elsewhere in complaint, that defendant company was insolvent); *see also Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357, 380 (S.D.N.Y. 2003) (granting summary judgment on fraudulent concealment claim on ground that defendant was not insolvent at the time of alleged

12

transfer, and holding that "solvency must be gauged at the time of the transfer and not with the benefit of hindsight.")

For the foregoing reasons, Plaintiffs' nineteenth cause of action, for fraudulent conveyance, must be dismissed.

## POINT  IV

### PLAINTIFFS' CLAIMS OF FRAUD SHOULD BE DISMISSED FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY AS AGAINST THE ELBIT DEFENDANTS

Plaintiffs' various fraud claims against the Elbit Defendants fail to satisfy the heightened pleading standards of FED. R. CIV. P. 9(b), which states in pertinent part that: "in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." FED. R. CIV. P. 9(b) requires that the plaintiff "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent." *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)(internal citation omitted). Where multiple defendants are alleged to have committed fraud, the complaint must "allege specifically the fraud perpetrated by each defendant." *Natowitz v. Mehlman*, 542 F. Supp. 674, 676 (S.D.N.Y. 1982). Thus, Plaintiffs must specifically allege the "who, what, where, when, and why" comprising the fraud as to each supposedly culpable defendant. As shown below, Plaintiffs wholly fail to meet this heightened pleading standard. Thus, their fraud claims should be dismissed. *See Ellison v. Am. Image Motor Co., Inc.*, 36 F. Supp. 2d 628 (S.D.N.Y. 1999).

A. **Plaintiffs' Claim 13 Alleging Common Law Fraud Should Be Dismissed Because Plaintiffs Fail To Plead With Particularity**

1. **No "Who," No "What"**

Plaintiffs' claim 13 alleging common law fraud should be dismissed because Plaintiffs fail to plead with particularity which statements by any Elbit Defendant they contend were fraudulent.

Instead, Plaintiffs merely allege in ten different paragraphs that there were "false and misleading statements" without particularly identifying a single such statement. Comp. ¶¶ 310, 310(a)-(f), 311, and 313. Further, rather than pleading with the particularity Rule 9(b) requires, Plaintiffs broadly allege that the "false and misleading statements" were made either by "Defendants" or some lengthy listing of Defendants, thereby ignoring their well-settled requirement to identify the speaker of the fraudulent statement. Comp. ¶¶ 310, 310(a)-(f), 311-313.

### 2.     No "Where," No "When"

Furthermore, rather than specifically allege when the purported fraudulent statements were made, Plaintiffs merely identify statements "from at least 2000 to date"; "from in or about 2000 to date"; "from in or about 2001 to date"; "from in or about 2004 to date"; and "from in or about 2005 to date." *Id.* These date ranges sweepingly encompass every discussion ever conducted relating to the ImageSat venture involving all Defendants, and fail to sufficiently identify when any allegedly fraudulent statement was made. Similarly, these allegations provide no indication regarding where the allegedly fraudulent statements were made.

### 3.     No "Why"

To the extent any fraudulent statements have been particularly identified (which they could not have been), Plaintiffs neglect to explain why any alleged statement was fraudulent. Simply, there are no allegations clarifying why any statement by a particular Defendant is allegedly fraudulent.

Because Plaintiffs' Complaint fails to identify any statement that is allegedly fraudulent, neglects to identify the alleged speaker of the fraudulent statement, does not provide any dates or places relating to any alleged fraudulent statement, and does not explain why any purported statement is fraudulent, Plaintiffs' have not satisfied their requirement to pleading fraud with particularity. Accordingly, the Elbit Defendants respectfully request that Plaintiffs' claim 13 be dismissed pursuant to FED. R. CIV. P. 9(b).

**B.    Plaintiffs' Claim 18 Alleging Fraud By Elbit Should Be Dismissed Because Plaintiffs Fail To Plead With Particularity.**

Plaintiffs' claim 18 alleging fraud is not pleaded with particularity as against Elbit as Plaintiffs completely fail to identify *any* statement made by Elbit that they allege was fraudulent.  Plaintiffs allege only that they identified alleged, unanticipated discrepancies relating to the terms of bridge warrants issued to Plaintiffs.  Comp. ¶ 355.  But Plaintiffs cannot, and do not, specifically allege that Elbit made any statement whatsoever relating to these alleged discrepancies.  To the contrary, Plaintiffs' own allegations confirm that any statements relating to these "discrepancies" were not made by Elbit.  Comp. ¶¶ 82-85.  As a result, claim 18 fails to identify the particular statement that was allegedly fraudulent, and to the extent any statement is generally described, Plaintiffs' allegations confirm that the statements are not attributable to Elbit.

## POINT V

### PLAINTIFFS FAIL TO STATE A CLAIM FOR COMMON LAW FRAUD

Beyond Plaintiffs' failure to meet the heightened pleading standard of Fed R. Civ. P. 9(b) established above, Plaintiffs have failed sufficiently to plead the elements of common-law fraud[3]. While Plaintiffs make a conclusory allegation that they relied on unspecified "misrepresentations," they neither support that allegation with specific facts, nor do they make any allegation that their alleged reliance was the cause of the damages they claim.

