UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

STEPHEN M. WILSON, *et al.*,         :

              Plaintiffs,     :     07 Civ. 6176 (LTS)

    -against-         :

IMAGESAT INTERNATIONAL N.V., *et al.*,    :

              Defendants.    :
------------------------------------------------------------------X

## DECLARATION OF ADV. DROR VIGDOR

Advocate Dror Vigdor declares, pursuant to 28 U.S.C. Section 1746:

1. I was born in Jerusalem in 1940. In 1965 I received my law degree, cum laude, from the Hebrew University of Jerusalem. I was admitted to the Israel Bar in 1967. In 1985 I received an LLM degree from New-York University.

2. I was a member of the Jerusalem District Disciplinary Court from 1972 to 1979 and served on the National Disciplinary Court from 1987 to 1993.

3. Since the late 1960s I have been specializing in civil, commercial and corporate law, and in particular in civil and commercial litigation. For the past thirty years I have been acting as the head of the litigation department of the Tel-Aviv branch of Yigal Arnon & Co., one of the largest law firms in Israel. Throughout my career I have gained extensive knowledge and experience with Israeli law and the Israeli legal system. I have extensive knowledge and experience with complex disputes, including corporate and shareholders disputes, real estates disputes, international litigation and insolvency proceedings. I am often appointed as an arbitrator and mediator to resolve complex disputes.

4. I have been asked by defendants ImageSat International N.V. (the "**Company**"), Shimon Eckhaus, Moshe Keret, David Arzi, Gino Piperno-Beer, Yoav Chelouche, Jacob Weiss and Itzhak Nissan (collectively: the "**Defendants**") to render an opinion on certain issues of Israeli law relating to Defendants' motion to dismiss the Complaint. In preparing this declaration, I have reviewed the Complaint filed in this action on July 2, 2007.

## I. The Israeli legal system

5. The State of Israel is a democratic state, with a parliamentary form of government. As in the United States, there exist in Israel three distinct and independent branches of the State -- the legislative branch, which is the parliamentary body known as the "Knesset", the executive branch, headed by a cabinet government comprised of the Prime Minister and other ministers, and the judiciary, with the Supreme Court at its head.

6. Israel has no formal constitution. Its constitutional regime is based on "Basic Laws", which are superior to "regular" legislation, and on judicial precedents largely handed down by the Supreme Court.

7. The independence and impartiality of the judiciary is guaranteed by the Basic Law: The Judiciary. Section 2 of the Basic Law: The Judiciary provides that all persons with judiciary powers are in judicial matters, subject to no authority but that of the law. To ensure their personal independence, Basic Law: The Judiciary provides that judges are to be chosen by a Judges' Election Committee.

8. The Basic Law: The Judiciary provides for important principles of civil procedure, such as the appealability, as of right, of a judgment of a court of first instance (other than a judgment of the Supreme Court); the public nature of the trial (unless otherwise provided by law or unless the court otherwise directs under law); and the prohibition of the establishment of *ad hoc* courts.

9. According to the principle of stare decisis as practiced in Israel, a rule laid down by the Supreme Court will be binding on any lower court. A rule laid down by any other court will be of guidance to a lower court. The Supreme Court is not bound by its previous decisions. The Israeli courts do not use the jury system. All questions of fact and law are determined by the judge or the judges of the court concerned.

10. The adjudication process is governed by the principles of due process and guarantees the basic right of any individual to be heard in court, such right being conferred without regard to race, nationality, gender, faith, or political persuasion.

11. The Israeli court system is comprised of a general court system and a number of specialized courts. The general court system is comprised of three instances: magistrates' courts, district courts, and the Supreme Court. The Supreme Court is the highest court of appeal, and sits as well as a high court of justice having the authority to adjudicate administrative matters as well as challenges to government action that are not under the jurisdiction of any other court or tribunal. Special courts, such as the labor courts, military justice courts and religious courts have special jurisdiction in relevant restricted areas.

12. In civil matters the district courts have residual jurisdiction over matters which do not fall within the jurisdiction of the magistrates' courts (the jurisdiction of magistrates' courts in civil matters generally depends upon the monetary value of the claim, which to date is up to a maximum of 2.5 million NIS), and general residual jurisdiction to hear any matter that is not under the exclusive jurisdiction of any other court or tribunal. District courts also serve as courts of appeal over the magistrates' courts. A district court bench is composed of one judge in regular matters, and three judges when specifically directed by the president or vice-president of the district court, and when hearing appeals from the magistrates' courts.

