UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

STEPHEN M. WILSON, et al.,   Case No: 07-Civ-6...

        Plaintiffs,

  -v.-

IMAGESAT INTERNATIONAL N.V., et al.,

        Defendants.
----------------------------------------------------------------X

## DECLARATION OF DAVID ARZI IN SUPPORT OF MOTION TO DISMISS

David Arzi declares, pursuant to 28 U.S.C. § 1746:

1. I make this declaration in support of my motion to dismiss the complaint in the above-captioned action for lack of personal jurisdiction. The following statements are based upon my personal knowledge.

2. I have been a director and Chairman at ImageSat International N.V. ("ImageSat"), since October 2006.

3. I am a citizen of Israel, residing in Kfar Saba, Israel.

4. I am not a citizen or resident of the United States.

5. I was born in Ramat Gan, Israel and have resided in Israel for 62 years.

6. My native language is Hebrew.

7. I served in the Israeli army for 17 years (including time spent in reserves).

8. I have never resided in the State of New York or elsewhere in the United States.

9. I do not rent or own any real property in the State of New York.

10. I do not own a bank account registered or located in the State of New York or anywhere else in the United States.

11. I do not have a mailing address in the State of New York or anywhere else in the United States.

12. I do not have a telephone number (land or cell) in the State of New York or anywhere else in the United States.

13. I have traveled to the State of New York approximately four times a year in the past five years in my capacity as Chairman of Empire Aero Center, a wholly owned subsidiary of Israel Aerospace Industries, Ltd. ("IAI") to attend Empire Aero Center board meetings in Rome, New York. Empire Aero Center dose not conduct business with ImageSat and my visits in those instances were not related to my capacity as a director of ImageSat. I have made approximately four additional visits per year to the United States in the past five years for Empire Aero Center customer related visits.

14. During the time I served as a director of ImageSat, I have made only three visits to the State of New York: in November 2006, May 2007 and August 2007 to attend ImageSat board meetings.

15. I do not conduct any personal business in the State of New York.

16. I do not conduct any ImageSat related business in the United States outside of attending the three board ImageSat meetings mentioned above.

17. I was not directly or indirectly involved in the preparation or negotiation of any of the agreements referenced in the complaint.

18. I did not email or telephone people in New York in connection with the negotiation or execution of any of the agreements referenced in the complaint.

2

19. I was not involved in the preparation of the Initial Public Offering of ImageSat stock on the NASDAQ for the anticipated IPO.

20. I did not attend meetings in the State of New York in connection with the planned IPO.

21. I was not involved in the preparation, review, or filing of the F1 registration filing with the Securities and Exchange Commission in connection with the planned IPO.

22. I did not attend any meeting in the State of New York in connection with the F1 registration for the planned IPO.

23. I did not participate in any meeting with Stephen Wilson in the State of New York regarding the alleged Venezuela opportunities as referred to in the complaint. I have never even met Stephen Wilson.

24. I was not involved in the negotiation of any Satellite Operation Partner ("SOP") agreements in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2007 at KFAR-SABA, Israel.

_____
David Arzi

3