UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

STEPHEN M. WILSON, *et al.*,

        Plaintiffs,

  -v.-

IMAGESAT INTERNATIONAL N.V., *et al.*,

        Defendants.
-------------------------------------------------------------X

Case No: 07-Civ-6176

## DECLARATION OF GINO PIPERNO-BEER IN SUPPORT OF MOTION TO DISMISS

Gino Piperno-Beer declares, pursuant to 28 U.S.C. § 1746:

1. I make this declaration in support of my motion to dismiss the complaint in the above-captioned action for lack of personal jurisdiction. The following statements are based upon my personal knowledge.

2. I have been a director at ImageSat International N.V. ("ImageSat") since February 2006.

3. I am a citizen of Israel and Italy, residing in Jerusalem, Israel.

4. I am not a citizen or resident of the United States.

5. I have resided in Israel for 39 years.

6. I served in the Israeli army for five years.

7. I have never resided in the State of New York or elsewhere in the United States.

8. I do not rent or own any real property in the State of New York.

9. I do not own a bank account registered or located in the State of New York or anywhere else in the United States.

10. I do not have a mailing address in the State of New York or anywhere else in the United States.

11. I do not have a telephone number (land or cell) in the State of New York or anywhere else in the United States.

12. I have traveled to the State of New York seven times in the past five years – in January 2003, May 2005, February 2006, May 2006, November 2006, May 2007 and August 2007. Five of those visits – on February 10, 2006, May 30, 2006, November 22, 2006, May 31, 2007 and August 23, 2007 – overlapped with my tenure as director of ImageSat and were made for the purpose of attending ImageSat board meetings.

13. I do not conduct personal business in the State of New York or elsewhere in the United States.

14. Other than attending ImageSat board meetings, I do not conduct any ImageSat related business in the State of New York or anywhere else in the United States.

15. I was not directly or indirectly involved in the preparation or negotiation of any of the agreements referenced in the complaint.

16. I did not attend any meetings in the State of New York in connection with any of the agreements referenced in the complaint.

17. I did not email or telephone anybody in the State of New York in connection with the negotiation or execution of any of the agreements referenced in the complaint.

18. I was not involved in the preparation of the Initial Public Offering of ImageSat stock on the NASDAQ for the anticipated IPO.

19. I did not attend meetings in the State of New York in connection with the planned IPO.

20. I was not involved in the preparation, review, or filing of the F1 registration filing with the Securities and Exchange Commission in connection with the planned IPO.

21. I did not attend any meeting in the State of New York in connection with the F1 registration for the planned IPO.

22. I did not participate in any meeting with Stephen Wilson in the State of New York regarding the alleged Venezuela opportunities as referred to in the complaint.

23. I was not involved in the negotiation of any Satellite Operating Partner ("SOP") agreements in the State of New York.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2007 at Lon_____, Israel.

_____
Gino Piperno-Beer

3