UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

STEPHEN M. WILSON, *et al.*,                    Case No: 07-Civ-6176

        Plaintiffs,

-v.-

IMAGESAT INTERNATIONAL N.V., *et al.*,

        Defendants.
-----------------------------------------------------------X

### DECLARATION OF MOSHE KERET IN SUPPORT OF MOTION TO DISMISS

Moshe Keret declares, pursuant to 28 U.S.C. § 1746:

1. I make this declaration in support of my motion to dismiss the complaint in the above-captioned action for lack of personal jurisdiction. The following statements are based upon my personal knowledge.

2. I was a Chairman of the board of ImageSat International N.V. ("ImageSat") between March 2000 and June 2005.

3. I am a citizen of Israel, residing in Givataim, Israel.

4. I am not a citizen or resident of the United States.

5. I was born in Tel Aviv, Israel and have resided in Israel for my entire life.

6. My native language is Hebrew.

7. I served in the Israeli army for three years.

8. I have never resided in the State of New York or elsewhere in the United States.

9. I do not rent or own any real property in the State of New York.

10. I do not own a bank account registered or located in the State of New York or anywhere else in the United States.

11. I do not have a mailing address in the State of New York or anywhere else in the United States.

12. I do not have a telephone number (land or cell) in the State of New York or anywhere else in the United States.

13. I have traveled to the State of New York approximately three to four times a year in the past five years to attend ImageSat and Israel AeroSpace Industries, Ltd. ("IAI") board meetings. The only visits that overlapped with my tenure as director of ImageSat were those visits I made to attend ImageSat board meetings on May 11, 2001, December 1, 2003, November 4, 2004 and February 25, 2005.

14. I have traveled elsewhere in the United States approximately three to four times a year in the past five years on IAI business and during those visits did not engage in any ImageSat business.

15. I do not conduct any personal business in the State of New York.

16. I was not directly involved in the preparation or negotiation of any of the agreements referenced in the complaint that were executed while I was chairman of the board of ImageSat.

17. I had only indirect involvement as CEO of IAI with respect to the preparation and negotiation of the Note Exchange and Governance Agreement with Pegasus and the Strategic Joint Marketing Agreement between IAI and ImageSat. I was not involved in the negotiations but provided guidance to the negotiating team from time to time.

18. Other than attending board meetings, I did not attend any meetings in the State of

New York in connection with any of the agreements referenced in the complaint.

19. I did not email or telephone anybody in the State of New York in connection with the negotiation or execution of the agreements referenced in the complaint other than in connection with the Note Exchange and Governance Agreement with Pegasus and the Strategic Joint Marketing Agreement between IAI and ImageSat.

20. I had limited involvement in the preparation for the potential Initial Public Offering of stock on the NASDAQ and the related F1 registration filing with the Securities and Exchange Commission by participating in board discussions but did not have a greater role in connection with such transactions.

21. I did not attend any meeting in the State of New York in connection with the F1 registration.

22. I did not participate in any meeting with Stephen Wilson in the State of New York regarding the alleged Venezuela opportunities as referred to in the complaint.

23. I was not involved in the negotiation of any Satellite Operating Partner ("SOP") agreements in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2007 at Giv'n Taim, Israel

_____
Moshe Keret

3