```
                                            ┌─────────────────────────────┐
                                            ║ USDC SDNY                    ║
UNITED STATES DISTRICT COURT                ║ DOCUMENT                     ║
SOUTHERN DISTRICT OF NEW YORK               ║ ELECTRONICALLY FILED         ║
---------------------------------------x    ║ DOC #:                       ║
STEPHEN M. WILSON, et al.,                  ║ DATE FILED  10/19/07         ║
                                            └─────────────────────────────┘
                         Plaintiffs,        07 Civ. 6176(LTS)(DFE)

                                            This is an ECF case
             - against -
                                            MEMORANDUM AND ORDER
IMAGESAT INTERNATIONAL N.V., et al.,

                         Defendants.
---------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

The District Judge assigned to this case, Judge Laura Taylor Swain, has referred this case to me for general pretrial supervision.  This means that I will make decisions about the discovery phase of the litigation, but any dispositive motions, such as motions pursuant to Rule 12(b) or Rule 56, should be addressed to Judge Swain.

I enclose a copy of my Standing Order for Settlement <u>and</u> my Standing Order for Discovery Disputes.

I have scheduled a settlement conference for **Monday, November 26, 2007 at 2:00 p.m.**  The settlement conference will be held in Courtroom 18A, at 500 Pearl Street, New York, NY 10007.  I direct each party to fax me a confidential <u>ex parte</u> letter by Wednesday, November 21, 2007 at 11:00 a.m.  See ¶ 3 of the enclosed Standing Order for Settlement.

                         _____
                         DOUGLAS F. EATON
                         United States Magistrate Judge
                         500 Pearl Street, Room 1360
                         New York, New York 10007
                         Telephone: (212) 805-6175
                         Fax: (212) 805-6181


Dated:    New York, New York
          October 19, 2007

Copies of this Memorandum and Order (and of my Standing Order for Settlement Order and my Standing Order for Discovery Disputes) will be sent by electronic filing to:

Ira B. Matetsky, Esq.
Matthew R. Marone, Esq.
Matthew N. Tobias, Essq.
William A. Jaskola, Esq.
Ganfer & Shore, LLP

Simon J. Miller, Esq.
Greenberg Traurig LLP

Stephen Wagner, Esq.
Cohen Tauber Spievack
 & Wagner LLP

Eric S. Goldstein, Esq.
Paul, Weiss, Rifkind, Wharton &
 Garrison LLP

Robert F. Carangelo, Esq.
Stacy Nettleton, Esq.
Weil Gotshal & Manges LLP

Hon. Laura Taylor Swain

UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312


DOUGLAS F. EATON
UNITED STATES MAGISTRATE JUDGE


### Standing Order for All Cases Referred for Settlement to Magistrate Judge Douglas F. Eaton

1.   All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2.   The magistrate judge functions as a mediator, attempting to help the parties reach a settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator. I will hold only one conference -- this is not a dress rehearsal.

3.   The week <u>before</u> the settlement conference (and no later than ~~Thursday at 4:00 p.m.~~, counsel for each party must send me a letter, marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on the other parties. This <u>ex parte</u> letter must not exceed five pages. It should state (1) the history of settlement negotiations; (2) your evaluation of the settlement value of the case and the rationale for it (your confidential "bottom line," not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt before the deadline, I recommend that you send this letter to me by fax -- to 212-805-6181.    *[handwritten: Wed. Nov. 21, 2007 at 11:00 a.m.]*

4.   The <u>parties</u> -- not just the attorneys -- must <u>attend in person</u>. This is essential to the mediation process. It is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. If a party lives more than 100 miles from New York City, I will sometimes excuse that party's presence but I will at least require that party to be available by telephone throughout the 3-hour period of a typical settlement conference. Corporate parties or labor unions must send the person with decision-making authority who gives directions to the attorney of record. <u>Where liability insurance is involved</u>, a decision-making representative of <u>each</u> carrier must attend in addition to the insured. This includes each <u>excess carrier</u> unless specifically excused by me at least one week before the conference. Where any government agency is a party, the attorney of record must be accompanied by a knowledgeable representative from the agency.

5.   If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from each insurance carrier), that party may be required to <u>reimburse all the</u>

other parties for their time and travel expenses.

6.    The conference takes place in Courtroom 18A at 500 Pearl Street. Each attorney must be prepared to address the group and me for about 5 minutes, summarizing (1) the most important issues of fact and law, (2) the most recent offer or demand communicated to adverse counsel, and (3) any other matters that may help settlement.    The merits of the case are relevant to settlement value, but settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, so that you are clear to your adversary's client.

7.    I will also meet separately with each side.    In these meetings, the parties and their counsel should be prepared to discuss the reasons for their stated position, the amount of attorneys' fees and litigation expenses incurred to date, and an estimate of the cost of litigating the case to judgment.

8.    Telephone requests for adjournment are not entertained.    A request for adjournment must, if at all possible, be in the form of a joint letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when all the attorneys and all the clients will be available.    In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9.    Except for the ex parte letter pursuant to ¶ 3, all communications with me or my chambers regarding a pending case must be in writing, with copies to all counsel of record sent by means no less expeditious than that used to communicate with my chambers.

10.    If all the parties advise me in writing that the case settled prior to the scheduled conference, I will grant one adjournment of up to two weeks to a date certain.    On that date, the parties must attend unless they have filed a stipulation of dismissal with the district judge.



