```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
STEPHEN M. WILSON, et al.,

                          Plaintiffs,    07 Civ. 6176(LTS)(DFE)

                                     This is an ECF case

     - against -

                                     MEMORANDUM AND ORDER

IMAGESAT INTERNATIONAL N.V., et al.,

                          Defendants.
------------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

     Plaintiffs are minority shareholders and security-holders of ImageSat International N.V., a Netherlands Antilles corporation with its principal place of business in Israel. On July 2, 2007, Plaintiffs filed their Complaint in our Court against ImageSat and others, including Israel Aerospace Industries Ltd. ("IAI") and Elbit Systems Ltd. IAI and Elbit are alleged to be the two largest shareholders of ImageSat.

     On October 15, 2007, each of the defendants made a dismissal motion to Judge Swain. The grounds include: (1) under the laws of the Netherlands Antilles, Plaintiffs lack standing to assert a claim on behalf of ImageSat for breach of contract; (2) lack of subject matter jurisdiction; (3) forum non conveniens; and (4) lack of personal jurisdiction over some of the defendants.

     Those motions were discussed three days earlier at a conference before Judge Swain. She declined to rule on whether, prior to her ruling on the dismissal motions, there should be any discovery, including a document subpoena served by Plaintiffs on non-party Northrop Grumman Corporation in Los Angeles on September 14, 2007. By Order of Reference signed on October 12, 2007, Judge Swain referred this case to me for general pretrial supervision. The parties subsequently stipulated to an extension, until January 23, 2008, for Plaintiffs to respond to the dismissal motions. I held settlement discussions, but the parties were unable to reach a settlement. I am now responding to two joint letters concerning discovery disputes. Pursuant to my normal practice, I will keep the joint letters in my chambers file and will not have them docketed in the court file.

### The 11/19/07 joint letter: the subpoena to Northrop Grumman

The Complaint alleges that IAI entered into a contract with ImageSat and others, and that IAI breached the contract by entering into a large transaction with Northrop Grumman prior to offering such opportunity to ImageSat. Plaintiffs say their subpoena "requested documents relating to business transactions or joint ventures between Northrop Grumman and any of IAI, [or] Elbit ..., or the government of Israel relating to earth observation satellite technology, including but not limited to the transaction publicly disclosed in April 2007." (11/19/07 joint letter, p. 5.)

Non-party Northrop Grumman has objected to the subpoena, but it has not formally moved to stay the subpoena. Its counsel has confirmed, through IAI's counsel, that Northrop Grumman is prepared to preserve the documents responsive to the subpoena. IAI states that its business relationship with Northrop Grumman is the subject of "ongoing negotiations." IAI asks me to stay the subpoena until Judge Swain rules on the dismissal motions; IAI writes at page 3:

> ... [R]equiring [Northrop Grumman] to disclose potentially sensitive information about an ongoing business relationship could well interfere with IAI and Northrop Grumman's negotiations and damage their relationship. See Spencer Trask Software and Info. Servs., LLC v. Rpost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery where plaintiffs issued subpoena to third-party with whom defendant had been involved in negotiations because the "possible injury to the success of defendants' current contractual negotiations [is] great."

Plaintiffs have not responded to Judge Leisure's decision in *Spencer Trask*. At page 5, they emphasize that Rule 26(c), F.R.Civ.P., puts the burden on the movant to show good cause for a protective order. But it is easier to show good cause when the movant is merely seeking to postpone discovery until its dismissal motion can be decided.

Plaintiffs do not dispute that their subpoena seeks discovery about the merits of their case. But they write at pages 6-7:

> ... In this action, all defendants (except one), including IAI, have moved to dismiss the Complaint on the ground that the Southern District of New York

-2-

is a *forum non conveniens* for this litigation and that the action should be heard in Israel. In this regard, Plaintiffs intend to use the documents to be produced by Northrop Grumman to establish that many of the discussions, negotiations, and other relevant contacts regarding the transaction between IAI and Northrop Grumman took place in the United States, and at least some of them in New York; ....

I find that such discovery "seems inextricably merits related," and that is exactly where Magistrate Judge Maas drew the line in *Base Metal Trading S.A. v. Russian Aluminum*, 2002 WL 987257, *4 (S.D.N.Y. May 14, 2002), adding: "Indeed, to allow any more detailed investigation at this preliminary stage would be to defeat the purpose of a forum non conveniens motion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 255, 258, 102 S.Ct. 252, 266, 70 L.Ed.2d 319 (1981)." Both *Base Metal* and *Piper* were cited with approval by Judge Swain in another case on point, *Norex Petroleum, Ltd. v. Access Industries*, 2003 WL 21872389, *2 (S.D.N.Y. Aug. 7, 2003).

Finally, at page 7, Plaintiffs write:

> ... To date, Plaintiffs [a] have served non-party subpoenas <u>duces tecum</u> on eight third parties, most of which have complied with the subpoenas or are in the process of doing so, and [b] have served Defendants with a set of document requests designed to elicit documents with respect to the threshold issues on Defendants' motions to dismiss such as *in personam* jurisdiction and *forum non conveniens*. ...

Plaintiffs claim that the subpoena to Northrop Grumman is a "significant component" of this preliminary "discovery program," but I do not see any prejudice arising from a temporary stay of that subpoena, pending Judge Swain's decision on the dismissal motions.

