UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN M. WILSON, *et al.*, | 07 Civ. 6176 (LTS)(DME) |
| Plaintiffs, | ECF CASE |
| -against- | **DECLARATION OF MOSHE-BAR LEV** |
| IMAGESAT INTERNATIONAL N.V., *et al.*, | |
| Defendants. | |

MOSHE BAR-LEV declares as follows:

1. I am one of the Plaintiffs in this action. I am the owner of 20,000 shares of common stock in Defendant ImageSat International N.V. ("ImageSat") and hold stock options to acquire another 110,693 shares of ImageSat common stock. I respectfully submit this Declaration in opposition to the motions of various Defendants in this action to dismiss the Complaint for alleged lack of *in personam* jurisdiction, under the doctrine of *forum non conveniens*, and on other grounds.

2. I am a citizen and resident of Israel. I am currently self employed as a consultant.

3. I was the founding President and Chief Technical Officer of ImageSat and its predecessor, West Indian Space Ltd. I was also the President of ImageSat's Israeli subsidiaries (known as "WIS Israel" and "ImageSat Israel") from their inception. I served in these capacities until 2004.

4. Prior to becoming affiliated with ImageSat, I served as the founding Director of the Space Technologies Directorate ("STD") of Defendant Israel Aerospace

Industries Ltd., formerly Israel Aircraft Industries Ltd. ("IAI"). I conceived of and promoted the creation of the Israeli space program, and together with founding Deputy Director Patrick Rosenbaum, created STD and through it the Ofeq light earth-observation satellite program that is the foundation of Israel's highly successful national space program today.

5. During my tenure with IAI it had, and it continues to have, substantial operations in the United States including the offices of a wholly owned subsidiary located in Washington, D.C. IAI until recently also maintained an office in New York, New York, which supported its U.S. government-contracting activities and that was extensively used by Plaintiffs and Defendants alike in support of their solicitation of New York and other U.S. investors.

6. In connection with my job duties as one of the most senior officers of West Indian Space and later of ImageSat, I made several trips to New York between 1998 and 2000 in connection with my job responsibilities. The primary purpose of these trips was to meet with potential investors in the company, to make investor presentations, and to answer technical and political due diligence questions from representatives of the investors. A substantial majority of the actual or proposed investors were based in New York or elsewhere in the United States. These investors included Plaintiff WIS Partners Ltd., of which The Fairchild Corporation, a United States company listed on the New York State Exchange, was the principal owner, as well as affiliates of Pegasus Capital Advisors, a private equity firm headquartered in New York and Connecticut, among many others.

7. Many of these meetings took place in New York at the offices of Core

Software Technologies, the United States company that was one of the two members of the initial joint venture that grew into West Indian Space/ImageSat, at the offices of IAI's U.S. subsidiary, Israel Aircraft Industries, Inc.; at the offices of Pegasus Capital advisors in New York and Connecicut; and in the offices in New York of Merrill Lynch and various other New York professional advisors for the company. Among those representing the company at these meetings were Plaintiff Stephen Wilson, the founding Chief Executive Officer, and Plaintiff Michael Morris, the founding Financial Officer, both of whom are United States citizens and residents

8. I understand that in their joint motion to dismiss the Complaint in this action, Defendants contend that this Court is not a convenient forum for the litigation of this action because, among other things, a majority of the Plaintiffs are located outside New York. The fact is, however, that a majority of my fellow Plaintiffs – the founding members of ImageSat's management team plus a substantial majority of the financial investors in the company, all of whom have been victimized by Defendants' wrongful actions – have substantial contacts with the United States. As for myself, although I am a citizen of Israel, I spend significant time in New York, and I am represented in this matter by New York attorneys who have devoted more than one year of time and effort toward learning the background and history of this matter. As detailed in the other Declarations submitted herewith and the accompanying memorandum of law, a substantial portion of the facts and circumstances surrounding this litigation, including but not limited to the solicitation and investment of the funds invested in ImageSat, took place in New York and is governed by a series of agreements providing for the parties' voluntary choice of New York law to govern any disputes and/or a New York forum in which to adjudicate

them.

9. I believe that this action should be litigated in this Court in New York and ask the Court to retain and exercise its jurisdiction over this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at 6 Gush Halav St, Holon, Israel this 26 day of January, 2008.

_____
MOSHE BAR-LEV