UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN M. WILSON, et al., | 07 Civ. 6176 (LTS)(DME) |
| Plaintiffs, | ECF CASE |
| -against- | **DECLARATION OF <br> PATRICK ROSENBAUM** |
| IMAGESAT INTERNATIONAL N.V., et al., | |
| Defendants. | |

PATRICK ROSENBAUM declares as follows:

1.  I am one of the Plaintiffs in this action. I am the owner of 20,000 shares of common stock of Defendant ImageSat International N.V. ("ImageSat") and hold stock options to acquire another 110,693 shares of ImageSat common stock. I respectfully submit this Declaration in opposition to the motions of various Defendants in this action to dismiss the Complaint for alleged lack of *in personam* jurisdiction, under the doctrine of *forum non conveniens*, and on other grounds.

2.  I am a citizen of Israel as well as of France. I am currently employed by Pierson Capital LLC, a United States private consulting firm, and have been since 2004. Since that time, I have worked out of that firm's New York office frequently. I presently reside primarily in Beijing, China.

3.  I was the founding Chief Operating Officer (COO) of ImageSat and its predecessor, West Indian Space Ltd. I served in that position from the inception of the company in the mid-1990's through 2002.

4.  Prior to becoming affiliated with ImageSat, I served as the founding

Deputy Director of the Space Technologies Directorate ("STD") of Defendant Israel Aerospace Industries Ltd., formerly Israel Aircraft Industries Ltd. ("IAI"). Together with Plaintiff and founding Director Moshe Bar-Lev, during my tenure with the STD between 1982 and 1995, STD developed the Israeli military satellite program and Ofeq light satellite technology. In 1988, 1989, and 1995 we successfully deployed three Ofeq satellites, the last of which, Ofeq 3, was the world's first light high-resolution earth-observation satellite.

5. Throughout my time at IAI, IAI had operations in the United States that were performed using offices located in Washington, D.C. and in New York, which provided logistics services to Plaintiffs and Defendants alike in support of their solicitation of New York and other U.S. investors in ImageSat.

6. In connection with my job duties as COO of West Indian Space and later of ImageSat, I made countless trips to New York between 1997 and 2001 in connection with my job responsibilities. The primary purpose of these trips was to meet with potential investors in the company, to make investor presentations, and to answer due diligence questions from representatives of the investors. The vast majority of the actual or proposed investors were based in New York, and if not New York, elsewhere in the United States. These investors included Core Software Technology, the United States company that was one of the two members of the initial joint venture that grew into West Indian Space/ImageSat, and which, although based in California, maintained offices in New York and in Washington, D.C. The investors also included Plaintiff WIS Partners Ltd., of which The Fairchild Corporation, a United States company listed on the New York State Exchange, was the principal owner; affiliates of Pegasus Capital Advisors, a

private equity firm headquartered in New York and Connecticut, and many others.

7. Many of these investor meetings took place in New York (and to a lesser extent in the area of Washington, D.C.) at the offices of Core Software Technologies, the United States company that was one of the two members of the initial joint venture that grew into West Indian Space/ImageSat; at the office of Pegasus in New York and Connecticut; and at the offices of various New York professional advisors for the company. Among those representing the company at these meetings were Plaintiff Stephen Wilson, the founding President and Chief Executive Officer, and Plaintiff Michael Morris, the founding Chief Financial Officer, both of whom are United States citizens and residents.

8. I understand that in their joint motion to dismiss the Complaint, Defendants contend that this Court is not a convenient forum for the litigation of this action because, among other things, a majority of the Plaintiffs are located outside New York. The fact is, however, that a majority of my fellow Plaintiffs – the founding members of ImageSat's management team together with a number of financial investors in the company, all of whom have been victimized by Defendants' wrongful actions – have substantial contacts with the United States. As for myself, although I am a citizen of Israel and France, I am employed by a U.S. firm that has offices in the State of New York, have a bank account in New York, had (up to October 2007) a leased apartment in New York, and I am represented in this matter by New York attorneys who have devoted more than one year of time and effort toward learning the background and history of this matter. As detailed in the other Declarations submitted herewith and the accompanying memorandum of law, a substantial portion of the facts and circumstances surrounding

this litigation, including but not limited to the solicitation and investment of the funds invested in ImageSat, took place in New York and is governed by a series of agreements providing for the parties' voluntary choice of New York law to govern any disputes and/or a New York forum in which to adjudicate them.

9. I believe that this action should be litigated in this Court in New York and ask the Court to retain and exercise its jurisdiction over this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Beijing, China this 24 day of January, 2008.

_____
PATRICK ROSENBAUM