UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN M. WILSON, *et al.*,

        Plaintiffs,

-against-

IMAGESAT INTERNATIONAL N.V., *et al.*,

        Defendants.

07 Civ. 6176 (LTS)(DME)

ECF CASE

**DECLARATION OF JOEL LEVINE**

JOEL LEVINE declares as follows:

1. I am one of the Plaintiffs in this action and am the owner of 4,986 shares of common stock of defendant ImageSat International N.V. ("ImageSat"). I respectfully submit this Declaration in opposition to the motions of various Defendants to dismiss the Complaint.

2. I am a citizen of the United States and of the State of California and have been at all times relevant hereto. I am not a citizen of any other country.

3. I was one of the founding directors of, and investors in, Core Software Technology ("Core"), a California corporation. In 1994, Core and defendant Israel Aircraft Industries Ltd., now Israel Aerospace Industries Ltd. ("IAI") entered into a joint venture. The joint venture was incorporated in 1997 as West Indian Space, Ltd. ("West Indian Space"), the corporate predecessor of ImageSat.

4. Although Core was a relatively small entrepreneurial company itself, as one of the three directors of Core (together with Plaintiff Stephen Wilson and Robert W. Miller, the principal of Plaintiff Top Down Partners, L.P.), I supported Core's investment

commitment to the Joint Venture that would ultimately become ImageSat.

5.  During the 1990's, I invested substantial sums into Core, much of which was invested for the express purpose of being immediately re-invested as part of Core's contribution to West Indian Space. All of the meetings at which I discussed these investments and West Indian Space's business plan and financial prospects took place in the United States, some in New York and some in California.

6.  My ImageSat shares were distributed to me by plaintiff Stephen Wilson, in New York, New York, in 2000 in recognition of my personal support for and personal contributions to the earliest and the riskiest investments in what became ImageSat at many crucial periods when the Company was in urgent need of capital. For example, in December 1994, when the Joint Venture needed approximately $175,000 to close a launch contract for its first satellite with a Russian launch services provider, my partner Dr. Keith Burnett and I, at Mr. Wilson's request, provided the necessary cash through an investment passed through Core. In exchange for this investment, we insisted that IAI enter into and close the initial formal Joint Venture Agreement with Core dated January 1, 1995, including in particular a binding legal commitment to establish the Joint Venture as the exclusive vehicle for the commercialization of Israeli military surveillance satellite technology.

7.  In their joint motion to dismiss the Complaint, Defendants contend that this Court is not a convenient forum for litigating this action because, among other things, a majority of the Plaintiffs are located outside New York. However, although I am located in California rather than New York, I met with Mr. Wilson in New York in connection with the earliest investment by U.S. investors in the Joint Venture that

became West Indian Space and later ImageSat, and I became one of the earliest significant cash investors in the company based on those meetings.

8. I am a United States citizen and believe that I should be entitled to have my claims arising from my American investments in ImageSat heard in a United States court. The Israeli Defendants in this case solicited Core's and my investments in the United States based on explicit commitments to me that such investments would enjoy the protection of U.S. law, commitments that should substantially supersede considerations such as what is easier or more convenient for the Defendants. Moreover, from my perspective, it would be substantially easier for me to litigate this action in a court of the United States rather than in Israel, Curacao, or any other location, and I am represented in this matter by New York attorneys who have devoted more than one year of time and effort toward learning the background and history of this matter.

9. I ask the Court to deny Defendants' motions to dismiss and to allow this action to proceed to full merits discovery and trial.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Long Beach, California this 22 day of January, 2008.

_____
JOEL LEVINE