UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN M. WILSON, *et al.*, | 07 Civ. 6176 (LTS)(DME) |
| Plaintiffs, | ECF CASE |
| -against- | **DECLARATION OF** |
| IMAGESAT INTERNATIONAL N.V., *et al.*, | **JOSEPH TAMIR** |
| Defendants. | |

I, JOSEPH TAMIR declares as follows:

1.      I am a member of the Bar of Israel and have been since 1993. I respectfully submit this Declaration at the request of counsel for Plaintiffs in this action, in connection with Plaintiffs' opposition to Defendants' pending motion to dismiss this action on grounds of *forum non conveniens* and on other grounds.

2.      I received my law degree from the Hebrew University of Jerusalem in 1991. In 1999, I received a LL.M. degree in Commercial Law from the Faculty of Law of Bar Ilan University.

3.      Since my admission to the Israel Bar, I have practiced in the civil-commercial sphere, specialising in commercial litigation. I am currently a partner in the law firm of Michael Shine, Tamir & Co., whose offices are located in Tel Aviv. During my professional career I have gained experience in appearances before all court levels in the Israeli court system as well as in mediation and arbitration proceedings.

4.      Between 1999 and 2003, I served as a member of the Tel Aviv District Ethics Committee of the Israel Bar. In 2003 and 2004, I also served as a member of the Israel Bar's Board of Directors.

5.    I am among the authors of the chapter of the publication *International Comparative Legal Guide to Litigation and Dispute Resolution 2008* relating to Israel. I have also edited the "*Tamir Book*" in which judges of the Supreme Court of Israel as well as leading scholars have published articles concerning various aspects of the Israeli legal system. I am also the author of a published book on Israeli Corporate and Securities Law.

6.    I have been asked by counsel for the Plaintiffs to consider several points that appear in the Declaration of Advocate Dror Vigdor, dated October 9, 2007, relating to the Israeli legal system and the practice of the Israeli courts, and to respond thereto.

7.    If an action containing allegations comparable to the Complaint in this case were to be brought in Israel, it would be brought in the District Court for the appropriate venue. Venue would be based on factors such as the defendants' residence or place of business. Based on the location of the corporate defendants herein, the case would most probably have to be brought in the District Court for Tel Aviv. That court is the busiest court in Israel. According to the statistics that have been published by the Courts Administration office, the Tel Aviv District Court deals with more than 50% of District Court cases filed throughout Israel. This increases the length of time it takes to conduct a case in the Tel Aviv District Court.

8.    In paragraph 14 of his Declaration, Adv. Vigdor states that statistically, the average duration of a lawsuit in the District Court is 11-12 months. As Adv. Vigdor acknowledges, however, these statistics include litigations that are disposed of or settled at an early stage, and if such cases were excluded, the average case would be much longer. In fact, from my experience, cases that are not settled or summarily struck out at an early stage are generally conducted over a period of several years.

9.    In the "International Legal Guide" chapter referenced above, which I wrote well before I was ever engaged in the present case, I stated that the average duration of a civil

2

case in Israel is 3 years. The present case could be expected to take considerably longer, based upon special factors such as the potential application of foreign (United States/New York and/or Netherlands Antilles) law.

10.    As noted by Adv. Vigdor in paragraph 15 of his Declaration, court fees for civil cases in Israel may be up to 2.5% of the total value of the claim.

11.    Litigation in Israeli courts is conducted in the Hebrew language. All pleadings, memoranda, and other court filings must be filed in Hebrew. Documentary evidence in English or other languages, as well as the oral testimony of witnesses testifying in English or another language, should generally be translated into Hebrew.

12.    With respect to the procedures that would take place in an Israeli litigation, I agree with Adv. Vigdor that while certain pre-trial discovery devices such as document review and interrogatories are available, pre-trial depositions similar to those taken in United States proceedings are generally not available.

13.    With respect to trial, I agree with Adv. Vigdor that the process of hearing witnesses in Israel need not take place during one concentrated period of time, but can extend over a series of sessions. Adv. Vigdor states in paragraph 13 of his Declaration that the evidentiary stage of a case can take place "over a period of months." However, in complex cases like this one, where there are numerous witnesses and the events involved in the matter extend over many years, the evidentiary stage may take an even longer time.

14.    I am not in agreement with Adv. Vigdor's statement in paragraph 23 that it is "not uncommon for Israeli courts to litigate cases where the governing substantive law is supplied by a foreign jurisdiction." In Israel, the application of foreign law to a case is the exception rather than the rule. This would necessitate calling expert witnesses to prove the foreign law, thereby encumbering and complicating the proceedings.

15.    I believe it is unlikely that an Israeli court would entertain a claim under "Racketeer Influenced Corrupt Organizations" or "RICO" Act or would grant the enhanced relief authorized by it, since the Israeli Courts are not familiar with this concept. Additionally, the concept of punitive damages, which is customary under American law, is uncommon in Israel. Israeli courts do not tend to award punitive damages, certainly not in substantial amounts and only in very rare cases.

16.    With regard to Israeli substantive law that might be applied to this litigation, at the end of his Declaration, Adv. Vigdor correctly states that officeholders owe a fiduciary duty to the corporation. Such duties may be enforced by shareholders in appropriate circumstances. Depending on the circumstances, the vehicle for enforcing such duties may be a direct action by the shareholders, or a derivative suit brought by one or more shareholders for the benefit of the corporation – derivative suits being recognized in Israel as a valid mechanism for protecting shareholders' rights. In addition, Israeli Company Law establishes that a majority or controlling shareholder also owes duty of fairness to the corporation and to the minority shareholders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Tel Aviv, Israel this 28 day of January, 2008.

JOSEPH TAMIR

4