# JOINT VENTURE AGREEMENT

Between
Israel Aircraft Industries, Ltd., through its
MBT DIVISION ("IAI/MBT")

&

CORE Software Technology ("CST")

Dated: January 1, 1995

*IAI/CST JVA 1/1/95*

# JOINT VENTURE AGREEMENT

JOINT VENTURE AGREEMENT dated as of this first day of January, 1995, by and between Israel Aircraft Industries, Ltd., acting through its MBT Division ("IAI/MBT"), a company organized and existing under the laws of Israel, and CORE Software Technology ( or "CST"); a corporation organized and existing under laws of California, both of which may sometimes be referred to in this Agreement as the "Joint Venturers" or individually as a "Joint Venturer", with reference to the following:

WHEREAS, CST has developed and implemented an on-line image and map data browsing, order entry, and order fulfillment capability embodied in a subscription service known as ImageNet[, and,

WHEREAS, MBT/IAI has designed and built an imaging satellite, ground operations capability, retrofit data acquisition technology for existing receiving stations which currently collect image data from the US Landsat and French SPOT satellites;

WHEREAS, MBT/IAI and CST have together negotiated an agreement with ESKOS, a French company which is entitled to represent the Russian Space Agency ("RKA"), to launch the satellite utilizing the Russian MOLYNIA launch vehicle, such activities embodied in a program known as EROS; and,

WHEREAS, MBT/IAI and CST wish to jointly conduct a business to fund and operate a series of high resolution satellites and to engage in marketing, strategic business and distribution channel development; and

WHEREAS, MBT/IAI and CST have agreed that said business shall be conducted as a Joint Venture ( the "Joint Venture") among the Joint Venturers; and

WHEREAS, MBT/IAI and CST have agreed upon the terms and conditions of the Joint Venture,

NOW, THEREFORE, in consideration of the premises and the mutual agreements and covenants herein contained, the parties hereby agree as follows:

amendment to this Agreement shall be effective unless it is in writing and executed by the parties hereto.

Section 15.4. Severability. If any one or more of the provisions contained in this Agreement or in any document executed in connection herewith (other than provisions constituting a material consideration to a parties entering into this Agreement or such other document) shall be invalid, illegal or unenforceable in any respect under applicable law, the validity, legality, and enforceability of the remaining problems contained herein shall not in anyway be affected or impaired; provided, however, that in such case the parties shall use their best efforts to achieve the purpose of the invalid provision.

Section 15.5. Governing Law. This Agreement and all actions contemplated hereby shall be governed by and construed be and enforced in accordance with the laws of the State of New York excluding, however, the principles of conflict of laws thereof.

Section 15.6. No Waiver Of Rights. No failure or delay on the part of either in the exercise of any power or right hereunder shall operate as waiver thereof, nor shall any single or partial exercise of any such power or right preclude other or further exercise thereof or of any other right or power, provided, however, that either IAI/MBT or CST may by an instrument in writing executed by it: (1) extend the time for the performance of any of the agreements or covenants of the other party under this Agreement: (ii) waive any inaccuracies in the representations or warranties of the other party contained in this Agreement or in any document delivered pursuant hereto; (iii) waive the performance by the other party of any of the agreements or covenants to be performed under this Agreement, or (iv) waive the satisfaction of any conditions precedent to its obligations under this Agreement. The waiver by any party or parties hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any other subsequent breach hereunder. All rights and remedies existing under this Agreement are cumulative to, and not exclusive or, any rights or remedies otherwise available.

Section 15.7. Notices. All notices, certificates, requests, demands, and other communications hereunder shall be in writing and may be personally served or sent by facsimile, telex or certified or registered mail. All such notices, certificates, requests, demands and other communications shall be delivered to the party to receive same at the addresses indicated below (or at such other addresses) as a party may specify in a written notice):

Section 15.13 Approvals of GOI. In the event that IAI/MBT notifies CST that it has not obtained all the necessary approvals and consents of the GOI to enable IAI/MBT to participate in the Closing as contemplated under this Agreement (including the approval to transfer the right of use of the imagery of the Existing Satellite), this Agreement may be terminated by either IAI/MBT or CST by written notice to the other Party. Upon such termination, neither Joint Venturer (i.e., IAI/MBT and CST) will have any obligation, claim, or liability to or from the other Joint Venturer under this Agreement or in connection with any of the transactions contemplated by this Agreement or the MOU between them of June 30, 1994.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the day and year first above written.

CORE SOFTWARE TECHNOLOGY

By: _____
Name: STEPHEN M. WILSON
Title: CHIEF EXECUTIVE OFFICER

By: _____
Name: _____
Title: _____

ISRAEL AIRCRAFT INDUSTRIES LTD.

By: _____
Name: _____
Title: _____

By: S. Peretz
Name: _____
Title: _____

Accepted and agreed to by the New Company

_____
(name of the New Company)

By: _____
Title: _____