Appendix No: _____ 4
Date: 19/11/08
Signature: _____

## SHAREHOLDERS' AGREEMENT

This Shareholders' Agreement (the "Agreement"), dated as of September 27, 1999, by and among WEST INDIAN SPACE, LTD., a Cayman Islands company (the "Company"), Israel Aircraft Industries, Ltd., a company organized and existing under the laws of Israel ("IAI"), CORE Software Technology, Inc., a California corporation ("CORE"), Electro Optics Industries, Ltd., a company organized and existing under the laws of Israel ("ELOP"), WIS Partners, L.P., a Bermuda limited partnership, ("WIS Partners") and Financiere Bagatelle, S.A., a societe anonyme organized under the laws of France ("Financiere Bagatelle"). Each of IAI, CORE, ELOP, WIS Partners and Financiere Bagatelle are referred to herein as a "Shareholder" and together as the "Shareholders." Capitalized terms not otherwise defined herein have the meanings set forth in Section 3.1.

WHEREAS, the Shareholders own the number and class of shares of capital stock of the Company listed adjacent to their names on Annex I hereto; and

WHEREAS, the Company and the Shareholders desire to enter into this Agreement to provide for certain rights and obligations among them;

NOW, THEREFORE, in consideration of the premises and the mutual agreements, covenants and provisions contained herein, and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

## ARTICLE I

## TRANSFERS OF SHARES

Section 1.1. Restrictions on Transfers. (a) Each Shareholder agrees and acknowledges that such Shareholder will not, directly or indirectly, offer, sell, assign, pledge, encumber or otherwise transfer any Shares or solicit any offers to purchase or otherwise acquire or make a pledge of any Shares unless such offer, sale, assignment, pledge, encumbrance, or other transfer complies with the provisions of this Agreement.

(b)    No Shareholder shall sell, assign, pledge, encumber or otherwise transfer any Shares to any Person (including an Affiliate of such Shareholder) unless (i) the Ministry of Defense of Israel shall have determined, upon not less than thirty (30) Business Days' prior written notice, that the proposed sale, assignment, pledge, encumbrance or other transfer does not pose a national security risk to the State of Israel and (ii) such Person shall have executed and delivered to the Company, as a condition precedent to any acquisition of Shares, an instrument in form and substance satisfactory to the Company confirming that such Person takes such shares subject to all the terms and conditions of this Agreement, and agrees to be bound by the terms of this Agreement. The Company shall not transfer upon its books any Shares to any Person except in accordance with this Agreement.

NY1:#3224896v11

Section 3.11. <u>Governing Law; Consent to Jurisdiction; Service of Process; Waiver of Jury Trial</u>. This Agreement shall be governed by and construed in accordance with the Laws of the State of New York applicable to a contract executed and performed in such State, without giving effect to the conflicts of laws principles thereof. The parties hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York or any New York State court sitting in the Borough of Manhattan, City of New York, for the purposes of all legal proceedings arising out of or relating to this Agreement provided, however, that such consent to jurisdiction is solely for the purpose referred to in this Section and shall not be deemed to be a general submission to the jurisdiction of said courts or in the State of New York other than for such purpose. Investors irrevocably waive, to the fullest extent permitted by applicable Law, any objection which they may now or hereafter have to the laying of the venue of any such proceeding brought in such a court and any claim that any such proceeding brought in such a court has been brought in an inconvenient forum. Service of process in any action or suit arising out of or in connection with this Agreement may be made upon any party hereto by delivery of a copy of the summons in accordance with Section 3.3 hereof. EACH OF THE COMPANY AND INVESTORS HEREBY IRREVOCABLY WAIVE ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

Section 3.12. <u>Injunctive Relief</u>. It is hereby agreed and acknowledged that it will be impossible to measure in money the damages that would be suffered if the parties to this Agreement fail to comply with any of the obligations imposed on them by this Agreement and that in the event of any such failure, an aggrieved person will be irreparably damaged and will not have an adequate remedy at law. Any such person shall, therefore, be entitled to injunctive relief, including specific performance, to enforce such obligations, and if any action should be brought to enforce any of the provisions of this Agreement, none of the parties hereto shall raise the defense that there is an adequate remedy at law or any other remedy equally beneficial or convenient.

