## SECURITYHOLDERS AGREEMENT

THIS SECURITYHOLDERS AGREEMENT (the "Agreement") is entered into as of this 25th day of July, 2000 by and among West Indian Space N.V., a company with limited liability validly existing under the laws of the Netherlands Antilles (individually and together with its predecessor, successors and assigns, the "Company"), Imaging Holdings I, L.P., a Delaware limited partnership ("Holdings I"), Imaging Holdings Related, L.P., a Delaware limited partnership ("Holdings Related"), Imaging Holdings II, L.P., a Delaware limited partnership ("Holdings II" and collectively with Holdings I and Holdings Related, "Holdings"), each party that executes a Co-Investor Joinder Agreement in the form annexed hereto as Exhibit A (each a "Co-Investor"), Israel Aircraft Industries, Ltd., an Israeli corporation ("IAI"), Core Software Technology, Inc., a California Corporation ("Core"), Electro Optics Industries Ltd., an Israeli Corporation ("ELOP"), WIS Partners, L.P., a Bermuda limited partnership ("WISP"), Financiere Bagatelle, S.A., a societe anonyme organized under the laws of France ("F.B."), Merrill, Lynch, Pierce, Fenner & Smith Incorporated ("ML"), U.S. Bancorp Libra, a division of U.S. Bancorp Investments, Inc. ("Libra") and Loyd's Invest (Aerospace) Limited ("Loyd's" and collectively with WISP, F.B., ML and Libra, the "Financial Investors") (other than the Company, each, individually and together with each of their respective successors and assigns, a "Securityholder").

WHEREAS, pursuant to an Amended and Restated Note Purchase Agreement, dated as of July 20, 2000, among Holdings I, Holdings Related, Holdings II, the Co-Investors made parties thereto and the Company and other related agreements, Holdings and the Co-Investors own or have the right to purchase up to $71 million principal amount of 12% senior convertible secured notes of the Company, which Notes are convertible into shares of Series C Preferred Stock of the Company, which are in turn convertible into shares of Common Stock of the Company;

WHEREAS, IAI owns shares, and warrants to purchase shares, of Common Stock of the Company, par value $0.01 per share, shares, and warrants to purchase shares, of Series A Preferred Stock of the Company, par value $0.01 per share and shares of Series B Preferred Stock of the Company, par value $0.01 per share; Core owns shares, and warrants to purchase shares, of Common Stock of the Company; ELOP owns shares, and warrants to purchase shares, of Common Stock of the Company and shares of Series A Preferred Stock of the Company; WISP owns shares of Common Stock of the Company; F.B. owns shares, and warrants to purchase shares, of Common Stock of the Company and shares of Series B Preferred Stock of the Company; ML owns shares of Series B Preferred Stock of the Company; Libra owns shares of Common Stock of the Company and shares of Series B Preferred Stock of the Company; and Loyd's owns shares of Common Stock of the Company and shares of Series B Preferred Stock of the Company;

WHEREAS, in connection with the investment in the Notes, the parties hereto desire to enter into this Agreement setting forth certain terms regarding their ownership of Securities of the Company;

NOW, THEREFORE, in consideration of the mutual covenants and obligations hereinafter set forth, the parties hereto, intending to be legally bound, hereby agree as follows:

## ARTICLE IV
## Miscellaneous Provisions

**Section 4.1    Term.** This Agreement shall take effect on the date of execution by each Securityholder and shall terminate (a) as to any Securityholder, at such time as such Securityholder no longer holds any Securities and (b) as to the Company, at such time as all of the Securityholders no longer hold any Securities.

**Section 4.2    Remedies.** (a) It is acknowledged that a breach of the provisions of this Agreement could not be compensated adequately by money damages. Accordingly, any party hereto shall be entitled, in addition to any other right or remedy available to it, to an injunction restraining such breach or threatened breach and to specific performance of any provisions of this Agreement, and in either case no bond or other security shall be required in connection therewith. If any action shall be brought in equity to enforce any of the provisions of this Agreement, none of the Company or any Securityholder shall raise the defense that there is an adequate remedy at law.

(b) Any and all remedies herein expressly conferred upon a party will be deemed cumulative with and not exclusive of any other remedy conferred hereby or by law or equity on such party, and the exercise of any one remedy will not preclude the exercise of any other.

**Section 4.3    Severability.** The parties agree that (a) the provisions of this Agreement shall be severable in the event that any of the provisions hereof is held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable, (b) such invalid, void or otherwise unenforceable provisions shall be automatically replaced by other provisions which are as similar as possible in terms to such invalid, void or otherwise unenforceable provisions but are valid and enforceable and (c) the remaining provisions shall remain enforceable to the fullest extent permitted by law.

**Section 4.4    Governing Law; Jurisdiction.** (a) This Agreement shall be governed by and construed in accordance with the internal laws of the State of New York, without regard to principles of conflicts of law.

(b) Each party hereto (other than the Company) hereby irrevocably submits to the exclusive jurisdiction, and the Company submits to the non-exclusive jurisdiction, of the courts of the city of New York, State of New York in any action, suit or proceeding arising in connection with this Agreement, and agrees that any such action, suit or proceeding shall be brought only in such court (and waives any objection based on *forum non conveniens* or any other objection to venue therein). Service of process upon any party hereto in any action, suit or proceeding arising in connection with this Agreement may be made anywhere in the world.

