Appendix No: WEISS-9
Date: 1/1/08
Signature:

# IMAGESAT INTERNATIONAL N.V.

## NOTE EXCHANGE AND GOVERNANCE AGREEMENT

Dated as of July 25, 2001

***THIS AGREEMENT IS SUBJECT TO THE TERMS
OF AN INTERCREDITOR AGREEMENT DATED JULY 25, 2001***

NY1:#3293571v11

CONFIDENTIAL

ISI_0004

THIS NOTE EXCHANGE AND GOVERNANCE AGREEMENT (this "Agreement") is dated as of July 25, 2001, by and among ImageSat International N.V. (the "Company"), Imaging Holdings I, L.P., Imaging Holdings II, L.P., Imaging Holdings Related, L.P. and the other Noteholders listed on the signature pages hereto (collectively, the "Noteholders");

WHEREAS, the Company and the Noteholders wish to exchange the 12% Senior Convertible Secured Notes of the Company (the "12% Notes") issued pursuant to the Note Purchase Agreement, dated as of May 26, 2000, as amended and restated on July 20, 2000 (the "NPA"), for a combination of (i) cash, (ii) newly issued 9% Senior Subordinated Secured Notes of the Company due June 30, 2007 (the "New Notes") and (iii) warrants to purchase Series C Preferred Stock of the Company (the "New Warrants"), all as more fully described in Section 1.1 (the "Exchange");

WHEREAS, the Company and the Noteholders wish to provide for the future redemption (the "Redemption") by the Company, under certain circumstances, of up to $5,500,000 aggregate principal amount of New Notes, as more fully described in Section 1.4; and

WHEREAS, the Company and the Noteholders wish to set forth herein the terms and conditions governing the New Notes, the New Warrants, the Exchange and the Redemption;

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

SECTION 1.   EXCHANGE; DESCRIPTION OF NEW NOTES AND NEW WARRANTS; REDEMPTION.

1.1. Exchange of Notes

(a) On the date hereof, the Company shall exchange:

(i) 12% Notes issued on October 30, 2000 held by the Noteholders in the aggregate principal amount of $21,000,000 and 97,750 India Warrants for $19,000,000 in cash and New Notes in an aggregate principal amount equal to $2,000,000; and

(ii) All other 12% Notes held by the Noteholders in the aggregate principal amount of $41,974,200 and 181,537 India Warrants for New Notes in an aggregate principal amount equal to $43,813,438.

(b) In connection with the exchange described in clause (a) above, the Company shall also issue to the Noteholders, on the date hereof, New Warrants to purchase 3,050,656 shares of Series C Convertible Preferred Stock, of which New Warrants to purchase 322,252 shares of Series C Convertible Preferred Stock shall immediately be assigned to the Company for transfer to the Guarantors.

NY1:#3293571v11

CONFIDENTIAL

ISI_0004

through the ownership of voting securities, the ability to elect a majority of the board of directors (or other governing body) of such entity, by contract or otherwise.

### 10.5. Survival of Covenants

. All covenants, made by any Person herein and in any certificates delivered pursuant hereto, shall survive the closing and the delivery of this Agreement and the New Notes.

### 10.6. Severability

. Should any part of this Agreement for any reason be declared invalid, such decision shall not affect the validity of any remaining portion, which remaining portion shall remain in force and effect as if this Agreement had been executed with the invalid portion thereof eliminated and it is hereby declared the intention of the parties hereto that they would have executed the remaining portion of this Agreement without including therein any such part, parts, or portion which may, for any reason, be hereafter declared invalid.

### 10.7. Reproduction of Documents

. This Agreement and all documents relating hereto, including, without limitation, (a) consents, waivers and modifications which may hereafter be executed, (b) documents received by either party hereto at the closing of the purchase of any New Notes (except the New Notes themselves), and (c) financial statements, certificates and other information previously or hereafter furnished to either party hereto, may be reproduced by either party hereto by any photographic, photostatic, microfilm, micro-card, miniature photographic or other similar process and either party hereto may, at its option, destroy any original document so reproduced. The parties hereto agree and stipulate that any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business) and that any enlargement, facsimile or further reproduction of such reproduction shall likewise be admissible in evidence.

### 10.8. Governing Law; Consent to Jurisdiction and Venue

. In all respects, including all matters of construction, validity and performance, this Agreement and the obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of New York applicable to contracts made and performed in such state, without regard to the principles thereof regarding conflict of laws, and any applicable laws of the United States of America. EACH OF THE COMPANY, THE NOTEHOLDERS AND THE NOTEHOLDERS HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS SITTING IN NEW YORK, NEW YORK IN ANY ACTION, SUIT OR PROCEEDING ARISING IN CONNECTION WITH THIS AGREEMENT, AND CONSENTS TO PERSONAL JURISDICTION, WAIVES ANY OBJECTION AS TO JURISDICTION OR VENUE, AND AGREES NOT TO ASSERT ANY DEFENSE BASED ON LACK OF JURISDICTION OR VENUE, IN THE CITY OF NEW YORK, STATE OF NEW YORK. Service of process on the Company, any Noteholder in any action arising out of or relating to this Agreement shall be effective if mailed to such party in accordance with the procedures and requirements set forth in Section 10.3. Nothing herein shall

CONFIDENTIAL

ISI_00041

IN WITNESS WHEREOF, each party hereto has caused this Agreement to be executed by its duly authorized officer on the date first above written.

IMAGESAT INTERNATIONAL N.V.

By: _____
Name:
Title:

By: _____
Name:
Title:

**IMAGING HOLDINGS I, L.P.**

By: Imaging Holdings I, LLC,
    its general partner

By: _____
    Jonathan Berger
    President

**IMAGING HOLDINGS II, L.P.**

By: Imaging Holdings II, LLC,
    its general partner

By: _____
    Jonathan Berger
    President

**IMAGING HOLDINGS RELATED, L.P.**

By: Imaging Holdings Related, LLC,
    its general partner

By: _____
    Jonathan Berger
    President

CONFIDENTIAL

ISI_0004

**IMAGING INVESTORS, L.P.**

By:  Imaging Investors, LLC,
     its general partner

By: _____
    Jonathan Berger
    President

**IMAGING INVESTORS II, L.P.**

By:  Imaging Investors II, LLC,
     its general partner

By: _____
    Jonathan Berger
    President

**MERRILL LYNCH TAURUS 2000 FUND, L.P.**

By: _____

By: _____

**WEYERHAEUSER COMPANY MASTER RETIREMENT TRUST**

By: _____

By: _____

CONFIDENTIAL

ISI_0004

THE INVESTMENT CORP. OF UNITED
MIZRAHI BANK LTD.

By: _____

By: _____

THE CHALLENGE FUND – ETGAR II L.P.

By: _____

By: _____

CONFIDENTIAL

ISI_0004