UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

STEPHEN M. WILSON, *et al.*,           :

            Plaintiffs,           :

    -against-           :   07 Civ. 6176 (LTS)

IMAGESAT INTERNATIONAL N.V., *et al.*,           :

            Defendants.           :

-----------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT JAMES DEPALMA'S MOTION TO DISMISS

        Robert F. Carangelo
        Stacy Nettleton
        Nichole Hines
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        (212) 310-8000

        *Attorneys for Defendant James DePalma*

March 25, 2008

# TABLE OF CONTENTS

                                                      **Page**

TABLE OF AUTHORITIES ................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................... 1
ARGUMENT ......................................................................................................................... 2
    I.      THE COMPLAINT DOES NOT COMPLY WITH RULE 8 ............................... 2
    II.     PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEPALMA .................... 3
    III.    THE COMPLAINT FAILS TO SATISFY THE STRINGENT
             PLEADING REQUIREMENTS OF RULE 9(B) ................................................... 7
CONCLUSION .................................................................................................................... 10

...

# TABLE OF AUTHORITIES

**CASES**                                                                                                   **Page(s)**

Aniero Concrete Co. v. New York City Constr. Auth.,
 2000 WL 863208 (S.D.N.Y. June 27, 2000) .................................................................4, 5

In re Caremark Int'l Inc. Derivative Litig.,
 698 A.2d 959 (Del. Ch. 1996) ...........................................................................................5

Cortec Indus., Inc. v. Sum Holding L.P.,
 949 F.2d 42 (2d Cir. 1991) ................................................................................................4

Dougherty v. N. Hempstead Bd. of Zoning Appeals,
 282 F.3d 83 (2d Cir. 2002) ..............................................................................................10

In re GeoPharma, Inc. Sec. Litig.,
 399 F. Supp. 2d 432 (S.D.N.Y. 2005) ...............................................................................4

Gross v. Diversified Mortgage Investors,
 438 F. Supp. 190 (S.D.N.Y. 1977) ....................................................................................3

In re Livent, Inc. Noteholders Sec. Litig.,
 151 F. Supp. 2d 371 (S.D.N.Y. 2001) ...............................................................................4

Marx v. Akers,
 88 N.Y.2d 189 (1996) ........................................................................................................6

McConnell v. Transatlantic Capital Corp.,
 1993 WL 337996 (S.D.N.Y. Aug. 31, 1993) .....................................................................3

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young,
 1994 WL 88129 (S.D.N.Y. March 15, 1999) ....................................................................7

Mills v. Polar Molecular Corp.,
 12 F.3d 1170 (2d Cir. 1993) ..............................................................................................8

Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd,
 85 F. Supp. 2d 282 (S.D.N.Y. 2000), aff'd, 2 F. App'x. 109 (2d Cir. 2001) ..................8, 9

Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,
 446 F. Supp. 2d 163 (S.D.N.Y. 2006) ............................................................................8, 9

Rothman v. Gregor,
 220 F.3d 81 (2d Cir. 2000) ................................................................................................4

Ruffolo v. Oppenheimer & Co.,
 987 F.2d 129 (2d Cir. 1993) ............................................................................................10

Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.,
 2004 WL 834849 (N.D.N.Y. Apr. 15, 2004) .....................................................................3

Tribune Co. v. Purcigliotti,
 869 F. Supp. 1076 (S.D.N.Y. 1994), aff'd 66 F.3d 12 (2d Cir. 1995) ...............................7

# TABLE OF AUTHORITIES (cont'd.)

**CASES**                                                                                                          **Page(s)**

Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. De-Con Mech. Contractors, Inc.,
896 F. Supp. 342 (S.D.N.Y. 1995) ..................................................................................7

Weizmann Instit. of Sci. v. Neschis,
229 F. Supp. 2d 234 (S.D.N.Y. 2002)..............................................................................9

In re Woolworth Corp. S'holder Derivative Litig.,
4/22/96 N.Y.L.J. 28, (col. 5) (N.Y. Sup. Ct. 1996) .........................................................6

