UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

| | |
|---|---|
| STEPHEN M. WILSON, *et al.*, | : |
| Plaintiffs, | :     07 Civ. 6176 (LTS) |
| -against- | : |
| IMAGESAT INTERNATIONAL N.V., *et al.*, | : |
| Defendants. | : |

-------------------------------------------------------------------------X

## SUPPLEMENTAL DECLARATION OF ADV. DROR VIGDOR

Advocate Dror Vigdor declares, pursuant to 28 U.S.C. Section 1746:

1. I have been asked by defendants ImageSat International N.V., Israel Aerospace Industries Ltd., Elbit Systems Ltd., Moshe Keret, Izhak Nissan, Jacob Weiss, Menashe Broder, Shimon Eckhaus, Michael Federmann, the Estate of Jacob Toren, Joseph Ackerman, Joseph Gaspar, Gino Piperno-Beer, David Arzi, Yoav Chelouche, and Yehoshua Eldar (collectively: the "**Defendants**") to address in this supplementary opinion certain issues of Israeli law arising from the Declaration of Adv. Joseph Tamir submitted in support of Plaintiffs' opposition to Defendants' motion to dismiss the Complaint, which I have read.

### Appropriate Venue for Adjudicating the Complaint in Israel

2. In paragraph 7 of his Declaration, Adv. Tamir states that *"based on the corporate defendants in the Complaints, the case would most probably have to be brought in the District Court for Tel-Aviv. That court is the busiest court in Israel".* This statement is incorrect.

3. Until recently, the District Court for Tel-Aviv served as the district court for two distinct districts: the Tel-Aviv District and the Central District. In May 2007 a new District Court was established and in September 2007 it commenced adjudicating cases in the Central District. The District Court for the Central District was established particularly in order to take off the load from the District Court for Tel-Aviv, and it is expected that court proceedings in that court will be faster than in the District Court for Tel-Aviv (which will also lead to proceedings in the District Court for Tel-Aviv being adjudicated faster than their current duration). From my

    experience so far, new complaints which are filed with the District Court for the Central District are scheduled for a pre-trial hearing within few months from the date of filing.

4. The local jurisdiction of the District Court for the Central District applies *inter alia*, in case one (or more) of the defendants reside in the Central District of Israel. The Central District includes many cities located in the area around the city of "Tel-Aviv", such as Petach-Tikva, Rishon-Lezion, Natanya, Rehovot, Ramla, Lod and others. Therefore it is sufficient that any one of the defendants reside in the Central District in order for the District Court for the Central District to adjudicate the case. According to the Israeli Companies Registrar the registered address of Israel Aerospace Industries Ltd., which is also a named defendant in the Complaint, is in Lod, which is located in the Central District. Therefore the District Court for the Central District would have local jurisdiction to adjudicate the case.

5. In light of that stated above, Adv. Tamir's statement in paragraph 9 of his Declaration that the present case could be expected to take considerably longer than 3 years if litigated in Israel seems very much exaggerated.

## Filing English Document with Israeli Courts

6. I agree with Adv. Tamir's statement in paragraph 11 of his Declaration that pleadings are filed in Hebrew, however the remaining statements in that paragraph are inaccurate. In practice, except for the pleadings themselves, other documents, such as exhibits (agreements, correspondence etc.), affidavits and expert opinions can be filed in English and usually the court does not require filing a translation thereof. The court may of course order the parties to file Hebrew translations in particular cases or with respect to any particular document, but this is not a matter of common practice.

7. Issues relating to oral testimony of witnesses who do not speak Hebrew (limited in fact only to cross-examination, since testimony in chief is usually provided by written affidavits) are usually agreed upon between the attorneys of the parties. The parties may agree (with the approval of the court) to use the services of an interpreter and/or that the testimony be recorded word by word and that an English transcript be provided (at the expense of the parties). The usual practice is that the cross-examination is conducted in English and the questions and answers are summarized and translated into Hebrew and are dictated to the typist of the court (by the judge who is sometimes assisted by the attorneys for the parties for that purpose), and a Hebrew transcript is provided for no additional cost.

## International Jurisdiction of Israeli Courts over Non-Israeli Residents

8. I was informed that there is one individual defendant in the Complaint that does not reside in Israel. As explained in paragraph 22 of my previous Declaration dated October 9, 2007, in case

a foreign defendant has no agent in Israel, the plaintiff needs to obtain the court's leave for serving the foreign defendant with the court papers outside the area of jurisdiction pursuant to Regulation 500 of the Civil Procedure Regulation 1984 ("**Regulation 500**").

