# EXHIBIT 4

Today ............
*June 7, 2005*
at the request of the
authorised representative of
*Nebbeling,*
a first copy
of the judgement has been issued
by the Court Registrar.
[initials]

Civil matters 2005                                          Judgment no. *237*
Registration number: AR 623/95-H-459/98
Judgment handed down on: May 24, 2005

JOINT COURT OF JUSTICE
OF THE NETHERLANDS ANTILLES AND ARUBA

<u>Judgment in the case of</u>:

1. the company limited by shares
   **CURAÇAO INTERNATIONAL TRUST COMPANY N.V.,**
   with its registered office in Curaçao,
2. the legal person incorporated under foreign law
   **THE CITCO GROUP LIMITED,**
the original respondents,
current appellants,
represented by: the attorney, A. Huizing LL.M.,

- versus -

**Dick NEBBELING,**
living in Curaçao,
original petitioner,
current respondent,
represented by: the attorney J.M. Statius van Eps LL.M.

The parties are hereinafter again referred to as "Citco Curaçao," "Citco Group"
(collectively as "Citco") and "Nebbeling."

1. <u>The ongoing course of the proceedings</u>

In its judgment dated October 26, 2004, the Court placed the matter on the case list.
As a result, Nebbeling lodged a statement, including a request for determination of the amount of the damages, together with exhibits. Citco has responded by filing a reply to the statement. The parties have asked for another decision. Handing down of the decision has been set down for today.

2. <u>The additional assessment</u>

2.1 The appeal (lodged in the first instance and on appeal—grounds for appeal XVII—repeated) by Citco regarding personal responsibility on the part of Nebbeling must be dismissed insofar as it asserts that Nebbeling opted for the restructuring because the structure that was chosen cannot be regarded as the relevant cause of the damages (see judgment, dated October 9, 2001, under 2.4). The remainder of the appeal must also be dismissed, since the actions on the part of Citco in the relationship between Curaçao and Nebbeling must be attributed to Citco Curaçao (see judgment, dated October 26, 2004, under 2.15).

The reliance on Nebbeling's obligation to minimize the damage must also be dismissed. Citco Curaçao should have ensured that the alternative chosen by Nebbeling, would be capable of being implemented in a timely manner and that any associated problems would be able to be dealt with in time (see judgment, dated October 26, 2004, under 2.12). As a result, it could not reasonably be expected form Nebbeling to take legal action in Panama in the context of his obligation to minimize the damage against Van der Wall Arnemann himself.

2.2 What needs to be estimated is the damage that Nebbeling has suffered because Citco Curaçao did not ensure that sufficient time was available between offering Nebbeling the alternatives, and the closure of Citco Panama.
As considered by the Appellate Court in its judgment of October 26, 2001, under 2.13, it must be accepted that if Citco Curaçao had not been negligent the risk of problems with Van der Wall would have been significantly smaller on the one hand, and on the other that Citco Panama or another part of the Citco group, in consultation with Nebbeling, would have been able to take effective action against Van der Wall under corporate law. This means that it must be assumed that in such circumstances the balance of the Rosewood Panama account at the Banco International de Panama in Panama would have been released. This could reasonably be expected to have occurred end of 1988, early 1989, so that the loss occurred at that time.
Therefore, the loss occurred before the current Civil Code taking effect, so the previous legislation (also) applies to the determination of the loss.
It is also plausible that the balance would have been transferred to the company incorporated in the British Virgin Islands, Rosewood BVI, and that Nebbeling would have subsequently regained control over the balance.

2.3 In its judgment, dated January 12, 1999, the Appellate Court, under 4.1, subsection (j), determined based on the appellee's brief and on the evidence provided in the Council's statement on appeal that Rosewood Panama had an amount of US$82,695.21 in its accounts (with the Banco International de Panama) in Panama on December 28, 1989. This finding has been disputed in cassation and served as a basic premise for the Supreme Court, as shown in its ruling, dated December 15, 2000, under 3.1, in its opening remarks and subsection (x). In its judgment of October 9, 2001, under 2.2, the Appellate Court has also used this finding as its basic premise.
In view of this, Citco's challenge of the accuracy of this amount will be disregarded, even though it is now substantiated by relying on the untrustworthiness of Van der Wall Arnemann, who provided the fax included as exhibit 3 with the statement of defense (and as exhibit II of the statement containing the request for determining the loss), and on the considerations of the GEA in the case in question, dated May 11, 1998 and of the GEA and the Appellate Court in the interim injunction proceedings between the parties with case number KG 263/98-H-418/98. However, the Appellate Court does correct an apparent typographical error: it appears from exhibit 3 with the appellee's brief, at the very top, considered together with the other data referred to in that exhibit, that the correct date is not December 28, 1989, but December 28, 1990.

2.4 The present case involves a claim for damages and not a matter of performance, and since the extent of the damage cannot be determined accurately it must be estimated. The Appellate Court, in the absence of better information, will estimate the loss by comparing it to the loss the manner in which it would have to be estimated if Citco Curaçao had broken a commitment to pay Nebbeling an amount of US$82,695.21 on December 28, 1990.
Citco in its rejoinder asserted that Rosewood Panama also has debts, but this argument, which lacks substantiation, has been dismissed because it has not been put or been shown that the balance that Van der Wall Arnemann should have released should have been valued at less as a result.

