# EXHIBIT 8

NJ 2001/573

NETHERLANDS SUPREME COURT (HR)
June 15, 2001, No. C99/301HR
(Mrs F.H.J. Mijnssen, W.H. Heemskerk, A.E.M. van der Putt-Lauwers, J.B. Fleers, A. Hammerstein; Advocate General Hartkamp; notes by the author)
RvdW 2001, 113
JOL 2001, 380

**Dutch Civil Code Art. 2:3, 5, 64, 175, 6:162, 163; Code of Civil Procedure (old) Art. 407**

[Essence] **Decrease in the value of shares due to a wrongful act/failure in respect of the corporation: Action for damages shareholder? Separate procedures. Requirements for the ground for appeal to the Supreme Court. The Court of Appeals rightly judged that it does not suffice just to request the judge to deem the statements from one lawsuit to be repeated and incorporated in another lawsuit. In principle the shareholder of a corporation is not entitled to bring an action for damages resulting from the decrease in value of shares due to the failure or wrongful conduct of a third party in respect of the corporation; an exception to this rule is acceptable if the conduct was specifically negligent in respect of the shareholder. The view that shareholders are entitled to damages if the corporation is unable to sue for damages, so that the shareholders have definitively sustained losses, is wrong. In part the ground for appeal to the Supreme Court does not meet the requirements set for such an appeal.**
In this lawsuit, the shareholders of a corporation allege that (former) accountants of this corporation and their (former) partnership have acted unlawfully in various ways in respect of them – the shareholders of the corporation – and that as a result of this they have suffered losses due to the drop in share prices, missed profits on investment and losses on investment. They hold the accountants, among others, liable for these losses. One of the accountants has, among other things, issued an unqualified audit certificate for the corporation's annual financial statements after his partnership had come to an agreement with said corporation that they would waive any claims against the partnership.
The Court of Appeals' judgment that it does not suffice just to request the judge to deem the statements from one lawsuit to be repeated and incorporated in another lawsuit is correct. The guiding principle is that, if a third party causes a corporation or close corporation to suffer financial losses through an (attributable) failure to perform a contractual obligation to the corporation or through wrongful conduct in respect of the corporation, only the corporation can bring proceedings for the recovery of damages on that account. In principle one or more shareholders of said corporation are not entitled to bring an action for damages resulting from a decrease in the value of their shares or missed price gains due to the aforementioned failure or wrongful conduct of a third party in respect of the corporation. An exception to this rule is acceptable if the conduct was specifically negligent in respect of the shareholder (Supreme Court December 2, 1994, NJ 1995, 288, notes by the author).
The view that shareholders are entitled to damages if the corporation is or has made itself unable to sue the liable third party for damages, so that the shareholders have definitively sustained losses, cannot be accepted. The sole circumstance that the corporation does not hold the third party liable for damages for the losses it has suffered does not imply that the conduct of the third party has to be considered as wrongful in respect of the shareholder(s) of the corporation.
The part of the ground for appeal, which apparently argues that this is a case of violation of an "extra special duty of care" of the accountant in respect of de shareholders, cannot lead to a reversal in cassation, because it does not meet the requirements pursuant to Art. 407 paragraph 2 of the Code of Civil Procedure. The grounds for appeal do not make clear what the reasons for the complaint are, nor do they specify which actual conduct by the partnership and the accountant has breached the alleged standard of due care. NOTE*

[Text] 1.   Chipsol BV in Haarlemmermeer,
2. Pentalaria BV in Utrecht,
3. Unihome BV in Wassenaar, appellants in cassation, council initially Mr. R.F. Foortse, now Mr. E. van Staden ten Brink.
vs.
1  X. NV in A.,
2. L., in W., respondents in cassation, council Mr. M.J. Schenck.
**Court of Appeals:**
*3. The Court of Appeals bases itself on*
In the judgment of the court below, under 1 paragraphs a through f, the court has listed a number of established facts

in this case. These do not constitute the grounds for appeal, so the Court of Appeals will also proceed from these facts.

*4.  The Action*

As evidenced by the content of the notice of appeal and the appellant's brief referring to that document, the appellants in this case pray for judgment as follows, stated succinctly:

A.  That it be declared law that the acts of the respondents in respect of the appellants, listed in the explanatory notes to ground 1, are (generally known to be) wrongful, and that all facts as listed under 6 of the appellant's brief are established;

B.  To order the respondents to pay the appellants damages for the drop in prices, losses on investment and missed profit on investment, as specified in the notice of appeal, to a total sum of NLG 224,993,020, on the understanding that if one of them pays off the debt, the other's obligations will be discharged;

*Alternatively*

To appoint experts to report on the extent of the losses and to order the respondents to compensate the appellants for the losses determined in this manner and to be assessed by the Court, and

C.  To order the respondents to pay the costs of both proceedings.

*5.  Assessment*

*Some preliminary remarks*

5.1.  The claims currently substantiated against the respondents were also the subject at first instance. In its judgment the court below has dismissed these claims. The grounds of appeal are put forward against this ruling and its grounds. In the documents and hereinafter the present proceedings are (also) referred to as: X.II.

5.2.   In its ruling of July 15, 1998 the Court has also passed judgment in the proceedings with case number H 97.1776. This action was brought by Drs. P.J. Poot (hereinafter Poot Jr.) and Landvision BV (hereinafter Landvision) against the aforementioned defendants X. NV and L. (in its capacity aforementioned under 1.1), as well as D. On appeal these proceedings were given case number 1183/98 and are referred to as X. I in the documents and hereinafter.

5.3.   In its ruling of July 15, 1998 the Court has also passed judgment in the proceedings with case number H 98.0239. This action was brought by Poot Jr.,  Landvision, as well as the three plaintiffs who also brought the present action X. II, against Fabromski BV and 223 other (legal) persons, as well as Holding X. Nederland NV. On appeal these proceedings were given case number 1103.98 and are (also) referred to as X. III in the documents and hereinafter.

*Review of the grounds for appeal*

5.4.  As far as the following text is concerned, the Court of Appeals will assume that the respondents' pleas set forth in the court's judgment under 3.a through c are not tenable, and thus – just like the court - it will not discuss these pleas for the present. These pleas have been upheld on appeal, with the proviso that – as already mentioned under 1.1 – the respondents did not object to the fact that on appeal C. – unlike in the first instance – is being sued in his private capacity.

5.5.  The Court of Appeals considers it suitable to discuss *grounds for appeal III and IV* first. Concisely speaking, these grounds for appeal allege that the court has wrongly treated proceedings X. I and II separately, and erroneously failed to regard the statements made in those proceedings as one complex of interrelated facts. These grounds for appeal must be disallowed. Proceedings X. I and II were instituted as separate lawsuits, the litigating parties in said proceedings are not identical, and that which is claimed also differs. All this obviously does not alter the fact that certain facts and circumstances in both proceedings could turn out to be of importance. However, it is the appellants' responsibility to allege such facts and circumstances in each relevant lawsuit, so that the opposing party knows which allegations it needs to answer and the judge knows on what to rule. This is implied in the proper administration of justice. Contrary to what the appellants believe it does not suffice just to request the judge to deem the statements from one lawsuit to be repeated and incorporated in another lawsuit.

5.6.  Ground for appeal V states that in its judgment the Court below has wrongly failed to set forth the facts and circumstances listed in the appellants' brief under 6 following the bold dates. This is an overview of the facts, which the appellants consider relevant,  compiled by them and taking up pages 7 through 25 of the appellants' brief. The ground for appeal is unsuccessful. There is no rule of law that stipulates that the court needs to set forth (all) these facts in its judgment. Where appropriate the following text will discuss these facts and circumstances.

