# EXHIBIT 9

Judgment

December 15, 2000
First Division
No. R99/079HR

Supreme Court of the Netherlands
Decision

In re:

[Appellant], residing in Curaçao, Netherlands Antilles,

Cassation APPELLANT,

Attorney: Mr. S.V. Langeveld,

v.

1. CURAÇAO INTERNATIONAL TRUST COMPANY N.V., with registered office in Curaçao, Netherlands Antilles,

2. THE CITCO GROUP LIMITED, a company organized under foreign law, with registered office in George Town, Grand Cayman, British Virgin Islands,

Cassation APPELLEES,

Attorney: Mr. G. Snijders.

1. The proceedings in the fact-finding instance

With a petition filed on May 9, 1995 with the clerk of the Court of First Instance of the Netherlands Antilles, holding session in Curaçao (hereinafter: the Lower Court), Cassation Appellant—hereinafter: [Appellant]—applied to that Lower Court and requested that, by way of a provisionally enforceable order:
1. Cassation Appellees—hereinafter: Citco Curaçao and Citco Group—be ordered jointly and severally, whereby payment by one shall release the other, to pay [Appellant] an amount of US$ 82,695.21 or the equivalent in Netherlands Antillean currency, plus statutory interest on that amount dating from January 12, 1995 or from the filing of this petition until the date on which payment is made in full;
2. That Citco Curaçao and Citco Group be ordered jointly and severally, whereby payment by one shall release the other, to compensate [Appellant] for all (consequential) loss that [Appellant] has suffered, is suffering, and will yet suffer as a result of the breach of contract and/or unlawful act by Citco Curaçao, with said loss to be assessed by the Lower Court and settled in accordance with the law, said compensation also increased by statutory interest on that amount dating from January 12, 1995 or from the filing of this petition until the date on which payment is made in full.

Citco Curaçao and Citco Group petitioned that the action brought by [Appellant] be dismissed or disallowed.

Following an interim order of February 3, 1997, the Lower Court handed down an interim order of July 21, 1997 allowing Citco Curaçao and Citco Group to produce evidence and deferring any further ruling. Following witness examination, the Lower Court handed down a final order on May 11, 1998 ordering Citco Curaçao and Citco Group, jointly and severally, whereby payment by one shall release the other, to compensate [Appellant] for the loss that [Appellant] has suffered, is suffering, and will yet suffer as a result of the unlawful act by Citco Curaçao and Citco Group, with said loss to be assessed by the Lower Court and settled in accordance with the law, said compensation increased by statutory interest on that amount dating from January 12, 1995 until the date on which payment is made in full, with denial of all further claims brought in the action.

Citco Curaçao and Citco Group appealed this final order before the Joint Court of Appeals of the Netherlands Antilles and Aruba.

Giving judgment on the appeal, the Court of Appeals handed down an order on January 12, 1999 upholding the appealed orders and, again giving judgment, disallowing the action.

The order by the Court of Appeals is attached to the present decision.

2. The cassation proceedings

[Appellant] has filed appeal in cassation against the order by the Court of Appeals. The cassation petition is attached to the present decision and forms a part of it.

Citco Curaçao and Citco Group have moved for dismissal of the appeal.

The case has been argued for the Parties by their attorneys and, for Citco Curaçao and Citco Group, also by Mr. J.P. Heering, attorney with the Supreme Court.

In an advisory opinion, Advocate-General Bakels has moved that the contested order be reversed, that the case be remanded to the Court of Appeals, and that Citco Curaçao and Citco Group be ordered jointly and severally to pay the costs.

3. Assessment of the grounds

3.1 The following can be taken for granted in the cassation proceedings.

(i) Among the activities engaged in by the Citco group of companies is the administration and management of companies for the benefit of its clients.

(ii) At the request of [Appellant], Citco CuraVao [sic] commissioned Citco Panama S.A. (hereinafter: Citco Panama) to establish a company in Panama on behalf of [Appellant]. This resulted in the establishment on July 18, 1983 of the company Bontravel Investments S.A. (hereinafter: Bontravel). [Appellant] and his wife were shareholders in that company. The management and administration of that company were conducted by Citco Panama.

