**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- X
                                                                      :
STEPHEN M. WILSON, *et al.*,                                          :
                                                                      :
                                  Plaintiffs,                         :        **<u>Filed Electronically</u>**
                                                                      :
                    -against-                                         :        07 Civ. 6176 (LTS) (DFE)
                                                                      :
IMAGESAT INTERNATIONAL N.V., *et al.*,                                :
                                                                      :
                                  Defendants.                         :
                                                                      :
---------------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DAVID ARZI, YOAV CHELOUCHE, SHIMON ECKHAUS, MOSHE KERET, IZHAK NISSAN, GINO PIPERNO-BEER, AND JACOB WEISS' MOTION TO DISMISS THE COMPLAINT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................II

ARGUMENT ....................................................................................................................... 1

I.   PLAINTIFFS FAIL TO ESTABLISH A *PRIMA FACIE* CASE OF
     JURISDICTION OVER THE IMAGESAT D&OS .................................................... 1

     A.   David Arzi, Yoav Chelouche and Gino Piperno-Beer Are Not Subject To
          Jurisdiction in New York ................................................................................... 1

     B.   Moshe Keret Is Not Subject To Jurisdiction in New York ................................. 2

     C.   Izhak Nissan Is Not Subject To Jurisdiction In New York ................................. 3

     D.   Shimon Eckhaus is Not Subject to Jurisdiction in New York ............................ 4

     E.   Even If The Court Has Jurisdiction Over ImageSat It Cannot Be Imputed
          To The ImageSat D&Os .................................................................................... 4

II.  PLAINTIFFS' OPPOSITION BRIEF HIGHLIGHTS THE COMPLAINT'S
     RULE 9(B) DEFICIENCIES .................................................................................... 5

     A.   Plaintiffs Have Not Adequately Alleged That Any Of The ImageSat
          D&Os Made False Statements ........................................................................... 5

     B.   The Complaint Fails To Plead Scienter .............................................................. 7

     C.   The RICO Claims Are Not Adequately Pled ...................................................... 7

     D.   Plaintiffs' Group Pleading Allegations Are Inadequate ..................................... 9

CONCLUSION.................................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Atlantic Gypsum Co., Inc. v. Lloyds Int'l Corp.*,
  753 F. Supp. 505 (S.D.N.Y. 1990)......................................................................... 9

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*
  902 F.2d 194 (2d Cir. 1990).................................................................................. 3

*Basquiat v. Kemper Snowboards*,
  No. 96 Civ. 0185 (LAP), 1997 WL 527891 (S.D.N.Y. Aug. 25, 1997) ................................ 5

*Beth Israel Med. Ctr. v. Smith*,
  576 F. Supp. 1061 (S.D.N.Y. 1983).......................................................................... 8

*Center Cadillac, Inc. v. Bank Leumi Trust Co. of N.Y.*,
  808 F. Supp. 213 (S.D.N.Y. 1992), *aff'd* 99 F.3d 401 (2d Cir. 1995) .................................. 8

*Craig v. First Web Bill, Inc.*,
  No. 04 –CV-1012 (DGT), 2004 U.S. Dist LEXIS 27432
  (E.D.N.Y. Nov. 29, 2004) ................................................................................... 2

*Crystal v. Foy*,
  562 F. Supp. 422 (S.D.N.Y. 1983)........................................................................... 7

*Gross v. Diversified Mortgage Investors*,
  431 F. Supp. 1080 (S.D.N.Y. 1977)......................................................................... 8

*Hecht v. Commerce Clearing House*,
  897 F.2d 21 (2d Cir. 1990)................................................................................... 8

*In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*,
  398 F. Supp. 2d 244 (S.D.N.Y. 2005)...................................................................... 10

*In re Bayer AG Sec. Litig.*,
  No. 03 Civ. 1546 (WHP), 2004 WL 2190357 (S.D.N.Y. Sep. 30, 2004)............................... 9

*In re Emex Corp. Sec. Litig.*,
  No. 01 Civ. 4886 (SWK), 2002 WL 31093612 (S.D.N.Y. Sept. 18, 2002) ........................ 10

*In re GeoPharma, Inc. Sec. Litig.*,
  399 F. Supp. 2d 432 (S.D.N.Y. 2005)....................................................................... 8

*In re LaBranche Sec. Litig.*,
  405 F. Supp. 2d 333 (S.D.N.Y. 2005)...................................................................... 10

*In re Pfizer Inc. Sec. Litig.*,
  ___ F. Supp. 2d ___, No. 06 Civ. 14199 (LAK), 2008 WL 540120
  (S.D.N.Y. Feb. 28, 2008) .................................................................................... 7

