# EXHIBIT A



מדינת ישראל
**STATE OF ISRAEL**
**MINISTRY OF DEFENSE**

THE DIRECTOR GENERAL

12 March 2008

Mr. Itzhak Nissan
President & CEO
Israel Aerospace Industries Ltd.

Dear Mr. Nissan,

We have received IAI's letter dated 23 January 2008, in which IAI seeks the views of the Government of Israel-Ministry of Defense (GOI-MOD) with regard to certain elements of the Complaint that you have provided to us and that we understand was filed as Stephen M. Wilson et al v. ImageSat International N.V. et al, in the United States District Court for the Southern District of New York. We have reviewed the Complaint with particular attention to the assertions that are made therein with regard to the GOI-MOD and the foreign policy and national security interests of the State of Israel.

As you know, the GOI-MOD is not a party to this lawsuit, nor would the GOI-MOD in the normal course seek to comment on a private litigation matter in a different country. The GOI-MOD will not address the substance of any of the allegations that are contained in the Complaint. At the same time, however, the GOI-MOD has noted with concern the frequent references in the Complaint to alleged activities of various parties in connection with the GOI-MOD, including alleged activities or decisions of the GOI-MOD itself. Indeed, it appears from the allegations in the Complaint that one of the major areas of focus in this litigation would be the policies, regulatory activities and decision-making of the GOI-MOD in the area of export control and sensitive technology and with particular reference to sophisticated imaging technology. Any judicial review of such allegations would appear to entail consideration of the internal policy deliberations and foreign policy activities of the GOI-MOD in fundamental areas affecting the sovereignty, national security and foreign relations interests of the State of Israel.

To the extent that any judicial review of such deliberations and activities of the GOI-MOD would take place, we strongly believe that such judicial review should not take place in a foreign tribunal, but, rather, before an Israeli tribunal, which has in place well-established mechanisms for presenting, reviewing and protecting classified or otherwise sensitive Israeli governmental information.



**מדינת ישראל**
**STATE OF ISRAEL**
**MINISTRY OF DEFENSE**

THE DIRECTOR GENERAL

We understand that litigation of this kind in the United States normally entails extensive discovery activities, as well as trial testimony, involving persons and entities in the United States and other countries. Because of the nature of the assertions made in the Complaint, discovery may be sought with respect to sensitive Israeli governmental information, whether in the possession of agencies of the Government of Israel, potential witnesses, or any of the defendants in this case. Should such discovery be sought, under applicable international conventions and Israeli statutes the GOI-MOD would necessarily have to consider carefully all such discovery requests, to ensure that there would be no disclosure of Israeli national security or other sensitive Israeli governmental information. Based on our reading of the Complaint, we would anticipate that release of potentially relevant information might be precluded. As indicated above, if this case were to be heard before an Israeli court, with its mechanisms for accommodating such situations, issues relating to such information are likely to be handled more efficiently, potentially allowing for the release of more information.

In conclusion, because of all of the considerations described above, the GOI-MOD has a strong interest that this case not be litigated before any foreign tribunal and that, if it will be litigated, it should proceed before an Israeli tribunal. The GOI-MOD does not object to your disclosure of the contents of this letter to any third party.

Sincerely,

Pinchas Buchris
Director General

2