UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN M. WILSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> IMAGESAT INTERNATIONAL N.V., et al., <br><br> Defendants. | Case No. 07 Civ 6176 <br><br> **DECLARATION OF** <br> **ARIE HALSBAND** |

I, Arie Halsband, declare under penalty of perjury as follows:

1. I submit this declaration in support of Israel Aerospace Industries Ltd.'s ("IAI") and Yehoshua Eldar's motion to dismiss the Complaint in the above captioned matter. I make this declaration from personal knowledge.

2. I am an aerospace engineer and have been employed by IAI since 1975 (with the exception of a few years in the 1980s when I worked as an engineer for another company). IAI's Missiles and Space Group ("SM&S") designs and develops products and technology in the area of missile systems, space and information technology. It is comprised of five Divisions, including the MBT Space Division (the "Space Division") which specializes in the design and production of communication and remote sensing satellites. I am currently the General Manager of the Space Division. I was previously the Director of the Space Directorate from 1998-2002[1]

---

[1] Directorates are departments within IAI Divisions. By 2002, the Space Directorate had grown sufficiently to become its own Division. For purposes of this declaration, references to the Space Division are intended to include the work done when it was the Space Directorate.

{00024463.DOC; 1}

3. The Space Division developed the technology, and built the satellites that are a part of Israel's space program. The satellites developed by the Space Division include earth remote sensing satellite such as the Ofeq, EROS and SAR satellites, and also developed communication satellites and ground stations.

4. I personally have Top Secret Security clearance, as do all of the engineers in the Space Division. This clearance is required because the nature of our work involves regular exposure to classified information related to matters of national security, and we work closely with our primary client -- the Israeli Ministry of Defense ("IMOD").

5. I first became involved in working on projects for ImageSat International N.V. ("ImageSat") in 1998 (when it was known as West Indian Space). I participated in the negotiations for the EROS A and B series satellite supply contracts and their subsequent amendments in 2000 and 2001, including discussions regarding the mission requirements. My counterparts at ImageSat were plaintiffs Moshe Bar Lev and Patrick Rosenbaum; I worked with both when they were at IAI. Indeed, Dr. Bar Lev held the position of the Director of the Space Directorate before me. I was in charge of the Space Directorate when we built the EROS A and began work on the EROS B (subsequently renamed EROS C) in 2001 and am very familiar with those projects.

6. I have read the Complaint in this action and met with IAI's retained New York counsel. The Complaint contains allegations that implicate classified information that we are not permitted to discuss even with IAI's own lawyers. This creates a significant obstacle for IAI because information necessary to defend against these allegations is classified. I am not even permitted to identify the specific allegations in the Complaint that raise these concerns, but I can say in very general terms that the

{00024463.DOC; 1}

classified information relates to financing and ownership of certain technology, the timing of development of certain technology, details relating to aspects and differences between the technology itself, matters relating to policies, procedures and activities of the IMOD (including, without limitation, negotiations with, and the identity of, certain contract partners) and other issues of national security.

7. A substantial amount of IAI documents relate to the allegations raised in the Complaint, including highly technical documents, contracts and drafts of contracts, internal and external emails, letters and other correspondence (including correspondence with the IMOD), and internal and external minutes of meetings. It is my understanding from our Security Directorate that each piece of paper will have to be reviewed and approved for release before we can show it even to IAI's outside counsel. In addition, I expect that a significant portion of those documents contain classified information and we will not be able to release them at all.

8. While many technical documents and correspondence with ImageSat are in English, some are also in Hebrew. Moreover, IAI's internal emails, correspondence with the IMOD, minutes of meetings, and other internal documents and notes are primarily in Hebrew. Correspondence with ISI is both in English and Hebrew. Thus, a substantial portion of the documents that are likely to be relevant to this case or sought in discovery are in Hebrew.

Dated: March 16, 2008
Lod, Israel

_____
ARIE HALSBAND