UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN M. WILSON, *et al.*,

        Plaintiffs,

v.

IMAGESAT INTERNATIONAL N.V., *et al.*,

        Defendants.

Case No. 07 Civ 6176

**DECLARATION OF YAIR SHERMAN**

I, Yair Sherman, declare under penalty of perjury, as follows:

1. I submit this declaration in support of Israel Aerospace Industries Ltd.'s ("IAI") and Yehoshua Eldar's motion to dismiss the Complaint in the above captioned matter. I make this declaration from personal knowledge.

2. I have been employed by IAI since 1983 in various security roles. In 1995, I became IAI's Deputy Director of Corporate Security, and in 2005 was promoted to Director, the position I hold today.

3. As Director of Corporate Security, I am responsible for all aspects of the protection of IAI employee, property, and information security, including the protection of classified information. IAI is designated as a defense company under Israeli law; accordingly, I report directly to the President of IAI, as well as to the head of MALMAB[1]. MALMAB is the security arm of the Israeli Ministry of Defense ("IMOD"), responsible for all aspects of security in the defense establishment according to the laws of the State of Israel. I am legally required to comply with the instructions and regulations issued by MALMAB.

4. As a global leader in developing military and commercial aerospace technology, IAI's operations necessarily involve highly sensitive and classified information. Accordingly,

---

[1] MALMAB is an acronym for the Hebrew phrase that means Director of Security for the Defense Establishment.

IAI personnel working on such projects must first receive personal security clearance from the Israel General Security Service. Only Israeli citizens are eligible to receive such security clearance. IAI's customers include the IMOD, all three branches of the Israeli Defense Forces, and various foreign military and intelligence organizations.

5. The three categories of classified information are "Confidential," "Secret," and "Top Secret." These military designations define the level of protection required for the particular information and apply to oral, written or otherwise recorded information. Only individuals with the appropriate clearance level may obtain access to the particular category of information on a "need to know" basis (*i.e.*, only individuals with Top Secret security clearance can access Top Secret information, and then only to the extent they "need to know" such information). Israeli law prohibits all Israeli persons and entities, including IAI and IMOD personnel, from disclosing or transferring classified information to any unauthorized person or entity, regardless of how such information was obtained.

6. Individuals, including IAI employees, with personal security clearances, must agree, in writing, to abide by Israel's Official Secrets Act and not divulge any classified information. Violation of the Official Secrets Act is a criminal offense punishable by imprisonment.

7. IAI has promulgated written policies and procedures governing the dissemination and protection of classified information in accordance with the directives and regulations issued by MALMAB. These policies and procedures are themselves classified; however, I am able to state that any information designated as classified may not be disclosed unless and until it has been declassified. These rules prohibit any current or former IAI employee not only from disclosing the substance of the classified information, but also the subject matter.

8.  I am familiar with the Complaint filed in this action, as well as certain correspondence Plaintiffs' counsel wrote to IAI's outside counsel. I am also familiar with the work done by the MBT Space Division, both in general terms and, more specifically, as it relates to certain projects, including the Ofeq, EROS and SAR satellites which are the subject of the Complaint in this action. I knew plaintiffs Moshe Bar Lev and Patrick Rosenbaum when they were employed by IAI as the director and deputy director, respectively, of the former Space Directorate (which later became the MBT Space Division). Both Bar Lev and Rosenbaum had Top Secret security clearance as required by their work on highly sensitive projects, including projects referenced in the Complaint.

9.  My department was required to notify MALMAB when the Complaint in this action was filed and to provide MALMAB with a copy. Indeed, my department is required to notify MALMAB anytime IAI is a party to a lawsuit that implicates issues of national security. In response to the notification, I received a letter from the MALMAB Information Security Division. The letter itself is classified and I therefore cannot attach a copy to this declaration. I am permitted to disclose however that the letter included an instruction from MALMAB that IAI security officers may not authorize the transfer or disclosure of classified information only "<u>to persons holding the applicable security clearance</u>."

10. MALMAB's letter reaffirms the rule that prohibits the disclosure of classified information to individuals who lack the requisite security clearance.

11. Accordingly, before any document can be released in this case -- even to IAI's retained counsel in New York -- it must be reviewed by IAI personnel who have the appropriate security clearance. Any document that contains classified information cannot be released to anyone without the appropriate security clearance, unless it is declassified. Although a

comprehensive process for declassifying information exists, there is certain information directly relevant to this case that will not qualify for declassification.

12. Moreover, if any current or former IAI employee is required to testify, he or she will not be legally permitted to answer any questions that may reveal classified information. This prohibition extends as well to questions asked by IAI's retained New York lawyers during the course of an internal client meeting or interview.

13. Information in this case could be more readily disseminated if this case was litigated in Israel. In my capacity as Director and, previously, Deputy Director in charge of security, I worked on a number of litigations in Israel in which IAI was a party and which involved classified information. In those cases, procedures were put in place that protected the security and integrity of the information while, at the same time, permitted both parties access to necessary information. First, IAI retained outside counsel in Israel with appropriate security clearance. This enabled IAI employees to freely disclose information to counsel and fully prepare claims and defenses. Second, there are mechanisms in place in the Israeli courts which allowed classified information to be disclosed in a secure setting and with the approval of the appropriate authorities and provided for opposing counsel to obtain security clearance. Once these procedures were in place, disclosure of documents between the parties was facilitated so that both parties had access to the necessary material, and witnesses were able to provide substantive responses to questions posed by either party. These same procedures could be implemented in this case if it is litigated in Israel.

Dated: March ___, 2008
Lod, Israel

Yair Sherman