UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X
                                                                          :
STEPHEN M. WILSON, *et al.*,                                              :
                                                                          :
                    Plaintiffs,                                 :  **Filed Electronically**
                                                                          :
     -against-                                                         :  07 Civ. 6176 (LTS) (DFE)
                                                                          :
IMAGESAT INTERNATIONAL N.V., *et al.*,                                    :
                                                                          :
                    Defendants.                                 :
                                                                          :
------------------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF IMAGESAT
INTERNATIONAL N.V.'S MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ........................................................................................................................ 1

I.   IMAGESAT IS NOT SUBJECT TO JURISDICTION IN NEW YORK ................... 1

     A.   Plaintiffs Misstate Their Burden of Proof ............................................................ 1

     B.   ImageSat is Not Subject to Nationwide Jurisdiction in this Lawsuit Based on Plaintiffs' RICO Claims ............................................................................. 2

     C.   The Allegations in the Complaint Do Not Arise Out of ImageSat's Contacts with New York ...................................................................................... 3

          1.   Investment Solicitation Is Not Adequate To Support Personal Jurisdiction ................................................................................................... 3

          2.   Board Meetings in New York Do Not Confer Jurisdiction ........................ 4

          3.   The Court Does Not Have Jurisdiction Over ImageSat Based On The Agreements Cited By Plaintiffs .......................................................... 4

     D.   Exercising Jurisdiction Over ImageSat Would Be Unconstitutional ..................... 5

II.  PLAINTIFFS' CLAIMS AGAINST IMAGESAT ARE ILLOGICAL AND FAIL TO STATE A CLAIM ........................................................................................ 6

CONCLUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ahles v. Aztec Enter., Inc.*,
  502 N.Y.S.2d 821 (App. Div. 1986) ................................................................................ 8

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriquez*,
  305 F.3d 120 (2d Cir. 2002) ............................................................................................ 6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. ----, 127 S.Ct. 1955 (2007) .............................................................................. 7

*Craig v. First Web Bill, Inc.*,
  No. 04 –CV-1012 (DGT), 2004 U.S. Dist LEXIS 27432
  (E.D.N.Y. Nov. 29, 2004) ............................................................................................... 3

*First Capital Asset Mgmt, Inc. v. Brickellbush, Inc.*,
  218 F. Supp. 2d 369 (S.D.N.Y. 2002) ............................................................................. 6

*Grace v. Corn Exchange Bank Trust Co.*,
  287 N.Y. 94 (1941) .......................................................................................................... 8

*Henneberry v. Sumitomo Corp. of Am.*,
  No. 04 Civ. 2128 (PKL), 2007 WL 2068346 (S.D.N.Y. July 12, 2007) ......................... 7

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*,
  763 F.2d 55 (2d Cir. 1985) .............................................................................................. 3

*ISI Brands, Inc. v. KCC Int'l, Inc.*,
  458 F. Supp. 2d 81 (E.D.N.Y. 2006) ............................................................................... 4

*J.S. ex rel. N.S. v. Attica Cent. Schs.*,
  386 F.3d 107 (2d Cir. 2004) ............................................................................................ 2

*Jacobs v. Felix Bloch Erben Verlag Fur Buhne Film Und Funk KG*,
  160 F. Supp. 2d 722 (S.D.N.Y. 2001) ............................................................................. 3

*Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*,
  918 F.2d 1039 (2d Cir. 1990) ..................................................................................... 2, 3

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
  84 F.3d 560 (2d Cir. 1996) .............................................................................................. 1

*Mugno v. Societe Internationale de Telecommunications Aeronautiques, Ltd.*,
  No. 05-cv-2037 (DRH) (ARL), 2007 WL 316573 (E.D.N.Y. Jan. 30, 2007) ................. 2

*National Asbestos Workers Medical Fund v. Philip Morris, Inc.*,
  86 F. Supp. 2d 137 (E.D.N.Y. 2000) ............................................................................... 2

*Phillips v. AudioActive Ltd.*,
  494 F.3d 378 (2d Cir. 2007) ............................................................................................ 4

