UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STEPHEN M. WILSON, BRW ENGINEERING : 
LTD., WIS PARTNERS LTD., MOSHE BAR-    :    CV-07-6176 (LTS)
LEV, PATRICK ROSENBAUM, MICHAEL        :
MORRIS, HAIM YIFRAH, TOP DOWN          :
PARTNERS, LLC, JOEL LEVINE, MORRIS     :
TALANSKY, ABRAHAM MOSHEL, MAGMA        :
INTERNATIONAL SERVICES, LTD., ALBERT   :
REICHMANN, HEXAGRAM & CO., and         :
POLYBUTES COMPANY,                     :
                                       :
                 Plaintiffs,           :
                                       :
       vs.                             :
                                       :
IMAGESAT INTERNATIONAL N.V., ISRAEL    :
AEROSPACE INDUSTRIES LTD., ELBIT       :
SYSTEMS LTD., MOSHE KERET, IZHAK       :
NISSAN, JACOB WEISS, MENASHE BRODER,   :
SHIMON ECKHAUS, MICHAEL FEDERMANN,     :
ESTATE OF JACOB TOREN, JOSEPH          :
ACKERMAN, JOSEPH GASPAR, GINO          :
PIPERNO-BEER, JAMES DEPALMA, DAVID     :
ARZI, YOAV CHELOUCHE, and YEHOSHUA     :
ELDAR,                                 :
                                       :
                 Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO
DISMISS THE COMPLAINT AS AGAINST DEFENDANTS ELBIT
SYSTEMS LTD., MICHAEL FEDERMANN, ESTATE OF JACOB
TOREN, JOSEPH ACKERMAN AND JOSEPH GASPAR**

GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York  10166
(212) 801-9200

*Attorneys for Defendants
Elbit Systems Ltd., Michael Federmann,
Estate of Jacob Toren, Joseph Ackerman
and Joseph Gaspar*

# TABLE OF CONTENTS

**Page**

I.    PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT
      LACKS PERSONAL JURISDICTION OVER THE ELBIT DEFENDANTS ...................... 1

      A.    The contacts of Elbit's affiliates do not create jurisdiction over Elbit ......................... 1

      B.    Elbit is not a party to, or the successor to, any contract which is the source of
            the claims in this case. .................................................................................................... 2

      C.    The individual Elbit Defendants' business travel to NY is insufficient to
            create jurisdiction over them.......................................................................................... 2

II.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AGAINST
      DEFENDANT ELBIT BECAUSE IT IS NOT A PROPER PARTY ..................................... 4

III.  PLAINTIFFS ARE NEITHER PARTIES TO, NOR THIRD PARTY
      BENEFICIARIES OF, ANY OF THE CONTRACTS THAT ELBIT HAS
      ALLEGEDLY BREACHED ................................................................................................... 5

      A.    Plaintiffs are not third party beneficiaries of these contracts....................................... 5

      B.    Plaintiffs have not and cannot sue derivatively for breach of contract. ....................... 5

IV.   PLAINTIFFS FAIL TO PLEAD FRAUD WITH THE REQUISITE
      PARTICULARITY AS AGAINST THE ELBIT DEFENDANTS......................................... 6

      A.    Plaintiffs Do Not Identify Specific Falsehoods With Sufficient Particularity............. 6

      B.    Group Pleading Is Insufficient To Establish Scienter With Respect To The
            Elbit Defendants............................................................................................................. 7

      C.    Plaintiffs' Allegations Of Reliance Are Vague And Conclusory ................................. 8

V.    PLAINTIFFS' RICO CLAIMS MUST BE DISMISSED AS AGAINST THE ELBIT
      DEFENDANTS ..................................................................................................................... 8

      A.    Plaintiffs Fail Adequately To Plead Any Predicate Acts By Elbit Defendants ........... 8

      B.    Plaintiffs have no standing to bring RICO claims on the basis of alleged
            injuries to ImageSat. ...................................................................................................... 9

VI.   PLAINTIFFS LACK STANDING TO PROCEED WITH A FRAUDULENT
      CONVEYANCE CLAIM ..................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*Anatian v. Coutts Bank (Switzerland) Ltd.*,
   193 F.3d 85 (2d Cir. 1999)................................................................................................ 6

