# GANFER & SHORE, LLP

360 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017

TELEPHONE (212) 922-9250
TELECOPIER (212) 922-9335

Ira Brad Matetsky, Esq.
ext. 250
E-mail: imatetsky@ganfershore.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
APR 1 5 2008

April 10, 2008

**BY FACSIMILE**

MEMO ENDORSED

Honorable Laura Taylor Swain
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street, Room 755
New York, New York 10007

    Re:     Wilson v. ImageSat International N.V., 07 Civ. 6176 (LTS)(DFE)

Dear Judge Swain:

    We represent Plaintiffs in this action. We write to raise with the Court serious concerns regarding the reply papers that Defendants recently filed in further support of their motions to dismiss the Complaint. Although we are raising this issue in the first instance by letter application, Plaintiffs will promptly file a more formal motion should the Court prefer that we proceed in that fashion. Additionally, as discussed at the end of this letter, Plaintiffs have unsuccessfully sought to resolve the issue presented herein with Defendants' counsel pursuant to Your Honor's Individual Practices before submitting this letter.

    Defendants' reply papers filed March 25 and 28, 2008 included, among other things, Defendants' Reply Memorandum submitted on behalf of all but one of the Defendants; the Reply Memorandum of Defendants IAI and Yehoshua Eldar; and the Declarations of Yair Sherman, Arie Halsband, Eric S. Goldstein, Esq., and Supplemental Declaration of Adv. Dror Vigdor. These reply papers are not, as they should be, limited to responding to the contentions of Plaintiffs' opposition papers filed January 30, 2008. Rather, the reply papers contain substantial *new* averments, documents, and arguments that do not respond to anything contained in Plaintiffs' opposition papers.

    Specifically, in support of their request that this action be dismissed under the doctrine of *forum non conveniens*, Defendants now lead off with and heavily emphasize a novel factual and legal argument for dismissal based upon Israeli secrecy and document classification requirements. This issue was not the subject of any of Plaintiffs' papers in opposition to dismissal filed in January, and indeed was not significantly addressed in Defendants' initial motion papers filed October 15, 2007.

**GANFER & SHORE, LLP**

The Honorable Laura Taylor Swain
April 10, 2008
Page 2

Demonstrative of the fact that Defendants have presented substantial new material in their reply papers are the exhibits to the Goldstein Declaration. These consist of a letter from in-house counsel for Defendant IAI to the Director-General of the Israel Ministry of Defense (IMOD) (which happens to be the 100% owner of IAI), requesting IMOD's views on whether this case should be litigated in the United States, and a letter from the Director General of the IMOD opining that IMOD would prefer for the case to be litigated in Israel. Significantly, the IAI letter to the IMOD is dated January 23, 2008. This is *after* October 15, 2008, when Defendants filed their motions to dismiss, but *before* January 30, 2008, when Plaintiffs filed their opposition papers. It is thus clear that the IAI-IMOD correspondence could not possibly have evolved as a reply to material presented in Plaintiffs' opposition papers, but represents new material presented in Defendants' reply papers without procedural or other justification.

In the same vein, the contents of the Halsband and Sherman Declarations and paragraphs 12 to 17 of the Supplemental Vigdor Declaration relate to Defendants' new contentions concerning Israeli secrecy and document classification requirements. On their face, they discuss matters raised in the Complaint that Plaintiffs filed on July 2, 2007, and do not purport to respond to anything stated in Plaintiffs' brief in opposition or the Declarations that accompanied it. There is nothing contained in these reply Declarations that could not and should not have been included in Defendants' original submissions on the motions to dismiss.

These new Declarations and the accompanying IAI-IMOD correspondence are then presented as the centerpiece of Defendants' newly unveiled legal arguments for dismissal. This brief begins on its first page by citing the IMOD letter and the Sherman and Halsband Declarations. The letter is quoted and discussed at length on pages 2-3 of the joint brief, is quoted along with the Halsband Declaration again on page 5, is discussed again on pages 8-9, and is also cited on page 8 of IAI's separate brief.

Defendants' presentation of new documents, allegations, and arguments at the reply stage is not only procedurally improper, but more importantly, it is fundamentally unfair because it deprives Plaintiffs of an opportunity to respond to material that Defendants now present as a leading reason the case should allegedly be dismissed. The unfairness is compounded because in the course of their arguments, Defendants also discuss and quote (we believe out of context) from depositions of two of the Plaintiffs that were taken on February 26 and 27, 2008, after Plaintiffs' opposition papers were submitted, leaving Plaintiffs no opportunity to discuss this testimony either despite the (unfounded) heavy reliance that Defendants place upon it.

Courts in this Circuit will typically strike or disregard new arguments and evidentiary materials that are belatedly submitted at the reply brief stage. See, e.g., Keefe v. Shalala, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) (courts ordinarily "will not consider arguments raised for the first time in a reply brief"), and cases cited therein; Rowley v. City of New York, No. 00 Civ. 1793, 2005 WL 2429514, at *5 (S.D.N.Y. Sept. 30, 2005). Because much of Defendants' reply papers fall into this category, Plaintiffs respectfully request that the Court either formally strike, or decline to consider, the improper portions of the reply papers including those listed above.

GANFER & SHORE, LLP

The Honorable Laura Taylor Swain
April 10, 2008
Page 3

In the alternative, should the Court determine to entertain these portions of Defendants' reply papers, then Plaintiffs request leave to file appropriate sur-reply papers to address them, consisting of a sur-reply memorandum of law of no more than fifteen (15) pages together with accompanying Declarations. See, e.g., Ginsburg v. Consolidated Edison Co., 05 Civ. 4509 (LTS), Docket No. 66 (S.D.N.Y. Aug. 8, 2006) & 2007 WL 414821, at *1 (S.D.N.Y. Jan. 31, 2007) (Swain, J.) (court authorized filing of sur-reply papers in opposition to new material contained in reply papers). While we understand that sur-reply papers are generally disfavored, we believe that authorization to file them is in the interests of justice and would facilitate a just and informed disposition of the motions to dismiss.

The need for sur-reply papers of the length requested is actuated by the importance that Defendants place on the new material and Plaintiffs' need to respond to Defendants' arguments on matters that may be unfamiliar to the Court, such as Israeli document classification requirements and their relationship (or lack of a relationship) to the subject-matters of this lawsuit, in some detail. We assure the Court that we will take no more pages for our sur-reply legal arguments and supporting factual Declarations than necessary.

Prior to submitting this letter application, Plaintiffs' counsel wrote to Defendants' counsel pursuant to Paragraphs 1.A and 2.B of the Court's Individual Practices to ascertain whether Defendants would consent to all or any portion of the relief requested herein. Defendants declined to withdraw or consent to the striking of any portion of their reply papers and, despite extensive discussions between Plaintiffs' counsel and one of the Defendants' attorneys (who was designated by Defendants as a liaison for these discussions), agreement on the scope of any sur-reply papers could not be reached.

Accordingly, Plaintiffs respectfully request that the Court either strike the improper portions of Defendants' reply papers as set forth above, or in the alternative authorize Plaintiffs to file a sur-reply memorandum of up to 15 pages with supporting Declarations. Plaintiffs will file these papers as soon as possible and in any event within five (5) business days of the Court's order granting them leave to do so.

Respectfully,

*[signature]*

Ira Brad Matetsky

cc: All counsel of record (by e-mail)

*[handwritten:]* The request for permission to file surreply papers as described above, is granted.

SO ORDERED.

*[signature]* 4/14/08
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE