UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN M. WILSON, *et al.*, <br><br> Plaintiffs, <br><br> -against- <br><br> IMAGESAT INTERNATIONAL N.V., *et al.*, <br><br> Defendants. | 07 Civ. 6176 (LTS)(DME) <br><br> ECF CASE <br><br> **SUPPLEMENTAL DECLARATION** <br> **OF MOSHE BAR-LEV** |

MOSHE BAR-LEV declares as follows:

1. I am one of the Plaintiffs in this action. I submit this Supplemental Declaration in further opposition to Defendants' motions to dismiss the Complaint, for the purpose of responding to Defendants' contention that Israeli document classification, secrecy, or national security considerations preclude litigating this action in the courts of the United States.

2. I am a citizen of Israel. I was the founding Chief Technical Officer (CTO) of West Indian Space Ltd., the President of West Indian Space, Israel, Ltd. (its Israeli subsidiary) and both the President and the CTO of its successor, Defendant ImageSat International N.V. (collectively, the "Company"). I served in these capacities from 1997 until 2004. Prior to my becoming affiliated with ImageSat, I served as the founding Director of the Space Technologies Directorate ("STD") of Defendant Israel Aerospace Industries Ltd., formerly Israel Aircraft Industries Ltd. ("IAI").

3. ImageSat did not have, and was not required to have, security procedures in place for dealing with classified information or documents, nor for ensuring that company's officers had security clearances or underwent background checks. The company was not governed by or required to comply with any IMOD security procedures. This situation never changed during my

six years at the Company. Moreover, the Company submitted all the necessary technical information concerning its systems (i.e., satellites and ground stations) to outsiders including, among others, insurance representatives, the launch team, potential investors, and financial analysts, as well as to its customers and potential customers.

4. The history of the development of the space programs at IAI and my intimate knowledge of its details while I was employed by IAI prior to my joining ImageSat are largely irrelevant to the current litigation. I therefore consider highly misleading the continuous attempts during my recent deposition to extract information on these issues, and then the use of my refusal to reveal this irrelevant information, based on my role as the director of the Space Department in IAI, as an indication of the supposedly sensitive nature of ImageSat's documents. Obviously, if I had answered the questions I would have been accused of violating of my confidentiality obligations to IAI and to the State of Israel.

5. I am a loyal Israeli citizen and would never do or say anything that would damage the national security of the State of Israel. However, I am not aware of any documents or information relating directly or indirectly to ImageSat that would damage Israeli national security if they were disclosed in a legal proceeding in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at _Holon , Israel this 15day of April, 2008.

_____
MOSHE BAR-LEV