UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN M. WILSON, et al.,

    Plaintiffs,

-against-

IMAGESAT INTERNATIONAL N.V., et al.,

    Defendants.

07 Civ. 6176 (LTS)(DME)

ECF CASE

**DECLARATION
OF JONATHAN BERGER**

Jonathan Berger declares as follows:

1. I am a former partner of Pegasus Capital Advisors, L.P. which is affiliated with Pegasus Investors II GP, LLC, the General Partner of Pegasus Investors, II, LP, which is the General Partner of Pegasus Partners II, LP ("Pegasus"). Pegasus, which is based in Cos Cob, Connecticut is the sole member of the General Partner of Imaging Holding II, L.P. ("Imaging") which is a note holder and equity holder in ImageSat International N.V. ("ImageSat").

2. In 1999 and 2000, I participated with other personnel of Pegasus in reviewing an investment opportunity in West Indian Space Ltd., later known as ImageSat International, N.V. (collectively the "Company"). An extensive due diligence investigation of the Company was conducted that led up to the decision to invest and the closing of the investment that took place in New York in July 2000.

3. During the due diligence investigation, I and many other Pegasus employees, as well as professional advisors such as our lawyers in New York, were given access to all types of information concerning the business and operations of the Company. These included, but were not limited to, technical, design, and performance information concerning the satellites the

Company would operate and the ground stations from which they would be operated; prospect reports concerning the Company's potential customer countries; financial information and projections; contracts between the Company and third parties including Israel Aircraft Industries Ltd.; and other types of information.

4. To the best of my knowledge and recollection, at no time during the due diligence process was Pegasus ever told that any of the information or documentation being provided to us was classified or secret under Israeli law or that there were any restrictions on who could have access to this information, other than the customary commercial confidentiality restrictions that are applicable to any proposed transaction.

5. To the best of my knowledge and recollection, at no point during this process was Pegasus required to obtain security clearances for any of the persons working on this transaction nor were we advised of any background checks conducted on any of our personnel before they could participate in the various meetings or review the extensive documents provided.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at New York, New York this 30th day of April, 2008.

_____
JONATHAN BERGER