UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN M. WILSON, *et al.*,

                Plaintiffs,

-against-

IMAGESAT INTERNATIONAL N.V., *et al.*,

                Defendants.

07 Civ. 6176 (DLC)(DME)

ECF CASE

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

WILLIAM A. JASKOLA, being duly sworn, deposes and says:

1.    I am associated with the law firm of Ganfer & Shore, LLP, attorneys for Plaintiffs in this action. This affidavit is submitted in connection with the service of the First Amended Complaint upon the Defendant Elbit Systems Electro-Optics Elop Ltd. ("ESEOEL") pursuant to the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (the "Hague Convention").

2.    On March 17, 2008, Plaintiffs filed their First Amended Complaint in the referenced action, adding ESEOEL as a party defendant, and a Summons for service upon ESEOEL was issued by the Clerk's Office. On June 19, 2008, I forward a copy of the Summons and First Amended Complaint to a firm known as Legal Language Services ("LLS") for personal service upon ESEOEL at its business address in Rehovot, Israel pursuant to the Hague Convention.

3.    On or about July 1, 2008, a representative of LLS effected service upon ESEOEL, by Adi Pinhas, in conformance with the Hague Convention and the requirements of Israeli law. A copy of the Declaration of a representative of LLS is annexed hereto as Exhibit A. Accompanying

the Declaration are copies of the papers served upon ESEOEL (except that to avoid duplication, only the first and last pages of the First Amended Complaint are attached).

_____
WILLIAM A. JASKOLA

Sworn to before me this
21st day of July, 2008

_____
NOTARY PUBLIC

MATTHEW R. MARON
Notary Public, State of New York
No. 02MA6141948
Qualified in New York County
Commission Expires 03/06/2010

# Exhibit

# A

*1-360/08*
*Reverse of the request*
CERTIFICATE

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,

1) that the document has been served*

- the (date): 01/07/08
- at (place, street, number): Technological Park Kiryat Weizman POB 1165 Rechovot.

- in one of the following methods authorized by Article 5:

*a)* in accordance with the provisions of sub-paragraph *(a)* of the first paragraph of Article 5 of the Convention*.

*b)* in accordance with the following particular method*:
................................................................................
................................................................................

*c)* by delivery to the addressee, who accepted it voluntarily* .

The documents referred to in the request have been delivered to:

- (identity and description of person)
- Adi Pinhas.

Relationship to the addressee (family, business or other):

2) that the document has not been served, by reason of the following facts*:

In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

*Annexes*

Documents returned: Yes..................................................................

In appropriate cases, documents establishing the service:

Yes..................................................................

Done at Jerusalem, the

Signature and/or stamp.

משה גל, שופט
מנהל בתי המשפט

מדינת ישראל
הנהלת בתי המשפט

171

תיק אזרחי מספר 08/360 -
בפני כב' השופט סורוקר
הכתב
נקבע ליום
המזכיר

אל: אזרחות מאדוג פום

המען: בארק כסלופי, קרית וויצמן ת.ד 2015 רחובות 76111

(בקור 1) אני _____ עובד רשות הדואר/עובד בימ"ש  מצהיר שבתאריך __1__ __7__ __08__ באתי למען של הנ"ל ואיש לא נמצא בבית
                                                                                             שנה חודש יום         בשעה

(בקור 2) אני _____ עובד רשות הדואר/עובד בימ"ש  מצהיר שבתאריך __ __ __ באוני למען של הנ"ל ואיש לא נמצא בבית

(בקור 3) אני _____ עובד רשות הדואר/עובד בימ"ש  מצהיר שבתאריך __ __ __ באתי למען של הנ"ל ואיש לא נמצא בבית

☐ ומסרתי את הכתב לידיו.
☒ מסרתי את הכתב למורשה של הנמען.
☐ בהעדרו מסרתי את הכתב ל _____ שהוא/יא בן/ת משפחתו/ההגר/ה עימו ונראה/ית לי שמלאו לו/ה 18 שנה.
☐ מאחר ולא נמצא אדם בבית בבקור השלישי הדבקתי הכתב על דלת דירתו.