**A.    Plaintiffs' Allegations Of Reliance Are Vague And Conclusory**

It is well settled that bald, conclusory allegations of reliance, unsupported by specific facts, are insufficient to prevent dismissal of a claim for fraud.  *See Fischer v. C. J. Lawrence & Co., Inc.*, 481 F. Supp. 357, 360 (S.D.N.Y. 1979) (dismissing fraud action with prejudice where plaintiffs'

---

[3] As with many of the other claims, the Complaint fails adequately to allege sufficient facts on which to make a definitive conclusion as to the appropriate law governing Plaintiffs' claim 13 for common law fraud. Accordingly, as Plaintiffs appear to rely on New York law, without conceding that such law is the governing law for such claim, the Elbit Defendants will rely on it for this motion to dismiss.

allegations of reliance were vague and not stated in detail); *see also May Dep't Stores Co. v. Int'l Leasing Corp.*, 88 Civ. 4300, 1995 WL 656986 *5 (S.D.N.Y., Nov. 8, 1995) (dismissing fraud action where claims of reliance not discussed in sufficient detail). Particular statements not only of how reliance on the alleged misrepresentations took place, but of why that reliance was reasonable, are also necessary. *Id.*

In the Complaint, Plaintiffs' claims of reliance are vague and conclusory, unsupported by any specific allegations of fact. Plaintiffs allege only that they relied by "continu[ing] to invest [their] productive working time and efforts into ImageSat and/or by forbearing from bringing litigation against defendants." Comp. ¶ 311. Under New York law, it is clear that the mere fact that one has been discouraged from immediately pursuing his or her legal remedies in reliance on false representations has been held to afford no basis for an action sounding in fraud. *Cutrone v. Kelly*, 68 N.Y.S.2d 878, 879 (N.Y. Sup., Kings County, 1947). Secondly, with respect to the claim that the Plaintiffs "continued to invest [their] productive working time and efforts" in purported reliance on some unspecified statement from unspecified Defendants, there are no factual allegations setting forth either a) why the reliance was reasonable or b) how and in what manner the Plaintiffs actually relied. *See May Dept. Stores Co.*, 1995 WL 656986, at *5. As Plaintiffs have not provided sufficient factual allegations to support their claim that they actually and reasonably relied on the unspecified "misrepresentations" they allege, their claim for common-law fraud must be dismissed for this reason alone.

**B.    Plaintiffs Do Not Allege That Their Damages Were Actually Caused By Their Reliance On Any "Misstatements"**

To sustain an action for fraud, the fraud and the injury must bear to each other the relation of cause and effect such that the injury must flow directly, necessarily, and proximately from the fraud. *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 197 (2d Cir. 2003) ("similar to loss causation, the proximate cause element of common law fraud requires that plaintiff

16

adequately allege a causal connection between defendants' non-disclosures and the subsequent decline in ... value ...."); *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421-22, 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996) (tax liability incurred by shareholder in sale of its shares in merger it was allegedly induced by fraud to vote for was not caused by any act or omission by corporation or its officers).  Thus, there must be a "causal nexus" between the fraud and the injury establishing that the damage was foreseeable and flowed substantially from the fraud.  *See generally Derdiarian v. Felix Contr. Corp.,* 51 N.Y.2d 308, 314-316, 434 N.Y.S.2d 166, 414 N.E.2d 666 (1980) (plaintiff must demonstrate that defendant's misrepresentations were "a substantial cause of the events which produced [decedent's] injury"); *see also Barrett v. Huff*, 6 A.D.3d 1164, 1167, 776 N.Y.S.2d 678 (4th Dep't 2004) (dismissing fraud claims where plaintiff did not allege that president's fraudulent inducement was proximate cause of his failure to exercise his options or sell his stock at that time because not foreseeable result).

Plaintiffs here fail to allege that their claimed injury flowed directly, necessarily, and proximately from their reliance on any misstatements alleged to have been made by any of the Elbit Defendants.  Even taking all the Plaintiffs' allegations concerning the Elbit Defendants as true for the purposes of this motion to dismiss, Plaintiffs entirely fail to allege how any statement of any Elbit Defendant caused them direct injury.  *See Megaris Furs, Inc. v. Gimbel Bros., Inc.,* 172 A.D.2d 209, 213, 568 N.Y.S.2d 581 (1st Dep't 1991) (dismissing fraud cause of action where Plaintiffs' pleadings are devoid of any attempt to demonstrate the requisite nexus between the misrepresentation alleged to have been made and the injury said to have been sustained). As Plaintiffs have pleaded no causal connection between the fraud they allege and their damages, their claims for common-law fraud must be dismissed as against the Elbit Defendants.