## II.   Litigation proceedings in Israel

13. The Israeli Rules of Civil Procedure govern the conducting of litigation proceedings in the Israeli court system. They provide a number of pre-trial discovery devices that enable disclosure of information among the adverse parties to a lawsuit. These include interrogatories and disclosure and inspection of documents in the control of the parties. Unlike the US system, however, there is no provision for conducting pre-trial depositions. The evidentiary stage of the litigation is generally not confined to one concentrated period of time and may consist of a series of short sessions taking place over a period of months (the absence of a jury makes this possible). In most cases the court will order the parties to submit the testimony of their witnesses in affidavit form and the affiants would then be subject to cross-examination at the scheduled hearings.

14. From published statistics of the court administration with regard to the years 2003 through 2005, the average duration of a lawsuit filed in the district court (from the filing of the complaint until the conclusion of the lawsuit) is 11-12 months, and in the magistrates courts, 9 months. These statistics apparently include those cases which are settled or dismissed at early stages of the litigation, and based on my experience, the average duration would be longer if you remove those cases which are settled or dismissed at early stages of the litigation.

15. A plaintiff is required to pay a court fee equal to 2.5% of the monetary value of the claim. Half of this fee is payable upon the filing of the complaint, and the remainder, prior to the date of the first evidentiary hearing. In the event the case is concluded prior to the first evidentiary hearing, this second payment will not become due, and upon petition to the court, the court may, under certain circumstances, order the return of the first half of the fee already paid.

16. Israeli law recognizes several categories of privileges that apply to the disclosure and use of evidence, such as attorney-client privilege, work product immunity and privileges based on national security and foreign affairs.

17. Generally, under Israeli law, the statute of limitation on civil claims in matters that do not concern land is seven years. The statute of limitations is considered to be part of Israeli procedural law.

### III.  Israeli courts' jurisdiction over defendants

18. Israeli courts acquire jurisdiction over a defendant by serving the defendant with the statement of claim and a summons within the area of the state of Israel's jurisdiction.

19. For a defendant who is a natural person service of process is made by personal delivery. Therefore, any individual residing in Israel is subject to the jurisdiction of Israeli courts.

20. For a business entity incorporated in Israel, service of process is made by serving the statement of claim and summons at the corporation's registered place of business as recorded in the Israeli Companies Registrar.

21. A business entity incorporated outside of Israel that has a place of business in Israel receives service of process at the address of its agent in Israel as recorded in the Israeli Companies Registrar.

22. For a defendant who is a foreign resident or a foreign entity, service of process may be affected by serving the statement of claim and summons to an agent of the defendant in Israel. In case the foreign defendant has no such agent the plaintiff needs to obtain the court's leave for serving the foreign defendant with the statement of claim and summons outside the area of jurisdiction, in accordance with Regulation 500 of the Civil Procedure Regulation 1984 ("**Regulation 500**"). Regulation 500 provides for several categories of cases in which the court is authorized to grant leave of service outside the area of jurisdiction. The alternatives set in Regulation 500 are based on a connection of the actions or omissions of the foreign defendant, concerning the subject matter of the claim, to Israel, or on the foreign defendants being a required party to a claim that was duly served upon a defendant in Israel.

### IV.   General comments regarding the Complaint

23. It is important to note that when a foreign corporation is sued in Israel, Israeli courts will generally apply the laws of the place of its incorporation on matters that relate to the internal affairs of the corporation. It is not uncommon for Israeli courts to litigate cases where the governing substantive law is supplied by a foreign jurisdiction.

24. From a review of the allegations of the Complaint, and without commenting on the merits of these claims, Israeli law is well-equipped to address claims of this variety and provides various remedies for the claims asserted by plaintiffs if they were to be found to have merit.

25. Under Israeli law, an officeholder's fiduciary duty and duty of care are owed to the company and not to its shareholders, and as such, the cause of action with regard to the violation of these duties may be raised only by the company and not the individual shareholder. In order for a shareholder to be able to sue directly, he/she would be required to show that a direct duty owed to him/her was violated rather than a duty owed to the company, otherwise his/her remedy would be limited to a derivative suit on behalf of the company.

26. Israeli case law has determined that a shareholder has an independent action only where he/she has suffered damage independent of any damage suffered by the company, however, damages resulting from a decrease in the value of shares has been held not to constitute independent damage.

-6-

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true.

Signed on October 9, 2007, in Tel-Aviv, Israel

_____<br>Dror Vigdor