DOUGLAS F. EATON
United States Magistrate Judge

October 31, 2005

UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312

DOUGLAS F. EATON
UNITED STATES MAGISTRATE JUDGE

## Standing Order for Discovery Disputes in Cases
## Assigned to Magistrate Judge Douglas F. Eaton

¶1. <u>Conference requirement</u>. Rule 37(a)(2)(A and B), Fed. R. Civ.
P., requires the attorneys to confer in good faith in an effort to
resolve or narrow all discovery disputes before seeking judicial
intervention. "Confer" means to meet, in person or by telephone,
and make a genuine effort to resolve the dispute by determining,
without regard to technical interpretation of the language of a
request, (a) what the requesting party is actually seeking, (b)
what the discovering party is reasonably capable of producing that
is responsive to the request, and (c) what specific genuine issues,
if any, cannot be resolved without judicial intervention. The
exchange of letters between counsel stating positions "for the
record" shall not be deemed compliance with this requirement, or
with Rule 37(a)(2)(A and B). Failure to hold a good faith
conference is ground for the award of attorney's fees and other
sanctions. 28 U.S.C. §1927; <u>Apex Oil Co. v. Belcher Co.</u>, 855 F.2d
1009, 1019-20 (2d Cir. 1988).

¶2. <u>Depositions.</u>

    a.  No one may instruct a witness not to answer, except upon
grounds of privilege, or as permitted by Rule 30(d)(1), Fed. R.
Civ. P.  All other objections, <u>including objections as to
relevance</u>, may be briefly stated on the record, but the question
must be answered.

    b.  If privilege is asserted, the person claiming privilege
must answer the predicate questions necessary to establish the
applicability of the privilege.  See Local Civil Rule 26.2.

    c.  Disputes relating to privilege or procedure at a
deposition, and applications to terminate or limit a deposition
pursuant to Rule 30(d), may be brought to my attention by telephone
conference (if I am available) without adjourning the deposition.
(NOTE: Telephone conferences are limited to disputes about a
<u>deposition taking place that very day</u>. Any other disputes must be
submitted by joint letter; see below at ¶ 3.) My telephone number
is 212-805-6175. The following procedures apply to such telephone
conferences:

1

(1) All attorneys present at the deposition must participate in the telephone conference by speakerphone or extension telephone.

(2) Unless otherwise directed by me, the witness shall be out of the room during the argument of the issues raised.

(3) The reporter must be available to read the verbatim text of any matters in dispute, and shall record and transcribe the entire telephone conference as part of the record of the deposition.

(4) The parties' time to seek review pursuant to Rule 72(a), Fed. R. Civ. P. of any ruling made during a telephone conference shall commence to run on the date of receipt of the transcript.

¶3. __All other discovery disputes (including disputes about adjournments).__

a. Local Civil Rule 37.2 speaks of a first request for an informal conference with the court; however, in discovery disputes before me (except for disputes about a deposition taking place that very day), you should not bother to request an informal conference. Instead, proceed as follows. Following compliance with ¶ 1, above, the parties must send me __a single joint letter__, signed by __each__ person involved in the dispute (or his attorney) and giving the telephone number and fax number for each such person (or his attorney). If the joint letter concerns more than one issue, it is generally preferable to state the position of each party on the first issue before moving on to any second issue. The joint letter should be faxed to me at 212-805-6181, without any exhibits unless the exhibits total no more than 12 pages. In addition, the original of the joint letter (plus any exhibits) should be sent to me by regular mail. __Do not send a copy via Electronic Case Filing;__ it is my practice to keep the joint letter in my chambers file, and not to place it on the docket. (I prefer to be able to review the letter quickly in fax form, even if I may have to wait for exhibits to arrive by mail.) The exhibits should __not__ be bound to each other; each exhibit should be __separate__. The mailing should also enclose a courtesy copy of the joint letter (but not a courtesy copy of any exhibits). If you send your adversary a draft of your portion of a joint letter and he or she does not send you a responsive portion within 5 business days, you may send your portion to me (with another copy to your adversary, and an explanation of the circumstances). You must wait for the 5 days even if there are fewer than 5 business days before a discovery deadline.

2

b.   I will allow the following format to substitute for a "single joint letter," if all parties to a particular dispute agree to use this format:

(1)   a letter motion, maximum 8 pages, faxed to each party but not sent to me at this stage;

(2)   within two business days (or more if agreed) a letter from each party opposing the motion, maximum 10 pages to be faxed to each party;

(3)   within one business day (or more if agreed) a reply letter from movant, to be faxed to each party, maximum 2 pages to reply to each separate opposing letter. All of these letters (plus any exhibits) to be sent to me by movant in a _single package_. (This package should also contain a courtesy copy of each letter, but not a courtesy copy of the exhibits.) The exhibits should _not_ be bound to each other. Preferably, the movant should also send me the letters (without any exhibits) in a single fax transmission.

c.   Citation of case law is desirable.   It is usually unnecessary to recite the procedural history in detail.   It is usually unhelpful to include subjective matters such as opinions about the motives of your adversary.

d.   If interrogatories, document requests, or responses are in dispute, the joint letter must enclose the text of the specific items in dispute (and only those items).

e.   I will normally decide such disputes on the basis of the joint letter, with _no oral argument_. If I want affidavits, briefs, or a conference, I will inform counsel.

f.   Submissions under ¶ 3 shall be deemed to be motions pursuant to Rule 37 and may provide the basis for me to award expenses and other sanctions.

g.   My requirement for a single joint letter applies also to non-parties.   If a party foresees that it may have a discovery dispute with a non-party, then it shall serve the non-party with a copy of this Standing Order.

_____
DOUGLAS F. EATON, U.S.M.J.

Revised as of 9/21/07

3