**I hereby direct Northrop Grumman Corporation to preserve all documents responsive to the subpoena served on it by Plaintiffs, and to give 120 days' advance notice to Plaintiffs' counsel if Northrop Grumman wishes to seek relief from this preservation obligation at any time in the future.** (I believe that 120 days should give Plaintiffs enough time to seek a subpoena from another court if it turns out that Plaintiffs decide to pursue their claims in a different jurisdiction.) **I direct IAI to serve Plaintiffs, as soon as practicable, with (a) proof that IAI has**

-3-

served a copy of this order upon Burks Terry, Esq. or other knowledgeable counsel for Northrop Grumman, and (b) a signed acknowledgment by such counsel for Northrop Grumman that he or she has received and read this order. Until further order from Judge Swain or me, I hereby stay any other obligation upon Northrup Grumman with respect to said subpoena.

### The 11/21/07 joint letter: the portion of one deposition

By agreement among the parties, Plaintiff took a deposition on the merits that was videotaped on October 23 and 24, 2007. Beginning at Tr. 180, Defendants objected to one line of questioning. The attorneys agreed that, rather than calling me for a ruling, they would complete the line of questioning, and would keep access to it limited to the eyes of the parties and their attorneys, pending any application to me. The next week, defendant Elbit advised that it would be applying to me. It began drafting what is now pages 2-4 of the 11/21/07 joint letter to me. Elbit requests me to issue a protective order under Rule 26(c), F.R.Civ.P., ordering that the temporary arrangement become permanent, namely, that the marked portion of the deposition continue to be kept confidential, limited to the eyes of the parties and their attorneys. Of course, any party would be free to submit the portion to Judge Swain, but not to the public record.

At pages 4-9 of the joint letter, Plaintiffs state that Elbit has failed to meet its burden to show good cause for a confidentiality order. The case law was set forth in *Condit v. Dunne*, 225 F.R.D. 113, 116 (S.D.N.Y. 2004), and in *Schiller v. City of New York*, 2007 WL 136149, *2-6 (S.D.N.Y. Jan. 19, 2007). In *Condit*, Judge Leisure concluded that "the case law is muddled," and "whether a movant has demonstrated good cause is an 'unusually fact-sensitive' inquiry." In *Schiller*, at *2, n.2, Magistrate Judge Francis wrote:

> It is somewhat misleading to refer, as courts sometimes do, to a "presumptive right of public access" to pretrial discovery. ... While materials produced in discovery may be disclosed by the receiving party in the absence of a protective order, the public does not have a *right* of access to those materials. ... The presumption of public access to judicial documents is inapplicable to "[d]ocuments that play no role in the performance of Article II functions, such

-4-

as those passed between persons in discovery."
*United States v. Amodeo*, 71 F.3d 1044, 1048
(2d Cir. 1995).

In my view, the following facts are crucial in the case at bar. United States courts allow far reaching discovery, and they have a predisposition not to prevent public access to evidence obtained in discovery, even in commercial lawsuits. However, prior to the deposition, Elbit and all of the other defendants had made weighty dismissal motions, arguing that this case does not belong in the United States courts. Even though Plaintiffs had not yet responded to those motions, Elbit and the other defendants graciously allowed Plaintiffs to take one merits-based deposition, in view of Plaintiffs' stated concerns about the witness's health. The disputed portion of the testimony has no clear relevance to the dismissal motions, which do not turn on the accuracy of the Complaint's substantive allegations. Elbit maintains that the disputed portion is inaccurate, but Elbit's threshold point is that the claims ought not to be litigated in the United States. Hence, this is not a typical case where it is clear that United States procedures will govern, and where the judge has set a time during which both sides are to conduct discovery on the merits, during which there will be a swift opportunity to address any alleged inaccuracy and to introduce opposing testimony. Finally, I find that Elbit has made a specific demonstration showing that significant economic harm would likely be incurred by Elbit if the disputed portion of the deposition is made public or the identity of the witness is connected to the disputed information - - in a case where the evidence will probably be left in a one-sided posture for many months, if not longer. In short, I find good cause.

**I hereby direct all of the parties and their attorneys to keep the testimony (as embodied in Tr. 180-215, 375-77, and in the corresponding portions of the videotape, and especially Tr. 180-81, 215 and 375-77) confidential, with access only to the eyes of the parties and their attorneys and, if deemed necessary, Judge Swain. I prohibit all of the parties and their attorneys from telling anyone else of a connection between the witness and the topic of this disputed information. In my view, the disputed portion of this testimony has no clear relevance to the dismissal motions; nevertheless, any party is free to mention this confidential information to Judge Swain, but must take care to insure that such portion of its submission (and only that portion) is not placed in the public record except under seal. No one should burden the Clerk's office with the videotape or the transcript (either the sealed portion or the unsealed portion)**

**unless and until there is a valid reason to do so.**

If Judge Swain eventually determines that the United States is the proper forum for this lawsuit, then the parties may meet and confer about how the videotape and the transcript should be handled from that point on.

*/s/ Douglas F. Eaton*
DOUGLAS F. EATON
United States Magistrate Judge

Dated:   New York, New York
         January 8, 2008


Copies of this Memorandum and Order will be sent by electronic filing to:

Ira B. Matetsky, Esq.
Matthew R. Marone, Esq.
Matthew N. Tobias, Essq.
William A. Jaskola, Esq.
Ganfer & Shore, LLP

Shira Rosenfeld, Esq.
Manuel & Rosenfeld, LLP

Sander Bak, Esq.
Milbank, Tweed, Hadley & McCloy LLP

Simon J. Miller, Esq.
Greenberg Traurig LLP

Stephen Wagner, Esq.
Cohen Tauber Spievack
 & Wagner LLP

Eric S. Goldstein, Esq.
Paul, Weiss, Rifkind, Wharton &
 Garrison LLP

Robert F. Carangelo, Esq.
Stacy Nettleton, Esq.
Weil Gotshal & Manges LLP

Hon. Laura Taylor Swain