Section 3.13. <u>Severability</u>. The invalidity or unenforceability of any provisions of this Agreement in any jurisdiction shall not affect the validity, legality or enforceability of the remainder of this Agreement in such jurisdiction or the validity, legality or enforceability of any provision of this Agreement in any other jurisdiction, it being intended that all rights and obligations of the parties hereunder shall be enforceable to the fullest extent permitted by law.

Section 3.14. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

- 12 -

IN WITNESS WHEREOF, the undersigned, thereunto duly authorized, have hereunto set their respective hands as of the day and year first written above.

WEST INDIAN SPACE, LTD.

By:_____
    Name:  Stephen M. Wilson
    Title:   Chief Executive Officer

ISRAEL AIRCRAFT INDUSTRIES, LTD.

By:_____
    Name:  Jacob Weiss
    Title:   Vice President and Authorized
           Signatory

CORE SOFTWARE TECHNOLOGY, INC.

By:_____
    Name:  William Usher
    Title:   Chief Executive Officer

Shareholders' Agreement

IN WITNESS WHEREOF, the undersigned, thereunto duly authorized, have hereunto set their respective hands as of the day and year first above written.

WEST INDIAN SPACE, LTD.

By: _____
    Name: Stephen M. Wilson
    Title: Chief Executive Officer

ISRAEL AIRCRAFT INDUSTRIES, LTD.

By: *Jacob S. Weiss*
    Name: Jacob Weiss
    Title: Vice President and Authorized
           Signatory

CORE SOFTWARE TECHNOLOGY, INC.

By: _____
    Name: William Usher
    Title: Chief Executive Officer

Shareholders' Agreement

Sent By: iXL, Inc.;    +1 203 852 5601;    Aug-23-99  8:55PM;    Page 4/4

By: iXL, Inc.;    +1 203 852 5601;    Aug-23-99  4:46PM;    Page 3/4

IN WITNESS WHEREOF, the undersigned, thereunto duly authorized, have hereunto set their respective hands as of the day and year first written above.

WEST INDIAN SPACE, LTD.

By: _____
Name:  Stephen M. Wilson
Title:   Chief Executive Officer


ISRAEL AIRCRAFT INDUSTRIES, LTD.

By: _____
Name:  Jacob Weiss
Title:   Vice President and Authorized
         Signatory

CORE SOFTWARE TECHNOLOGY, INC.

By: _____
Name:  William Usher
Title:   Chief Executive Officer


Shareholders' Agreement

TOTAL P.02

WIS PARTNERS, L.P.

By: ____________________
Name: Colin M. Cohen
Title: Asst. Sec of G.P.: WIS Corp, Ltd.

ELECTRO OPTICS INDUSTRIES, LTD.

By: ____________________
Name: Ofer Levie
Title: Chief Financial Officer

FINANCIERE BAGATELLE, S.A.

By: ____________________
Name:
Title:

NY1:#3224806v9

AUG-27-1999 17:38 FAIRCHILD CORPORATION P.02/02

WIS PARTNERS, L.P.

By:  WIS Corp., Ltd., its general partner


By:_____
     Name:  Natalia Hercot
     Title:


ELECTRO OPTICS INDUSTRIES, LTD.

By:_____
     Name:  Ofer Levi
     Title:


FINANCIERE BAGATELLE S.A.


By:_____
     Name:
     Title:


Shareholders' Agreement

WIS PARTNERS, L.P.

By:_____
    Name:
    Title:

ELECTRO OPTICS INDUSTRIES, LTD.

By:_____
    Name: Ofer Lavie
    Title: Chief Financial Officer

FINANCIERE BAGATELLE , S.A.

By:_____
    Name: MAURISSEUE Bourpin
    Title: CEO

Shareholders' Agreement