**Section 4.5    Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the Company and each Securityholder; this Agreement does not create, and shall not be construed as creating, any rights enforceable by any other Person. If any involuntary transferee acquires Securities in any manner, whether by operation of law or otherwise, such Securities shall be held subject to all of the terms of this Agreement, and by taking and holding

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement on the day and year first above written.

        WEST INDIAN SPACE N.V.

By: _/s/ Jacob Weiss_
Name: Jacob Weiss
Title: Chairman of the Executive Committee of the Board

By: _____
Name: Stephen M. Wilson
Title: Vice Chairman of the Board

        IMAGING HOLDINGS I, L.P.

By: Imaging Holdings I, LLC, its general partner

By: _/s/ Jonathan Berger_
Jonathan Berger
President

        IMAGING HOLDINGS RELATED, L.P.

By: Imaging Holdings Related, LLC, its general partner

By: _/s/ Jonathan Berger_
Jonathan Berger
President

        IMAGING HOLDINGS II, L.P.

By: Imaging Holdings II, LLC, its general partner

By: _/s/ Jonathan Berger_
Jonathan Berger
President

ISRAEL AIRCRAFT
INDUSTRIES, LTD.

By: ____/H. Knobel_____
    Name: ABRAHAM KNOBEL
    Title: VICE PRESIDENT FINANCE


CORE SOFTWARE
TECHNOLOGY, INC.

By: ____William R. Usher_____
    Name: William R. Usher
    Title: Chairman & CEO


ELECTRO OPTICS
INDUSTRIES, LTD.


By: _____
    Name:
    Title:

ISRAEL AIRCRAFT
INDUSTRIES, LTD.

By:_____
   Name:
   Title:

CORE SOFTWARE
TECHNOLOGY, INC.

By:_____
   Name:
   Title:

ELECTRO OPTICS
INDUSTRIES, LTD.

By: _/s/_____
   Name: JACOB TOREN
   Title: President & CEO

NYK 647270-3.056463.0019

WIS PARTNERS, L.P.

By: _____/s/_____
Name: Judas Azuelos
Title: President

FINANCIERE BAGATELLE, S.A.

By: _____
   Name:
   Title:

MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED

By: _____
   Name:
   Title:

U.S. BANCORP LIBRA, A DIVISION OF U.S.BANCORP INVESTMENTS, INC.

By: _____
   Name:
   Title:

LOYD'S INVESTMENTS (USA) CORP.

By: _____
   Name:
   Title:

SIGNATURE PAGE TO SECURITYHOLDERS AGREEMENT

WIS PARTNERS, L.P.

By: WIS Corp., Ltd. (the General Partner)

By: _____
Judas Azuelos, President

By: /s/ *signature*
Natalia Hercot, Secretary


FINANCIERE BAGATELLE, S.A.

By: _____
Name:
Title:


MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

By: _____
Name:
Title:


U.S. BANCORP LIBRA, A DIVISION OF U.S. BANCORP INVESTMENTS, INC.

By: _____
Name:
Title:


LOYD'S INVEST (AEROSPACE) LIMITED

By: _____
Name:
Title:


SIGNATURE PAGE TO SECURITYHOLDERS AGREEMENT

WIS PARTNERS, L.P.

By:_____
   Name:
   Title:

FINANCIERE BAGATELLE, S.A.

By: _[signature]_____
   Name: Bernard Mehent
   Title: Chair---

MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED

By:_____
   Name:
   Title:

U.S. BANCORP LIBRA, A DIVISION
OF U.S.BANCORP INVESTMENTS,
INC.

By:_____
   Name:
   Title:

LOYD'S INVESTMENTS (USA) CORP.

By:_____
   Name:
   Title:

WIS PARTNERS, L.P.

By:_____
   Name:
   Title:

FINANCIERE BAGATELLE, S.A.

By:_____
   Name:
   Title:

MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED

By: *[signature]*
   Name: OMAR JEFFREY
   Title: DIRECTOR

U.S. BANCORP LIBRA, A DIVISION
OF U.S. BANCORP INVESTMENTS,
INC.

By:_____
   Name:
   Title:

LOYD'S INVESTMENTS (USA) CORP.

By:_____
   Name:
   Title:

WIS PARTNERS, L.P.

By:_____
   Name:
   Title:

FINANCIERE BAGATELLE, S.A.

By:_____
   Name:
   Title:

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

By:_____
   Name:
   Title:

U.S. BANCORP LIBRA, A DIVISION OF U.S. BANCORP INVESTMENTS, INC.

By: /s/ Robert G. Morrish
   Name:  Robert G. Morrish
   Title:  Executive Vice President

LOYD'S INVEST (AEROSPACE) LIMITED

By:_____
   Name:
   Title:

WIS PARTNERS, L.P.

By:_____
    Name:
    Title:

FINANCIERE BAGATELLE, S.A.

By:_____
    Name:
    Title:

MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED

By:_____
    Name:
    Title:

U.S. BANCORP LIBRA, A DIVISION
OF U.S. BANCORP INVESTMENTS,
INC.

By:_____
    Name:
    Title:

LOYD'S INVEST (AEROSPACE)
LIMITED

By: /s/ Yoram Ginach, Director
    Name: YORAM GINACH
    Title: Director