**RULES:**

Fed. R. Civ. P. 8 ..................................................................................................................1, 2

Fed. R. Civ. P. 9(b) .....................................................................................................1, 3, 7, 8

Fed. R. Civ. P. 12(b)(6) ..............................................................................................1, 4, 10

Defendant James DePalma respectfully submits this memorandum of law in further support of his motion to dismiss plaintiffs' Complaint pursuant to Rules 12(b)(6), 9(b), and 8(a) of the Federal Rules of Civil Procedure ("Motion" or "Mot.").[1]

## PRELIMINARY STATEMENT

Mr. DePalma established in his moving brief that plaintiffs' rambling 151-page Complaint must be dismissed as a matter of law for a variety of reasons. As explained below, plaintiffs' response only highlights the Complaint's pleading deficiencies by failing to confront Mr. DePalma's central arguments.

First, Mr. DePalma demonstrated that plaintiffs' unwieldy Complaint violates Fed. R. Civ. P. 8's fundamental requirement that a pleading set forth a "short and plain statement of the claim" against the defendant. Plaintiffs' conclusory denial, coupled with the unsupportable suggestion that Mr. DePalma cannot logically move to dismiss the Complaint on both Rule 8 and Rule 9(b) grounds, does not refute Mr. DePalma's showing nor cure the Complaint's failure to abide by Rule 8. See Point I, infra.

Second, Mr. DePalma demonstrated in his moving papers that the Complaint fails to state a claim for breach of fiduciary duty against him. Tellingly, plaintiffs do not address the fundamental failing of their theory of the case against Mr. DePalma -- that Mr. DePalma, as an independent outside director and minority shareholder, has no discernable motive to participate or acquiesce in the alleged long-running scheme to misuse ImageSat to serve the independent business interests of ImageSat's controlling shareholders, IAI and Elbit. To the contrary, as a

---

[1] Terms not defined herein shall have the meaning ascribed to them in Mr. DePalma's moving brief. Though plaintiffs amended their Complaint on March 17, 2008 (the day defendants' reply briefs were originally due to be filed), the amendment does not change Mr. DePalma's arguments in favor of dismissal of the Complaint and reference to the Complaint in both Mr. DePalma's Motion and this reply brief are to the operative complaint.

fellow minority shareholder, Mr. DePalma by definition would have suffered the same harm that the plaintiffs' allegedly suffered through his ownership in Core. Plaintiffs simply ignore this glaring deficiency, devoting merely one page of their 120-page opposition brief to directly address Mr. DePalma's motion to dismiss. In their abbreviated response, plaintiffs seemingly concede (as Mr. DePalma established in his Motion) that most of their lengthy Complaint does not implicate Mr. DePalma. Instead, plaintiffs' contend that their breach of fiduciary duty claims against Mr. DePalma are predicated on Mr. DePalma's alleged failure to act to "appropriately protect [the minority shareholders and security holders] interests" and failure "to vindicate ImageSat's rights and corporate opportunities." Pl. Br. at 117-118. Plaintiffs' reconstructed claims must be dismissed because plaintiffs do not plead any particularized facts demonstrating that Mr. DePalma failed to oversee ImageSat's operations or acted in any way other than in good faith as an outside director. See, Point II, infra.

Finally, given plaintiffs' failure to identify any motive on the part of Mr. DePalma, the Complaint does not set forth the particularized allegations required to satisfy the heightened pleading requirements for plaintiffs' fraud claims. See, Point III, infra.

## ARGUMENT

### I. THE COMPLAINT DOES NOT COMPLY WITH RULE 8

Mr. DePalma demonstrated in his moving brief that the Complaint's litany of allegations against all "defendants," -- even though most of the events and acts either pre-date Mr. DePalma's membership on ImageSat's Board or do not involve Board actions -- runs afoul of the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure because the Complaint fails to present a "short and plain statement of the claim" so as to provide Mr. DePalma with fair notice of the claims against him. See Mot. at 3-4.