9. Pursuant to Regulation 500(10) Israeli courts are authorized to grant such a leave when the foreign defendant is "a *necessary or proper party to an action properly brought against another person who was duly served with a summons in the territory of the State"*. Since almost all of the defendants in the current claim are residents of Israel and service upon them would be made in Israel, the court may grant a leave to serve the court papers upon the lone individual defendant who is outside the area of jurisdiction, in case he is determined to be such a necessary or proper party. Generally, and absent specific circumstances to the contrary, one of several alleged joint tort feasors would be considered a necessary or proper party to an action that was filed against the other alleged joint tort feasors. Therefore, Israeli courts could acquire international jurisdiction over the individual defendant who does not reside in Israel.

## Requesting Legal Assistance from the State of Israel for Obtaining Testimony from Witnesses Who Reside in Israel

10. I was informed that in addition to the parties there are non-party witnesses with relevant information to the Complaint who reside in Israel. If this lawsuit proceeds in the United States court, in order to obtain their testimony, the United States District Court will need to file an application for legal assistance from the State of Israel. Such legal assistance is governed by the Law for Legal Assistance between States 1998 (the "**Law**"), the Legal Assistance between States Regulations 1999 and the 1970 Hague Convention (Taking of Evidence) Regulations 1977 (which implement the provisions of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters; the "**Hague Convention Regulations**"). Pursuant to the Law and the Hague Convention Regulations obtaining testimony from witnesses who reside in Israel is done by collecting their testimony in Israel and providing the foreign State with the testimony obtained.

11. Section 5(a) of the Law provides for the possible bases for refusing to an application for legal assistance. Section 5(a)(1) of the Law provides that the competent Israeli authority (which is the Mister of Justice) may refuse an application for legal assistance if the requested assistance may harm the sovereignty of the State of Israel, its security, public policy, public safety or security, or another vital matter of the State. Similarly, Regulation 5(a)(3) of the Hague Convention Regulations provides that the competent Israeli authority (which is the Director of Courts) may refuse an application filed by a competent authority of a member State in case the requested assistance may harm the sovereignty of the State of Israel or its security.

-4-

## Israeli Procedure with Respect to Privileged Evidence in Matters of National Security, Foreign Affairs and Public Interest

12. I was informed that the Defendants possess documents containing sensitive information in matters of Israel's national security, which are relevant to the Complaint.

13. Sec. 44 and Sec. 45 of the Evidence Ordinance [New Version] 1971 (the "**Evidence Ordinance**"), provides privileges in matters of national security, foreign affairs and public interest. The privilege under Sec. 44 of the Evidence Ordinance applies to evidence regarding national security and foreign affairs which is covered by a specific certificate issued by the Israeli Prime Minister, the Minister of Defense or the Secretary of State. The privilege under Sec. 45 of the Evidence Ordinance applies to evidence regarding important matters of public interest which is covered by a specific certificate issued by one of the Israeli government's ministers.

14. In addition, under Sec. 68 of the Courts Law (Consolidated Version) 1984, the Court may order procedures to be held behind closed doors, *inter alia*, when such measures are needed in order to protect matters of national security or foreign affairs.

15. A party to civil litigation in Israel may challenge a privilege asserted under Sec. 44 or Sec. 45 of the Evidence Ordinance by petitioning the Supreme Court, with respect to the former privilege (national security and foreign affairs), or the court in which the proceedings are adjudicated, with respect to the latter privilege (public interest). The court hearing in both procedures will be held behind closed doors.

16. In adjudicating a petition challenging a privilege asserted under Sec. 44 or Sec. 45 of the Evidence Ordinance, the Court may order disclosure subject to various conditions, such as holding proceedings behind closed doors or requiring the attorneys representing the parties to obtain the necessary security clearance prior to reviewing the evidence. In addition, the competent authorities may issue a privilege certificate which provides that the relevant evidence may be reviewed only by persons that obtain the necessary security clearance [See: P.C.A. 7114/05 **The State of Israel v. Hizi** (unpublished; December 11, 2007)].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true.

Signed on March 18, 2008, in Tel-Aviv, Israel.

*A. Vigdor* (signature)

Dror Vigdor