2.5 The interest on Rosewood Panama's deposit account at the Banco International de Panama in Panama, has not been agreed between Nebbeling and Citco Curaçao. It has not been either argued or emerged that any interest rate has been agreed between Nebbeling and Citco Curaçao.
The losses due to the delay should also be compensated with an allowance of interest at the statutory rate. Since Citco Curaçao, in a letter on behalf of Nebbeling dated January 4, 1995, had been called upon to make payment together with interest from January 12, 1995 at the statutory rate; the commencement date for the payment of statutory interest will be set as the latter. Since the laws prior to the current Civil Code taking effect apply, the calculation of composite interest is not permitted. If Nebbeling believes he would have been able to earn more income through a particular way of investing the money, this should not be taken into consideration. How much the released balance would have earned at Rosewood BVI, is therefore not relevant. Nor is it important that a fax dated December 28, 1990 states that the annual interest on a Rosewood Panama deposit account at the Banco International de Panama in Panama, amounted to 10% per annum (at that time). Furthermore, it has to be assumed that if Citco Curaçao had not been negligent, this deposit account would not have been kept there.

2.6 In their rejoinder Citco argues that the obligation to pay damages should be mitigated because Nebbeling paid Citco Panama only US$600 per year in director's fees. Grounds for Appeal XVII refers. However, the Appellate Court realizes that this single circumstance or any of the other facts provide reasons for coming to the view that granting full compensation for damages would lead to obvious, unacceptable consequences. Therefore, the obligation to pay compensation will not be mitigated.

2.7 In their statement of reply, dated January 25, 2005, Citco relied on the settlement of the cost of proceedings ordered against Nebbeling in the judgments of the two-part interim injunction proceedings of June 19, 1998 and November 3, 1998 case number KG 263/98-H-418/98. Nebbeling has not been able to respond to this. An assessment of this defense would lead to further delays and costs in these already long-running proceedings. Citco has already been in possession of executable writs relating to the cost of proceedings. It would therefore have been logical for Citco to provide reasons why they consider it in their interest that an appeal regarding cost orders should be decided in these proceedings. Since they have not

4

done so, the Appellate Court dismisses this defense. If necessary, this can be dealt with in a dispute over execution.

2.8 As far as the claim made against Citco Curaçao is concerned, the court has largely found in favor of Nebbeling. Therefore, Citco Curaçao, pursuant to Articles 60 up to and including 63 of the Civil Proceedings Act, is ordered to pay Nebbeling's costs in these proceedings.

Nebbeling's costs related to witnesses, legal fees and his own expenses in connection with the handling of the case, are all related to processes for which reimbursement of the costs referred to in these articles (or similar articles in the Dutch Civil Proceedings Act relating to proceedings in cassation) is intended and can therefore not be claimed for any other reasons.

The Appellate Court considers it reasonable to set the fees for witnesses Lind and Looman at US$2,500 and US$750 respectively.

As far as any other matters are concerned, the Appellate Court does not see any reason, in the way that Citco has conducted these proceeding or in any other circumstances, to depart from the usual court-approved scale costs in estimating the costs of the proceedings.

2.9 The claim against Citco, as already decided in the grounds for decision 2.10 of the judgment, dated October 9, 2001, has been dismissed. As a result, Nebbeling is ordered to pay Citco Group's costs in the proceedings. Since Citco Curaçao and Citco Group have acted jointly in these proceedings, and because their procedural processes would have been the same if only Citco Curaçao had been involved, the costs on the part of the Citco Group have been set at nil.

**DECISION:**

The Appellate Court,

in its appeal decision:

dismisses the judgment on appeal; and

orders Citco Curaçao to pay Nebbeling the amount of US$82,695.21, plus simple, statutory interest on this amount from January 12, 1995 until the full amount has been settled.

declares that this judgment will have immediate effect;

5

dismisses all other claims by Nebbeling against Citco Curaçao;

orders Citco Curaçao to pay the costs incurred on the part of Nebbeling in the proceedings of the first instance, estimated at NAF. 342.50 in disbursements and NAF. 6,875.00 in fees for legal counsel and the costs incurred on their part for the appeal proceedings, estimated to be NAF. 277.00 in court costs, US$3,250 in witness fees and NAF. 18,600 in fees for legal counsel, to date.

dismisses the claim against Citco Group;

orders Nebbeling to pay costs of proceedings incurred on the part of Citco Group in the first instance and on appeal, estimated at nil to date.

This judgment has been handed down by B.M. Menzas LL.M., M.M.M. Tillema LL.M. and G.C.C. Lewin LL.M., members of the Joint Court Of Justice of The Netherlands Antilles and Aruba and at the public sitting of the Appellate court in Curaçao, handed down on May 24, 2005, in the presence of the Court registrar.

[signature]                              [signature]