5.7.  The appellants claims must be viewed against the background of (in any case) the facts established by the Court under 1 paragraph a through f, from which the following is extracted:

a. Drs. J. Poot devised the plan to acquire agricultural land near Schiphol in order to set up business parks after the designated use of the land had been changed. At the end of the 80s corporations, such as Chipshol Forward NV (hereinafter "Chipshol Forward) and the aforementioned corporation Landvision, were founded for the development and realization of said plan. Said corporations were controlled by the Poot family. The appellants in the present proceedings, X. II hold shares in Chipshol Forward;

b. In 1991 the corporation NV Landinvest (hereinafter "Landinvest"), which has close ties with the aforementioned corporations, was founded. At the end of 1992 disputes arose between the majority of Landinvest shareholders (the Wyler group) and the Poot family, and thus between Landinvest and Chipshol Forward. This lead to the removal of

Landvision as director of Landinvest, of which the aforementioned Poot Jr. was the director. Notice was given on December 15, 1992, and again, if required, on April 8, 1993;

c. Since the foundation of Chipshol Forward and Landinvest, the accountant of both corporations was B., attached to the accountancy partnership (after some changes) X. Nederland, hereinafter referred to as the partnership. L. (respondent under 2), as well as the aforementioned D. were also attached to this partnership – through their professional corporations. As far as the position of the respondent under 1 is concerned, reference is made, for the sake of brevity, to the statements regarding this in the judgment of the Court under 1 paragraph b.;

d. By fax dated May 14, 1993, the Partnership, which sent a fax with the same content to Landinvest that same day, informed Chipshol Forward of what is quoted in the judgment under 1 paragraph c.;

e. On June 8, 1993 said B. issued an unqualified audit certificate for the 1992 annual financial statements of Chipshol Forward after the Partnership had come to an agreement with Chipshol Forward that they would waive any claims against the Partnership. Subsequently, the Partnership ended its relation with Chipshol Forward,
in the same way that it (some time later, because the work it did for Landinvest could not be finished immediately) stopped providing services to Landinvest.

5.8. The appellants allege that the Partnership and L., as well as the aforementioned D.  op diverse have acted unlawfully in various ways in respect of them – the shareholders of Chipshol Forward – and that as a result of this they have suffered losses due to the drop in share prices, loss on investment and missed profit on investment. They hold the respondents liable for these losses.  For the relevant appellants' allegations reference is made here, for the sake of brevity, to the statements on this subject in the judgment of the Court below under 2.1.1. through 2.3.
The Court has dismissed the claims in question, to which the grounds for appeal XXIII through XXXVI in particular refer.

5.9. In view of the nature of the losses for which the appellants claim damages (a drop the price of their Chipshol Forward shares, losses on investment and missed profits on investment, for more information refer to the relief sought in the notice of appeal), the following must be adopted as a starting point - in the wake of Supreme Court December 2, 1994, NJ 1995, 288.
If a third party causes a corporation to suffer financial losses through the failure to properly perform contractual obligations to the corporation or through wrongful conduct in respect of the corporation, only the corporation itself can bring proceedings against the third party for the recovery of damages on that account. As long as the financial losses of the corporation have not been compensated, they will cause a reduction in the value of the corporation's share. However, in principle the shareholders cannot, by reason of these losses that they have (initially) incurred, bring their own action for damages against said third party. It is the corporation's responsibility to sue the third party for damages. Bearing this in mind, an action for damages like this lawsuit (where the nature of the loss is important and it does not matter that the appellants on appeal no longer – completely – call those losses "derivative losses") can only succeed if the appellants state enough facts, which – if these facts are established – show that the persons they accuse of wrongful conduct, did not only act wrongfully in respect of Chipshol Forward, but have also breached a specific standard of due care in respect of them, the appellants (even apart from their shareholding in Chipshol Forward), as a result of which they suffered the losses for which they are claiming damages.
In view of what has been considered under 5.1 through 5.5. in the judgment of the court below, we can only assume that the court has also taken that view. Grounds for *appeal XXXII through XXXVI* relate to these considerations. They will be dealt with next.

5.10. The conduct referred to in the court's judgment under 2.1.1. paragraph a. through c. concerns acts by the Partnership in respect of Chipshol Forward. The conduct referred to in the court's judgment under 2.1.2 paragraphs a. and b. concerns acts by the Partnership and L. in respect of Chipshol Forward. The conduct referred to in the court's judgment under 2.2. paragraphs a. and b. concerns acts by the Partnership, L. and D. in respect of Landinvest and Landvision.
Insofar as these acts constitute wrongful conduct which caused Chipshol Forward, Landinvest or Landvision, respectively, damage, it is the responsibility of those respective corporations to sue the persons responsible for the damage for damages if necessary – and this in order to protect the interests of all those who have an interest in preserving the capital of the respective corporations.

5.11. In their explanation of ground for appeal XXXII the appellants state that the losses they claim are not, or at least not only "derivative losses", as the court had assumed - under 5.1. - (apparently with reference to what the appellants themselves had stated). As appears from this explanation the appellants' allegations evidently imply that an aforementioned specific standard of due care, which should have been exercised in respect of them, has been breached, because in the power struggle within Chipshol Forward between the shareholders group Van Andel *cs* and the appellants, L. and the Partnership, contrary to their responsibility as accountants for Chipshol Forward, took the side of the former, and have thus (also) prejudiced the appellants' interests.

5.12. The documents do not contain any basis to support the accuracy of that allegation, which the respondents

challenge with good reasons, nor have the appellants sufficiently explained said allegation.
Otherwise, neither has it been shown that the Partnership and/or L. had the intention to injure the appellants with their actions. The Court of Appeals concurs with the grounds of the court in that context under 5.3.3. and 11. Moreover, the appellants did not make it clear either which connection there exists between the alleged "taking sides" and the losses for which they have brought this action for damages against the respondents.
5.13. Apparently the appellants also take the position – also in view of their explanation of *ground for appeal XXXIII* - that therefore the Partnership and L. have also breached a specific standard of due care, which should have been exercised in respect of them, by relieving accountant B. – who was also Chipshol Forward's accountant – of his responsibilities as accountant for Landinvest and replacing him with accountant D. Apparently the appellants here refer to the fact that in January 1993 D. and not B. – who had up to that point been the Partnership's "permanent" accountant for Landinvest – was given the task of investigating the state of affairs at Landinvest. Quite apart from the fact it is firmly established that it was not the Partnership nor L. but Landinvest's Board of Supervisory Directors that had given D. this task and that it has not been proved that it was then that B. was relieved of his responsibilities as Landinvest's accountant, it is hard to see what the alleged "replacement" of B. with D. has to do with the duty of care which the Partnership and L. had in respect of the appellants (even apart from their shareholding in Chipshol Forward). The Court of Appeals concurs with the grounds of the court in that context under 5.3.2.. The facts and circumstances put forward in the explanation of the ground for appeal do not support any other conclusion, while once again the appellants have not made it clear what the connection is between the B.'s alleged "replacement" and the losses for which they have brought this action for damages.
5.14. Moreover, the appellants have not stated any, or at least not enough, facts, which show that the appellants were involved, other than in their capacity as shareholders of Chipshol Forward, in the alleged actions of the Partnership, L. and D., referred to under 5.10. Neither has it been shown that in the context of this conduct the Partnership, L. and D. performed acts in respect of the appellants, which they should have refrained from - even apart from the appellants' shareholding in Chipshol Forward – on the grounds that in society a standard of due care must be observed in respect of the appellants.
5.15. Furthermore, the appellants alleged that Chipshol Forward itself is not (no longer) able to sue the respondents for damages caused by their aforementioned, alleged wrongful conduct, because Chipshol Forward had waived that right after the appellants lost control of said corporation. In its judgment - under 5.4. – the court below held that this plea cannot be upheld. *Grounds for appeal XXXV en XXXVI* relate to these considerations.
5.16. The assertions of the parties lead to the conclusion that Chipshol Forward did sue X. NV for damages in June 1996, but that the management of Chipshol Forward subsequently saw fit to withdraw the summons in question for reasons of their own. The fact that the appellants do not agree with this – which lead them to institute legal proceedings against the management and supervisory directors of Chipshol Forward – does not imply that, contrary to the starting point formulated above under 5.9., their claim for damages set forth in this lawsuit is allowable.
5.17. It follows from the foregoing that *grounds for appeal XXXII* through *XXXVI cannot succeed.*
5.18. In its judgment the court below - under 6 et seq. – has ruled *perhaps unnecessarily* that and why in its opinion the alleged conduct of the respondents was not wrongful, at least that this conduct did not result in the alleged losses. The grounds for appeal put forward against these rulings – in particular *grounds for appeal XXIII through XXXI* – need not be discussed, now the considerations under 5.7. through 5.1 7. already support the dismissal of the appellants' claim for damages – aforementioned under 4. paragraph B – on their own. In view of all this, there is no reason to appoint one or more experts in order to report on the extent of said losses (as demanded as an alternative).
5.19. As far as the present proceedings, Coopers II, are concerned, *ground for appeal I* implies that the summons has wrongly failed to consider the respondents' alleged conduct set forth in the originating summons of May 23, 1997 under 7,8, 10, 11 and 12 paragraphs a through n as being unlawful and negligent. Following on from this *ground for appeal II* argues that the court has wrongly failed to give a declaratory judgment in this matter as was requested.
5.20. These grounds for appeal must be dismissed. The facts and circumstances set forth in said points of the originating summons contain a great number of allegations by the appellants, including reproaches directed at one or more respondents. Quite apart from the fact that the respondents (partially) challenge and/or put a different complexion on this abundance of facts and circumstances , all this does not allow a declaratory judgment as requested by the appellants. Insofar as the claim in question is even compatible with the proper administration of justice (among other things because of the lack of sufficient definition of the legal position or legal relationship regarding which the declaratory judgment is being requested), the appellants have failed to adequately explain the reason why they have a sufficient interest in such a declaratory judgment.
5.21. In view of the above considerations, especially those under 5.13., g*round for appeal VI* need not be discussed