(iii) [Appellant] subsequently deposited an amount of $295,000.00 (USD) to Bontravel bank accounts at Curaçao Banking Corporation.

(iv) On December 12, 1984, at the recommendation of Citco Curaçao, the name of the company was changed by Citco Panama from Bontravel to Rosewood International Corporation S.A. (hereinafter: Rosewood Panama) on instructions from [Appellant] and by way of an amendment to the articles of incorporation.

(v) In a letter dated December 21, 1988 and signed by Citco Panama, [Appellant] was informed that Citco Group had decided to terminate its activities and liquidate its Citco Panama subsidiary. The letter also stated that the managing director of Citco Panama, [Party Concerned A], would be setting up an office of his own under the name International Management Corporation (Panama) S.A. (hereinafter: Imco). In that letter, [Appellant] was also asked to inform Citco CuraVao [sic] of how he wished to have his interests further attended to, and in that regard three alternatives were proposed.

(vi) In a fax dated January 2, 1989 addressed to [Party Concerned A], Citco Panama informed [Appellant] that he had not yet made his choice.

(vii) In a letter dated January 19, 1989, [Party Concerned A], in his capacity as managing director of Imco, informed [Appellant] that Citco Panama had terminated operations as of December 31, 1988 and that Imco would provide for the continuation of management "and other corporate services" on behalf of Citco Panama's clients.

(viii) In letters dated January 25, 1989 and sent separately by fax, [Appellant] informed Citco Panama and Citco CuraVao [sic] of his decision in favor of the third option presented to him on December 21, 1988, namely the transfer of the Rosewood Panama assets to a company to be newly established in the British Virgin Islands, with management to be conducted by a company from the Citco group.

(ix) At the request of [Appellant], Citco CuraVao [sic] instructed Citco BVI Ltd. to establish a new company in the British Virgin Islands on behalf of [Appellant]. This resulted in the establishment of Rosewood BVI on March 31, 1989.

(x) Despite repeated demands, [Party Concerned A] refuses to release the Rosewood Panama balance on deposit at Banco International de Panama in Panama. That balance amounted to $82,695.21 (USD) on December 28, 1989.

3.2 In the present action, [Appellant] petitioned that Citco CuraVao [sic] and Citco Group be ordered jointly and severally to pay him a sum in the amount of the aforementioned balance and also to compensate him for all (consequential) loss that he has suffered and will yet suffer as a result of the breach of contract or unlawful act by Citco CuraVao. [Appellant] founds his claim on the argument that Citco CuraVao [sic] and/or Citco Group is in breach of contract in respect of him and/or acted unlawfully toward him, all as detailed in sec. 2 of the Lower Court's interim order of February 3, 1997.

3.3 In that interim order, the Lower Court found that the claim brought by [Appellant] is not allowable insofar as it is founded on breach of contract. The Lower Court also formulated a number of questions, to which Parties were to provide written responses, in connection with assessing the unlawful act by Citco CuraVao [sic] and/or Citco Group on which [Appellant] based his claim. In its final order, the Lower Court found that Citco CuraVao and Citco Group had acted unlawfully toward [Appellant] and that [Appellant] had suffered loss as a result thereof since, in contrast to the previous situation, he could no longer dispose of the Rosewood Panama assets. On that basis, the Lower Court found for [Appellant].