*In re Van Der Moolen Holding N.V. Sec. Litig.*,
  405 F. Supp. 2d 388 (S.D.N.Y. 2005)....................................................................... 9

*In re Vivendi Universal S.A., Sec. Litig.*,
  381 F. Supp. 2d 158 (S.D.N.Y. 2003)....................................................................... 9

*J.S. ex rel. N.S. v. Attica Cent. Sch.*,
  386 F.3d 107 (2d Cir. 2004)............................................................................. 3, 4

*Jacobs v. Coopers & Lybrand, L.L.P.*,

No; 97 Civ. 3374 (RPP), 1999 WL 101772
(S.D.N.Y. March 1, 1999)...................................................................................9

*Jerome M. Sobel & Co. v. Fleck*,
No. 03 Civ. 1041 RMB GWG, 2003 WL 22839799 (S.D.N.Y. Dec. 1, 2003) ....................8

*Karabu Corp. v. Gitner*,
16 F. Supp. 2d 319 (S.D.N.Y. 1998).......................................................................5

*Kaufman v. Cohen*,
760 N.Y.S.2d 157 (App. Div. 2003) .......................................................................5

*Kinetic Instruments, Inc. v. Lares*,
802 F. Supp. 976 (S.D.N.Y. 1992)..........................................................................4

*Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*,
918 F.2d 1039, 1043 (2d Cir. 1990).......................................................................2

*Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*,
425 F. Supp. 2d 402 (S.D.N.Y. 2006).....................................................................4

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
84 F.3d 560, 566 (2d Cir. 1996)............................................................................2

*Miller v. City of N.Y.*,
No. 05 CV 6024 (SJ) (RML), 2007 WL 1062505 (E.D.N.Y. Mar. 30, 2007).......................8

*Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
198 F.R.D. 608 (S.D.N.Y. 2001)............................................................................9

*Mugno v. Societe Internationale de Telecommunications Aeronautiques, Ltd.*,
No. 05-cv-2037 (DRH) (ARL), 2007 WL 316573 (E.D.N.Y. Jan. 30, 2007) ......................3

*Nagel v. AIG Life Ins. Co.*,
No. 94 CIV. 1035 (RPP), 1994 WL 406045 (S.D.N.Y. July 29, 1994)..............................8

*New York v. Joseph L. Balkan, Inc.*,
656 F. Supp. 536 (E.D.N.Y. 1987) .........................................................................8

*O'Connell v. Arthur Andersen, LLP (In re Alphastar Ins. Group, Ltd.)*,
Case No. 03-17903 (SMB), Adv. Pro. No. 06-1524,
2008 Bankr. LEXIS 350 (Bankr. S.D.N.Y. Feb. 19, 2008) ..........................................10

*Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*,
85 F. Supp. 2d 282 (S.D.N.Y. 2000),
*aff'd,* 242 F.3d 366 (2d Cir. 2001) ........................................................................5

*Olsen v. Pratt & Whitney Aircraft*,
136 F. 3d 273 (2d Cir. 1998)................................................................................6

*Pieczenik v. Dyax Corp.*,
No. 00 CV 243 (HB), 2000 WL 959753 (S.D.N.Y. July 11, 2000) .................................2

*Polar Int'l Brokerage Corp. v. Reeve*,
108 F. Supp. 2d 225 (S.D.N.Y. 2000)......................................................................9

*Prostic v. Xerox Corp.*,
Civ. No. B-90-113(EBB), 1991 WL 208441 (D. Conn. July 19, 1991) ............................6

*Retail Software Servs., Inc. v. Lashlee*,
854 F.2d 18 (2d Cir. 1988)...................................................................................5

*Reynolds Corp. v. National Operator Servs., Inc.*,
73 F.Supp.2d 299 (W.D.N.Y. 1999)........................................................................5

*Rich v. Touche Ross & Co.*,
    68 F.R.D. 243 (S.D.N.Y. 1975) ............................................................................... 8

*Salinas v. United States*,
    522 U.S. 52 (1997) ................................................................................................. 8

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994) ................................................................................... 8

*Spiegler v. Wills*,
    60 F.R.D. 681 (S.D.N.Y. 1973) .............................................................................. 7

*Spier v. Erber*,
    No. 89 Civ. 1657 (PKL), 1992 WL 230254 (S.D.N.Y. Sept. 1, 1992) ................... 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    127 S. Ct. 2499 (2007) .......................................................................................... 7

*Thornock v. Kinderhill Corp.*,
    712 F. Supp. 1123 (S.D.N.Y. 1989) ....................................................................... 6