*Pieczenik v. Dyax Corp.*,
  No. 00 CV 243 (HB), 2000 WL 959753 (S.D.N.Y. July 11, 2000) ................................ 2

*Savoleo v. Couples Hotel*,
  524 N.Y.S.2d 52 (App. Div. 1988) ................................................................................. 3

*USA Certified Merchs., LLC v. Koebel*,
    262 F. Supp. 2d 319 (S.D.N.Y. 2003) ................................................................................ 7

*Wiwa v. Royal Dutch Petroleum Co.*,
    226 F.3d 88 (2d Cir. 2000) .................................................................................................. 4

**STATUTES**

18 U.S.C. § 1965(d) ....................................................................................................................... 2

ImageSat is concurrently filing a separate reply memorandum in further support of various grounds common to all Defendants as to why Plaintiffs' claims should be dismissed. This reply memorandum addresses two additional reasons why the claims against ImageSat should be dismissed. First, ImageSat has no physical presence in New York, no employees in New York, and conducts no business in New York. It therefore should not be subject to jurisdiction in this forum. Second, the allegations in the lawsuit allege injury to all shareholders of the company. Naming ImageSat as a defendant to a lawsuit in which the company is alleged to have been injured is illogical and therefore fails to state a claim.[1]

# ARGUMENT[2]

## I. IMAGESAT IS NOT SUBJECT TO JURISDICTION IN NEW YORK

### A. Plaintiffs Misstate Their Burden of Proof

Plaintiffs do not have a "limited burden of proof" (Opp. at 38) to defeat ImageSat's personal jurisdiction motion. Plaintiffs spent three months conducting jurisdictional discovery following the filing of Defendants' motions to dismiss. ImageSat produced hundreds of pages of documents and Plaintiffs conducted jurisdictional depositions of two ImageSat corporate representatives.[3] Because Plaintiffs conducted extensive jurisdictional discovery they cannot oppose Imagesat's personal jurisdiction motion based only on "legally sufficient allegations of jurisdiction." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Instead, they "bear[] the burden of proving by a preponderance of the evidence that

---

[1] Attached as Appendix A to this memorandum is a chart showing the basis for dismissal as to each claim asserted against ImageSat and the ImageSat D&Os.

[2] ImageSat's Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss, filed on October 15, 2007, was directed the original complaint in this action. On March 17, 2008, Plaintiffs filed the First Amended Complaint ("Compl."). Each ground for dismissal raised in ImageSat's memorandum of law in support of its motion to dismiss applies equally to the allegations in the First Amended Complaint.

[3] There is no support for Plaintiffs' claim that there has been "only limited jurisdictional discovery". (Opp. at 38). ImageSat provided responsive documents and made available all relevant witnesses on the jurisdictional issues raised in its motion. (*See* Bak Decl. Ex. 8.) Defendants consented to several extensions on Plaintiffs' deadline to file their opposition brief to allow them to conclude all jurisdictional discovery. Plaintiffs had the opportunity to raise an issue with the Magistrate if they believed that ImageSat was improperly resisting jurisdictional discovery but chose not to do so.

personal jurisdiction exists." *Pieczenik v. Dyax Corp.*, No. 00 CV 243 (HB), 2000 WL 959753, at *2, n. 3 (S.D.N.Y. July 11, 2000). *See also Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) ("Since the district court allowed the parties to conduct discovery on the jurisdictional issue, Alexander & Alexander bears the burden of proving by a preponderance of the evidence that personal jurisdiction exists.").

Furthermore, Plaintiffs cannot rely on the hearsay and conclusory allegations[4] in the affidavit of Stephen Wilson to support their jurisdictional showing. *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (on a motion to dismiss a court "may not rely on conclusory or hearsay statements contained in the affidavits") (citation omitted); *see also Mugno v. Societe Internationale de Telecommunications Aeronautiques, Ltd.*, No. 05-cv-2037 (DRH) (ARL), 2007 WL 316573, *7-8 (E.D.N.Y. Jan. 30, 2007) (affidavits containing conclusory allegations and legal arguments are subject to being struck).