*Bankers Trust Co. v. Rhoades*,
   859 F.2d 1096 (2d Cir. 1988)........................................................................................... 10

*Bialek v. Racal-Milgo, Inc.*,
   545 F. Supp. 25 (S.D.N.Y. 1982) ....................................................................................... 3

*Biofeedtrac, Inc. v. Kolinor Optical Enterprises & Consultants, S.R.L.*,
   817 F. Supp. 326 (E.D.N.Y. 1993) ..................................................................................... 1

*Carr v. Equistar Offshore, Ltd.*,
   1995 WL 562178 (S.D.N.Y. 1995)................................................................................... 10

*Caytas v. Maruszak*,
   2007 WL 2456956, (S.D.N.Y. 2007).................................................................................. 9

*Drenis v. Haligiannis*,
   452 F.Supp.2d 418 (S.D.N.Y. 2006)................................................................................ 10

*Pinnacle Consultants, Ltd. v. Leucadia Nat. Corp.*,
   101 F.3d 900 (2d. Cir. 1996)............................................................................................. 9

*Fischer v. C. J. Lawrence & Co., Inc.*,
   481 F. Supp. 357 (S.D.N.Y. 1979) ..................................................................................... 8

*Grondin v. Rossington*,
   690 F.Supp. 200 (S.D.N.Y. 1988) ...................................................................................... 5

*Holmes v. Securities Investor Protection Corp.*,
   503 U.S. 258, 112 S.Ct. 1311 (1992)................................................................................. 9

*In re Citigroup, Inc. Sec. Litig.*,
   330 F. Supp. 2d 367 (S.D.N.Y. 2004)............................................................................. 8, 9

*In re Parmalat Securities Litigation*,
   479 F.Supp.2d 332 (S.D.N.Y. 2007)............................................................................... 7, 9

*In re Sotheby's Holdings, Inc. Sec. Litig.*,
   No. 00 Civ. 1041, 2000 WL 1234601 (S.D.N.Y. 2000) ..................................................... 8

*J.L.B. Equities, Inc. v. Ocwen Financial Corp.*,
   131 F.Supp.2d 544 (S.D.N.Y. 2001).................................................................................. 2

*May Dept. Stores Co. v. International Leasing Corp.*,
   1995 WL 656986 (S.D.N.Y. 1995)...............................................................................8

*Michaelson v. Merrill Lynch*,
   709 F. Supp. 1279 (S.D.N.Y. 1989)...........................................................................1

*Moore v. PaineWebber, Inc.*,
   189 F.3d 165 (2d Cir. 1999)......................................................................................9

*Moreau v. RPM, Inc.*,
   20 A.D.3d 456, 799 N.Y.S.2d 113 (2d Dep't 2005)................................................1, 2

*New York Univ. v. Continental Ins. Co.*,
   662 N.E.2d 763 (1995)..............................................................................................6

*Ontario Ltd. v. Lencore Acoustics Corp.*,
   142 F. Supp. 2d 309 (E.D.N.Y. 2001) ......................................................................3

*Rand v. Anaconda-Ericsson, Inc.*,
   794 F.2d 843 (2d Cir. 1986)....................................................................................10

*Snyder v. Ply Gem Industries, Inc.*,
   200 F.Supp. 2d 246 (S.D.N.Y. 2001)........................................................................2

*This Is Me, Inc. v. Taylor*,
   157 F.3d 139 (2d Cir. 1998)......................................................................................5

**Statutes**

New York Debtor-Creditor Law § 276 .........................................................................10

18 U.S.C. § 1965..........................................................................................................1

Defendants Elbit Systems, Ltd. ("Elbit"), Michael Federmann ("Federmann"), Joseph

Ackerman ("Ackerman"), Joseph Gaspar ("Gaspar") and the Estate of Toren ("Toren") (collectively

the "Elbit Defendants") respectfully submit this reply memorandum of law in further support of

their motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (6).[1]

## I.    PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER THE ELBIT DEFENDANTS

### A.    The contacts of Elbit affiliates do not create jurisdiction over Elbit

Plaintiffs, in the Complaint, have named Elbit Systems Ltd. ("Elbit") as a defendant.