אם לא מסרת - ציין הסיבה בנשבצת המתאימה:
☐ העתיק מקום מגוריו לכתובת בלתי ידועה.
☐ הכתובת לא נכונה.      ☐ לא נדרש.
☐ סרב לקבל.
☐ הנמען לא ידוע במען שצויין לעיל
☐ ציין כל סיבה אחרת _____

חתימת _____  שם הדוור (המוסר)  חותמת רשות הדואר

תאריך  שם הדוור  חתימת הדוור
דר"מ 96/139280(4.96)250.000

טופס 171 (מהדורה ראשונה) 4093/96

Case No.: 07 Civ. 6176 (LTS) (DFE)

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE*

Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciares en matière civile*
*ou commerciale, signée à La Haye, le 15 Novembre 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| Cara LaForge<br>LEGAL LANGUAGE SERVICES<br>8014 State Line Road, Suite 110<br>Leawood, Kansas 66208<br>UNITED STATES OF AMERICA<br>Tel. 1.913.341.3167 | HAGUE CENTRAL AUTHORITY FOR ISRAEL<br>Directorate of Courts<br>22 Kanfei Nesherim St.<br>Jerusalem, 95464<br>P.O.B. 34142<br>ISRAEL |

The undersigned applicant has the honour to transmit -in duplicate- the document listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
      (identity and address)
*Le requérant soussigné a l'honneur de faire parvenir-en double exemplaire-à l'autorité destinataire les documents ci-dessous énumérés,*
*en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*
      *(identité et adresse)*    ELBIT SYSTEMS ELECTRO-OPTICS ELOP LTD.
                                  Advanced Technology Park, Kiryat Weizmann, P.O.B. 1165, Rehovot 76111, ISRAEL

[X]   (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
      *(a) selon les formes légales (article 5, alinéa premier, lettre a).*

[ ]   ~~(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:~~
      *~~(b) selon la forme particulière suivante (article 5, alinéa premier, lettre b)~~ :* _____

_____

[ ]   ~~(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:~~
      *~~(c) le cas échéant, par remise simple (article 5, alinéa 2).~~*

The authority is requested to return or to have returned to the applicant a copy of the documents-and of the annexes*--with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte-et de ses annexes-avec*
*l'attestation figurant au verso.*

SERVICE IS REQUESTED PURSUANT TO PUBLIC LAW 97-462 OF FEB. 26, 1983 WHICH AMENDED FORMER RULE 4(c)2(a) OF THE U.S. FEDERAL RULES OF CIVIL PROCEDURE and RULE 4(c)(2) OF THE U.S. FEDERAL RULES OF CIVIL PROCEDURE.

List of documents
*Enumération des pièces*

| Executed "Request," in duplicate |
|---|
| "Certificate" (unexecuted), in duplicate |
| "Summary" with Attachment "A," in duplicate |
| "Notice," in duplicate |
| Summons in a Civil Action, in duplicate |
| First Amended Complaint with Exhibits A-F, in duplicate |

Done at  Leawood, Kansas, U.S.A. , the  6/27/08
*Fait à* _____ *, le* _____
Signature and/or stamp.
*Signature et/ou cachet.*

*(signature: Cara L. Forge)*

*Delete if inappropriate
*Rayer les mentions inutiles.*

(Formerly OBD-116 which was formerly LAA-116,
both of which may still be used)

USM-94
(Est. 11/22/77)

 

# CERTIFICATE
## *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
*1. que la demande a été exécutée*

- the (date)
- *le (date)* _____
- at (place, street, number)
- *à (locatlité, rue numéro)* _____

- in one of the following methods authorised by article 5-
- *-dans une des formes suivantes prévues à l'article 5:*

☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
*a) selon les formes légales (article 5, alinéa premier, lettre a).*

☐ (b) in accordance with the following particular method*:
*b) selon la forme particulière suivante :* _____

☐ (c) by delivery to the addressee, who accepted it voluntarily. *
*c) par remise simple*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

-(identity and description of person)
*-(identité et qualité de la personne)* _____

-relationship to the addressee (family, business, or other):
*-liens de parenté, de subordination ou autres, avec le destinataire de l'acte:* _____

2) that the document has not been served, by reason of the following facts*:
*2. que la demande n'a pas été exécutée, en raison des faits suivants:*

_____
_____
_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

*Conformént à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

**Annexes**
*Annexes*
**Documents returned:**
*Piéces renvoyées:*

_____
_____

|  |  |
|---|---|
| **In appropriate cases, documents establishing the service:** *Le cas échéant, les documents justificatifs de l'execution:* _____ | **Done at** _____ **, the** _____ *Fait à* _____ *, le* _____ **Signature and / or stamp.** *Signature et / ou cachet.* |

*Delete if inappropriate.
*Rayer les mentions inutiles.*

Case No.: 07 Civ. 6176 (LTS) (DFE)

# SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciaires en matière civile ou commerciale, signé à La Haye, le 15 Novembre 1965.*
(article 5, fourth paragraph)
*(article 5, alinéa 4)*

| | |
|---|---|
| Name and address of the requesting authority: *Nom et adresse de l'autorité requérante :* | Cara LaForge<br>LEGAL LANGUAGE SERVICES<br>8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A.<br>Tel. 1.913.341.3167 |
| Particulars of the parties*: *Identité des parties :* | STEPHEN M. WILSON, BRW ENGINEERING LTD, et al., *Plaintiffs*<br>IMAGESAT INTERNATIONAL N.V., ISRAEL AEROSPACE INDUSTRIES LTD., ELBIT SYSTEMS LTD., ELBIT SYSTEMS ELECTRO-OPTICS ELOP LTD., et al., *Defendants* |

## JUDICIAL DOCUMENT**
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*    To give notice to Defendant of the commencement of a civil claim against it, and to summon it to answer or otherwise respond.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*    See Attachment "A."

**Date and place for entering appearance**:**
*Date et lieu de la comparution :*    Defendant is summoned and required to serve on Plaintiff's Attorneys (Ganfer & Shore, LLP) an Answer to the Complaint within twenty (20) days after service of the Summons, exclusive of the day of service. Any Answer the Defendant serves on the parties to this action must be filed within a reasonable period time after service with the Clerk of the United States District Court, Southern District of New York located at: 500 Pearl Street, New York, New York, 10007, U.S.A.

**Court which has given judgment**:**
*Juridiction qui a rendu la décision :*    N/A

**Date of judgment**:**
*Date de la décision :*    N/A

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte :*    Defendant is summoned and required to serve on Plaintiff's Attorneys (Ganfer & Shore, LLP) an Answer to the Complaint within twenty (20) days after service of the Summons, exclusive of the day of service. If Defendant fails to do so, judgment by default will be taken against it for the relief demanded in the Complaint. Any Answer the Defendant serves on the parties to this action must be filed with the Clerk of the Court within a reasonable period time after service.

## EXTRAJUDICIAL DOCUMENT**
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*    N/A

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte :*    N/A

---

\* If appropriate, identity and address of the person interested in the transmission of the document.
  *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\* Delete if inappropriate.
  *Rayer les mentions inutiles.*

*U.S. Government Printing Office: 1990-262-211/15302

3

Case No.: 07 Civ. 6176 (LTS) (DFE)

## Attachment "A"
## to "Summary of the Document to be Served"

The named Plaintiffs, minority shareholders and holders of bridge warrants and/or employee stock options to acquire stock in Defendant ImageSat International N.V. ("ImageSat" or "Company"), file this action against the named Defendants. Defendant ImageSat's principal business is the sale of exclusive regional rights under Satellite Operating Partner ("SOP") agreements to the use of its two "EROS" high-resolution earth observation satellites. Plaintiffs assert that instead of properly recognizing the rights of ImageSat's minority shareholders, Defendants have deprived them of their voice in the operation of the Company and have engaged in a series of actions and transactions characterized by multiple breaches of fiduciary duty, self-dealing, and other willfully fraudulent, deceptive, and oppressive acts which have stripped hundreds of millions of dollars of shareholder value from ImageSat and have wrongfully diluted and devalued or destroyed each of the Plaintiffs' ownership interest in the Company.

Plaintiffs allege against Defendants: breach of fiduciary duty in the 2000 transactions, breach of fiduciary duty concerning the EROS B Satellite fraud, breach of fiduciary duty concerning the destruction of the Company's international operations, breach of fiduciary duty in connection with the Company's SOP and investment opportunity in Venezuela, breach of fiduciary duty concerning ImageSat's financial affairs, breach of fiduciary duty concerning failure to enforce ImageSat's first royalty rights, corporate waste in connection with the 2001 EROS B Satellite contract, corporate waste in connection with the Company's squandering of SOP opportunities, failure to enforce royalty rights, self-dealing, violation of the R.I.C.O. Act, 18 U.S.C. #1962(c), conspiracy to violate the R.I.C.O. Act, 18 U.S.C. § 1962(d), common law fraud, breach of the satellite supply contracts, breach of the master agreement, breach of the stock purchase agreement, fraud, fraudulent conveyance, disgorgement of compensation, conversion and misappropriation of corporate assets, and unjust enrichment