### POINT VI

### PLAINTIFFS' RICO CLAIMS MUST BE DISMISSED AS AGAINST THE ELBIT DEFENDANTS

Plaintiffs have failed to successfully plead their claims under the Federal RICO Statute, 18 U.S.C. 1962 (2007), in several respects. In addition to the reasons set forth in the JDMOL, Point VII regarding Plaintiffs' lack of standing,   Plaintiffs have failed to adequately plead mail and wire fraud under the heightened pleading standard required under Fed. R. Civ. P. 9(b), and, in particular, have failed to plead any predicate acts against any of the Elbit Defendants.

> **A.    Plaintiffs' RICO Claims Must Be Dismissed For Failure To Adequately Plead Any Predicate Acts.**

"To state a mail and wire fraud claim under RICO, a plaintiff must allege that the defendant made two predicate communications, via interstate commerce, that constitute a pattern of racketeering activity. Like allegations of securities fraud, allegations of predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent." *Mills v. Polar Molecular Corp.*,  12 F.3d 1170, 1176 (2d Cir. 1993) (internal citations omitted) (dismissing RICO claim for failure to plead mail and wire fraud with specificity).  "In the RICO context, Rule 9(b) calls for the complaint to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Caytas v. Maruszak*, No. 06 Civ. 985, 2007 WL 2456956 *3 (S.D.N.Y., Aug. 22, 2007) (Swain, J.) (dismissing RICO claim for mail and wire fraud where plaintiff failed to specify how identified statements were fraudulent).

As also discussed in Point IV above,  Plaintiffs have not pleaded any claim of fraud with the specificity required by Rule 9(b).  Specifically, the Complaint, at ¶ 298, describes the mail and wire fraud on which its RICO claims are founded only in the vaguest and most conclusory of terms,

referring loosely to "numerous documents" in a series of different factual contexts as having been "false and misleading," but without specifying what renders them false or misleading. Comp. ¶ 298. The language of ¶ 298 does not identify particular statements; it does not attribute statements to particular individuals; it does not specify the place and time at which the statements it complains of were made; and most importantly it does not "give particulars as to the respect in which plaintiffs contend the statements were fraudulent." *Caytas*, 2007 WL 2456956 at *3.   No more specific statement of the allegedly fraudulent statements on which the claims of mail and wire fraud are based appears elsewhere in the Complaint.

The Complaint also purports to rely on a list of communications attached to it as Exhibit F as having been made "by use of the United States mails and/or by foreign or interstate wires" "in connection with one or more of the fraudulent schemes described herein." Comp. ¶ 268 (a).   The Exhibit F list, however, does not consist of statements themselves alleged to be fraudulent, rather than merely communications alleged to have been made in connection with a fraudulent scheme, and the Complaint gives no particulars as to the respect in which any of the statements listed in Exhibit F is alleged to be fraudulent.

In order to plead a claim under RICO, a plaintiff must plead that *each* defendant engaged in a pattern of racketeering activity, consisting at a very minimum of two predicate acts within a ten year period.   *See Pinnacle Consultants, Ltd. v. Leucadia Nat. Corp.*, 101 F.3d 900, 904 (2d. Cir. 1996).   In this case, Plaintiffs have failed to adequately plead even a single predicate act of mail or wire fraud against any Elbit Defendant with the specificity required by Fed. R. Civ. P. 9 (b).   For that reason, Plaintiffs' eleventh cause of action for violation of 18 U.S.C. § 1962(c) must be dismissed as against the Elbit Defendants[4].

---

[4] As Plaintiffs have not successfully pleaded a cause of action against any Defendant under RICO, their twelfth cause of action for RICO conspiracy must be dismissed as well.   *First Capital Asset Mgmt. Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004).

**B.    Plaintiffs Have Not Identified A Single Statement Made By Any Elbit Defendant In Connection With Their RICO Causes Of Action**

While, as stated above, Plaintiffs have not pleaded with the necessary specificity that *any* fraudulent statements were made by *any* Defendant, the one source of specific allegations in the Complaint with regard to the alleged acts of mail and wire fraud is Exhibit F, which specifies at least the author and date of a number of communications, if not the manner in which they are alleged to be fraudulent.  Of the communications listed in Exhibit F, not a single one is attributed to any of the Elbit Defendants: Elbit itself, Michael Federmann, Jacob Toren, Joseph Ackerman, or Joseph Gaspar.

In the absence of any specific allegation in the Complaint that any one of the Elbit Defendants is responsible for the making of any statement or communication alleged to constitute mail or wire fraud, Plaintiffs' RICO claims must be dismissed as against the Elbit Defendants for failure to plead any predicate acts against those Defendants.

<u>**CONCLUSION**</u>

For the foregoing reasons, together with the reasons set forth in the Joint Defendants Memorandum of Law, Plaintiffs' Complaint must be dismissed in its entirety as against the Elbit Defendants.

Dated:  New York, New York
            October 15, 2007

**GREENBERG TRAURIG, LLP**

By: _____/s_____
        Simon Miller (SM 6728)
        Elizabeth Prickett-Morgan (EP 7536)
    200 Park Avenue
    New York, New York 10166
    (212) 801-9200

*Attorneys for Defendants Elbit Systems Ltd., Michael Federmann, Joseph Ackerman, Joseph Gaspar, and Estate of Jacob Toren*

20