In response, plaintiffs merely repeat the conclusory allegations of the Complaint (Pl. Br.

at 106-08) and further posit that there is an irreconcilable contradiction in Mr. DePalma's (among other defendants') argument that the Complaint violates both the requirements of Rule 8(a) and the particularity requirements of Rule 9(b). Pl. Br. at 105-06. However, the one case cited by plaintiffs in support of this novel proposition makes clear that balancing Rule 8(a) with the particularity requirements for fraud claims under Rule 9(b) requires that a plaintiff set forth facts with "sufficient particularity to apprise defendant fairly of the charge." Sears Petroleum & Transport Corp. v. Ice Ban Am., Inc., 2004 WL 834849, at *8 (N.D.N.Y. Apr. 15, 2004). Plaintiffs' blanket conclusory allegations against all defendants do not satisfy either Rule 8's or Rule 9's requirements merely because they are lengthy. The simple fact that cases have been dismissed on Rule 8 and Rule 9(b) grounds belies plaintiffs' contention. See, e.g., McConnell v. Transatlantic Capital Corp. 1993 WL 337996, *3 (S.D.N.Y. Aug. 31,1993) (finding complaint failed to conform to Rule 8 and Rule 9(b) requirements where complaint and accompanying documents were "literally and figuratively, all over the map"); Gross v. Diversified Mortgage Investors, 438 F. Supp. 190, 193 (S.D.N.Y. 1977) (dismissing certain claims where lengthy allegations did not "satisfy the particularity requirement of Rule 9(b) and [were] contrary to Rule 8(a)").

## II. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEPALMA

Mr. DePalma demonstrated in his Motion that plaintiffs' Complaint simply makes no sense in seeking to hold Mr. DePalma liable for participating in a fraudulent scheme that would be detrimental to his own minority shareholder position in ImageSat. In fact, plaintiffs ignore that plaintiff Wilson asked Mr. DePalma (through Core) to be a <u>plaintiff</u> in any action brought by the independent shareholders against ImageSat and IAI, among others, which is memorialized in one of the email exchanges between Mr. DePalma and plaintiff Wilson referenced in Exhibit F to the Complaint (and incorporated therein). See Decl. Ex. A (in which plaintiff Wilson told Mr.

DePalma that "[i]t certainly seems to me that in this sense [bringing a legal action], our interests remained [sic] fully 'aligned.' I hope so and I am certain that you and Bob [Robert LaPenta, another large shareholder in Core and Chairman of Core's Board of Directors] could lend considerable additional credibility to such an action").[2] Not surprisingly, given this fatal flaw, none of plaintiffs' sweeping allegations that lump Mr. DePalma, an independent outside director, with IAI, Elbit and their former and current Board designees and officers of ImageSat, support a breach of fiduciary duty claim against Mr. DePalma.

Plaintiffs never address the illogic of their claims against Mr. DePalma in their opposition brief. Instead, plaintiffs tersely contend that:

> "[t]he Complaint sufficiently sets forth a series of claims against [Mr. DePalma] for breach of fiduciary duty based on the ImageSat Board of Directors' failure to disclose or properly address the ongoing '2001 EROS B1' satellite fraud (see also Wilson Decl. ¶ 74); failure to take action against IAI or Elbit for their ongoing breaches of exclusivity, first right, and non-compete obligations; and acquiescence in ImageSat's spurning of SOP opportunities from customers such as Venezuela and in the effective unwinding and destruction of ImageSat's entire business."

Pl. Br. at 117.[3] This generalized synopsis of plaintiffs' blanket allegations does nothing to refute

---

[2] Copies of the documents referred to in this reply memorandum of law are attached to the accompanying declaration of Robert F. Carangelo, dated March 25, 2008 ("Decl."). When reviewing a motion to dismiss under Rule 12(b)(6), a court may also consider any written instrument attached to the complaint as an exhibit, "or any statements or documents incorporated in it by reference." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991).