any further and does not succeed. The same applies to *ground for appeal VII,* especially in view of the considerations under 5.12. *Grounds for appeal VIII* and *IX* relate to the grounds the court, perhaps unnecessarily, has taken and need not be discussed – in view of the considerations under 5.18. Finally, g*round for appeal X* has no independent significance.

6. Conclusion

6.1. None of the grounds for appeal succeeds.

6.2. In view of the grounds taken in this ruling, the evidence offered by the appellants on appeal, has not or insufficiently been specified or is nit or insufficiently relevant.

6.3. The judgment of the court below must be upheld.

6.4. An order for costs of the appeal is given against the appellants as they have been ruled against.(etc.)

**Ground for appeal to the Supreme Court:**

I Infringement and/or misapplication of the law, at least noncompliance with procedural requirements, which noncompliance entails nullity, because the Court of Appeals has taken the same grounds as in legal ground 5.5 of its judgment, for the following erroneous reasons, which must be viewed together:

1. On appeal the Plaintiffs complained that the Court has wrongly treated the proceedings referred to by the Court of Appeals as X. I and II separately and erroneously failed to regard the statements made in those proceedings as one complex of interrelated facts.

2.In this case, however, we are dealing with one complex of interrelated facts, whereby – as the Plaintiffs alleged – various people have been injured. Moreover, the Defendants are closely associated with one another and in both fact-finding instances they have been represented by the same attorney of record, so that each of the Defendants knew which allegations it needed to answer, all the more now the Plaintiffs have in one lawsuit  continually referred to the other.

3. In addition the Defendants have in no way stated or made plausible which damage this approach by the Plaintiffs has caused their claims; at least the Court of Appeals has given no insight into what was on the Court's mind when it ruled on this matter.

4. The Court of Appeals has wrongly failed to take into account the facts put forward in one lawsuit when passing its judgment in the other lawsuit, and has erroneously been of the opinion that the court should not have done this.

II Infringement and/or misapplication of the law, at least noncompliance with procedural requirements, which noncompliance entails nullity, because the Court of Appeals has taken the same grounds as in legal ground 5.9 et seq. of its judgment, for the following erroneous reasons, which must be viewed together:

1. In the wake of SUPREME COURT December 2, 1994, <u>NJ 1995 no. 288</u>, the Court of Appeals has taken the grounds that if a third party causes a corporation to suffer financial losses through the failure to properly perform contractual obligations or through wrongful conduct in respect of the corporation, only the corporation itself can bring proceedings against the third party for the recovery of damages on that account.

*2.* Thus the Court of Appeals has denied that in such a case the shareholders do have a direct right to damages, if the corporation is or has made itself unable to sue the liable third party for damages, so that the damage suffered by the Plaintiffs (caused by the decrease in value of the shares or otherwise) has definitively affected their capital and cannot be offset by enforcing the third party to pay compensation to the corporation, all the more if – as the Plaintiffs have alleged – that third party (in this case the Defendants) has exerted unlawful pressure on the corporation in its own interest (for which conduct the third party has faced disciplinary measures), and has thus ensured that the corporation became unable to sue said third party for damages.

3. The above is even more cogent since the Court of Appeals in legal ground 5.10 has wrongly adopted as its starting point that "if necessary" it is the responsibility of the respective corporations to sue the third party for damages in order to protect the interests of all those who have an interest in preserving their respective capital, including the Plaintiffs. This legal ground wrongly denies that in order to promote the interests of their shareholders the corporations are to a large extent obliged to recover the damage from said third party, otherwise it cannot be argued that the existence of this obligation prevents the shareholders by law from recovering the damage from said third party themselves.

4. Consequently must be considered erroneous the Court of Appeals' ground, which – concisely summarized – reads that the action for damages can only succeed if the Plaintiffs put forward sufficient facts, from which follows – should those facts be established – that those accused by them of wrongful conduct, have not only acted wrongfully in respect of the corporation, but have also breached a specific standard of due care they had toward the Plaintiffs (even apart from their shareholding in the corporation). All the more now the losses suffered by the Plaintiffs should not necessarily be viewed as unrelated to the losses suffered as shareholders (within the meaning of legal ground 5.14).

5. The above is emphasized by the fact that a special relationship exists between shareholders, such as the Plaintiffs, and the accountant of the respective corporations, as a result of which said accountant should especially take to heart the interests of those shareholders. Moreover, in this case the accountant was also those shareholders' accountant,

which meant that an extra special duty of care rested with said accountant. After all, the policy pursued by the Defendants as accountants of the respective corporations and of the Plaintiffs, had immediate consequences for the financial position of those shareholders, for which position the accountant was therefore (jointly) responsible. When pursuing his policy the accountant must take into account with the financial interests of said shareholders and – as shown by the allegations put forward by the Plaintiffs in this respect – he has not or insufficiently done so, what the Court of Appeals has thus denied.

6. On the basis of the foregoing legal ground 5.16 is also erroneous and/or inexplicable.

7. On the same grounds the Court of Appeals has wrongly omitted to discuss grounds for appeal VI, VII through X, and XXIII through XXIV, and thus related legal grounds 5.18 and 5.21 are erroneous and/or inexplicable.

III Infringement and/or misapplication of the law, at least noncompliance with procedural requirements, which noncompliance entails nullity, because the Court of Appeals has taken the same grounds as in legal ground 5.11 through 5.15 of its judgment, for the following erroneous reasons, which must be viewed together:

1. The Court of Appeals has only verified the unlawfulness of a number of the actions which the Plaintiffs allege were carried out by the respondents.

2. However, the Court of Appeals should have weighed all alleged actions of the respondents in relationship to each other and set them alongside the question of whether the Plaintiffs were treated unlawfully, in their capacity as shareholders or otherwise (Supreme Court May 2, 1997, NJ 1997 no. 662) and investigated, insofar as these actions had been challenged, whether the Plaintiffs' allegations on that matter were true.

IV Infringement and/or misapplication of the law, at least noncompliance with procedural requirements, which noncompliance entails nullity, because the Court of Appeals has taken the same grounds as in legal ground 5.19 and 5.20 of its judgment, for the following erroneous reasons, which must be viewed together:

1. Legal ground 5.20 only contains arguments for the dismissal of the ground for appeal II, so that no insight is given on which grounds ground for appeal I is being dismissed, which means that the Court of Appeals' ruling in this matter is insufficiently supported by reasons.

2. The arguments put forward by the Court of Appeals for the dismissal of ground for appeal II, namely – briefly summarized – the abundance of alleged facts and circumstances, the lack of definition and lack of sufficient importance, do not provide a basis by law for the dismissal of the request for declaratory judgment, at least not for the judgment that the respondents' actions put forward were not unlawful, all the more now the Plaintiffs' case papers contain an adequate breakdown of the facts and circumstances on the one hand and on the other hand the norms which they have breached together with the Plaintiff's damaged interest.

V Infringement and/or misapplication of the law, at least noncompliance with procedural requirements, which noncompliance entails nullity, because the Court of Appeals has taken the same grounds as in legal ground 6.2 of its judgment, for the following erroneous reasons, which must be viewed together:

1. In this ground the Court of Appeals rules that in view of the grounds taken in the judgment the tender of evidence has not or insufficiently been specified is or is not or insufficiently relevant.