3.4 In the appeal proceeding filed by Citco CuraVao and Citco Group, the Court of Appeals found in their favor in respect of Ground for Appeal IV. That ground concerned the Lower Court's rejection of the defense advanced by Citco CuraVao and Citco Group that if Rosewood Panama could no longer dispose of its bank balances as a result of action by [Party Concerned A], then it was exclusively Rosewood Panama that has suffered loss, and not [Appellant]. In this regard, the Court of Appeals found that [Appellant], as shareholder in Rosewood Panama, was not entitled to compensation for the loss that he alleged, and in sec. 4.4 it states, insofar as of interest to the present proceedings:

"If it is correct that Citco Panama (or [Party Concerned A]) held or yet holds (bearer) shares in Rosewood Panama for [Appellant] or that [Appellant] is merely the "beneficial owner" of the shares, then [Appellant], "as (actual) shareholder/beneficiary of Rosewood (sec. 10, Answer on Appeal), has—like an ordinary shareholder—an indirect interest in that money and in the associated loss. However, he cannot derive a (direct) claim to compensation for loss from that indirect interest, as he argues. In addition, the fact that [Appellant], as he argues, does not have free disposal of Rosewood Panama and the money controlled by it, "said money having in fact originated with him and having been contributed to Rosewood in part for tax purposes (sec. 47, Reply) does not substantiate a loss that can be claimed by him."

The Court of Appeals went on to find that there was no reason to consider the other grounds for appeal, and it denied the claim brought by [Appellant].

3.5 The argument presented in Section I is that the Court of Appeals, by limiting itself in sec. 4.4 to answering the question of whether Citco CuraVao and Citco Group acted unlawfully toward [Appellant] as shareholder in Rosewood Panama and by failing to consider the breach of contract on which [Appellant] partly based his claim in the first instance, misjudged its duty as appellate court and gave inadequate reasons for its ruling. This section is valid. In the first sentence of sec. 4.3, the Court of Appeals represents the action brought by [Appellant] as being a claim for compensation brought by [Appellant] because the Rosewood Panama balance was not released. In this way, the Court of Appeals obviously provided a summary of the basis for the action brought by [Appellant] as represented by the Lower Court in sec. 2 (c) and (d) of its interim order of February 3, 1997, insofar as that was based on a unlawful act committed by Citco CuraVao and/or Citco Group toward [Appellant]. It was on that basis that the Lower Court found for [Appellant]. However, [Appellant] had also founded his action on the allegation that Citco CuraVao was in breach of contract in respect of him. In that regard, he argued, in

summary, a) that Citco CuraVao [sic] had recommended and established the respective corporate structure, so that it must warrant the proper functioning of that structure in respect of [Appellant], and b) that Citco CuraVao [sic], in violation of its fiduciary duty of care and good faith, is allowing [Appellant] to fall victim to a dispute between [Party Concerned A] and Citco CuraVao [sic] that is no concern whatsoever of [Appellant]. Those arguments were rejected by the Lower Court.
The devolutive effect of an appeal means that the Court of Appeals, having affirmed the validity of Ground for Appeal IV, which related exclusively to the Lower Court's decision to find for [Appellant] on the grounds that Citco CuraVao [sic] and/or Citco Group had committed a unlawful act, should have also examined whether the arguments presented by [Appellant] and rejected by the Lower Court concerning breach of contract by Citco CuraVao [sic] in respect of [Appellant]—the Court of Appeals not having determined that [Appellant] had abandoned those claims—could have resulted in the claim being awarded.

3.6 Proceeding from its finding—not contested in the cassation proceedings—that [Appellant] is not entitled to compensation for the loss that he alleges to have suffered as a result of the alleged unlawful act, the Court of Appeals could have—as it evidently did do—disregarded as irrelevant the offer to produce evidence contained in Section II. That section is therefore unsuccessful. However, since in the remanded proceedings it must be considered whether the breach of contract alleged by [Appellant] can result in finding for [Appellant], it must also be considered whether [Appellant] must be allowed to produce the aforesaid offered evidence.

4. Ruling

The Supreme Court:
reverses the order handed down by the Joint Court of Appeals of the Netherlands Antilles and Aruba on January 12, 1999;
remands the action to that Court of Appeals for further consideration and ruling;
orders Citco CuraVao [sic] and Citco Group to pay the costs of the cassation proceedings incurred by [Appellant] up to this judgment, assessed at 4,150.00 guilders in disbursements and 3,500.00 guilders in fees.