*Tuosto v. Philip Morris USA Inc.*,
    No. 05 Civ. 9384 (PKL), 2007 WL 2398507 (S.D.N.Y. Aug. 21, 2007) ............... 6

## ARGUMENT[1]

I.    **PLAINTIFFS FAIL TO ESTABLISH A *PRIMA FACIE* CASE OF JURISDICTION OVER THE IMAGESAT D&OS[2]**

A.    **David Arzi, Yoav Chelouche and Gino Piperno-Beer Are Not Subject To Jurisdiction in New York**

Plaintiffs have made no showing -- let alone a statutorily or constitutionally sufficient one -- that Messrs. Arzi, Chelouche and Piperno-Beer are subject to personal jurisdiction in New York.  Defendants demonstrated in their moving brief ("D&O Br." at 3-4) that this Court lacks jurisdiction over these three Defendants.  Plaintiffs respond only with two sentences containing the conclusory and unsupported allegation that these individuals participated in wrongdoing in New York by attending ImageSat Board meetings in New York and by covering-up the alleged 2001 EROS B1 satellite fraud.  (Opp. at 57.)

The allegation that these individuals attended Board meetings is insufficient to create a jurisdictional nexus with New York because Plaintiffs do not identify the meetings they attended or the wrongdoing that allegedly occurred at the meetings.  Indeed, elsewhere in their opposition Plaintiffs acknowledge that "[r]elatively few of the acts and omissions challenged by Defendants [] resulted from a particular Board resolution adopted at a particular Board meeting".  (Opp. at 74.)  The 2001 EROS B1 fraud allegation fares no better because Plaintiffs do not explain what acts these individuals are alleged to have committed in New York – or anywhere else, for that matter – in furtherance of this alleged fraud.  In fact, the allegation that these three directors should be subject to jurisdiction in New York based on the alleged 2001 EROS B1 fraud is frivolous in light of the fact that Messrs. Arzi, Chelouche and Piperno-Beer only joined the

---

[1]    The ImageSat D&Os' Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss, filed on October 15, 2007, were directed the original complaint in this action.  On March 17, 2008, Plaintiffs filed the First Amended Complaint ("Compl.").  Each ground for dismissal raised in the ImageSat D&Os' memorandum of law in support of their motion to dismiss applies equally to the allegations in the First Amended Complaint.

[2]    The ImageSat D&Os are David Arzi, Yoav Chelouche, Shimon Eckhaus, Moshe Keret, Izhak Nissan, Gino Piperno-Beer, and Jacob Weiss.  All of the ImageSat D&Os join in the grounds for dismissal raised in Defendants' Joint Motion to Dismiss.  In addition, the ImageSat D&Os, except Mr. Weiss, move to dismiss on the grounds that they are not subject to personal jurisdiction in New York.  All of the ImageSat D&Os join in the Rule 9(b) argument.

Case 1:07-cv-06176-DLC   Document 110   Filed 03/25/2008   Page 7 of 15

ImageSat Board of Directors in 2006; none was affiliated with ImageSat in any way prior to 2006.[3]  According to the Complaint, the alleged 2001 EROS B1 satellite fraud occurred principally in 2000 and 2001.  (Compl. ¶¶ 88-107.)  Plaintiffs have thus failed to state a *prima facie* case for personal jurisdiction over Messrs. Arzi, Chelouche or Piperno-Beer.[4]

### B.      Moshe Keret Is Not Subject To Jurisdiction in New York

Plaintiffs assert that Mr. Keret is subject to jurisdiction because: (1) he was involved in fundraising related to the creation of West Indian Space ("WIS," ImageSat's predecessor) in New York as a representative of IAI; (2) as an officer of IAI in 1995, 1997 and 1998, he signed Joint Venture Agreements containing New York forum selection clauses; and (3) he attended five ImageSat board meetings in New York.  (Opp. at 54-55.)  None of these allegations is sufficient to subject Mr. Nissan to jurisdiction in New York.  Plaintiffs have not demonstrated how Mr. Keret's fundraising activity on behalf of IAI in the 1990s provides a jurisdictional nexus relevant to this lawsuit, given that this predates the allegations in the Complaint.  *See Craig v. First Web Bill, Inc.,* No. 04 –CV-1012 (DGT), 2004 U.S. Dist LEXIS 27432, at *25-26 (E.D.N.Y. Nov. 29, 2004) (lack of substantial nexus where defendant's visits to New York were unrelated to the subject of the lawsuit).  Plaintiffs also do not assert that their claims relate to the Joint Venture Agreements, therefore Mr. Keret's execution of those agreements is not a

---

[3]      Defendant Piperno-Beer joined the ImageSat Board of Directors in February 2006 (Piperno-Beer Decl. ¶ 2), not, as Plaintiffs state (Opp. at 57), in 2005.  (*See also* ISI_000059, attached as Ex. L to the Decl. of Ira Matetsky, Esq., filed with Plaintiffs' opposition brief.)  Exhibit L also demonstrates (at ISI_00060) that Messrs. Arzi and Chelouche did not participate in an ImageSat Board meeting until October 16, 2006.