**B.     ImageSat is Not Subject to Nationwide Jurisdiction in this Lawsuit Based on Plaintiffs' RICO Claims**

Plaintiffs' argument (Opp. at 39) that their RICO claims allow them to obtain jurisdiction over ImageSat based on contacts with the entire United States fails on several grounds. First, Plaintiffs' RICO claims are frivolous and thus cannot provide jurisdiction over ImageSat or any of the other defendants. (Jt. Br. § VII.) Second, even if Plaintiffs had stated a valid RICO claim, nationwide jurisdiction under RICO applies only to international defendants who were served with process in the United States. *See* 18 U.S.C. § 1965(d); *see also National Asbestos Workers Medical Fund v. Philip Morris, Inc.*, 86 F. Supp. 2d 137, 140 (E.D.N.Y. 2000) (for nationwide RICO jurisdiction to apply "defendants must be served with process within the United States.") Here, ImageSat and the other defendants were served in Israel. (*See* Docket No. 4: Stipulation and Order Concerning Service dated July 23, 2007 (stating that service was effected "based on Plaintiffs' mailing of the Summons and Complaint to the General Counsels"

---

[4] *See, e.g.*, Wilson Decl. ¶ 48 ("Each of the Plaintiffs who invested in ImageSat did so in reliance upon representations . . ."; ¶ 49 ("From the point of view of most of the Plaintiffs and other financial investors . . .").

of the Defendants in Israel).)  Finally, Plaintiffs in any event fail to allege that ImageSat has contacts with a State outside New York.[5]

### C. The Allegations in the Complaint Do Not Arise Out of ImageSat's Contacts with New York

Plaintiffs allege that ImageSat is subject to personal jurisdiction in this Court because it solicited investments, held board meetings, and negotiated agreements in New York.  (Opp. 46-51.)  None of these activities goes to the core of ImageSat's business or Plaintiffs' claims, and thus they are insufficient to confer jurisdiction.

#### 1. Investment Solicitation Is Not Adequate To Support Personal Jurisdiction

The claims in the lawsuit are not based on ImageSat's fundraising activities and, indeed, the majority of the fundraising activities described by Plaintiffs (Opp. at 17-20) long predate the allegations in the Complaint.  *See Craig v. First Web Bill, Inc.,* No. 04 –CV-1012 (DGT), 2004 U.S. Dist LEXIS 27432, at *25-26 (E.D.N.Y. Nov. 29, 2004) (lack of substantial nexus where defendant's visits to New York were unrelated to the subject of the lawsuit).  Even if these fundraising trips occurred during the relevant time period, sporadic trips to New York are not sufficient to confer jurisdiction.  *See Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1045 (2d Cir. 1990) (18 business trips by multiple employees over a period of 18 months too sporadic and "insufficient to establish the systematic and continuous presence within the state that New York law requires"); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57-25 (2d Cir. 1985) (fifty-four visits to New York to discuss business with plaintiff insufficient); *Savoleo v. Couples Hotel*, 524 N.Y.S.2d 52, 52 (App. Div. 1988) ("occasional" business trips to New York insufficient).[6]

---

[5] The allegation that in 1999 to 2001 West Indian Space/ImageSat operated an office in Connecticut (Opp. at 18) is irrelevant because the claims bear no relation to that office and there is no allegation that this office was in operation when the lawsuit was filed, or, indeed, at any time since 2001.  *See Jacobs v. Felix Bloch Erben Verlag Fur Buhne Film Und Funk KG*, 160 F. Supp. 2d 722, 726 n. 5 (S.D.N.Y. 2001) ("For the purposes of the jurisdictional analysis under New York State law, the Court focuses specifically on the Defendants' amenability to suit at the time the lawsuit was filed, not when the claim arose.").