Contrary to Plaintiffs' effort to gloss over the separate nature of Elbit and its affiliated entities, Elbit

*itself* has no employees in New York, or, indeed, in the United States, and derives almost no

revenues directly from New York commerce.[2]  Reply Declaration of David Block Temin, dated

March 9, 2008 ("Block Temin Reply Dec.") ¶ 3.  Instead, Plaintiffs rely for their assertions to the

contrary on Elbit's 2006 Form 20-F filed with the SEC, a form which reflects the consolidated

operations of Elbit and its subsidiary Elbit Systems of America LLC ("ESA"), which in turn hold

the shares of several separate corporate entities operating in the United States though none are

located in New York nor do they do business in New York ("ESA").  Block Temin Reply Dec. ¶ 4.

As a matter of well-settled law, ESA's contacts with New York, if any, cannot be attributed

to Elbit in order to create jurisdiction. *Moreau v. RPM, Inc.*,  20 A.D.3d 456, 457, 799 N.Y.S.2d

113, 114 (2d Dep't 2005) ("Mere ownership by a parent company of a subsidiary that is subject to

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Elbit Defendants' Moving Memorandum of Law, dated October 15, 2007.

[2] While Plaintiffs repeatedly address the defendants' alleged contacts with the United States as a whole for jurisdictional purposes, it is clear that only contacts with New York are jurisdictionally relevant. While 18 U.S.C. § 1965, the jurisdictional section of the federal racketeering statute provides for jurisdiction based on service anywhere within the United States, the Elbit Defendants were served outside the United States, and were not served pursuant to 18 U.S.C. § 1965. In the case of extraterritorial service, RICO jurisdiction is available only where such exercise of jurisdiction would satisfy the forum state's jurisdictional requirements, an inquiry decided by Defendants' contacts with New York State rather than with the United States as a whole. *See Biofeedtrac, Inc. v. Kolinor Optical Enterprises & Consultants, S.R.L.*, 817 F. Supp. 326, 332 (E.D.N.Y. 1993) (holding that RICO jurisdiction is available only where "such exercise of jurisdiction satisfies both federal due process requirements and the forum state's jurisdictional requirements); *Michaelson v. Merrill Lynch*, 709 F. Supp. 1279, 1284-85 (S.D.N.Y. 1989) (holding that jurisdiction under the RICO statute cannot be established by service outside of the US).

1

personal jurisdiction is insufficient to establish jurisdiction over the parent"); *Snyder v. Ply Gem Industries, Inc.*, 200 F.Supp. 2d 246, 249 (S.D.N.Y. 2001); *J.L.B. Equities, Inc. v. Ocwen Financial Corp.*, 131 F.Supp. 2d 544, 550 (S.D.N.Y. 2001) (presence of a subsidiary doing business in New York does not establish jurisdiction over the parent, even where the financial statements of the two entities are consolidated and the parent's website does not distinguish between the two.).

The foregoing rule applies in the instant case with greater force. Critically, ESA, an entity whose subsidiaries do sensitive defense work for the government of the United States, is required by the U.S. Department of Defense ("DOD") to operate independently to be completely independent from Elbit, with a DOD-mandated separate and independent board of directors, management structure and designated limitations on the extent of Elbit's control. Block Temin Reply Dec. ¶ 5.

**B.      Elbit is not a party to, or the successor to, any contract which is the source of the claims in this case.**

Plaintiffs further attempt to create jurisdiction through a spurious claim that Elbit is either a party to, or the successor to a party to, an agreement "known as the 'side agreement'" (Pl. Br. at 59) and other agreements with ImageSat, IAI, WIS Partners or CST that form part of the subject matter of the Complaint. This is simply false; as the contracts themselves show, and as fully set forth in the moving papers of the Elbit Defendants, Elbit itself is neither a party to those contracts nor the successor in interest to any party to those contracts. Declaration of David Block Temin, dated October 15, 2007 ("Block Temin Dec.") ¶ 8. The contracts Plaintiffs refer to have, therefore, no relevance whatsoever to this Court's ability to exercise jurisdiction over Elbit. *Moreau*, 20 A.D.3d at 457, 799 N.Y.S.2d at 114; *Snyder*, 200 F.Supp. 2d at 249 (S.D.N.Y. 2001); *J.L.B. Equities, Inc.*, 131 F. Supp.2d at 550.