Plaintiffs pray for judgment as follows: compensatory and punitive damages; damages to Plaintiffs' business or property; declaratory and injunctive relief; ordering reformation of the terms of Plaintiffs' bridge warrants as described, or in the alternative, awarding damages in lieu thereof; ordering all Defendants to rescind the effects of the 2001 EROS B satellite contracts and transactions, requiring Defendants to disgorge any funds they received in connection with such transactions; disgorgement and restitution of compensation and other things of value received from ImageSat during any period during which they are adjudicated to have breached their fiduciary duties to the Company and its shareholders; direct Defendants to turn over to Plaintiffs or otherwise disgorge all moneys and things of value that they have inequitably received by reason of their misconduct; prejudgment interest on all amounts awarded; attorneys' fees, costs and disbursements of this action; and such other relief which the Court may deem just and proper.

Case No.: 07 Civ. 6176 (LTS) (DFE)

## NOTICE
*(recommended by the Fourteenth Session of Hague Conference of October, 1980)*

**identité et adresse du destinataire**
*identity and address of the addressee*

---

**ELBIT SYSTEMS ELECTRO-OPTICS ELOP LTD.**
Advanced Technology Park
Kiryat Weizmann
P.O.B. 1165
Rehovot 76111
ISRAEL

---

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

Legal Services for New York City
350 Broadway
New York, New York  10013
U.S.A.
Tel. 1.212.431.7200

### IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Legal Services for New York City
350 Broadway
New York, New York  10013
U.S.A.
Tel. 1.212.431.7200

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

     Southern      District of      New York

STEPHEN M. WILSON, ET AL.,

V.

IMAGESAT INTERNATIONAL N.V., ET AL.,

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07 Civ. 6176 (LTS)(DFE)

TO: (Name and address of Defendant)

ELBIT SYSTEMS ELECTRO-OPTICS ELOP LTD.,
Advanced Technology Park
P.O. Box 1165
Rehovot 76111, Israel

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

IRA BRAD MATETSKY, ESQ.
GANFER & SHORE, LLP
360 LEXINGTON AVENUE, 14TH FLOOR
NEW YORK, NEW YORK 10017
PHONE: (212) 922-9250
FAX:   (212) 922-9335

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON        MAR 1 7 2008

CLERK        DATE

(By) DEPUTY CLERK

Ira Brad Matetsky (IM1881)
William A. Jaskola (WJ9839)
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
(212) 922-9250
(212) 922-9335 (facsimile)
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

STEPHEN M. WILSON, BRW ENGINEERING LTD.,
WIS PARTNERS, L.P., MOSHE BAR-LEV, PATRICK
ROSENBAUM, MICHAEL MORRIS, HAIM YIFRAH,
TOP DOWN PARTNERS, LLC, JOEL LEVINE,
MORRIS TALANSKY, ABRAHAM MOSHEL,
MAGMA INTERNATIONAL SERVICES, LTD.,
ALBERT REICHMANN, HEXAGRAM
INTERNATIONAL LIMITED, and POLYBUTES
COMPANY,

                            Plaintiffs,

                            -against-

IMAGESAT INTERNATIONAL N.V., ISRAEL
AEROSPACE INDUSTRIES LTD., ELBIT SYSTEMS
LTD., ELBIT SYSTEMS ELECTRO-OPTICS ELOP
LTD., MOSHE KERET, IZHAK NISSAN, JACOB
WEISS, SHIMON ECKHAUS, MICHAEL
FEDERMANN, ESTATE OF JACOB TOREN, JOSEPH
ACKERMAN, JOSEPH GASPAR, GINO PIPERNO-
BEER, JAMES DEPALMA, DAVID ARZI, YOAV
CHELOUCHE, and YEHOSHUA ELDAR,

                            Defendants.

-------------------------------------------------------------------X

07 Civ. 6176 (LTS)(DFE)

**FIRST AMENDED
COMPLAINT**

Plaintiffs, STEPHEN M. WILSON, BRW ENGINEERING LTD., WIS PARTNERS L.P., MOSHE BAR-LEV, PATRICK ROSENBAUM, MICHAEL MORRIS, HAIM YIFRAH, TOP DOWN PARTNERS, LLC, JOEL LEVINE, MORRIS TALANSKY, ABRAHAM

Y. Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 17, 2008

GANFER & SHORE, LLP

By: _____
Ira Brad Matetsky (IM1881)
William A. Jaskola (WJ9839)
360 Lexington Avenue
New York, New York 10022
(212) 922-9250
(212) 922-9335 (facsimile)
Attorneys for Plaintiffs