[3] To the extent plaintiffs cite to declarations (such as plaintiff Wilson's declaration) to bolster the Complaint's allegations (which they do not), additional factual allegations raised in plaintiffs' opposition brief may not be considered on Mr. DePalma's motion to dismiss. See, e.g., In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 432 (S.D.N.Y. 2001) (a "complaint cannot, of course, be amended by the briefs in opposition to a motion to dismiss"); In re GeoPharma, Inc. Sec. Litig., 399 F. Supp. 2d 432, 445, n.100 (S.D.N.Y. 2005) ("none of these new facts appear in the Complaint, which cannot be amended by the brief in opposition to a motion to dismiss"); Aniero Concrete Co. v. New York City Constr. Auth., 2000 WL 863208, at *31 (S.D.N.Y. June 27, 2000) (excluding new facts presented for first time in opposition brief

Mr. DePalma's detailed showing in his Motion that the Complaint's allegations: involve non-Board related activities and/or events that pre-date Mr. DePalma's membership on ImageSat's Board for which Mr. DePalma cannot be held liable (Mot. at 7-8), or are simply conclusions masquerading as fact which cannot support a claim against him (id. at 7, 10, 12).

Moreover, plaintiffs' articulation of their claims against Mr. DePalma -- seemingly based on Mr. DePalma's alleged failure to oversee ImageSat activities and prevent the alleged wrongdoing -- are commonly referred to as Caremark claims (after the Delaware case of the same name) -- "possibly the most difficult theory in corporation law upon which a plaintiff might hope to win a judgment." In re Caremark Int'l Inc. Derivative Litig., 698 A.2d 959, 967 (Del. Ch. 1996). To sufficiently plead a Caremark claim a plaintiff must plead facts demonstrating that "(1) directors knew or (2) should have known that violations of law were occurring and, in either event, (3) that the directors took no steps in a good faith effort to prevent or remedy that situation, and (4) that such failure proximately resulted in the losses complained of . . ." Id. at 971.[4]

---

and limiting consideration of the sufficiency of the claim to the "four corners of the pleading").

[4] With respect to a director's alleged "failure to act in circumstances in which due attention would, arguably, have prevented the loss," "compliance with a director's duty of care can never appropriately be judicially determined by reference to *the content of the board decision* that leads to a corporate loss, apart from consideration of the good faith *or* rationality of the process employed. That is, whether a judge or jury considering the matter after the fact, believes a decision substantively wrong, or degrees of wrong extending through "stupid" to "egregious" or "irrational", provides no ground for director liability, so long as the court determines that the process employed was either rational or employed in *a good faith* effort to advance corporate interests." Caremark, 698 A.2d at 967. Likewise, "where a claim of directorial liability for corporate loss is predicated upon ignorance of liability creating activities within the corporation . . . only a sustained or systematic failure of the board to exercise oversight-such as an utter failure to attempt to assure a reasonable information and reporting system exists -- will establish the lack of good faith that is a necessary condition to liability." Id. at 974. The Complaint is void of any factual allegations that Mr. DePalma did not act in good faith.

Plaintiffs make no particularized allegations that Mr. DePalma knew or should have known of the alleged wrongdoing -- only conclusions that are insufficient to survive a motion to dismiss. See, e.g., In re Woolworth Corp. S'holder Derivative Litig., Apr. 22, 1996 N.Y.L.J. 28 (col. 5), at *3 (N.Y. Sup. Ct. 1996) (considering demand futility allegations and rejecting as "insufficiently particularized, plaintiffs' sweeping statements that the [defendant board members] 'knew or should have known' or 'knew or were reckless in failing to know' that certain [company] subsidiaries were engaging in accounting improprieties").[5] Nor do plaintiffs plead particularized facts to show that Mr. DePalma did not act in good faith on ImageSat's Board. See Marx v. Akers, 88 N.Y.2d 189, 202 (N.Y. 1996) (refusing to excuse demand with respect to claims challenging approval of executive compensation levels where, *inter alia*, "[t]he complaint does not allege particular facts in contending that the board failed to deliberate or exercise its business judgment in setting those levels"); Woolworth, Apr. 22, 1996 N.Y.L.J. 28 (col. 5), at *3 (refusing to assume that because one defendant board member opposed a challenged transaction the other board members did not and thus, "[were] involved in a scheme of accounting errors"). Indeed, the Complaint is devoid of any specific allegations with respect to Mr. DePalma's actions. These pleading deficiencies are fatal to plaintiffs' breach of fiduciary duty claims against Mr. DePalma.[6]