2. However, if one or more of the grounds for appeal in cassation should be upheld, this ground cannot be maintained, now that this ground is (also) based on the Court of Appeals' opinions, which these grounds for appeal contest.

**Supreme Court:**

*1. Proceedings in the Fact-Finding Instances*

On May 23, 1997 appellants in cassation -hereinafter: Chipshol Holding, Pentalaria and Unihome – have served a summons for accelerated proceedings on respondents in cassation - hereinafter: X. NV and L. – to appear before the Court of Amsterdam (case no. H 97.1775) and requested relief as follows – stated succinctly -:

I. A declaratory judgment that all actions of X. NV and L. set forth in the originating summons under 7,8, 10, 11 and 12 paragraphs a through n are wrongful in respect of  Chipshol Holding, Pentalaria and Unihome;

ll. Judgment to be entered against X. NV and L., jointly and severally, for a total amount of NLG 224,993,020 plus interest, payable as a result of a drop in prices, losses on investment and missed profit on investment.

X. NV and L. have contested the claim.

In its judgment of July 15, 1998 the Court has dismissed the claim.

Chipshol Holding, Pentalaria and Unihome have appealed against this judgment to the Court of Appeals in Amsterdam.

In its judgment of June 10, 1999 the Court of Appeals has upheld the judgment of the court below.

(…)

*2. Appellate Proceedings*

(...)

In a letter dated April 13, 2001 the attorney for Chipshol Holding, Pentalaria and Unihome has reacted to the conclusion.

*3. Assessment of the Grounds for Appeal*

3.1. The Supreme Court can take as its starting point the facts stated by the Court in ground 1 of its judgment.
In short, these facts amount to the following.

(i) Drs. J. Poot devised the plan to acquire agricultural land near Schiphol in order to set up business parks after the designated use of the land had been changed. At the end of the 80s corporations, such as Chipshol Forward NV and Landvision, were founded for the development and realization of said plan. Said corporations were controlled by the Poot family. The appellants in the present proceedings hold shares in Chipshol Forward. Chipshol et al. is shareholder in Chipshol Forward. In 1991 NV Landinvest (hereinafter "Landinvest") was founded. The sole director of Landinvest was Landvision, of which Poot Jr. was the director.

(ii) In the middle of 1992 a disagreement arose between a number of Landinvest's shareholders, referred to as the Wyler group, on the one hand, and the Poot family on the other hand, what lead to the removal, by order of the general meeting of Landinvest's shareholders of December 15, 1992, of Landvision as director of Landinvest.

(iii) Since the founding of Chipshol Forward and Landinvest the accountant of both corporations had been B., attached to the accountancy partnership (eventually) X. (Nederland), hereinafter referred to as the partnership.
L. and D. were also attached to this partnership – through their professional corporations. In 1996, the members of the Partnership brought in the rights and duties held by virtue of their position as member in Holding X Nederland NV, except for debts due to professional liability which "had not accrued to the contributors" at the time of incorporation. Holding X. Nederland NV then also established X. in 1996 and transferred its assets and liabilities into X.

(iv) On May 14, 1993 the partnership sent both Landinvest and Chipshol Forward a fax to the effect that the accountant would return his instruction if the disagreement between Landinvest and Chipshol Forward was not settled before June 30, 1993.

(v) On June 8, 1993 B. issued an unqualified audit certificate for the 1992 annual financial statements of Chipshol Forward, after the Partnership had come to an agreement with Chipshol Forward that they would waive any claims against the Partnership. Subsequently, the Partnership ended its relation with Chipshol Forward,
in the same way that it (some time later, because the work it did for Landinvest could not be finished immediately) stopped providing services to Landinvest.

(vi) In its decision of December 7, 1994 the Raad van Tucht voor Registeraccountants en Accountant-Administratieconsulenten (Disciplinary Board for Certified Public Accountants and Accounting Consultants) in Amsterdam (hereinafter "The Disciplinary Board") has taken the grounds and decided that L. has made the statements contained in the fax dated May 14, 1993 in an untimely manner. In doing so the Disciplinary Board took the grounds that the untimely statements are negligent in respect of Chipshol Forward and imputable on disciplinary grounds. Moreover, by informing not only Chipshol Forward but also Landinvest through the fax dated May 14, 1993 of the partnership's opinion that the disagreement between both corporations caused too much uncertainty to issue an unqualified audit certificate for its 1992 annual statements, L. failed to observe confidentiality. On appeal the College van Beroep voor het Bedrijfsleven (Trade and Industry Appeals Tribunal) has added to this that by making the issuance of an unqualified audit certificate dependent on measures to be taken by the clients, L. has used an illegal means of exerting pressure in order to induce Chipshol Forward to waive any claims against the partnership.

3.2. As the Court of Appeals has considered in legal ground 5.8 of its judgment, Chipshol et al.'s allegations mean that the partnership, L. and D. have in various ways (as set forth in the Court's judgment under 2.1.1 and 2.1.2 through 2.3) acted wrongfully in respect of them – the Chipshol Forward shareholders – and that as a result of this they have suffered losses due to a drop in the share prices, missed profit on investment and losses on investment, for which losses they hold X. et al. liable. The Court has dismissed Chipshol et al.'s claims. The Court of Appeals has upheld the Court's judgment.

3.3. Defense I challenges ground. 5.5 of the contested judgment. In this ground the Court of Appeals dismisses the grounds for appeal that put forward that the Court wrongly treated the present proceedings and the proceedings of Poot Jr. et al. vs. X. et al. separately, and erroneously failed to regard the statements made in these proceedings as one complex of interrelated facts. The Court of Appeals has thereby taken the grounds that it does not suffice just to request the judge to deem the statements from one lawsuit to be repeated and incorporated in another lawsuit. This judgment correct, so that the defense, which is based on a different interpretation of the law, miscarries.

3.4.1. Defense II challenges grounds 5.9 through 5.17 of the contested judgment, in which the Court of Appeals discusses the question whether sufficient facts have been put forward to prove that those who have been accused of wrongful conduct, have not only acted wrongfully in respect of Chipshol, "but have also breached a specific standard of due care in respect of them, the appellants (even apart from their shareholding in Chipshol Forward), as a result of which they suffered the losses for which they are claiming damages". The Court of Appeals has answered this question negatively. Parts 2 through 6 – part 1 only contains an introduction – contest this judgment by the Court of Appeals, while part 7 deals with the conclusions attached to this judgment in grounds 5.18 and 5.21 by the Court of Appeals.

3.4.2. When assessing the defense the starting point must be that if a third party causes a corporation or close corporation to suffer financial losses through an (attributable) failure to perform a contractual obligation to the corporation or through wrongful conduct in respect of the corporation, only the corporation can bring proceedings for the recovery of damages on that account. In principle one or more shareholders of said corporation are not entitled to bring an action for damages resulting from a decrease in the value of their shares or missed price gains due to the aforementioned failure or wrongful conduct of a third party in respect of the corporation. An exception to this rule is

acceptable if the conduct was specifically negligent in respect of the shareholder (Supreme Court December 2, 1994, nr. 15 51 1, <u>NJ 1995, 288</u>).

3.4.3 The Court has used this as a starting point in its argument 5.9. It has then judged that there is no evidence of a behavior that is specifically negligent towards Chipshol & co.

3.4.4. Grounds for appeal 2 and 3 aim to demonstrate that, contrary to the starting point mentioned in 3.4.2. above, shareholders are entitled to damages if the corporation is not able or has made itself unable to claim damages from the liable third party, and that consequently the shareholders have suffered permanent loss.

The grounds fail because the view on which they are based cannot be accepted. The sole circumstance that the corporation is not suing the third party for the damages it has suffered, does after all not entail that the actions of the third party must be deemed unlawful vis-à-vis the corporation's shareholders.

3.4.5. Based on the above considerations, ground for appeal 4 also fails as far as it builds on grounds for appeal 2 and 3. Insofar as the ground contains the claim that the Court has used an incorrect standard, this claim is unfounded. Indeed, the Court has explicitly accepted the starting point mentioned above in 3.4.2, consequently it cannot be assumed that with its phrase "also separate from their stockholding in Chipshol Forward" the Court meant to deviate from it. The meaning of this phrase clearly is that there must be a violation of a specific standard of due care vis-à-vis the shareholder(s) and that the sole fact that the shareholder has been prejudiced due to the damage done to the corporation is insufficient to assume that.