This decision was rendered by Justices R. Herrmann, presiding, H.A.M. Aaftink, and P.C. Kop and was delivered in open court by Justice W.H. Heemskerk on December 15, 2000.

Advisory Opinion
Petition No. R99/079
Mr. Bakels
Session of September 22, 2000

Advisory opinion in re
[Appellant]
v.
1. Curaçao International Trust Company N.V.
2. The Citco Group Limited

Dear colleague,

1. Facts and the course of the proceedings

1.1 The devolutive effect of the appeal and the disregard of offered evidence are of central importance in this Antillean case.

1.2 The following can be taken for granted in the cassation proceedings.

(a) Among the activities engaged in by the Citco group of companies is the administration and management of companies for the benefit of its clients.

(b) At the request of [Appellant], Curaçao International Trust Company N.V. in Curaçao (hereinafter: Citco Curaçao) commissioned Citco Panama S.A. (hereinafter: Citco Panama) to establish a company in Panama on behalf of [Appellant]. This resulted in the establishment on July 18, 1983 of the company Bontravel Investments S.A. (hereinafter: Bontravel). [Appellant] and his wife were shareholders in that company. The management and administration of that company were conducted by Citco Panama.

(c) [Appellant] subsequently deposited an amount of $295,000.00 (USD) to Bontravel bank accounts at Curaçao Banking Corporation.

(d) On December 12, 1984, at the recommendation of Citco Curaçao, the name of the company was changed by Citco Panama from Bontravel to Rosewood International Corporation S.A. (hereinafter: Rosewood Panama) on instructions from [Appellant] and by way of an amendment to the articles of incorporation.

(e) In a letter dated December 21, 1988 and signed by Citco Panama, [Appellant] was informed that the Citco Group had decided to terminate its activities and liquidate its Citco Panama subsidiary. The letter also stated that the managing director of Citco Panama, [Party Concerned A], would be setting up an office of his own under the name International Management Corporation (Panama) S.A. (hereinafter: Imco). In that letter, [Appellant] was also asked to inform Citco of how he wished to have his interests further attended to, and in that regard three alternatives were proposed.

(f) In a fax dated January 2, 1989 addressed to [Party Concerned A], Citco Panama informed [Appellant] that he had not yet made his choice.

(g) In a letter dated January 19, 1989, [Party Concerned A], in his capacity as managing director of Imco, informed [Appellant] that Citco Panama had terminated operations as of December 31, 1988 and that Imco would provide for the continuation of management "and other corporate services" on behalf of Citco Panama's clients.

(h) In letters dated January 25, 1989 and sent separately by fax, [Appellant] informed Citco Panama and Citco CuraVao [sic] of his decision in favor of the third option presented to him on December 21, 1988, namely the transfer of the Rosewood Panama assets to a company to be newly established in the British Virgin Islands, with management to be conducted by a company from Citco group.

(i) At the request of [Appellant], Citco CuraVao [sic] instructed Citco BVI Ltd. To establish a new company in the British Virgin Islands on behalf of [Appellant]. This resulted in the establishment of Rosewood BVI on March 31, 1989.

(j) Despite repeated demands, [Party Concerned A] refuses to release the Rosewood Panama balance on deposit at Banco International de Panama in Panama. That balance amounted to $82,695.21 (USD) on December 29, 1989. The reason for this refusal is that [Party Concerned A] alleges that he has an outstanding claim against Citco Group and/or Citco Curaçao, for which he is holding the balance in question as security. [Appellant] has nothing to do with this conflict per se.

1.3 Against this background, [Appellant] brought the present action before the Netherlands Antilles Court of First Instance. In it, he petitioned that Citco Curaçao and Citco Holding be ordered jointly and severally to pay him a sum in the amount of the aforementioned balance and also to compensate him for all (consequential) loss that he has suffered and will yet suffer as a result of the breach of contract or unlawful act by Citco Curaçao.
The Citco Group and Citco Curaçao advanced a reasoned defense in this action.