[4]      Plaintiffs do not have a "limited burden of proof" (Opp. at 38) to defeat the ImageSat D&O's personal jurisdiction motion.  Plaintiffs spent three months conducting jurisdictional discovery following the filing of defendants' motions to dismiss.  ImageSat produced hundreds of pages of documents and offered to produce its corporate representative as well as each of the ImageSat D&Os for depositions on jurisdictional issues.  (*See* Bak Decl. Ex. 8.)  Plaintiffs conducted depositions of certain defendants in Israel but chose not to depose Messrs. Arzi, Chelouche, Eckhaus, Nissan, or Piperno-Beer.  Because there was extensive jurisdictional discovery, Plaintiffs cannot oppose the Imagesat D&O's personal jurisdiction motion based only on "legally sufficient allegations of jurisdiction."  *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).  Instead, they "bear[] the burden of proving by a preponderance of the evidence that personal jurisdiction exists."  *Pieczenik v. Dyax Corp.*, No. 00 CV 243 (HB), 2000 WL 959753, at *2, n. 3 (S.D.N.Y. July 11, 2000).  *See also Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) ("Since the district court allowed the parties to conduct discovery on the jurisdictional issue, Alexander & Alexander bears the burden of proving by a preponderance of the evidence that personal jurisdiction exists.").

sufficient jurisdictional nexus.  *See First National Bank and Trust Co. v. Wilson*, 567 N.Y.S.2d 468, 469-70 (App. Div. 1991) ("Wilson's visit to New York to restructure loans unrelated to those upon which plaintiff has brought suit is an insufficient basis upon which to subject him to personal jurisdiction").  Finally, as previously demonstrated, Mr. Keret's attendance at Board meetings in New York is insufficient to confer jurisdiction.  (D&O Br. at 2-6.)

### C.    Izhak Nissan Is Not Subject To Jurisdiction In New York

None of Plaintiffs' allegations (Opp. at 56-57), singly or in combination, form a sufficient predicate for the court's exercise of personal jurisdiction over Mr. Nissan.  First, as with Mr. Keret, Mr. Nissan's visits to New York to raise funds for WIS long pre-date the events at issue in this lawsuit.  Plaintiffs also provide no information about Mr. Nissan's alleged visits to New York, and therefore have not satisfied their burden to "include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant."  *Ball v. Metallurgie Hoboken-Overpelt, S.A.* 902 F.2d 194, 197 (2d Cir. 1990).  Plaintiffs' assertion that Mr. Nissan is subject to jurisdiction in New York because he hosted the Merrill Lynch team *in Tel Aviv* (Opp. at 56) is frivolous.  Similarly, the allegation that Mr. Nissan communicated with his IAI colleagues who were in New York for the July 2000 closing of certain financial transactions cannot constitute a jurisdictional predicate act.  Plaintiff Wilson acknowledges that Mr. Nissan was not present in New York during that period.  (Wilson Decl. ¶ 70.)[5]

Plaintiffs' allegation that Mr. Nissan is subject to jurisdiction because he actively participated in negotiating agreements with third parties through which IAI violated the exclusivity provisions contained in the Master Agreement (Opp. 56) also fails.  Plaintiffs do not

---

[5]    Many of the statements in Mr. Wilson's declaration that attempt to create a jurisdictional nexus are hearsay and must be disregarded.  For example, Plaintiffs cite Mr. Wilson's declaration (¶ 70) to support their contention that Mr. Nissan spoke to his colleagues while they were in New York.  But Mr. Wilson is not alleged to have participated in those conversations and is therefore not competent to testify as to them.  *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (holding that on a motion to dismiss a court "may not rely on conclusory or hearsay statements contained in the affidavits") (internal citation omitted); *see also Mugno v. Societe Internationale de Telecommunications Aeronautiques, Ltd.*, No. 05-cv-2037 (DRH) (ARL), 2007 WL 316573, *7-8 (E.D.N.Y. Jan. 30, 2007) (holding affidavits containing conclusory allegations and legal arguments are subject to being struck).

allege where those negotiations took place or the residency status of the counterparties.  Thus, as with the more general allegations of "fundraising" and telephone conversations, Plaintiffs fail to meet their pleading burden.  They have provided no facts, let alone sufficient facts to set forth a *prima facie* case, in support of jurisdiction.