[6] With respect to ImageSat's IPO attempt, "prevailing caselaw accords foreign corporations substantial latitude to list their securities on New York-based stock exchanges and to take the steps necessary to facilitate those

### 2.     Board Meetings in New York Do Not Confer Jurisdiction

Plaintiffs do not address the cases stating that occasional Board meetings in New York are not sufficient to form a basis for specific jurisdiction.[7] (ImageSat Br. at 5-7.)  Instead, they refer to the November 22, 2006 meeting at which they claim Defendants failed to take advantage of an SOP opportunity in Venezuela.  But, as Plaintiffs allege, the Venezuela SOP was not discussed at the November 22 meeting, and it therefore cannot form the basis for personal jurisdiction over ImageSat.  (*Id.* at 7 n.7).  Plaintiffs' allegation that an August 23, 2007 board meeting in New York can form the basis for personal jurisdiction is incorrect as "[o]nly pre-litigation contacts are relevant to the jurisdictional question." *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 88 (E.D.N.Y. 2006) (finding no personal jurisdiction over corporation in part because the business transactions in New York occurred after the filing of Amended Complaint).

### 3.     The Court Does Not Have Jurisdiction Over ImageSat Based On The Agreements Cited By Plaintiffs

Plaintiffs' claims do not arise out of the Joint Venture Agreements from the 1990s, and their suggestion that the bulk of their claims arise out of the Securityholders Agreement is an attempt to manufacture a jurisdictional hook.  The Securityholders Agreement dated July 25, 2000 (Opp. 27) is signed by only one plaintiff (WIS Partners) and is relevant only to Plaintiffs' claim (Compl. ¶¶ 66-67) that the board should consist of two additional independent directors, which is not invoked in any of Plaintiffs' causes of action.  Because the bulk of Plaintiffs' claims do not arise out of the Joint Venture Agreements or the Securityholders Agreement, the New York forum selection clauses have no bearing on the jurisdictional analysis. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 389-92 (2d Cir. 2007) (forum selection clause in contract does

---

listings (such as making SEC filings and designating a depository for their shares) without subjecting themselves to New York jurisdiction for unrelated occurrences." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000).

[7]     Plaintiffs assert, on the one hand, that "[m]any" of their "claims in this action arise from decisions taken at" board meetings. (Opp. at 48.)  However, later they assert that this is not a case about a decision made at a board meeting. (*See id.* at 74 ("Relatively few of the acts and omissions … resulted from a particular Board resolution adopted at a particular Board meeting.").)

not govern claims that do not arise out of that agreement).

Plaintiffs fail to mention the numerous agreements entered into by and among the parties to this litigation that have Israeli or Netherlands Antilles choice of law, forum selection and mandatory arbitration clauses, and that are directly relevant to this lawsuit. For example, each satellite supply contract signed by ImageSat contains an Israeli choice of law clause and provides that disputes regarding the agreement are to be arbitrated exclusively in Israel. (*See, e.g.,* Bak Decl. Exs. 1-5.) One of those agreements, the Second Amended and Restated EROS B Satellites Supply Contract ("EROS B SSC"), is the subject of an entire section of the Complaint (¶¶ 88-112) and is the basis for Plaintiffs' Fourteenth Claim for Relief (Against IAI and Elbit for Breach of the Satellite Supply Contracts) (*id.* ¶¶ 317-332). In addition, the Bank Credit Agreement between ImageSat and Bank Leumi and related agreements from the July 2001 financing are the subject of Plaintiffs' claims (¶¶ 89, 101) and contain Israeli choice of law and choice of forum provisions.[8]

### D. Exercising Jurisdiction Over ImageSat Would Be Unconstitutional

As set forth in more detail in ImageSat's opening brief, the assertion of jurisdiction over the company would be unreasonable and would violate due process. (ImageSat Br. at 12-14.) It is undisputed that ImageSat: does not own or lease office space in New York or anywhere else in the United States;[9] does not have any subsidiaries in the State of New York or elsewhere in the United Sates;[10] has no customers based in New York;[11] does not have a bank account or own any property in New York or anywhere in the United States;[12] does not maintain a telephone, telex,

---

[8] Plaintiffs' allegation that because ImageSat "secured the advice of numerous professionals here" it is subject to personal jurisdiction in New York fails to address the long line of cases cited by ImageSat holding that the use of New York law firms, accountants and investment banks to perform professional services does not represent activity in New York for jurisdictional purposes. (ImageSat Br. at 7-8.)