**C.      The individual Elbit Defendants' business travel to NY is insufficient to create jurisdiction over them**

2

In response to the minimal contacts with New York identified by the Individual Elbit Defendants in Elbit's moving papers, Plaintiffs largely ignore most of the Individual Elbit Defendants and simply focus on an allegation that Joseph Ackerman attended a July 2000 meeting in New York at which the 2000 ImageSat financing transactions closed and a similar July 2001 meeting. Even were this allegation to be true, which it is not, Plaintiffs do not identify which facet of New York's long arm statute they rely on in their claim that these meetings along are sufficient to create jurisdiction over Mr. Ackerman. Isolated meetings cannot create general jurisdiction over Mr. Ackerman, as they do not constitute "such a continuous and systematic course of doing business [in New York] as to warrant a finding of [defendant's] presence in this jurisdiction." *777388 Ontario Ltd. v. Lencore Acoustics Corp.*, 142 F. Supp. 2d 309, 316 (E.D.N.Y. 2001).

Instead, Plaintiffs must be claiming that Mr. Ackerman's attendance at these meetings creates specific jurisdiction over him, presumably claiming either that his attendance at that meeting constituted doing business in New York, under CPLR 302(a)(1) or that it constituted the commission of a tortious act within New York State, under CPLR 302(a)(2), and in either case that Plaintiffs' claims against Mr. Ackerman arose out of his attendance at the meeting. *Bialek v. Racal-Milgo, Inc.*, 545 F. Supp. 25, 31 (S.D.N.Y. 1982).

Regardless, Plaintiffs have made no allegation that Mr. Ackerman individually committed any tort at the meeting they allege that he attended (which he did not). Further, Plaintiffs do not claim that any act Mr. Ackerman himself allegedly engaged in gave rise to Plaintiffs' claims against him. While they allege generally that they were injured by the July 2000 financing transactions, they do not allege that their injuries arose in any way out of Mr. Ackerman's attendance of or conduct at the particular meeting, and so may not rely on his alleged attendance at that meeting to create jurisdiction over him in New York under CPLR 302(a)(2).

Moreover, as demonstrated in the Reply Declaration of Joseph Ackerman, dated March 9,

3

2008 ("Ackerman Reply Dec."), Ackerman was not in New York for the closing of the 2000 financing (or the subsequent 2001 financing).  Ackerman Reply Dec. ¶ 4.

Certainly, Plaintiffs have done nothing to refute the clear showing by the remaining Elbit Defendants that they have insufficient contacts to justify this Court exercising jurisdiction over them.  Accordingly, this Court should dismiss the Complaint as against the Elbit Defendants.

## II.    PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AGAINST DEFENDANT ELBIT BECAUSE IT IS NOT A PROPER PARTY

Plaintiffs attempt to wave away the fact that Elbit is not involved in any way with any of their claims by describing the corporate relationships between Elbit and  Elbit Systems Electro-Optics Elop Ltd as "rather confusing." Pl Br. at 86.  Plaintiffs' confusion (which is easily clarified by publicly-available documents such as the SEC Form 20-F) does not change the fact, as noted in Section I.A.2 above, that Elbit is neither a party to nor a successor in interest to a party to any of the contracts or interests in ImageSat that are at issue in the Complaint. Block Temin Dec. ¶ 8.