---

[5] Plaintiffs argue that New York law applies to their claims. Pl. Br. at 66-72.

[6] For the reasons set forth in Mr. DePalma's Motion, plaintiffs' corporate waste, disgorgement, self-dealing, conversion and misappropriation, unjust enrichment and restitution claims, must likewise be dismissed.

## III. THE COMPLAINT FAILS TO SATISFY THE STRINGENT PLEADING REQUIREMENTS OF RULE 9(B)

Finally, Mr. DePalma established in his moving papers that plaintiffs' fraud claims (RICO violations and common-law fraud) fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Mot. at 13-19. Fundamentally fatal to all of plaintiffs' fraud claims is plaintiffs' failure to allege any facts (let alone particularized facts) demonstrating that Mr. DePalma acted with fraudulent intent. Id. at 16-18. As repeatedly demonstrated by Mr. DePalma, and ignored by plaintiffs in their response, Mr. DePalma had no discernable motive to participate or acquiesce in the purported fraud because it was to his detriment to do so too. Id. at 16, 18. This failing alone supports dismissal of plaintiffs' RICO claim and common-law fraud claim against Mr. DePalma. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young, 1994 WL 88129, at *7 (S.D.N.Y. March 15, 1999) (to plead a RICO claim, plaintiffs must allege facts that give rise to a "strong inference" of fraudulent intent); Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. De-Con Mech. Contractors, Inc., 896 F. Supp. 342, 347 (S.D.N.Y. 1995) (to plead common-law fraud, a plaintiff must plead particularized facts demonstrating "that each Defendant had a specific intent to defraud either by devising, participating in, or aiding and abetting the scheme"). RICO and fraud claims are very serious claims and can not be allowed to go forward without pleading all of the requisite elements, including intent.

Moreover, Mr. DePalma also demonstrated that plaintiffs' RICO claim must be dismissed because the Complaint does not link the alleged underlying mail and wire fraud to Mr. DePalma, as required by Rule 9(b). Mot. at 17; see also Tribune Co. v. Purcigliotti, 869 F. Supp. 1076, 1088 (S.D.N.Y. 1994), aff'd 66 F.3d 12 (2d Cir. 1995) ("In order to satisfy Rule 9(b) in a RICO claim, where the predicate acts alleged are mail fraud, the alleged fraudulent mailings must be linked to particular defendants, and may not be attributed vaguely to 'defendants.'"). Plaintiffs

contend that they "could produce . . . hundreds, if not thousands" of wirings and mailings that served as part of the alleged fraudulent scheme. See Pl. Br. at 99. However, the Complaint refers to only three emails from Mr. DePalma that were allegedly sent in connection with the fraud. Compl., Ex. F. And, as established in Mr. DePalma's Motion, plaintiffs' conclusory assertion that these emails were "false and misleading," does not satisfy Rule 9(b)'s requirements. Mot. at 17; Mills v. Polar Molecular Corp., 12 F.3d 1170, 1176 (2d Cir. 1993) (plaintiffs must explain why the contents of the communication were fraudulent). Plaintiffs must plead exactly what is false and facts supporting the notion that Mr. DePalma knew it was false.