3.4.6 Ground for appeal 5 manifestly aims to demonstrate that the accountant has violated an "extra special standard of due care" vis-à-vis the shareholders. This ground cannot lead to cassation, because it does not meet the requirements set forth in article 407, paragraph 2 CCP. Indeed, the ground does not explain against what the claim is made, nor does it indicate which actual behavior of the partnership and L. violated the alleged standard of due care.

3.4.7. Grounds for appeal 6 and 7 build on the preceding grounds, and must share their fate.

3.5.1. Ground for appeal III is aimed against ground 5.11 through 5.15 of the contested judgment. In summary, the Court found as follows in said judgment:

(a) With regard to the allegation that L. and the partnership violated their responsibilities as accountant of Chipshol Forward and sided with one of the groups of shareholders, no basis can be found in the exhibits, and this allegation has also not been sufficiently clarified.

(b) There is also no evidence that the partnership and L. had the intent to harm Chipshol & co. otherwise with their actions.

(c) Furthermore, it has not been made clear which connection there might be between the stated "choosing sides" and the loss for which compensation is claimed in these legal proceedings.

(d) It also is impossible to see what the said "replacement" of accountant B. (and the partnership together with him) by accountant D. would have to do with a standard of due care that the partnership and L. have to observe.

(e) From the facts stated by Chipshol & co., it cannot ensue that B. (and the partnership together with him) has found himself in a special position vis-à-vis the shareholders.

(f) Here too, it has not been made clear which connection exists between the stated "replacement" of B. and the loss for which compensation is claimed in these legal proceedings.

(g) Apart from that, Chipshol & co. also have stated insufficient facts from which it follows that they were involved in the acts objected to in any other manner than in their capacity of shareholders of Chipshol Forward. It has also not been proven that in the framework of this behavior the partnership, L. and D. have committed acts from which they should have refrained in light of the standard of due care vis-à-vis Chipshol & co. in social and economic life.

3.5.2. The ground for appeal complains that the Court has verified only a number of the imputed actions for unlawfulness instead of verifying all imputed actions for correctness and validity. The ground for appeal cannot lead to cassation, for this reason alone that the statements of reasons mentioned above in 3.5.1. (c) and (f) on which the judgment of the Court was based and which in and of themselves are sufficient, have not been contested in cassation. From the contested considerations of the Court, it furthermore is evident that the Court has involved all of Chipshol & co.'s arguments in its decision and has found them insufficient; hence the ground also fails in this aspect. The Court's decision is not inexplicable and, as it is interwoven with factual appreciations, not be reviewed for correctness in cassation.

3.6. Ground for appeal IV contests ground 5.19 and 5.20 of the judgment of the Court. The ground for appeal cannot lead to cassation, since it does not indicate why the contested judgment of the Court - which comes down to the fact that Chipshol & co. did not have a sufficient interest in the requested declaratory judgment – is inexplicable and insufficiently substantiated. Consequently, it does not meet the requirements of article 407, paragraph 2 CCP.

3.7. Ground for appeal V does not come up for discussion, since the condition mentioned in part 2 of this ground that one of the other grounds must succeed, has not been met.

*4. Decision*

The Supreme Court

Rejects the appeal;

Orders Chipshol & co. to pay the costs of the proceedings in cassation, on the side of X & co. estimated up to this judgment at NLG 9507.20 for disbursements and NLG 3000 for salaries.

[Opinion] **Conclusion** A-G Mr. Hartkamp:
*Facts and course of the proceedings*
1) Introductory remark with regard to cases *C99/300HR, C99/301HR and C99/302HR, hereinafter named C.I, II and III*
Case X.1 concerns in particular the question whether the content of the reporting by an accountant from the then company X. (the Netherlands) with regard to a close corporation was incorrect, and whether the accountant has acted negligently and caused damage because of the way he reported (a sum of more than NLG 400 million is demanded). In case X.II, the question is whether, in determining their actions, X. and her then Chairman of the board gave sufficient consideration to the interests of the shareholders of a close company, named Chipshol Forward BV and, in the negative, whether the shareholders themselves can sue for unlawful acts in this matter. In particular, it concerns the fact that the accountants returned an instruction and that they only wanted to approve the annual financial statements on condition that Chipshol Forward would waive its right to hold them liable. Case X. II only has meaning here in that, in case the debt would not have been transferred to the corporation established in 1996, all members of the original company are held liable.
The three legal proceedings were filed independently, and the cases were not joined later; the parties in the three cases are not (entirely) the same. In the actual instances, the cases have consequently been heard separately. In cassation, the actual basis of the three cases is partly the same, partly different, and the same is true for the grounds presented. For easy reference, I will deal with the cases in separate conclusions, which will contain mutual references.
2) The following facts are important in case X.II. J. Poot, MA, the father of Pieter Jan Poot NOTE 1 ("Poot Jr.") came up with the plan to buy farm land near Schiphol and to set up business parks there. At the end of the eighties, corporations were established in order to develop and execute this plan, including Chipshol Forward NV ("Chipshol Forward") and BV Landvision ("Landvision"), controlled by the Poot family. Poot Jr. was the director of Landvision. The cassation appellants hold shares in Chipshol Forward. In 1991, NV Landinvest ("Landinvest"), a corporation closely interwoven with Chipshol Forward and Landvision, was established. End 1992, disputes arose between the majority of the Landinvest shareholders, the Wyler group, and the Poot family, and thereby also between Landinvest and Chipshol Forward. These disputes resulted in the dismissal of Landvision as director of Landinvest. The notice was given on December 6, 1992 and again, insofar as required, on April 8, 1993. J.J. Bakker, MA, a member of accountant partnership (after a few changes) X ("Partnership") was the accountant of Chipshol Forward and Landinvest since their incorporation. L, cassation defendant mentioned in 2 NOTE 2 and president of the Partnership, and B, were connected to the Partnership through their professional corporations. In 1996, the members of the Partnership brought in the rights and duties held by virtue of their position as member in corporation, named Holding X NV, established by them at that time, except for debts due to professional liability which "had not accrued to the contributors" at the time of incorporation. Holding X. NV then also established X. NV in 1996 and transferred its assets and liabilities into X.NV, currently defendant on cassation.
On May 14, 1993, the Partnership sent a fax both to Landinvest and to Chipshol Forward, stating that the accountant would return his instruction if the difference of opinion between Landinvest and Chipshol Forward was not resolved before June 30, 1993 (exhibit 1 with the initiatory summons).
On June 8, 1993, Bakker did issue an unqualified opinion (after all) for Chipshol Forward's financial statements for 1992, after the Partnership had required that Chipshol Forward would waive any claims (exhibit 4, annex 8 under 19 with the initiatory summons). The Partnership subsequently ended its relationship with Chipshol Forward, and also stopped providing its services to Landinvest (a little later, because the activities for Landinvest could not be completed immediately). Following complaints from Chipshol Forward and Landvision against L. and B., the Disciplinary Board for CPAs and Accounting Consultants of Amsterdam ("Disciplinary Board") considered and found in its decision of December 7, 1994 that the notices given by L. in his fax of May 14, 1993 were untimely. In summary, the Disciplinary Board held that the "untimely notices (are) careless vis-à-vis Chipshol Forward and subject to disciplinary measures" (exhibit 90 with brief). Because L. did not only notify Chipshol Forward and Landinvest in his fax of May 14, 1993 of X's opinion that the disputes between Chipshol Forward and Landinvest resulted in too much insecurity to issue an unqualified opinion of its financial statements for 1992, he has violated his obligation of secrecy, which is subject to disciplinary measures.
On appeal, the Appeals Committee for Trade and Industry added that by making the issue of an unqualified opinion subject to actions to be taken by clients, L. has employed an unauthorized lever to move Chipshol Forward to abandon any liability by X based on the letter sent by B. on April 5, 1993 (exhibit 8 with the initiatory summons).

3) The cassation appellants have subpoenaed cassation defendants before the District Court of Amsterdam by summons of May 23, 1997. They demanded that de court rule that the actions by X. NV and L. mentioned in the summons are unlawful toward them. They furthermore demanded the Court to sentence X. NV and L. to payment of damages resulting from a drop in the exchange rates, exchange rate loss and missed exchange rate gains, for a total amount of NLG 224,993,020. They allege that they suffered this loss as a consequence of the unlawful actions of X. NV and L., because they resulted in such negative publicity for Chipshol Forward that the banks, investors, companies and the government turned their back on Chipshol Forward. This has greatly damaged Chipshol forward and consequently to a decrease in the value of the Chipshol Forward shares.