1.4 After handing down interim orders on February 3, 1997 and July 21, 1997, the Court of First Instance handed down a final order on May 11, 1998 ordering the Citco Group and Citco Curaçao jointly and severally to compensate [Appellant] for the loss that he has suffered, is suffering, and will yet suffer as a result of the unlawful act, with said loss to be assessed by the Court.
In its first interim order of February 3, 1997, the Court dismissed the claim to the extent that it was based on a breach of contract (Claims a. and b.). In that decision, the Court formulated a number of questions, to which Parties were to provide written responses, in connection with assessing Claims c. and d. (summarized as the unlawful act).
In its second interim order of July 21, 1997, the Court addressed, *inter alia*, the defense advanced by the Citco Group and Citco Curaçao that it is not [Appellant] who is suffering a loss by virtue of the aforementioned bank balance being inaccessible; rather, it is Rosewood Panama, which is thus the only party that can bring action. The Court rejected this defense because [Appellant] was initially able to freely dispose of assets held in the name of Rosewood Panama and can no longer do so (sec. 1).
The decision reached in the final order was essentially based on the consideration that the Citco Group and Citco Curaçao carried out the liquidation of Citco Panama so negligently that as a result [Appellant] was no longer able to dispose of the bank balance held in the name of Rosewood Panama. This constitutes an unlawful act toward [Appellant], which means that the Citco Group and Citco Curaçao are liable to pay him damages.

1.5 The Citco Group and Citco Curaçao appealed these three orders before the Joint Court of Appeals of the Netherlands Antilles and Aruba.

1.6 In its order of January 12, 1999, the Court of Appeals upheld Ground for Appeal IV, which concerned the rejection in the second interim order of the defense that [Appellant] is not suffering any loss by no longer disposing over the aforementioned bank balance. In that regard, the Court of Appeals found that if it is correct

"that [Appellant] is merely the "beneficial owner" of the shares, then [Appellant], "as (actual) shareholder/beneficiary of Rosewood" (sec. 10, Answer on Appeal), has—like an ordinary shareholder—an indirect interest in that money and in the associated loss. However, he cannot derive a (direct) claim to compensation for loss from that indirect interest, as he argues. In addition, the fact that [Appellant], as he argues, does not have free disposal of Rosewood Panama and the money controlled by it, "said money having in fact originated with him and having been contributed to Rosewood in part for tax purposes" (sec. 47, Reply) does not substantiate a loss that can be claimed by him."

On that basis, the Court of Appeals reversed the contested orders and denied the claim.

1.7 [Appellant] has filed appeal in cassation against this order in time (1). Both Parties have advanced written arguments via their attorneys.

2. Discussion of the grounds for appeal in cassation

2.1 [Appellant] has presented one ground for cassation in two section.

2.2 The argument presented in Section 1 is that the Court of Appeals, by limiting itself in sec. 4.4 to answering the question of whether the Citco Group and Citco Curaçao acted unlawfully toward [Appellant] as shareholder in Rosewood Panama and by failing to consider the breach of contract on which [Appellant] partly based his claim in the first instance, misjudged its duty as appellate court and gave inadequate reasons for its ruling.

2.3 The appeal has devolutive effect in Antillean law as well. (2) That means that the Court of Appeals, having upheld the fourth ground for appeal, should have considered the arguments that [Appellant] defended in the first instance and did not abandon on appeal, but that had been rejected by the Court of First Instance. (3) Thus, assessing this section boils down to the question of whether the order by the Court of Appeals must be

construed as indicating that it did consider the present basis for the action brought by [Appellant] and not abandoned on appeal (and that it also rejected it). (4)

2.4 Even if the Supreme Court proceeds on the assumption that the appealed decision is correct (5), there is a limit to everything. In my opinion, it cannot be contended in the present case that the Parties could not be reasonably expected to interpret the contested order, in accordance with the Court of Appeals' own intention, (6) as also constituting a ruling concerning the breach of contract on which [Appellant] based his claim. Of crucial importance in this regard is the fact that in the first sentence of sec. 4.3, the Court of Appeals represents the claims that it is considering as being claims for compensation brought by [Appellant] because the Rosewood Panama balance was not released. This is obviously a summary of the basis for the action (unlawful act) as represented by the Court of First Instance in sec. 2 (c) and (d) of its interim order of February 3, 1997, which that Court ultimately allowed after the production of evidence.