### D.    Shimon Eckhaus is Not Subject to Jurisdiction in New York

The only substantive allegations Plaintiffs make with respect to jurisdiction over Mr. Eckhaus are that he attended eight Board meetings in New York and that he "conducted a substantial amount of ImageSat business in New York, including extensive efforts . . . in connection with ImageSat's proposed IPO in 2005."  (Opp. at 57.)  As previously noted, Plaintiffs' claims regarding attendance at Board meetings fail to provide a jurisdictional hook.  (D&O Br. at 4.)  This is particularly true with respect to the November 22, 2006 meeting at which Plaintiffs allege *no action* was taken in connection with the Venezuela SOP (*see* D&O Br. at 4).[6]  Plaintiffs' vague assertions of "fundraising" in New York are insufficient, particularly where the only "facts" adduced are assertions in Mr. Wilson's declaration, which is replete with hearsay.  *See Attica Cent. Schools*, 386 F.3d at 110.

### E.    Even If The Court Has Jurisdiction Over ImageSat It Cannot Be Imputed To The ImageSat D&Os

Plaintiffs misapprehend the nature of the fiduciary shield doctrine (Opp. 52-54).  Although the fiduciary shield doctrine does not insulate a corporate officer from long-arm jurisdiction in New York for acts taken on the corporation's behalf, it is well-established that "[i]ndividual officers are not subject to jurisdiction in New York merely because jurisdiction can be obtained over the corporation."  *Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976, 984 (S.D.N.Y. 1992); *see also Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 419 (S.D.N.Y. 2006) ("[T]he fact that New York does not adopt the fiduciary shield

---

[6]    Plaintiffs' allegation that the ImageSat Board "acquiesced" in abandoning ImageSat's SOP sales effort in Venezuela at the November 22, 2006 Board meeting (Opp. at 57) does not cure the deficiency in their claim of fraud being perpetrated at a Board meeting at which nothing substantive was discussed.  (*See* D&O Br. at 3-4.)

doctrine does not mean that a corporate officer is automatically subject to long-arm jurisdiction.") (internal citation omitted).

Plaintiffs assert incorrectly that the acts or revenues of ImageSat can be attributed to the ImageSat D&Os under an agency theory. This is true only if the foreign corporate officers were "primary actors" in the transaction in New York that gave rise to the litigation. *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 323 (S.D.N.Y. 1998) (citing *Retail Software Servs., Inc. v. Lashlee*, 854 F.2d 18, 22 (2d Cir. 1988)). "Being a primary actor . . . requires that the officer have knowledge of and consent to the transaction carried out by the agent-corporation and that the officer have exercised control over the corporation in the transactions." *Basquiat v. Kemper Snowboards*, No. 96 Civ. 0185 (LAP), 1997 WL 527891, at *3 (S.D.N.Y. Aug. 25, 1997) (internal citations omitted). Plaintiffs do not detail the ImageSat D&O's conduct sufficiently to establish that any of them was a "primary actor" in the specific matter in question. *See Reynolds Corp. v. National Operator Servs., Inc.,* 73 F. Supp. 2d 299 (W.D.N.Y. 1999) ("In order to establish that the individual defendants exercised 'control' over NOS's actions, the plaintiff must allege with sufficient detail that individual defendants [] were primary actors in the allegations that give rise to this action. . . . This cannot be established by conclusory allegations or be based solely on the defendants' corporate titles.")

## II.  PLAINTIFFS' OPPOSITION BRIEF HIGHLIGHTS THE COMPLAINT'S RULE 9(b) DEFICIENCIES

### A.  Plaintiffs Have Not Adequately Alleged That Any Of The ImageSat D&Os Made False Statements

Despite 87 pages containing 193 paragraphs of allegations, Plaintiffs still fail to allege the necessary details or specifics about the purported misstatements (or omissions),[7] such as (i) the

---

[7]     Plaintiffs have not stated a claim for alleged omissions as they do not specify, as required by Rule 9(b) "(1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff, and (4) what defendant obtained through the fraud." *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000), *aff'd,* 242 F.3d 366 (2d Cir. 2001). Moreover, while "the mere failure to disclose facts which one is required to disclose may constitute actual fraud," the defendant must "possess[ ] the requisite intent to deceive." *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 165 (App. Div. 2003) (internal citations omitted).

statements that the plaintiffs contend were fraudulent, (ii) the identity of the alleged speaker, (iii) where and when the statements were made, and (iv) an explanation as to why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006).[8]  Plaintiffs' response that they have identified the transactions they are challenging and "described numerous statements that were made to them by various Defendants in the course of such transactions" (Opp. 106) simply illustrates the inadequacies of the allegations.  A complaint cannot withstand a motion to dismiss merely by identifying "numerous statements" by "various defendants".