[9] (*See* Decl. of Hagai Goren in Support of Defs' Mot. to Dismiss the Compl. ("Goren Decl.") at ¶¶ 7-8.)

[10] (*Id.* ¶ 9.)

[11] (*Id.* ¶ 15.)

[12] (*Id.* ¶¶ 8, 13.)

or telefax listing in New York or anywhere in the United States;[13] has no officers, employees, or consultants in New York;[14] is not registered with the Secretary of State of New York for service of process;[15] and has never commenced a lawsuit in New York and, prior to this action, was never a party to a U.S. lawsuit.[16] In fact, the Company has deliberately limited its business involvement in the United States.[17] As Plaintiffs themselves allege, ImageSat is an "Israeli company based entirely in, and primarily serving constituencies in, Israel." (Compl. ¶ 17.)[18]

In light of ImageSat's limited contacts with New York, the fact that ImageSat conducts occasional board meetings in New York and ten years ago solicited investments in New York does not make it "reasonable under the circumstances of the particular case" to assert personal jurisdiction over ImageSat in this lawsuit. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriquez*, 305 F.3d 120, 129 (2d Cir. 2002); *see also First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.,* 218 F. Supp. 2d 369, 403 n.179 (S.D.N.Y. 2002) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.") (internal citations omitted).

## II. PLAINTIFFS' CLAIMS AGAINST IMAGESAT ARE ILLOGICAL AND FAIL TO STATE A CLAIM

ImageSat demonstrated in its opening brief that the claims for breach of fiduciary duty (claims 1-6), corporate waste (claims 7-9), self-dealing (claim 10), conversion and misappropriation (claim 21), and unjust enrichment and restitution (claim 22) allege damage to the company as a whole. (*See* ImageSat Br. at 14-20; *see also* Compl. ¶ 19 (alleging the

---

[13] (*Id.* ¶ 11.)

[14] (*Id.* ¶ 14.)

[15] (*Id.* ¶ 10.)

[16] (*Id.* ¶ 16.)

[17] (*Id.* ¶ 6.)

[18] (*See also* Compl. ¶ 114 (alleging that during Mr. Weiss's tenure as CEO of ImageSat, "[m]any of the Company's operations outside of Israel were abruptly terminated, as were virtually all non-Israeli personnel").)

Defendants' "deliberate misuse of the Company for purposes other than achieving the best available return *for all its shareholders*"); *id.* ¶ 188 (alleging that the actions of Defendants "cost[] ImageSat *and its shareholders* hundreds of millions of dollars") (emphasis added).) These claims are logically flawed as pled against the Company and must be dismissed. As the Supreme Court stated, a complaint must be dismissed where plaintiffs "have not nudged their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1979 (2007). The claims against ImageSat are self-contradictory and inherently illogical; as such, they are barely conceivable, much less plausible. Plaintiffs apparently concede this point, choosing not to address this argument in their 120 page opposition brief.

Plaintiffs' claims are derivative in nature.[19] As their expert acknowledges (*see* Raaijmakers Decl. ¶ 11), however, Netherlands Antilles law does not recognize derivative actions. Attempting to avoid this bar imposed by Antilles law, Plaintiffs fashion their complaint as a direct action. But they cannot avoid the fact that the alleged injury was caused to the company as a whole and that the Complaint consistently pleads injury to *the Company and its shareholders* (*see* ImageSat Br. at 14-16 (collecting references)). It therefore defies logic to include ImageSat as a defendant in this lawsuit. By lumping ImageSat with the other defendants when it is when it is unclear whether Plaintiffs intend for ImageSat to be included in the allegations against "Defendants," the Complaint fails to put ImageSat on notice of the claims against it and its purported wrongdoing.[20]

Although Plaintiffs do not dispute that the company cannot be alleged to have converted its own property, they do argue, in a cursory footnote, that ImageSat is properly joined as a

---

[19]   *See Henneberry v. Sumitomo Corp. of Am.*, No. 04 Civ. 2128 (PKL), 2007 WL 2068346, at *7 (S.D.N.Y. July 12, 2007) (defining derivative claims as those where the "shareholder's perceived injury is deemed to be considered the same injury as that to the corporation and, consequently, the shareholder maintains no separate right of action separate and apart from the corporation's"). Israel law is to the same effect. (Vigdor Decl. ¶¶ 25-26.)