Notwithstanding acknowledging that Elbit has no involvement with ImageSat or any of the claims alleged in the Complaint, Plaintiffs try to avoid dismissing Elbit by claiming falsely that the Complaint alleges direct wrongdoing by Elbit itself.  Plaintiffs cite as support to paragraphs 16 and 334-336 of the Complaint, all of which are paragraphs alleging breaches of contracts *to which Elbit is neither a party nor the successor to a party.*  Pl. Br. at 87.  Plaintiffs have made no legal argument that would entitle them to pursue claims against Elbit for breach of contracts to which it is a stranger, and all claims against Elbit must therefore be dismissed.[3]

---

[3] Plaintiffs' "offer" to file an Amended Complaint adding Elbit Systems Electro-Optics Elop Ltd. as an additional defendant is a clear acknowledgement that Elbit is not the proper party.  Despite this clear acknowledgement, Plaintiffs inexplicably have failed to withdraw their flawed claim against Elbit.

4

## III.    PLAINTIFFS ARE NEITHER PARTIES TO, NOR THIRD PARTY BENEFICIARIES OF, ANY OF THE CONTRACTS THAT ELBIT HAS ALLEGEDLY BREACHED

### A.    Plaintiffs are not third party beneficiaries of these contracts

Plaintiffs concede that they are not parties to the contracts they seek to enforce: the Satellite Supply Contracts; the Master Agreement; and the Stock Purchase Agreement, stating that "ImageSat, rather than its shareholders was a party to each of these agreements." Pl. Br. at 111. To evade this obstacle to their claims, Plaintiffs flatly claim to be third-party beneficiaries of the contracts. As set forth in the Elbit Defendants' moving papers, to be a third party beneficiary, a plaintiff must show that the parties entered the contract with the specific intent of conveying a benefit to plaintiff. Plaintiffs have made no such showing. *See Grondin v. Rossington*, 690 F.Supp. 200, 206 (S.D.N.Y. 1988) (Sweet, J.).

Plaintiffs cite one case, *This Is Me, Inc. v. Taylor*, 157 F.3d 139, 143 (2d Cir. 1998) for the holding that "[u]nder New York law, all writings forming part of a single transaction are to be read together." In that case, the court read a group of contracts together by looking to one contract forming part of a transaction for the definition of a term, "Producer," referenced but not defined in the other contract. *Id.* The *This Is Me, Inc.* decision does not even mention the words "third-party beneficiary," and certainly does not stand for the proposition that a party to one contract becomes entitled to bring claims under any other contract with which it may be regarded as having a connection. Plaintiffs have no legal support for their claim to be third-party beneficiaries of the contracts they sue under, and as such their contract claims must be dismissed.

### B.    Plaintiffs have not sued and cannot sue derivatively for breach of contract.

Having no direct contract claim, Plaintiffs turn to the somewhat peculiar argument that New York State law permits shareholder derivative actions for injuries to a corporation, including injuries caused by breach of contract against that corporation, and that therefore they have standing

5

to bring claims under these contracts. Plaintiffs, however, have not pled a derivative contract claim. Rather, Plaintiffs expressly seek to recover damages for breaches of contract in their own right, rather than in the form of a shareholder derivative action. See Complaint ¶¶ 321, 328, 337, all seeking damages for breach of contract on behalf of Plaintiffs specifically, rather than on behalf of ImageSat or its shareholders generally.[4]

## IV.  PLAINTIFFS FAIL TO PLEAD FRAUD WITH THE REQUISITE PARTICULARITY AS AGAINST THE ELBIT DEFENDANTS

### A.  Plaintiffs Do Not Identify Specific Falsehoods With Sufficient Particularity.

Plaintiffs criticize the Elbit Defendants' motion to dismiss Plaintiffs' fraud claims as follows: "Defendants apparently believe the Complaint should be shorter, but at the same time, that it should contain much more information." Pl. Br. p.105. This is a precise and accurate statement of the Complaint's failure to adequately plead any claim of fraud against the Elbit Defendants. While the Complaint is highly discursive, nowhere does it allege with particularity as against any of the Elbit Defendants: (i) a specific material misrepresentation of fact; (ii) made by an identified speaker; (iii) with scienter, including knowledge of its falsity; (iv) at a particular time and place; (v) upon which Plaintiffs relied; and (vi) due to which reliance Plaintiffs were damaged. *See New York Univ. v. Continental Ins. Co.*, 662 N.E.2d 763 (1995) (holding that to plead fraud, a plaintiff must allege "misrepresentation of a material existing fact, falsity, scienter, deception and injury"); *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999) (setting forth the requirements for pleading fraud with particularity under Fed. R. Civ. Pro. 9(b)).