In response, plaintiffs argue that "there is no requirement that each individual mailing or wire must contain falsehoods." Pl. Br. at 99. However, plaintiffs acknowledge that each wiring or mailing "must serve as part of a fraudulent scheme and pattern of wrongdoing to constitute wire or mail fraud." Id. Here, plaintiffs make no particularized allegations connecting Mr. DePalma's emails to the alleged pattern of wrongdoing. In sum, plaintiffs have not demonstrated that Mr. DePalma "knowingl[ly] or intentional[ly] participate[ed] in the [alleged] scheme." Odyssey Re (London) Ltd. v. Sterling Cooke Brown Holdings Ltd., 85 F. Supp. 2d 282, 301 (S.D.N.Y. 2000), aff'd, 2 F. App'x 109 (2d Cir. 2001). Plaintiffs' RICO claim must therefore be dismissed.[7]

---

[7] In a last ditch effort to breathe life into their trumped up claims, plaintiffs suggest that the directors, including Mr. DePalma, may be linked to the alleged mail and wire fraud through "Investor Reports" issued by ImageSat to shareholders, under the group pleading doctrine. Pl. 98-99, 107-108. The "'group pleading doctrine' allows a plaintiff to rely on 'a presumption that statements in ... press releases, or other group-published information, are the collective work of those individuals with direct involvement in the everyday business of the company.'" Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC, 446 F. Supp. 2d 163, 180 (S.D.N.Y. 2006) (citations omitted). "However, this doctrine is 'extremely limited in scope, applying only to clearly cognizable corporate insiders with active daily roles in the relevant companies or transactions.'" Id. The doctrine may apply to outside directors only where, "by virtue of their status or a special relationship with the corporation," the directors "have access to

Because plaintiffs' substantive RICO claims fail, plaintiffs' RICO conspiracy claim must also fail. See Weizmann Inst. of Sci. v. Neschis, 229 F. Supp. 2d 234, 257 (S.D.N.Y. 2002); Odyssey, 85 F. Supp. 2d at 303 ("Where a RICO conspiracy claim is based on predicate acts that have been dismissed by the court, the conspiracy claim 'must be dismissed as well.'") (citation omitted). Plaintiffs also ignore Mr. DePalma's showing in his Motion that the Complaint fails to plead particularized allegations that Mr. DePalma knowingly agreed to participate in the alleged RICO conspiracy. Mot. at 17-18. This deficiency also warrants dismissal of plaintiffs' RICO conspiracy claim.

Plaintiffs' failure to allege particularized facts demonstrating that Mr. DePalma made any false and misleading statements or that he knew that any of his statements were false and misleading, is yet another ground -- not refuted by plaintiffs -- for dismissal of plaintiffs' common-law fraud claim.[8]

---

information more akin to a corporate insider." Id. Nevertheless, "a bare allegation that a defendant has inside information, in the absence of any allegation to support a reasonable inference that the defendant had control over the content of the allegedly fraudulent statement, is not sufficient." Id. Here, plaintiffs do not allege that Mr. DePalma, as an independent outside director, had control over the content or dissemination of these allegedly false and misleading Investor Reports. Nor do plaintiffs plead facts demonstrating that Mr. DePalma knew the reports were false and misleading.

[8] In their opposition brief, plaintiffs request that the Court condition dismissal on *forum non convenien* grounds upon, *inter alia*, "written stipulation of all Defendants to the jurisdiction of the appropriate Israeli tribunal and to service of process to an action to be commenced by Plaintiffs in that tribunal." Pl. Br. at 34. Mr. DePalma, a resident of Connecticut, has not moved to dismiss on *forum non conveniens* grounds and therefore, will not stipulate to the jurisdiction of an Israeli tribunal or to service of process in any such action.