As shareholders, the appellants have suffered significant losses, including through exchange losses on the shares that they subsequently sold.

4) In its order of July 15, 1998, the court has denied these claims. The Court considered that the damages claimed by the claimants concern missed profit on investment on the Chipshol Forward shares they sold and loss on investment on the shares they kept. Since this loss is incidental toe damage which according to the claimants was inflicted by the Partnership and L. to Chipshol Forward, only Chipshol Forward is in principle entitled to request compensation for the damage it has suffered. The Court furthermore considered that Bakker, and with him the Partnership, have not violated any standard of due care that they were to observe vis-à-vis the claimants.

5) Chipshol Holding, Pentalaria and Unihome filed an appeal against the Court's order with the Court of Amsterdam (docket nr. 97/1775), and in the same summons filed an appeal against the Court's orders of July 15, 1998 in the cases with docket numbers 97/1776 and 98/0239. On appeal, the latter cases have docket numbers 1183/98 and 1103/98 respectively, and in cassation they have docket numbers C99/300HR and C99/302HR; the parties and the Court designates these cases by X.I and X.III. Chipshol Holding, Pentalaria and Unihome have filed ten general (I-X) and fourteen specific (XXIII-XXXVI) grounds for appeal.

Grounds III and IV contend that the Court handled procedures X.I and II separately, and that they did not view the allegations in these procedures as one set of interrelated facts.

Grounds XXXII-XXXVI are directed against the opinion of the Court according to which the appellants on cassation are not entitled to the damages they claim, because this is a secondary loss and no specific standard of due care was violated toward them.

6) The Court of appeals has rejected the grounds for appeal put forward by Chipshol Holding, Pentalaria and Unihome and upheld the sentence in first instance.

With regard to the Court's considerations concerning the grounds for appeal against the separate handling of procedures X.I and X.II in first instance, I refer to my findings in case X.I (C99/300), item 6a.

The grounds for appeal regarding the question whether Chipshol, Pentalaria and Unihome have a claim against X.NV and L. for compensation of damages were rejected by the Court for the following reasons:

"5.9. In light of the nature of the loss for which the appellants with to be compensated (drop in the price of Chipshol Forward shares, loss on investment and missed profit on investment, (...) the following must be taken as a starting point, in the wake of HT December 2, 1994, NJ 1995, 288. (...)

With this starting point in mind, a claim for compensation of damages as in this case (where the nature of the loss matters, and the fact that the appellants no longer call these damages - entirely – "incidental loss" on appeal is irrelevant) can only succeed if the appellants put forth sufficient facts from which - if these facts have been established - it ensues that those accused by them of unlawful acts, not only acted unlawfully vis-à-vis Chipshol Forward but also violated a specific standard of due care toward the appellants (apart from their shareholding in Chipshol Forward) which resulted in the damages for which they demand compensation..."

In ground 5.10-5.16, the Court is of the opinion that X.NV and L. did not violate a standard of due care which specifically applied to Chipshol, Pentalaria and Unihome.

7) Chipshol, Pentalaria and Unihome brought an appeal in cassation. They brought forward five grounds, consisting of several parts, for an appeal in cassation. The presented grounds partially correspond to the grounds presented in cases X.I and X.III, which will be indicated during the discussion of the separate grounds.

X.NV and L. have filed a statement of defense. The parties have further explained their points of view their point of view, and the respondents in cassation have replied by rejoinder.

*Discussion of the ground for appeal in cassation*

8) *Ground I* consists of four parts and is aimed at ground 5.5. of the judgment of the Court of appeal NOTE 3. With regard to the content of the complaint, I refer to my findings in case X.I (C99/300) under 8. The argument fails on the same grounds as in that case.

9) *Ground II* consists of seven parts and is aimed at ground 5.9. ff. of the judgment of the Court of appeal NOTE 4. Part 1 is introductory. *Part 2* complains that the Court of appeals wrongly, in the wake of HR December 2, 1994, NJ 1995, 288 with note by the author (Poot/ABP) considered that the appellants in cassation are not entitled to damages from X.NV and L.

According to the complaint, the Court therefore has ignored that the shareholders can in such case indeed claim damages if the corporation is not able or has made itself unable to claim the damages from the third party, and that consequently the loss is permanently borne by their assets and can no longer be removed; this is reinforced because in this case the third party has, in its own interest, put unlawful pressure on the corporation, thereby achieving that the corporation was no longer able to claim damages from the third party.

*Part 3* alleges that the Court of appeals ignored in ground 5.10 that the corporation's obligation to recover the damage from third parties in order to promote the interests of the shareholders, must be present to a great extent to prevent the possibility that the shareholders themselves recover the damages from the third party. Therefore, part 4 deems it improper that the Court considered that the claim for damages only can succeed if there were not only unlawful acts vis-à-vis the corporation, but there was also a violation of a specific standard of due care vis-à-vis the appellants. To reinforce this, part 5 alleges that the corporation's accountant in this case was also the accountant of the shareholders, and that consequently his standard of due care was even more exceptional.

*Parts 6 and 7* are directed against grounds 5.16, 5.18 and 5.21 of the Court of appeals, with reference to the complaints of parts 2 through 5.

10) The following is the starting point in the discussion of the ground. If a third party acts unlawfully or is in default vis-à-vis a corporation, and the resulting loss leads to a decrease in value of the corporation's shares, the shareholders themselves can in principle not demand compensation for the damages thus suffered (HR December 2, 1994, NJ 1995, 288 with note by the author (Poot/ABP)) NOTE 5. The corporation itself can claim these damages. If in addition one or more shareholders had the right to claim their damages, this would have a negative impact on the maintenance of the company assets, which is incompatible with the protection of the interests of others who have an interest in maintaining the assets of the corporation NOTE 6. An exception to this principle can be made if there were unlawful actions against one or more shareholders specifically, and if the incidental loss has become permanent. These conditions are cumulative; violation of a standard of due care applicable specifically to (one of the) shareholders does not entail that these shareholders can claim damages for incidental loss (HR November 29, 1996, NJ 1997, 178 (Cri Cri) NOTE 7. Besides, it cannot be assumed in my opinion that the right to damages always exists if the damages have become permanent. NOTE 8 Furthermore, a shareholder can file a claim for direct damages resulting from the violation of a standard of due care applicable specifically to him. In this case there was no claim for compensation of direct damages.

Under current Dutch law, it is impossible that a shareholder files a claim on behalf the corporation for damages suffered by the corporation. That option does exist in Belgium, France, England and the United States. NOTE 9 In HR December 2, 1994, NJ 1995, 288, with note by the author (Poot/APB) the court considered that Dutch corporate law offers sufficient avenues to force the management of a corporation to file a claim against someone who has inflicted damage to the assets of the corporation. Whether these avenues are indeed sufficient is called into question by several authors. NOTE 10 For this reason, Timmerman is of the opinion that the possibility for a shareholder to file a claim for damages on behalf of the corporation should also exist in the Netherlands. NOTE 11 This requires a legal provision. Since the appellants on cassation did not file a claim for damages, no reference point was offered in this case to make a link to the possibilities available abroad and to Timmerman's proposal.

11) Ground 2, which clearly assumes that permanent damage was suffered in this case, and that this is sufficient for one of the shareholders to file a claim for damages, does in my opinion not succeed. First of all, there is after all the requirement that there was specific negligent action toward the shareholders. Secondly, the following applies:
The Court of appeals has considered that, if there was any unlawful action by third parties vis-à-vis Chipshol, Landinvest or Landvision, it is up to these corporations, in order to protect the interests of all who have an interest in maintaining the assets of the corporation, to sue those who caused the damages for compensation. Departures cannot be justified according to ground 5.16 of the Court of appeals because of the circumstance that Chipshol Forward has sued X.NV for damages in 1996, but the management of Chipshol Forward subsequently saw fit to withdraw said claim. Through its considerations, the Court has not failed to appreciate that shareholders may have a claim for damages against a third party if the corporation is not able to claim the damages from a third party. The choice made by Chipshol Forward to withdraw the claim does not imply it's inability to claim damages. Even if, with ground 2, the assumption was made that Chipshol Forward was not able to file the claim against X.NV, because X.NV exerted unlawful pressure on Chipshol Forward and has thus achieved that the corporation was not able to claim the damage from the third party, it is incumbent upon Chipshol Forward to take action against that.