2.5 Under these circumstances, it would be a matter of imputation, not interpretation, to read a ruling on Claims a. and b. into the order by the Court of Appeals. After all, [Appellant] does not complain in those claims about the fact that the assets held in the name of Rosewood Panama were not released. He argues in succession, in summary,
a. that Citco Curaçao recommended and established the respective corporate structure, so that it must warrant its proper functioning, and
b. that Citco Curaçao, in violation of its fiduciary duty of care, is allowing him to fall victim to a business dispute that it is having with [Party Concerned A] that is no concern of [Appellant].
It may also be possible to argue that the Court of Appeals' grounds dispel Claim b., but that is certainly not the case with Claim a. Thus, Section 1 is rightfully advanced.

2.6 The argument presented in Part 2 is that the Court of Appeals disregarded, without providing any grounds, the offer of evidence made by [Appellant]'s attorney in his pleading.

2.7 In his written arguments dated November 10, 1998, [Appellant]'s attorney made the following offer of evidence:

"18. [Appellant] offers evidence in support of his arguments by all lawful means, but without voluntarily assuming any onus of proof. In particular, [Appellant] wishes to have [Witness 1] examined as a witness. [Witness 1] can explain the particulars of the establishment of Rosewood, how contacts were maintained between [Appellant] and Citco, and how, where, and with whom responsibilities lay. [Witness 1] can also provide more information on the loss suffered by [Appellant]. In addition, [Appellant] wishes to have [Witness 2] and [Witness 3] examined. They can confirm, add to, or clarify what they have already said in their depositions, which [Appellant] has introduced in the proceedings. [Witness 4] can also provide a statement on Rosewood's move from Panama."

2.8 In accordance with the established case law of the Supreme Court, a judge who disregards an offer of evidence must provide grounds for his decision. (7) Since the Court of Appeals did not address the offer of evidence, it is possible that it overlooked that offer or else rejected it tacitly because it was too vague and/or irrelevant. With respect to the witness [Witness 1] in particular, however, it can hardly be contended that that offer merits one of these latter two qualifications, because the subject matter indicated by [Appellant]'s attorney could indeed be of interest to Claim a. In either the former or the latter assumption, the Court of Appeals thus provided an inadequate understanding of its thinking. (8) This section is therefore also valid.

3. Advisory opinion

My advisory opinion is that the contested order should be reversed, that the case should be remanded to the Joint Court of Appeals, and that the costs should be awarded against Citco Curaçao and the Citco Group.

The Procurator General with the
Supreme Court of the Netherlands,

1 The cassation petition was received by the clerk of the Supreme Court on April 9, 1999.
2 Asser, Civil Procedural Law, in: Introduction to Netherlands Antillean Law (1997), pp. 455 ff.
3 Ras, The Limits of Litigation on Appeal in Civil Cases (1992), No. 76;
Snijders/Wendels, Civil Appeal, 2nd edition (1999), No. 244.
4 As defended in the written statement by Citco Group and Citco Curaçao, No. 2.2 and 2.3.
5 Veegens/Korthals Altes/Groen, Cassation in Civil Cases, 1989, No. 158.
6 Supreme Court, June 23,1989, NJ 1990, 381.
7 See *inter alia* Supreme Court, May 21, 1999, NJ 2000, 13; Snijders/Wendels, loc. cit., No. 230–233 and the case law cited there; Asser, loc. cit., pp. 449–451.
8 See also Supreme Court, October 29, 1999, NJ 1999, 823.