Rule 9(b) applies with particular force as to Messrs. Arzi, Chelouche, Nissan, and Piperno-Beer as each of them was an outside director who never served as an officers of ImageSat.  *Cf. Prostic v. Xerox Corp.*, Civ. No. B-90-113(EBB), 1991 WL 208441, at *7 (D. Conn. July 19, 1991) (in the securities fraud context noting that "[w]ith respect to corporate outsiders, *i.e.* individuals serving on corporate boards of directors who have never held management positions with the company and who do not own significant amounts of corporate stock, [] the standard of specificity required to plead fraud under Rule 9(b) is higher").  Yet, even in the First Amended Complaint, Messrs. Arzi and Chelouche are mentioned by name only three times and Mr. Piperno-Beer is mentioned only five times.  As discussed in the D&O's moving brief, none of those instances is sufficient to satisfy Rule 9(b)'s pleadings requirements.  (D&O Br. at 13-14.)  *See Thornock v. Kinderhill Corp.*, 712 F. Supp. 1123, 1128 (S.D.N.Y. 1989) (dismissing 10(b) claims against outside directors because "[t]here is no allegation that they drafted, prepared, revised or disseminated any of the documents alleged to be misleading. Their only alleged involvement with Kinderhill consisted of their attendance at board meetings.")

---

[8]      *See also Olsen v. Pratt & Whitney Aircraft*, 136 F. 3d 273, 275 (2d Cir. 1998) (dismissing fraud claim as "conclusory and lacking in particulars" because complaint failed to allege "what was said;" "who said it;" "where and when" the statements were made, "and why these predictions of future events were fraudulent "); *Tuosto v. Philip Morris USA Inc.*, No. 05 Civ. 9384 (PKL), 2007 WL 2398507, at *8 (S.D.N.Y. Aug. 21, 2007) (dismissing claim where plaintiffs failed to "specifically identify who made the statements, where and when the statements were made, [or] how exactly the statements were fraudulent.").

### B.    The Complaint Fails To Plead Scienter

As demonstrated in the ImageSat D&Os' opening brief (D&O Br. at 14-15), Plaintiffs

fail to plead that any of these individuals acted with fraudulent intent.  Although Rule 9(b)

permits scienter to be pled generally, the complaint must "state with particularity facts giving

rise to a strong inference that the defendant acted with the required state of mind."  *In re Pfizer*

*Inc. Sec. Litig.*, ___ F. Supp. 2d ___, No. 06 Civ. 14199 (LAK), 2008 WL 540120, at *2

(S.D.N.Y. Feb. 28, 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499,

2510 (2007)).  Plaintiffs offer no plausible theory of scienter on the part of the ImageSat D&Os,

much less a "cogent and compelling" inference, and point to no allegation in the Complaint that

would establish a strong inference of scienter.

### C.    The RICO Claims Are Not Adequately Pled

Plaintiffs assert incorrectly that the Investor Reports and the list of emails attached as

Exhibit F to the First Amended Complaint adequately plead a RICO claim by "identify[ing]

numerous wire and mail communications from Defendants and set[ting] forth the false statement

or statements contained in each" (Opp. 107).  First, the only individual specifically alleged to

have authored the Investor Reports (Compl. ¶ 101) is Menashe Broder, who does not appear as a

defendant in the First Amended Complaint.[9]  Second, an exhibit list does not constitute

adequately pled allegations of conduct or intent.  "Simply listing a mass of documents does not

satisfy Rule 9(b)."  *Crystal v. Foy*, 562 F. Supp. 422, 425-26 (S.D.N.Y. 1983) (holding plaintiff

must 'indicate how ... these sources ... provide the requisite factual support for the complaint's

accusations ... [and must] link the sources to subsequent allegations in the pleading.'") (internal

citation omitted).  A fraud claim should be dismissed where "[t]here is no identification of any

specific statement in any specific document which was false or misleading."  *Spiegler v. Wills*,

60 F.R.D. 681, 683 (S.D.N.Y. 1973); *accord Rich v. Touche Ross & Co.*, 68 F.R.D. 243, 246

---

[9]    Plaintiffs name all of the ImageSat D&Os in the paragraph that mentions the Investor Reports (Compl. ¶ 310(b)), but even they do not suggest that such a tenuous connection satisfies Rule 9(b).  And they certainly cannot impute any alleged misstatements in the Investor Reports -- which were issued from 2002 – 2004 (Compl. ¶¶ 101-104) -- to Defendants Arzi, Chelouche and Piperno-Beer, all of whom first joined the ImageSat Board in 2006.