[20]   For this reason, plaintiffs' confused pleading as to ImageSat also fails to satisfy the Rule 9(b) requirement that allegations of fraud be stated with particularity as to each Defendant. *See e.g. USA Certified Merchs., LLC v. Koebel*, 262 F. Supp. 2d 319, 332 (S.D.N.Y. 2003) (plaintiff must allege each defendant's participation in the fraud).

defendant on the conversion claim – only one of the twelve claims that ImageSat noted in its opening brief was illogical – because it "may have aided and abetted a fiduciary in divesting assets from the company" (Opp. at 115, n. 32). Plaintiffs cite only two cases, both of which merely set forth the general principle that a party may be held liable for aiding and abetting a conversion.[21] These cases do not cure the flaw in their conversion claim against ImageSat. It is no more logical to allege that ImageSat helped others steal from it than it is to say that ImageSat stole from itself. Plaintiffs cite no case, and ImageSat is not aware of any case, holding a party liable, under either primary or secondary liability theories, for converting its own property.[22]

## CONCLUSION

For the reasons stated above and in its opening brief, as well as the reasons set forth in Defendants' joint memorandum and joint reply memorandum, this Court should dismiss the First Amended Complaint against ImageSat, in its entirety, with prejudice.

Dated: March 25, 2008        MILBANK, TWEED, HADLEY & MCCLOY LLP
New York, New York

By: /s/ Sander Bak
    Sander Bak (SB 2263)
    Deborah Elman (DE 2310)
    Atara Miller (AM 1798)
    1 Chase Manhattan Plaza
    New York, NY 10005

---

[21] *See Ahles v. Aztec Enter., Inc.,* 502 N.Y.S.2d 821 (App. Div. 1986) (defendant's refusal to return 900 stolen coins with knowledge that they were stolen constituted conversion); *Grace v. Corn Exchange Bank Trust Co.*, 287 N.Y. 94 (1941) (bank that aided and abetted trustee in converting trust property with knowledge of the tort could be liable for conversion).

[22] Although not an issue that may be resolved on a motion to dismiss, should any portion of the Complaint survive beyond the pleadings stage discovery will show that certain plaintiffs have waived claims asserted in this lawsuit. For example, in a letter setting forth the terms of the consulting arrangement between ImageSat, plaintiff BRW Engineering, Ltd. ("BRW") and plaintiff Stephen Wilson, signed by Mr. Wilson (on behalf of both himself and BRW), Mr. Wilson "acknowledge[s] that [he] shall have no claim against ImageSat … and waive[s] any claim and/or demand [he has] or might have against ImageSat with respect to the [Venezuelan] SOP 5 Project and/or the Sales Contract and/or the expired Consultant Agreement and/or the Letter Agreement signed between ImageSat and [Wilson and BRW] on December 31, 2004." (January 30, 2006 letter from Messrs. Eckhaus and Goren to BRW and Mr. Wilson, ¶ 6 (attached as Ex. 8 to Bak Decl.).) Plaintiffs devote an entire section and cause of action to allegations that ImageSat spurned the Venezuelan SOP and investment opportunities in Venezuela (Compl. ¶¶ 132-151; 226-234), even though the plaintiff closest to this allegation already waived this claim.

      sbak@milbank.com
      (212) 530-5000

*Counsel for Defendants ImageSat International N.V., Moshe Keret, Izhak Nissan, Jacob Weiss, Shimon Eckhaus, Gino Piperno-Beer, David Arzi, and Yoav Chelouche*