Even in response to the arguments in the Elbit Defendants' moving papers that Plaintiffs' fraud claims were pleaded with insufficient particularity, Plaintiffs do no more than gesture broadly at categories of documents such as the Investor Reports, describing them as fraudulent in that they

---

[4] Plaintiffs fail to address Elbit's argument that, at a minimum, their claim for breach of the Satellite Supply Contracts must be dismissed as against Elbit because neither Elbit nor any affiliate, predecessor, or successor entity of Elbit is party to the Satellite Supply Contracts.

are alleged to have presented an inaccurate picture of, e.g., the progress of the EROS B Satellite. Plaintiffs still do not quote or paraphrase specific statements of fact that Plaintiffs allege to have been material and false when made. Pl. Br. at 107. Nor do they make particularized allegations that the statements were made with scienter, or knowledge of their falsity, by an identified speaker. In the absence of such particularized pleading, Plaintiffs' fraud claims must be dismissed.

### B. Group Pleading Is Insufficient To Establish Scienter With Respect To The Elbit Defendants.

Plaintiffs attempt to evade the requirement that they plead their claims of fraud with specificity by claiming that the group pleading doctrine allows them off-handedly to attribute any statement issued by any representative of ImageSat to all defendants without further specific allegations. "Under the group pleading doctrine, plaintiffs can circumvent the general pleading rule that fraudulent statements must be linked directly to the party accused of the fraudulent intent by relying on a presumption that statements in prospectuses, registration statements, annual reports, press releases, or group-published information, are the collective work of those individuals with direct involvement in the everyday business of the company. Alleging direct involvement in the company's everyday business is critical to support the presumption." *In re Parmalat Securities Litigation*, 479 F.Supp. 2d 332, 340, 341 (S.D.N.Y. 2007) (internal quotations omitted) (holding that fraud could not be attributed to corporate affiliates under the group pleading doctrine in the absence of specific allegations that they had direct involvement in the everyday business of the company.)(emp. added). Plaintiffs have not made allegations sufficient to establish that any of the Elbit Defendants had the sort of direct involvement in the everyday business of the company necessary to attribute liability under the group pleading doctrine.

Further, the group pleading doctrine does not apply to the pleading of scienter, which must be pleaded specifically with respect to each defendant. *See In re Citigroup, Inc. Sec. Litig.*, 330 F. Supp. 2d 367, 381 (S.D.N.Y. 2004) ("Although the group pleading doctrine may be sufficient to

link the individual defendants to the allegedly false statements, Plaintiff must also allege facts sufficient to show that the Defendants had knowledge that the statements were false at the time they were made."); *In re Sotheby's Holdings, Inc. Sec. Litig.,* No. 00 Civ. 1041, 2000 WL 1234601, at *7 (S.D.N.Y. 2000) ("[B]oilerplate allegations that defendants knew or should have known of fraudulent conduct based solely on their board membership or executive positions are insufficient to plead scienter"). Plaintiffs have not made allegations sufficient to establish that for any statement Plaintiffs allege to have been fraudulent, that any Elbit defendant knew that the statement was false when made. In the absence of particularized allegations of scienter, Plaintiffs' cause of action for fraud must be dismissed against the Elbit Defendants.

### C.    Plaintiffs' Allegations Of Reliance Are Vague And Conclusory

Plaintiffs do not dispute the legal insufficiency of their vague boilerplate allegation that, in reliance on the representations they allege to have been fraudulent, they continued to invest their time and efforts in ImageSat, and to postpone bringing this suit. *See Fischer v. C. J. Lawrence & Co., Inc.*, 481 F. Supp. 357, 360 (S.D.N.Y. 1979) (dismissing fraud action with prejudice where plaintiffs' allegations of reliance were vague and not stated in detail); *May Dept. Stores Co. v. International Leasing Corp.*, 1995 WL 656986, at *5 (S.D.N.Y. 1995). In the absence of sufficiently specific allegations of reliance, the common-law fraud claim must be dismissed.