## CONCLUSION

For the foregoing reasons and those set forth in Mr. DePalma's Motion, Mr. DePalma respectfully requests that the Court dismiss the claims against him in their entirety and with prejudice.[9]

Dated:  March 25, 2008                              Respectfully submitted,

                                                    WEIL, GOTSHAL & MANGES LLP
                                                    767 Fifth Avenue
                                                    New York, NY  10153-0119
                                                    Telephone: (212) 310-8000

                                                    By: /s/ Robert F. Carangelo
                                                        Robert F. Carangelo (RC-3162)
                                                        Stacy Nettleton (SN-1028)
                                                        Nichole Hines

                                                        *Attorneys for Defendant*
                                                        *James DePalma*

---

[9] Plaintiffs request for leave to amend the Complaint should be denied where, as here, plaintiffs will not be able to cure the fundamental failings of their claims against Mr. DePalma. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."); Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) ("[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)"). Plaintiffs cannot make out a claim against Mr. DePalma where Mr. DePalma's participation in the alleged fraudulent scheme to serve the interests of ImageSat's majority shareholders would, according to plaintiffs, injure Mr. DePalma as a minority shareholder. Plaintiffs' silence on this point in their opposition brief is palpable and compels denial of their request to replead.

## CERTIFICATE OF SERVICE

I, Stacy Nettleton, an attorney admitted to this Court, do hereby certify, under penalty of perjury, that I have today caused a copy of the annexed documents to be served via the Court's ECF system upon all counsel as reflected on the attached service list.

New York, New York
Dated: March 25, 2008

_____
Stacy Nettleton

*Stephen M. Wilson, et al. v. ImageSat Int'l N.V., et al.,*
**Case No. 07-Civ.-6176 – Service List**

| | |
|---|---|
| Ira Brad Matesky, Esq.<br>Matthew Russell Maron, Esq.<br>Matthew Norman Tobias, Esq.<br>William A. Jaskola, Esq.<br>GANFER & SHORE, LLP<br>360 Lexington Avenue<br>14th Floor<br>New York, NY 10017<br><br>*Counsel for Plaintiffs Stephen M. Wilson, BRW Engineering Ltd., Wis Partners Ltd., Moshe Bar-Lev, Patrick Rosenbaum, Michael Morris, Haim Yifrah, Top Down Partners, LLC, Joel Levine, Morris Talansky, Abraham Moshel, Magma Int'l Servs., Ltd., Albert Reichmann, Hexagram & Co., Polybutes Company* | Sander Bak, Esq.<br>Deborah Elman, Esq.<br>MILBANK, TWEED, HADLEY & McCLOY, LLP.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br><br>*Counsel for Defendants ImageSat Int'l N.V., Moshe Keret, Izhak Nissan, Jacob Weiss, Shimon Eckhaus, Gino Piperno-Beer, David Arzi, and Yoav Chelouche* |
| Stephen Wagner, Esq.<br>Sari E. Kolatch. Esq.<br>COHEN TAUBER SPIEVACK & WAGNER LLP<br>420 Lexington Ave. Suite 2400,<br>New York, NY 10170<br><br>*Counsel for Defendants Israel Aerospace Industries Ltd. and Yehoshua Eldar* | Eric S. Goldstein, Esq.<br>Jonathan Hillel Hurwitz, Esq.<br>Peggy Senyie Chen, Esq.<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br><br>*Counsel for Defendants Israel Aerospace Industries Ltd. and Yehoshua Eldar* |
| Simon J. K. Miller, Esq.<br>GREENBERG TRAURIG LLP<br>200 Park Avenue<br>New York, NY 10166<br><br>Elizabeth Prickett-Morgan, Esq.<br>GREENBERG TRAURIG LLP<br>2540 Colorado Avenue, Suite 400 East<br>Santa Monica, CA 90404<br><br>*Counsel for Defendants Elbit Systems Ltd., Michael Federman, Estate of Jacob Toren, Joseph Ackerman, Joseph Gaspar* | Shira Yael Rosenfeld, Esq.<br>MANUEL & ROSENFELD, LLP<br>One Penn Plaza, Suite 2527<br>New York, NY 10119<br><br>*Counsel for Intervenor Plaintiff Harbinger International Holdings S.A.* |