Should this system be broken by granting a right to damages to the shareholders, it entails the general objections against allowing a claim to the shareholder for compensation of incidental damages, namely: 1) the impossibility to verify the stream of procedures by individual shareholders, 2) disturbing the rank between the shareholders and the corporation's creditors, 3) inequality among shareholders with regard to compensation, 4) the possibility that double compensation is to be paid for basically the same damage and 5) interfering with the authority of the corporation's board to use the corporate assets at its discretion NOTE 12. In my opinion, the Court's decision on ground 5.16 consequently does not attest to an incorrect interpretation of the law. In my opinion, the decision is in line with the restrained approach of the Supreme Court, which is evident from, for example, the Poot/APB and the S/.Sobi decision (NJ 2000, 669).
Therefore, *parts 2 and 3* of the ground fail in my opinion.

*Part 4* also fails in my opinion. As explained above, a shareholder has a claim for incidental damages only if a standard of due care applicable specifically toward him has been violated. The ground may aim to allege that the Court of appeals used an improper criterion by talking about the violation of a standard applicable specifically toward the appellants "even outside their shareholding in Chipshol Forward" (see ground 5.9 and 5.14). In my opinion, that complaint would ignore that the Court does not have the intention to deviate from the Supreme Court's doctrine in the Poot/ABP decision. NOTE 13, which after all is put forth in ground 5.9 and against which this case is reviewed in the following argument. The Court in my opinion thus wants to make a distinction between an unlawful act against the corporation only (of which the shareholders as such experience the consequences) and an unlawful act committed specifically against the shareholders personally (in other words: an unlawful act consisting of the violation of a standard of due care applicable specifically against the shareholders personally). The Court does not aim to limit the possibility of a claim for damages, filed by the shareholders themselves, to cases in which the unlawfulness has no relationship whatsoever to the capacity of shareholder (in other words: cases in which this quality can be "thought away").

The argument of *part 5* is that, in light of the special relationship that existed in this case between the accountant and the shareholders, the accountant had a special duty of care toward the shareholders. Since the accountant did not take into account the financial position of the shareholders when he set out his policy, he has violated this special duty of care. According to the cassation appellants, the Court of appeals has ignored this. In my opinion, this complaint does not comply with article 407, paragraph 2 CCP, because it obviously assumes that the Court has overlooked one or more essential arguments made by the appellants on cassation, but it does not indicate where these arguments can be found in the pleadings and other documents. It is also not clear against which consideration(s) of the Court the complaint is made exactly.

*Parts 6 and 7* built on parts 2-5, and hence share the same fate.

12) *Ground III* consists of two parts and is aimed against ground 5.11-5.15 of the Court of appeals. It complains that the Court of appeals has verified only part of the actions imputed to the defendants by the appellants for unlawfulness, while the Court should have verified whether they all, in their interrelationship were unlawful toward the appellants, in their capacity of shareholders or otherwise. Furthermore, the Court should have examined the correctness of the appellants' arguments, to the extent that they were disputed.

The ground for appeal fails, because it is not evident from the judgment from the Court of appeals that the Court ignored the actual arguments put forth by Chipshol and co. See ground 5.6 of the Court's judgment. Insofar as the argument complains that the Court has ignored essential arguments, it should have indicated where these arguments can be found in the pleadings and other documents.

If the argument were to mean that the Court did not consider the imputed actions in their interrelationship because it distinguished the actions in ground 5.10 into actions toward Chipshol Forward and Landinvest and Landvision respectively, it ignores that this distinction was not made to break the connection between the actions, but to indicate against which corporation(s) these actions were aimed and were possibly unlawful.

The complaint that the Court should have examined the correctness of appellants' disputed arguments fails, since the Court has indicated in ground 5.12 that no reference point can be found in the pleadings and other documents regarding the correctness of said arguments, and that these arguments were not sufficiently and concretely outlined.

In this state of affairs, the Court needed not further investigate the correctness of the arguments.

13) *Ground IV* consists of two parts and is aimed against grounds 5.19 and 5.20 of the judgment of the Court of appeals. NOTE 14 For the discussion of the complaints contained herein, I refer to my conclusion in case X.I (C99/300) under 11.

14) *Ground V* consists of two parts and is aimed against ground 6.2 of the judgment of the Court of appeals. This argument does not need to be considered, since the condition stated in part 2 (upholding of one of the previous grounds for appeal in cassation) is not met.

*Conclusion*

The conclusion rejects the appeal.

**From the conclusion in case C99/300HR:**

6) a. By judgment of June 10, 1999, the Court of appeals has upheld the sentence of the court of first instance. It rejected the grounds for appeal put forth by Landvision and Poot Jr. With regard to the grounds aimed against the Court's separate handling of procedures X.I and X.II, the Court of appeals considered as follows:

"5.5. (...) These grounds for appeal must be disallowed. Proceedings X. I and II were instituted as separate lawsuits, the litigating parties in said proceedings are not identical, and that which is claimed also differs. All this obviously does not alter the fact that certain facts and circumstances in both proceedings could turn out to be of importance. However, it is the appellants' responsibility to allege such facts and circumstances in each relevant lawsuit, so that the opposing party knows which allegations it needs to answer and the judge knows on what to rule. This is implied in the proper administration of justice. Contrary to what the appellants believe, it does not suffice just to request the judge to deem the statements from one lawsuit to be repeated and incorporated in another lawsuit."

(...)

8) *Ground I* consists of four parts and is aimed against ground 5.5 of the Court of appeals. NOTE 4* It complains that the Court of Appeals judged that the Court of first instance rightfully treated proceedings X.I and X.II separately and that it rightfully did not consider the content of these proceedings as one complex of interrelated facts (*part 1*). Wrongfully so, according to *part 2*, because what is stated in cases X.I and X.II is a complex of interrelated facts, which have prejudiced several persons, and because the defending parties are closely affiliated and are represented in both factual instances by the same attorney. Each of the defending parties consequently knew where to aim its defense, even more so because the claimants in one proceeding always referred to the other proceeding. *Part 3* alleges that the defendants did not state or demonstrate what the result would be from the defendants' approach, and that the Court did not provide any insight in the matter. Based on this, *part 4* complaints that the Court of Appeals wrongfully did not involve the facts alleged in one proceeding to form an opinion in the other proceeding, and that the Court wrongly was of the opinion that the Court did not need to do so.

The argument fails in his opinion, because the decision of the Court of Appeals is correct. The fact that a party in a proceeding refers in general terms to another case does not imply that the facts and circumstances in the other case (also) form the basis for the claim or the defense in the first case. If a party wishes that the judge take into account facts and circumstances, she must clearly indicate which facts and circumstances she alludes to. In HR January 8, 1999, NJ 1999, 342 ground 3.3.4, this idea is worded a follows:

> "The subpart (...) is based (...) on the view that producing pleadings and other documents from another proceeding, stating that the contents thereof should be deemed "repeated and incorporated here" is sufficient to deem the arguments and circumstances found in those documents as being alleged in the case in which the production and that statement occurred, and that as such forms the basis for the request or defense made in that case. This view is incorrect. The party who wants to invoke such arguments and facts, must do it in such a manner that it is obvious to the judge what is presented to him as basis for the request or defense, and that the opposing party knows which allegations it needs to answer."

In this case, Landvision and Poot Jr. referred in the statement of claim under 3 to case X.II, in which they requested the Court to "deem the summons and exhibits of X.II to be repeated and incorporated in X.I". In the reply brief under 2 NOTE 5*, they alleged that cases XI and II are interwoven, because the unlawful acts reproached in the case X.II and X.NV, stem from the unlawful acts blamed on X.NV in case X.I.

Thus Landvision and Poot Jr. did not clearly indicate which facts and circumstances from case X.II they presented as a basis for the assessment of their case. The opinion of the Court that Landvision and Poot Jr. did not allege these facts and circumstances in this lawsuit is consequently not an incorrect interpretation of the law and is not obscure. (...)