(S.D.N.Y. 1975) ("[s]imply denominating unspecified financial statements and reports as 'false,' 'misleading' or 'inaccurate' is not sufficient" under Rule 9(b)).[10]  The Investor Reports and emails listed in Exhibit F do not set forth the contents of the supposed misrepresentations or provide notice of the factual basis for Plaintiffs' claim that the documents are fraudulent.  They are thus insufficient allegations of falsity.  *In re GeoPharma, Inc. Sec. Litig.,* 399 F. Supp. 2d 432, 452 n. 149 (S.D.N.Y. 2005) (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129 (2d Cir. 1994)).

Finally, Plaintiffs fail to plead with particularity that any of the ImageSat D&Os committed at least two predicate acts of mail and wire fraud.[11]  Plaintiffs allege only routine business communications, not fraudulent conduct.[12]  *See Nagel v. AIG Life Ins. Co.*, No. 94 CIV. 1035 (RPP), 1994 WL 406045, at *1 (S.D.N.Y. July 29, 1994) ("a RICO complaint cannot be predicated on innocuous business communications, absent some factual basis for inferring the sender's intent to defraud the recipient via a scheme to defraud"); *Atlantic Gypsum Co., Inc. v.*

---

[10]    *See also Gross v. Diversified Mortgage Investors*, 431 F. Supp. 1080, 1087 (S.D.N.Y. 1977) (plaintiffs must specifically identify what statements were made in what reports and in what respects they were false, misleading or inaccurate or what omissions were made and why the statements are believed to be misleading); *Spier v. Erber*, No. 89 Civ. 1657 (PKL), 1992 WL 230254, *16 (S.D.N.Y. Sept. 1, 1992) (plaintiff did not satisfy Rule 9(b)'s particularity requirement merely by setting forth a list of dates and places because plaintiff failed to specify the time, place, speaker, and content of each of the alleged misrepresentations).

[11]    Plaintiffs' reliance on *New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536 (E.D.N.Y. 1987), *Beth Israel Med. Ctr. v. Smith*, 576 F. Supp. 1061, 1071(S.D.N.Y. 1983), and their progeny (Opp. at 101-02) is misplaced.  In cases such as these, plaintiffs must still include *"a detailed description of the underlying scheme and the connection therewith of the mail and/or wire communications. . . ."  Jerome M. Sobel & Co. v. Fleck*, No. 03 Civ. 1041 RMB GWG, 2003 WL 22839799, at *5 (S.D.N.Y. Dec. 1, 2003) (emphasis in original); *see also Center Cadillac, Inc. v. Bank Leumi Trust Co. of N.Y.*, 808 F. Supp. 213, 229 (S.D.N.Y. 1992), *aff'd* 99 F.3d 401 (2d Cir. 1995)).  *Accord Salinas v. United States*, 522 U.S. 52, 66 (1997) (to bring civil RICO conspiracy claim, plaintiff must allege that defendant "knew about and agreed to facilitate the scheme").

[12]    Plaintiffs have also not properly pleaded a RICO Conspiracy.  In order to adequately plead such a claim, plaintiffs must "allege 'facts implying an ... agreement involving each of the defendants to commit at least two predicate acts'.  In other words, the complaint must allege 'some factual basis for a finding of a conscious agreement among the defendants.'"  *Miller v. City of N.Y.*, No. 05 CV 6024 (SJ) (RML), 2007 WL 1062505, at *4 (E.D.N.Y. Mar. 30, 2007) (quoting *Hecht v. Commerce Clearing House*, 897 F.2d 21, 25, 26 n.4 (2d Cir. 1990)).  And, "conclusory allegations of an agreement . . . are insufficient to state a RICO conspiracy claim."  *Id.* at *5.  Statements by the plaintiffs that defendants "acknowledge that predicates were committed by others" (Opp. at 100) (which Defendants do not acknowledge and Plaintiffs did not plead) are conclusory and not indicative of an agreement at the time any predicate act occurred.

*Lloyds Int'l Corp.*, 753 F. Supp. 505, 513 (S.D.N.Y. 1990) (dismissing complaint where it "consists of little more than a description of routine business communications connected to . . . a complex loan transaction"); *Miller,* 2007 WL 1062505, at *3.