## V.    PLAINTIFFS' RICO CLAIMS MUST BE DISMISSED AS AGAINST THE ELBIT DEFENDANTS

### A.    Plaintiffs Fail Adequately To Plead Any Predicate Acts By Elbit Defendants

Plaintiffs have failed to successfully plead any RICO claims against the Elbit Defendants because they have not pleaded with sufficient particularity any predicate acts of mail or wire fraud by any Elbit Defendant. *Caytas v. Maruszak*, 2007 WL 2456956, *3 (S.D.N.Y. 2007) (Swain, J.) citing *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999) (dismissing RICO claim for

8

mail and wire fraud where plaintiff failed to specify in what regard identified statements were fraudulent).

Plaintiffs have failed to attribute any fraudulent representation to any Elbit Defendant, even under the group pleading doctrine, because they have not alleged that any Elbit Defendant was directly involved in the day-to-day operations of ImageSat. *In re Parmalat Securities Litigation*, 479 F.Supp. 2d at 340, 341. Likewise, they have made no factual allegations of scienter for any one of the Elbit Defendants in relation to any particular fraudulent representation which is a requirement even with the group pleading doctrine. *In re Citigroup, Inc. Sec. Litig.*, 330 F. Supp. 2d at 381.

As Plaintiffs have failed to sufficiently plead any predicate act of mail or wire fraud with relation to any Elbit Defendant, their RICO claims must be dismissed as against the Elbit Defendants. *Pinnacle Consultants, Ltd. v. Leucadia Nat. Corp.*, 101 F.3d 900, 904 (2d. Cir. 1996).

**B.    Plaintiffs have no standing to bring RICO claims on the basis of alleged injuries to ImageSat.**

As set forth in the Elbit Defendants' moving papers, Plaintiffs have no standing to bring their RICO claims because the damages they allege are derived from their ownership interests in ImageSat, rather than suffered by Plaintiffs in their individual capacities. *See Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 112 S.Ct. 1311, 1318 (1992) (holding that a plaintiff has standing to sue under RICO only to the extent that the plaintiffs' injuries are directly, rather than derivatively, caused by the RICO violation); *Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843, 849 (2d Cir. 1986) (holding that shareholder plaintiffs had no standing to sue under RICO for injuries to the corporation).

The cases Plaintiffs cite in response do not contradict this proposition. The court in *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1101 (2d Cir. 1988), stated explicitly that it was not overruling *Rand*. Its holding was that where, unlike here, a RICO plaintiff had suffered direct, as opposed to derivative, damages, it had standing to bring RICO claims.

Likewise, in *Carr v. Equistar Offshore, Ltd.*, 1995 WL 562178, *10 (S.D.N.Y. 1995), the court held that a plaintiff had standing to bring RICO claims because, unlike here, he was directly injured by fraudulent representations made to him to induce him to purchase securities at an inflated value: "[Plaintiff's] claims arise primarily from his status as a securities purchaser." *Id.*

## VI.  PLAINTIFFS LACK STANDING TO PROCEED WITH A FRAUDULENT CONVEYANCE CLAIM

Contrary to Plaintiffs' assertions, they lack standing as "creditors" under New York Debtor-Creditor Law § 276. Plaintiffs' argument is that the existence of this lawsuit makes them "contingent creditors." Pl. Opp. Br. p. 113; citing <u>Drenis v. Haligiannis</u>, 452 F.Supp.2d 418 (S.D.N.Y. 2006). The <u>Drenis</u> case, however, proves the point. The <u>Drenis</u> plaintiffs alleged that they were fraudulently induced to invest in the subject company as part of a Ponzi scheme – i.e., they suffered harm <u>directly</u>. In contrast, Plaintiffs here seek to claim damages only derivatively on behalf of ImageSat. Accordingly, they are not direct "creditors" under New York Debtor-Creditor Law.

For the foregoing reasons, the Elbit Defendants respectfully request that this Court dismiss the Complaint in its entirety as against them and grant the Elbit Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 28, 2008

GREENBERG TRAURIG, LLP

By:
       Simon Miller (SM-6728)
       Attorneys for the Elbit Defendants
       200 Park Avenue
       New York, New York 10166
       (212) 801-9200