10) *Ground IV* consists of two parts and is aimed against grounds 5.17 and 5.18 of the Court of Appeals. NOTE 8* *Part 1* complains that the Court of Appeals did not give sufficient reasons for rejecting ground for appeal I and *part 2* complains that the arguments used by the Court of Appeals to reject ground for appeals II form no basis to reject the request for a declaratory judgment.

In ground for appeal II, insofar as relevant in this case, it was alleged that, contrary to the ruling of the judge, Landvision and Poot Jr. have an interest in a declaratory judgment that X. NV acted unlawfully, because this would establish that "in the conflict between the appellants/claimants and defendants, [translator's note: word missing here, probably "the defendants"] were wrong." The Court has rejected this ground. The Court stated that, insofar as said claim complies with the fundamental principles of due process, the appellants did not sufficiently explain why they have an interest in such declaratory judgment.

Whatever the manner in which the Court substantiated its opinion, Landvision and Poot Jr. have no interest in the complaints against ground 5.18, because it already has been concluded above that the opinion of the Court of Appeals that B did not violate any standard of due care vis-à-vis Landvision and Poot Jr. is upheld on cassation. Consequently the request for a declaratory judgment is out of the question. (...)

**Note:**
This decision too builds on the basic principle of the Poot/ABP doctrine as worded by the Supreme Court in its decision of December 2, 1994 NJ 1995, 288. According to said doctrine, the shareholder has no claim for

compensation of damages suffered by the corporation and for the purely incidental loss suffered by him as a result thereof. An exception to this rule, according to the description of the doctrine in ground 3.4.2 of this judgment, *can* be made if there is an act which is specifically negligent toward the shareholder.

In the Poot/ABP case, such an act which in this case would have resulted in the concern's bankruptcy and consequently to shares without any value, was not proven.

It its ruling of November 29, 1996 (Cri Cri) NI 1997, 178, it is apparent that the Supreme Court feels strongly about the basic rule that only the corporation can claim compensation for incidental loss. See also the Supreme Court's rulings of July 14, 2000, RvdW 2000, 176 C, and October 13, 2000, NJ 200, 699. Violation of specific standard of due care vis-à-vis the shareholder seems not to be sufficient as such to justify an exception to this rule, in this sense that the shareholder can always claim compensation for incidental losses. See also Van Schilfgaarde, *Van de BV en NV* (*About the close corporation and the corporation*), no. 9. There must be additional special circumstances to justify an exemption to the basic rule.

Does the circumstance that the incidental loss is (has become) a permanent loss, always justify an exemption to the basic rule? This question was also raised by the ruling of the Supreme Court of May 2, 1997 (Kip and Sloetjes/Rabo). NJ 1997, 62, in which the Supreme Court discusses among other things the circumstance that the damages incurred through the loss in value (of the shares) has permanently fallen on the estate of the shareholders and can no longer be remedied through a possible compensation to the corporation. There was however more going on in the case discussed in this ruling. There was not only the matter of an unlawful act toward the corporation, and along with it also the violation of a specific duty of care toward the shareholders, but also – related to this – an unlawful act toward these persons regardless of their capacity as shareholder, with the resulting loss which cannot be deemed to be incidental loss which has become permanent. See my note under 2 under the ruling; Timmerman, TVVS 1998, p. 99; and Kroeze, WPNR 6288 (1997).

Consequently on further consideration, the ruling in Kip and Sloetjes/Rabo does not form a basis for the argument that the shareholder can always enforce a claim for compensation of incidental losses which have become permanent. The extent to which this is possible depends also on the answer to the question how strongly the Supreme Court feels about the potential objections (for example the position of ordinary creditors, chaotic situations during the litigation and recovery, double damages) which could be attached in actual cases to such claims for damages filed by the shareholder. See in this context the pragmatic note in ground 3.6 of the Supreme Court ruling of October 13, 2000, NJ 2000, 699, with my note in 2c; and the conclusion of the advocate general in the present ruling under 11.

In any case, and this is the meaning of ground 3.4.4 of the present ruling, the fact that the incidental loss is or becomes permanent is not sufficient to grant a claim for damages to the shareholder himself. At the very least then, the above-indicated cumulative requirement, that the unlawful act of the third party must also be deemed unlawful or specifically negligent vis-à-vis the shareholder, applies.

*With notes by the author*

## Footnote references

**NOTE*:**
See also JOR 2001/172 (with note by M.J. Kroeze); *editor*

**NOTE 1:**
According to the written explanation on behalf of appellants in cassation, Poot sr. and Poot Jr. have nothing in common with cassation appellant Poot from the Supreme Court ruling of December 2, 1994, NJ 1995, 288 with note by the author (Poot/ABP).

**NOTE 2:**
By initiatory summons in the capacity of managing director of X. NV, by summons on appeal in private capacity.

**NOTE 3:**
This ground corresponds to ground I in X.I and to grounds I and VI in X.III.

**NOTE 4:**
This ground corresponds to ground VII in X.III.

**NOTE 5:**
The Supreme Court has used this starting point in its ruling of October 13, 2000, NJ 2000, 699, with note by the author, in a case in which the members of a cooperative filed a claim for damages against a third party which had acted unlawfully toward the cooperative.

**NOTE 6:**
See Kroeze, *Damage to shares*, WPNR 6288 (1997), p. 722, 723; Timmerman, *From incidental loss to incidental action*, in *Conflicten rondom de rechtspersoon* (*Conflicts with regard to the legal entity*) (2000), p. 16.

**NOTE 7:**
See Van Schilfgaarde, *Actions by shareholders with regard to unlawful acts toward the corporation* [*Acties van aandeelhouders in verband met onrechtmatige gedragingen tegenover de vennootschap*]*, in: Administration of justice in corporate law* [*Rechtspleging in het ondernemingsrecht*] (1997), p. 5-8.

**NOTE 8:**
See Timmerman, *Can a shareholder or creditor of a corporation claim incidental damages?* [*Kan een aandeelhouder of vennootschapsschuldeiser afgeleide schade vorderen?*] TVVS 1998, p.99. Otherwise apparently Kroeze, WPNR 6288 (1997), p. 723.

**NOTE 9:**
Kroeze, WPNR 6288 (1997), p. 721; Timmerman, *From incidental loss to incidental action* [*Van afgeleide schade naar afgeleide actie*]*, in: Conflicts regarding the legal entity* [ *Conflicten rondom de rechtspersoon*] (2000), p. 21-24.

**NOTE 10:**
Van Schilfgaarde, *Actions by shareholders with regard to unlawful acts toward the corporation* [*Acties van aandeelhouders in verband met onrechtmatige gedragingen tegenover de vennootschap*], in: *Administration of justice in corporate law* [*Rechtspleging in het ondernemingsrecht*] (1997), p. 3; Kroeze, WPNR 6288 (1997), p. 721; Timmerman, *From incidental loss to incidental action* [*Van afgeleide schade naar afgeleide actie*]*, in: Conflicts regarding the legal entity* [*Conflicten rondom de rechtspersoon*] (2000), p. 24, 25.

**NOTE 11:**
Timmerman, *From incidental loss to incidental action* [*Van afgeleide schade naar afgeleide actie*]*, in: Conflicts regarding the legal entity* [*Conflicten rondom de rechtspersoon*] (2000), p. 27.

**NOTE 12:**
Kroeze, WPNR 6288 (1997), p. 722; Timmerman, TVVS (1997), p.219 *Can a shareholder or creditor of a corporation claim incidental damages?* [*Kan een aandeelhouder of vennootschapsschuldeiser afgeleide schade vorderen?*] TVVS (1998), p.98.

**NOTE 13:**
In addition to the cited jurisprudence, see also Supreme Court May 2, 1997, NJ 1997, 662 with note by the author. (Kip and Sloetjes/Rabo Winterswijk and December 12, 1997, NJ 1998, 324 with note by the author (Ventaz/FNV).

**NOTE 14:**
The ground corresponds to ground IV in cases X.I and X.III.

**NOTE 4\*:**
The ground corresponds to ground I in case X.II (except for the second sentence in part 4 of the ground ("Immers, (...) worden) and with ground I and VI in X.III.

**NOTE 5\*:**
Not under 3, as is stated in ground for appeal IV.

**NOTE 8\*:**
This ground corresponds (as regards content) to ground IV in X.II and with ground IV in X.III.