**D.     Plaintiffs' Group Pleading Allegations Are Inadequate**

The group pleading doctrine applies only to a narrowly defined class of "group-published" documents.  *See In re Vivendi Universal, S.A., Sec. Litig.*, 381 F. Supp. 2d 158, 192 (S.D.N.Y. 2003) ("oral statements … do not fall within the ambit of the group pleading doctrine).  Contrary to Plaintiffs' argument, that doctrine is inapplicable to "what was said and done at ImageSat Board meetings" (Opp. at 109).   Although the doctrine "allows plaintiffs to 'rely on a presumption that statements in prospectuses, registration statements, annual reports, press releases, or other group-published information, are the collective work of those individuals with direct involvement in the everyday business of the company,'" the doctrine "is extremely limited in scope".  *In re Van Der Moolen Holding N.V. Sec. Litig.*, 405 F. Supp. 2d 388, 389 (S.D.N.Y. 2005) (noting that courts in the Second Circuit apply the doctrine only to "clearly cognizable corporate insiders with active daily roles in the relevant companies or transactions").

Moreover, plaintiffs invoking the group pleading doctrine "must still establish scienter as to each defendant."  *In re Bayer AG Sec. Litig.*, No. 03 Civ. 1546 (WHP), 2004 WL 2190357, *15 (S.D.N.Y. Sep. 30, 2004).[13]   A plaintiff may not avoid this requirement by identifying the defendants as members of a group, such as the ImageSat Board of Directors.  Plaintiffs must "either state that the activities of each individual defendant within a group were identical or specify the activities of each individual defendant".  *Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 198 F.R.D. 608, 610 (S.D.N.Y. 2001) (internal citation

---

[13]     *See also Polar Int'l Brokerage Corp. v. Reeve*, 108 F. Supp. 2d 225, 237 (S.D.N.Y. 2000) ("It is well-settled that where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of its alleged participation in the fraud. The requirements of Rule 9(b) are not satisfied by a complaint in which defendants are clumped together in vague allegations.") (internal quotations omitted); *Jacobs v. Coopers & Lybrand, L.L.P.*, No; 97 Civ. 3374 (RPP), 1999 WL 101772, at *17 (S.D.N.Y. March 1, 1999)  ("[E]ven under the group pleading doctrine, a complaint must allege ... 'particular facts demonstrating the knowledge of each of the defendants at the time that the statements were false.' ") (internal citation omitted).

9

omitted); *O'Connell v. Arthur Andersen, LLP (In re Alphastar Ins. Group, Ltd.)*, Case No. 03-17903 (SMB), Adv. Pro. No. 06-1524, 2008 Bankr. LEXIS 350 at *82 (Bankr. S.D.N.Y. Feb. 19, 2008) (discussing the application of Rule 9(b) to a breach of fiduciary duty claim, the court found an amended complaint's failure to "identify which Individual Defendant committed any particular act" violated "the rule against group pleading").[14]

## CONCLUSION

For the reasons stated herein, in their opening brief, and in the Joint Brief and Joint Reply, the ImageSat D&Os respectfully request that the Court dismiss the First Amended Complaint against them, in its entirety, with prejudice.

Dated: March 25, 2008
      New York, New York

MILBANK, TWEED, HADLEY & MᶜCLOY LLP

By: ____/s/ Sander Bak_____
      Sander Bak (SB 2263)
      Deborah Elman (DE 2310)
      Atara Miller (AM 1798)
      1 Chase Manhattan Plaza
      New York, New York 10005
      (212) 530-5000

      *Attorneys for Defendants ImageSat International
      N.V., David Arzi, Yoav Chelouche, Shimon Eckhaus,
      Moshe Keret, Izhak Nissan, Gino Piperno-Beer, and
      Jacob Weiss*

---

[14]     The cases cited by Plaintiffs do not refute the Rule 9(b) argument.  *See, e.g., In re LaBranche Sec. Litig.,* 405 F. Supp. 2d 333, 352 (S.D.N.Y. 2005); *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.,* 398 F. Supp. 2d 244, 250 (S.D.N.Y. 2005); and *In re Emex Corp. Sec. Litig.,* No. 01 Civ. 4886 (SWK), 2002 WL 31093612, at *8 (S.D.N.Y. Sept. 18, 2002).  In each of those cases, the complaint provided a high level of detail about the scheme and each defendant's role.  *See, e.g., Adelphia*, 398 F. Supp. 2d at 250 (permitting plaintiffs to rely on the group pleading exception because plaintiffs identified the defendants as holding positions that qualify them as corporate insiders involved in management or as members of the Board with equity interests and access to information concerning the company's day-to-day business).